Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiff*
*Axsome Therapeutics, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **AXSOME THERAPEUTICS, INC.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**APOTEX INC.,**<br><br>**Defendant.** | **Civil Action No. 2:25-cv-16038-MEF-AME**<br><br>**AXSOME THERAPEUTICS, INC.'S ANSWER TO APOTEX INC.'S COUNTERCLAIMS**<br><br>**OUTSIDE COUNSEL'S EYES ONLY PURSUANT TO L. PAT. R. 2.2**<br><br>**(Filed Electronically)** |

Plaintiff Axsome Therapeutics, Inc. ("Axsome" or "Plaintiff"), by its undersigned attorneys, hereby answers the Counterclaims to Plaintiff's Complaint for Patent Infringement by Apotex Inc. ("Apotex" or "Defendant"), dated December 11, 2025, as follows. Except as expressly admitted, all allegations are denied.

## COUNTERCLAIMS

## THE PARTIES

1.      Apotex is a corporation organized and existing under the laws of Canada, with a place of business at 150 Signet Drive, Toronto, Ontario, Canada M9L 1T9.

**ANSWER:**    On information and belief, Plaintiff admits the allegations of paragraph 1.

1

2.       Upon information and belief, Plaintiff/Counterclaim-Defendant Axsome is a corporation organized and existing under the laws of Delaware, with a principal place of business at One World Trade Center, New York, NY 10007.

**ANSWER:**    Plaintiff admits the allegations of paragraph 2.

## **JURISDICTION**

3.       These Counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Medicare Prescription Drug, Improvement, and Modernization Act of 2003, Pub. L. No. 108-173, 117 Stat. 2066 (2003) ("MMA") (codified in relevant part at 21 U.S.C. § 355(j) and 35 U.S.C. § 271(e)(5)).

**ANSWER:**    Paragraph 3 states legal conclusions for which no answer is required.  To the extent that an answer is required, Plaintiff admits that this Court has declaratory judgment jurisdiction over Apotex's Counterclaims as to the Patents-in-Suit, admits that there is an actual and justiciable controversy between the parties, but Plaintiff denies that Apotex is entitled to any of the relief that it seeks, and, except as so admitted, denies the allegations of paragraph 3.

4.       This Court has original jurisdiction over the subject matter of these Counterclaims under 28 U.S.C. §§ 1331 and 1338(a); under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; and under the MMA (21 U.S.C. § 355(j) and 35 U.S.C. § 271(e)(5)).

**ANSWER:**    Paragraph 4 states legal conclusions for which no answer is required.  To the extent that an answer is required, Plaintiff admits that this Court has subject matter jurisdiction over Apotex's Counterclaims as to the Patents-in-Suit for purposes of this specific action only, admits that there is an actual and justiciable controversy between the parties, but Plaintiff denies that Apotex is entitled to any of the relief that it seeks, and, except as so admitted, denies the allegations of paragraph 4.

5.       This court has subject matter jurisdiction over these Counterclaims for declaratory judgment pursuant to 28 U.S.C. §§ 1331, 1337(a), 1338(a), 2201(a) and (b), and 2202, based on an actual controversy between Apotex and Plaintiff arising under the Patent Laws of the United States, 35 U.S.C. § 271(e)(2)(A).

**ANSWER:**    Paragraph 5 states legal conclusions for which no answer is required.  To the extent that an answer is required, Plaintiff admits that this Court has subject matter jurisdiction

over Apotex's Counterclaims as to the Patents-in-Suit for purposes of this specific action only, admits that there is an actual and justiciable controversy between the parties, but Plaintiff denies that Apotex is entitled to any of the relief that it seeks, and, except as so admitted, denies the allegations of paragraph 5.

6.      This Court has personal jurisdiction over Plaintiff based on, *inter alia*, the filing of this lawsuit in this jurisdiction and because Plaintiff does business in this jurisdiction.

**ANSWER:**    Paragraph 6 states legal conclusions for which no answer is required.  To the extent that an answer is required, Plaintiff admits that this Court has personal jurisdiction over Plaintiff for purposes of adjudicating Apotex's Counterclaims as to the Patents-in-Suit, but Plaintiff denies that Apotex is entitled to any of the relief that it seeks, and, except as so admitted, denies the allegations of paragraph 6.

7.      Venue is proper in this judicial district under 28 U.S. C. §§ 1391(b) and (c), and 1400(b).

**ANSWER:**    Paragraph 7 states legal conclusions for which no answer is required.  To the extent that an answer is required, Plaintiff admits that venue is proper to adjudicate this action, and, except as so admitted, denies the allegations of paragraph 7.

## FACTS COMMON TO ALL COUNTS

8.      This is an action for a declaratory judgment of non-infringement and invalidity of claims of United States Patent Nos. 9,821,075 (the "'075 patent"), 10,029,010 (the "'010 patent"), 10,058,614 (the "'614 patent"), 10,137,131 (the "'131 patent"), 10,195,278 (the "'278 patent"), 10,265,324 (the "'324 patent"), 10,363,312 (the "'312 patent"), 10,369,224 (the "'224 patent"), 10,426,839 (the "'839 patent"), 10,463,736 (the "'736 patent"), 10,471,014 (the "'014 patent"), 10,471,069 (the "'069 patent"), 10,512,692 (the "'692 patent"), 10,512,693 (the "'2,693 patent"), 10,517,950 (the "'950 patent"), 10,532,101 (the "'101 patent"), 10,537,642 (the "'642 patent"), 10,561,664 (the "'664 patent"), 10,583,144 (the "'144 patent"), 10,653,777 (the "'777 patent"), 10,688,102 (the "'102 patent"), 10,688,185 (the "'185 patent"), 10,695,429 (the "'5,429 patent"), 10,695,430 (the "'430 patent"), 10,702,535 (the "'535 patent"), 10,702,602 (the "'602 patent"), 10,722,583 (the "'583 patent"), 10,729,696 (the "'696 patent"), 10,729,697 (the "'697 patent"), 10,729,773 (the "'773 patent"), 10,758,617 (the "'617 patent"), 10,758,618 (the "'618 patent"), 10,780,165 (the "'165 patent"), 10,780,166 (the "'166 patent"), 10,799,588 (the "'588 patent"), 10,821,181 (the "'181 patent"), 10,821,182 (the "'182 patent"), 10,894,053 (the "'053 patent"), 10,905,693 (the "'5,693 patent"), 10,918,722 (the "'722 patent"), 10,933,136 (the "'136 patent"),

10,933,137 (the "'137 patent"), 10,940,153 (the "'153 patent"), 10,987,358 (the "'358 patent"), 11,013,805 (the "'805 patent"), 11,013,806 (the "'806 patent"), 11,020,483 (the "'483 patent"), 11,045,549 (the "'549 patent"), 11,135,295 (the "'295 patent"), 11,207,328 (the "'328 patent"), 11,219,626 (the "'626 patent"), 11,285,213 (the "'213 patent"), 11,331,323 (the "'323 patent"), 11,369,684 (the "'684 patent"), 11,426,414 (the "'414 patent"), 11,471,464 (the "'464 patent"), 11,471,465 (the "'465 patent"), 11,504,429 (the "'4,429 patent"), 11,510,927 (the "'927 patent"), 11,571,428 (the "'428 patent"), 11,602,563 (the "'563 patent"), 11,607,456 (the "'456 patent"), 11,617,755 (the "'755 patent"), 11,617,756 (the "'756 patent"), 11,617,791 (the "'791 patent"), 11,628,173 (the "'173 patent"), 11,712,441 (the "'441 patent"), 11,738,085 (the "'085 patent"), 11,759,522 (the "'522 patent"), 11,801,250 (the "'250 patent"), 11,806,354 (the "'354 patent"), 11,826,370 (the "'370 patent"), 11,865,117 (the "'117 patent"), 12,128,052 (the "'052 patent"), and 12,370,196 (the "'196 patent") (collectively, the "Patents-in-Suit"). Upon information and belief, true and correct copies of the '075 patent, the '010 patent, the '614 patent, the '131 patent, the '278 patent, the '324 patent, the '312 patent, the '224 patent, the '839 patent, the '736 patent, the '014 patent, the '069 patent, the '692 patent, the '2,693 patent, the '950 patent, the '101 patent, the '642 patent, the '664 patent, the '144 patent, the '777 patent, the '102 patent, the '185 patent, the '5,429 patent, the '430 patent, the '535 patent, the '602 patent, the '583 patent, the '696 patent, the '697 patent, the '773 patent, the '617 patent, the '618 patent, the '165 patent, the '166 patent, the '588 patent, the '181 patent, the '182 patent, the '053 patent, the '5,693 patent, the '722 patent, the '136 patent, the '137 patent, the '153 patent, the '358 patent, the '805 patent, the '806 patent, the '483 patent, the '549 patent, the '295 patent, the '328 patent, the '626 patent, the '213 patent, the '323 patent, the '684 patent, the '414 patent, the '464 patent, the '465 patent, the '4,429 patent, the '927 patent, the '428 patent, the '563 patent, the '456 patent, the '755 patent, the '756 patent, the '791 patent, the '173 patent, the '441 patent, the '085 patent, the '522 patent, the '250 patent, the '354 patent, the '370 patent, the '117 patent, the '052 patent, and the '196 patent are attached to the Complaint as Exhibits 1 through 75, respectively.

**ANSWER:** Paragraph 8 states legal conclusions for which no answer is required. To the extent that an answer is required, Plaintiff admits that Apotex's Counterclaims seek declaratory judgments of non-infringement and invalidity as to the Patents-in-Suit, and, except as so admitted, Plaintiff denies the allegations of paragraph 8.

9. On or about November 21, 2017, the USPTO issued the '075 patent.

**ANSWER:** Plaintiff admits the allegations of paragraph 9.

10. On or about July 24, 2018, the USPTO issued the '010 patent.

**ANSWER:** Plaintiff admits the allegations of paragraph 10.

11. On or about August 28, 2018, the USPTO issued the '614 patent.

**ANSWER:** Plaintiff admits the allegations of paragraph 11.

12.     On or about November 27, 2018, the USPTO issued the '131 patent.

**ANSWER:**     Plaintiff admits the allegations of paragraph 12.

13.     On or about February 5, 2019, the USPTO issued the '278 patent.

**ANSWER:**     Plaintiff admits the allegations of paragraph 13.

14.     On or about April 23, 2019, the USPTO issued the '324 patent.

**ANSWER:**     Plaintiff admits the allegations of paragraph 14.

15.     On or about July 30, 2019, the USPTO issued the '312 patent.

**ANSWER:**     Plaintiff admits the allegations of paragraph 15.

16.     On or about August 6, 2019, the USPTO issued the '224 patent.

**ANSWER:**     Plaintiff admits the allegations of paragraph 16.

17.     On or about October 1, 2019, the USPTO issued the '839 patent.

**ANSWER:**     Plaintiff admits the allegations of paragraph 17.

18.     On or about November 5, 2019, the USPTO issued the '736 patent.

**ANSWER:**     Plaintiff admits the allegations of paragraph 18.

19.     On or about November 12, 2019, the USPTO issued the '014 patent.

**ANSWER:**     Plaintiff admits the allegations of paragraph 19.

20.     On or about November 12, 2019, the USPTO issued the '069 patent.

**ANSWER:**     Plaintiff admits the allegations of paragraph 20.

21.     On or about December 24, 2019, the USPTO issued the '692 patent.

**ANSWER:**     Plaintiff admits the allegations of paragraph 21.

22.     On or about December 24, 2019, the USPTO issued the '2,693 patent.

**ANSWER:**     Plaintiff admits the allegations of paragraph 22.

23.     On or about December 31, 2019, the USPTO issued the '950 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 23.

24.    On or about January 14, 2020, the USPTO issued the '101 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 24.

25.    On or about January 21, 2020, the USPTO issued the '642 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 25.

26.    On or about February 18, 2020, the USPTO issued the '664 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 26.

27.    On or about March 10, 2020, the USPTO issued the '144 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 27.

28.    On or about May 19, 2020, the USPTO issued the '777 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 28.

29.    On or about June 23, 2020, the USPTO issued the '102 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 29.

30.    On or about June 23, 2020, the USPTO issued the '185 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 30.

31.    On or about June 30, 2020, the USPTO issued the '5,429 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 31.

32.    On or about June 30, 2020, the USPTO issued the '430 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 32.

33.    On or about July 7, 2020, the USPTO issued the '535 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 33.

34.    On or about July 7, 2020, the USPTO issued the '602 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 34.

35.     On or about July 28, 2020, the USPTO issued the '583 patent.

**ANSWER:**     Plaintiff admits the allegations of paragraph 35.

36.     On or about August 4, 2020, the USPTO issued the '696 patent.

**ANSWER:**     Plaintiff admits the allegations of paragraph 36.

37.     On or about August 4, 2020, the USPTO issued the '697 patent.

**ANSWER:**     Plaintiff admits the allegations of paragraph 37.

38.     On or about August 4, 2020, the USPTO issued the '773 patent.

**ANSWER:**     Plaintiff admits the allegations of paragraph 38.

39.     On or about September 1, 2020, the USPTO issued the '617 patent.

**ANSWER:**     Plaintiff admits the allegations of paragraph 39.

40.     On or about September 1, 2020, the USPTO issued the '618 patent.

**ANSWER:**     Plaintiff admits the allegations of paragraph 40.

41.     On or about September 22, 2020, the USPTO issued the '165 patent.

**ANSWER:**     Plaintiff admits the allegations of paragraph 41.

42.     On or about September 22, 2020, the USPTO issued the '166 patent.

**ANSWER:**     Plaintiff admits the allegations of paragraph 42.

43.     On or about October 13, 2020, the USPTO issued the '588 patent.

**ANSWER:**     Plaintiff admits the allegations of paragraph 43.

44.     On or about November 3, 2020, the USPTO issued the '181 patent.

**ANSWER:**     Plaintiff admits the allegations of paragraph 44.

45.     On or about November 3, 2020, the USPTO issued the '182 patent.

**ANSWER:**     Plaintiff admits the allegations of paragraph 45.

46.     On or about January 19, 2021, the USPTO issued the '053 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 46.

47.    On or about February 2, 2021, the USPTO issued the '5,693 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 47.

48.    On or about February 16, 2021, the USPTO issued the '722 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 48.

49.    On or about March 2, 2021, the USPTO issued the '136 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 49.

50.    On or about March 2, 2021, the USPTO issued the '137 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 50.

51.    On or about March 9, 2021, the USPTO issued the '153 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 51.

52.    On or about April 27, 2021, the USPTO issued the '358 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 52.

53.    On or about May 25, 2021, the USPTO issued the '805 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 53.

54.    On or about May 25, 2021, the USPTO issued the '806 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 54.

55.    On or about June 1, 2021, the USPTO issued the '483 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 55.

56.    On or about June 29, 2021, the USPTO issued the '549 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 56.

57.    On or about October 5, 2021, the USPTO issued the '295 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 57.

8

58.    On or about December 28, 2021, the USPTO issued the '328 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 58.

59.    On or about January 11, 2022, the USPTO issued the '626 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 59.

60.    On or about March 29, 2022, the USPTO issued the '213 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 60.

61.    On or about May 17, 2022, the USPTO issued the '323 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 61.

62.    On or about June 28, 2022, the USPTO issued the '684 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 62.

63.    On or about August 30, 2022, the USPTO issued the '414 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 63.

64.    On or about October 18, 2022, the USPTO issued the '464 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 64.

65.    On or about October 18, 2022, the USPTO issued the '465 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 65.

66.    On or about November 22, 2022, the USPTO issued the '4,429 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 66.

67.    On or about November 29, 2022, the USPTO issued the '927 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 67.

68.    On or about February 7, 2023, the USPTO issued the '428 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 68.

69.    On or about March 14, 2023, the USPTO issued the '563 patent.

**ANSWER:**   Plaintiff admits the allegations of paragraph 69.

70.    On or about March 21, 2023, the USPTO issued the '456 patent.

**ANSWER:**   Plaintiff admits the allegations of paragraph 70.

71.    On or about April 4, 4023, the USPTO issued the '755 patent.

**ANSWER:**   Plaintiff admits the allegations of paragraph 71.

72.    On or about April 4, 2023, the USPTO issued the '756 patent.

**ANSWER:**   Plaintiff admits the allegations of paragraph 72.

73.    On or about April 4, 2023, the USPTO issued the '791 patent.

**ANSWER:**   Plaintiff admits the allegations of paragraph 73.

74.    On or about April 18, 2023, the USPTO issued the '173 patent.

**ANSWER:**   Plaintiff admits the allegations of paragraph 74.

75.    On or about August 1, 2023, the USPTO issued the '441 patent.

**ANSWER:**   Plaintiff admits the allegations of paragraph 75.

76.    On or about August 29, 2023, the USPTO issued the '085 patent.

**ANSWER:**   Plaintiff admits the allegations of paragraph 76.

77.    On or about September 19, 2023, the USPTO issued the '522 patent.

**ANSWER:**   Plaintiff admits the allegations of paragraph 77.

78.    On or about October 31, 2023, the USPTO issued the '250 patent.

**ANSWER:**   Plaintiff admits the allegations of paragraph 78.

79.    On or about November 7, 2023, the USPTO issued the '354 patent.

**ANSWER:**   Plaintiff admits the allegations of paragraph 79.

80.    On or about November 28, 2023, the USPTO issued the '370 patent.

**ANSWER:**   Plaintiff admits the allegations of paragraph 80.

81.    On or about January 9, 2024, the USPTO issued the '117 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 81.

82.    On or about October 29, 2024, the USPTO issued the '052 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 82.

83.    On or about July 29, 2025, the USPTO issued the '196 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 83.

84.    Upon information and belief, Plaintiff is a current assignee of the '075 patent, the '010 patent, the '614 patent, the '131 patent, the '278 patent, the '324 patent, the '312 patent, the '224 patent, the '839 patent, the '736 patent, the '014 patent, the '069 patent, the '692 patent, the '2,693 patent, the '950 patent, the '101 patent, the '642 patent, the '664 patent, the '144 patent, the '777 patent, the '102 patent, the '185 patent, the '5,429 patent, the '430 patent, the '535 patent, the '602 patent, the '583 patent, the '696 patent, the '697 patent, the '773 patent, the '617 patent, the '618 patent, the '165 patent, the '166 patent, the '588 patent, the '181 patent, the '182 patent, the '053 patent, the '5,693 patent, the '722 patent, the '136 patent, the '137 patent, the '153 patent, the '358 patent, the '805 patent, the '806 patent, the '483 patent, the '549 patent, the '295 patent, the '328 patent, the '626 patent, the '213 patent, the '323 patent, the '684 patent, the '414 patent, the '464 patent, the '465 patent, the '4,429 patent, the '927 patent, the '428 patent, the '563 patent, the '456 patent, the '755 patent, the '756 patent, the '791 patent, the '173 patent, the '441 patent, the '085 patent, the '522 patent, the '250 patent, the '354 patent, the '370 patent, the '117 patent, the '052 patent, and the '196 patent.

**ANSWER:**    Plaintiff admits the allegations of paragraph 84.

85.    Plaintiff purports to be the holder of NDA No. 215431 for meloxicam and rizatriptan tablets, 20 mg; EQ 10 mg base, for oral use. Upon information and belief, Plaintiff sells this combination drug in the United States under the trademark SYMBRAVO®.

**ANSWER:**    Plaintiff admits that it is the holder of NDA No. 215431 for meloxicam and

rizatriptan tablets, for oral use, admits that it sells its meloxicam and rizatriptan tablets in the

United States under the trade name SYMBRAVO®, and, except as so admitted, denies the

allegations of paragraph 85.

86.    Plaintiff purports and claims to have the right to enforce the '075 patent, the '010 patent, the '614 patent, the '131 patent, the '278 patent, the '324 patent, the '312 patent, the '224 patent, the '839 patent, the '736 patent, the '014 patent, the '069 patent, the '692 patent, the '2,693 patent, the '950 patent, the '101 patent, the '642 patent, the '664 patent, the '144 patent, the '777 patent, the '102 patent, the '185 patent, the '5,429 patent, the '430 patent, the '535 patent, the '602 patent, the '583 patent, the '696 patent, the '697 patent, the '773 patent, the '617 patent, the '618

11

patent, the '165 patent, the '166 patent, the '588 patent, the '181 patent, the '182 patent, the '053 patent, the '5,693 patent, the '722 patent, the '136 patent, the '137 patent, the '153 patent, the '358 patent, the '805 patent, the '806 patent, the '483 patent, the '549 patent, the '295 patent, the '328 patent, the '626 patent, the '213 patent, the '323 patent, the '684 patent, the '414 patent, the '464 patent, the '465 patent, the '4,429 patent, the '927 patent, the '428 patent, the '563 patent, the '456 patent, the '755 patent, the '756 patent, the '791 patent, the '173 patent, the '441 patent, the '085 patent, the '522 patent, the '250 patent, the '354 patent, the '370 patent, the '117 patent, the '052 patent, and the '196 patent and has listed them in the U.S. Food and Drug Administration's ("FDA") Orange Book in connection with SYMBRAVO®.

**ANSWER:**    Plaintiff admits that it owns and has the right to enforce the Patents-in-Suit, admits that it submitted the Patents-in-Suit to the FDA for listing in the Orange Book in connection with NDA No. 215431, and, except as so admitted, denies the allegations of paragraph 86.

87.    Apotex has filed Abbreviated New Drug Application ("ANDA") No. 220803 with the FDA pursuant to 21 U.S.C. § 355(j) *et seq.* ("Apotex's ANDA") seeking approval for meloxicam and rizatriptan tablets (20 mg/10 mg) as generic to Plaintiff's SYMBRAVO® (meloxicam and rizatriptan) tablets, 20 mg; EQ 10 mg base ("Apotex's ANDA product"). Apotex's ANDA identifies NDA No. 215431 as the Reference Listed Drug pursuant to 21 C.F.R. § 314.3.

**ANSWER:**    Paragraph 87 contains legal conclusions for which no answer is required. To the extent that an answer is required, Plaintiff admits on information and belief that Apotex submitted ANDA No. 220803 to obtain FDA approval to engage in the commercial manufacture, use, importation, distribution, and/or sale of Apotex's proposed meloxicam and rizatriptan tablets (20 mg/10 mg) ("Apotex's ANDA Product") prior to the expiration of the Patents-in-Suit, admits on information and belief that Apotex's ANDA identifies NDA No. 215431 as the Reference Listed Drug pursuant to 21 C.F.R. § 314.3, and, except as so admitted, denies the allegations of paragraph 87.

88.    Apotex's ANDA seeks FDA approval to market its ANDA product before the expiration of the '075 patent, the '010 patent, the '614 patent, the '131 patent, the '278 patent, the '324 patent, the '312 patent, the '224 patent, the '839 patent, the '736 patent, the '014 patent, the '069 patent, the '692 patent, the '2,693 patent, the '950 patent, the '101 patent, the '642 patent, the '664 patent, the '144 patent, the '777 patent, the '102 patent, the '185 patent, the '5,429 patent, the '430 patent, the '535 patent, the '602 patent, the '583 patent, the '696 patent, the '697 patent, the '773 patent, the '617 patent, the '618 patent, the '165 patent, the '166 patent, the '588 patent, the '181 patent, the '182 patent, the '053 patent, the '5,693 patent, the '722 patent, the '136 patent, the

12

'137 patent, the '153 patent, the '358 patent, the '805 patent, the '806 patent, the '483 patent, the '549 patent, the '295 patent, the '328 patent, the '626 patent, the '213 patent, the '323 patent, the '684 patent, the '414 patent, the '464 patent, the '465 patent, the '4,429 patent, the '927 patent, the '428 patent, the '563 patent, the '456 patent, the '755 patent, the '756 patent, the '791 patent, the '173 patent, the '441 patent, the '085 patent, the '522 patent, the '250 patent, the '354 patent, the '370 patent, the '117 patent, and the '052 patent listed in the Orange Book, and includes a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (also called a "Paragraph IV Certification") as to those patents. Apotex sent a notice letter to Plaintiff, dated August 15, 2025, which served as written notification to Plaintiff pursuant to 21 U.S.C. § 355(j)(2)(B) that Apotex submitted ANDA No. 220803 and certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) for the '075 patent, the '010 patent, the '614 patent, the '131 patent, the '278 patent, the '324 patent, the '312 patent, the '224 patent, the '839 patent, the '736 patent, the '014 patent, the '069 patent, the '692 patent, the '2,693 patent, the '950 patent, the '101 patent, the '642 patent, the '664 patent, the '144 patent, the '777 patent, the '102 patent, the '185 patent, the '5,429 patent, the '430 patent, the '535 patent, the '602 patent, the '583 patent, the '696 patent, the '697 patent, the '773 patent, the '617 patent, the '618 patent, the '165 patent, the '166 patent, the '588 patent, the '181 patent, the '182 patent, the '053 patent, the '5,693 patent, the '722 patent, the '136 patent, the '137 patent, the '153 patent, the '358 patent, the '805 patent, the '806 patent, the '483 patent, the '549 patent, the '295 patent, the '328 patent, the '626 patent, the '213 patent, the '323 patent, the '684 patent, the '414 patent, the '464 patent, the '465 patent, the '4,429 patent, the '927 patent, the '428 patent, the '563 patent, the '456 patent, the '755 patent, the '756 patent, the '791 patent, the '173 patent, the '441 patent, the '085 patent, the '522 patent, the '250 patent, the '354 patent, the '370 patent, the '117 patent, and the '052 patent to the FDA ("Apotex's August 15, 2025 Notice Letter").

**ANSWER:**   Paragraph 88 contains legal conclusions for which no answer is required. To the extent that an answer is required, Plaintiff admits on information and belief that Apotex submitted ANDA No. 220803 to obtain FDA approval to engage in the commercial manufacture, use, importation, distribution, and/or sale of Apotex's ANDA Product prior to the expiration of the Patents-in-Suit, admits on information and belief that Apotex's ANDA includes a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to the Patents-in-Suit, admits that it received notice of Apotex's certifications under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to the Patents-in-Suit, denies the legitimacy of Apotex's arguments in its ANDA and in any written notice from Apotex concerning its certifications under 21 U.S.C. § 355(j)(2)(A)(vii)(IV), and, except as so admitted, denies the allegations of paragraph 88.

89.   On or about September 26, 2025, Plaintiff filed the instant suit against Apotex alleging, *inter alia*, infringement of the '075 patent, the '010 patent, the '614 patent, the '131 patent, the '278 patent, the '324 patent, the '312 patent, the '224 patent, the '839 patent, the '736

patent, the '014 patent, the '069 patent, the '692 patent, the '2,693 patent, the '950 patent, the '101 patent, the '642 patent, the '664 patent, the '144 patent, the '777 patent, the '102 patent, the '185 patent, the '5,429 patent, the '430 patent, the '535 patent, the '602 patent, the '583 patent, the '696 patent, the '697 patent, the '773 patent, the '617 patent, the '618 patent, the '165 patent, the '166 patent, the '588 patent, the '181 patent, the '182 patent, the '053 patent, the '5,693 patent, the '722 patent, the '136 patent, the '137 patent, the '153 patent, the '358 patent, the '805 patent, the '806 patent, the '483 patent, the '549 patent, the '295 patent, the '328 patent, the '626 patent, the '213 patent, the '323 patent, the '684 patent, the '414 patent, the '464 patent, the '465 patent, the '4,429 patent, the '927 patent, the '428 patent, the '563 patent, the '456 patent, the '755 patent, the '756 patent, the '791 patent, the '173 patent, the '441 patent, the '085 patent, the '522 patent, the '250 patent, the '354 patent, the '370 patent, the '117 patent, the '052 patent, and the '196 patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:**   Plaintiff admits that, on September 26, 2025, Plaintiff sued Apotex in this Judicial District alleging, *inter alia*, infringement of the Patents-in-Suit under 35 U.S.C. § 271(e)(2)(A), and, except as so admitted, denies the allegations of paragraph 89.

## COUNT I
### (Declaratory Judgment of Alleged Invalidity of the '075 Patent)

90.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-89 as though fully set forth herein.

**ANSWER:**   Plaintiff incorporates its responses to the preceding paragraphs.

91.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '075 patent.

**ANSWER:**   Paragraph 91 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '075 patent and, except as so admitted, denies the allegations of paragraph 91.

92.   The claims of the '075 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**   Plaintiff denies the allegations of paragraph 92.

93.   Apotex is entitled to a judicial declaration that the claims of the '075 patent are invalid.

14

**ANSWER:**   Plaintiff denies the allegations of paragraph 93.

## COUNT II
### (Declaratory Judgment of Alleged Noninfringement of the '075 Patent)

94.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-93 of these Counterclaims as though fully set forth herein.

**ANSWER:**   Plaintiff incorporates its responses to the preceding paragraphs.

95.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '075 patent.

**ANSWER:**   Paragraph 95 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '075 patent and, except as so admitted, denies the allegations of paragraph 95.

96.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '075 patent, either literally or under the doctrine of equivalents.

**ANSWER:**   Plaintiff denies the allegations of paragraph 96.

97.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '075 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '075 patent, either literally or under the doctrine of equivalents.

**ANSWER:**   Plaintiff denies the allegations of paragraph 97.

## COUNT III
### (Declaratory Judgment of Alleged Invalidity of the '010 Patent)

98.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-97 as though fully set forth herein.

**ANSWER:**   Plaintiff incorporates its responses to the preceding paragraphs.

99.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '010 patent.

**ANSWER:**     Paragraph 99 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '010 patent and, except as so admitted, denies the allegations of paragraph 99.

100.    The claims of the '010 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**     Plaintiff denies the allegations of paragraph 100.

101.    Apotex is entitled to a judicial declaration that the claims of the '010 patent are invalid.

**ANSWER:**     Plaintiff denies the allegations of paragraph 101.

<u>**COUNT IV**</u>
<u>**(Declaratory Judgment of Alleged Noninfringement of the '010 Patent)**</u>

102.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-101 of these Counterclaims as though fully set forth herein.

**ANSWER:**     Plaintiff incorporates its responses to the preceding paragraphs.

103.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '010 patent.

**ANSWER:**     Paragraph 103 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '010 patent and, except as so admitted, denies the allegations of paragraph 103.

104.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '010 patent, either literally or under the doctrine of equivalents.

**ANSWER:**     Plaintiff denies the allegations of paragraph 104.

105.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '010 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's

ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '010 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 105.

## COUNT V
### (Declaratory Judgment of Alleged Invalidity of the '614 Patent)

106.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-105 as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

107.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '614 patent.

**ANSWER:**    Paragraph 107 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '614 patent and, except as so admitted, denies the allegations of paragraph 107.

108.    The claims of the '614 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Plaintiff denies the allegations of paragraph 108.

109.    Apotex is entitled to a judicial declaration that the claims of the '614 patent are invalid.

**ANSWER:**    Plaintiff denies the allegations of paragraph 109.

## COUNT VI
### (Declaratory Judgment of Alleged Noninfringement of the '614 Patent)

110.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-109 of these Counterclaims as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

111.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '614 patent.

17

**ANSWER:** Paragraph 111 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '614 patent and, except as so admitted, denies the allegations of paragraph 111.

112. The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '614 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 112.

113. Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '614 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '614 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 113.

## COUNT VII
### (Declaratory Judgment of Alleged Invalidity of the '131 Patent)

114. Apotex realleges and incorporates by reference the allegations of paragraphs 1-113 as though fully set forth herein.

**ANSWER:** Plaintiff incorporates its responses to the preceding paragraphs.

115. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '131 patent.

**ANSWER:** Paragraph 115 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '131 patent and, except as so admitted, denies the allegations of paragraph 115.

116. The claims of the '131 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:** Plaintiff denies the allegations of paragraph 116.

117.    Apotex is entitled to a judicial declaration that the claims of the '131 patent are invalid.

**ANSWER:**    Plaintiff denies the allegations of paragraph 117.

## COUNT VIII
### (Declaratory Judgment of Alleged Noninfringement of the '131 Patent)

118.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-117 of these Counterclaims as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

119.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '131 patent.

**ANSWER:**    Paragraph 119 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '131 patent and, except as so admitted, denies the allegations of paragraph 119.

120.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '131 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 120.

121.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '131 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '131 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 121.

## COUNT IX
### (Declaratory Judgment of Alleged Invalidity of the '278 Patent)

122.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-121 as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

19

123.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '278 patent.

**ANSWER:**    Paragraph 123 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '278 patent and, except as so admitted, denies the allegations of paragraph 123.

124.    The claims of the '278 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Plaintiff denies the allegations of paragraph 124.

125.    Apotex is entitled to a judicial declaration that the claims of the '278 patent are invalid.

**ANSWER:**    Plaintiff denies the allegations of paragraph 125.

## COUNT X
### (Declaratory Judgment of Alleged Noninfringement of the '278 Patent)

126.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-125 of these Counterclaims as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

127.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '278 patent.

**ANSWER:**    Paragraph 127 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '278 patent and, except as so admitted, denies the allegations of paragraph 127.

128.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '278 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 128.

20

129.     Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '278 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '278 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 129.

## COUNT XI
### (Declaratory Judgment of Alleged Invalidity of the '324 Patent)

130.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-129 as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

131.     There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '324 patent.

**ANSWER:**    Paragraph 131 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '324 patent and, except as so admitted, denies the allegations of paragraph 131.

132.     The claims of the '324 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Plaintiff denies the allegations of paragraph 132.

133.     Apotex is entitled to a judicial declaration that the claims of the '324 patent are invalid.

**ANSWER:**    Plaintiff denies the allegations of paragraph 133.

## COUNT XII
### (Declaratory Judgment of Alleged Noninfringement of the '324 Patent)

134.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-133 of these Counterclaims as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

135. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '324 patent.

**ANSWER:** Paragraph 135 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '324 patent and, except as so admitted, denies the allegations of paragraph 135.

136. The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '324 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 136.

137. Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '324 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '324 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 137.

## COUNT XIII
### (Declaratory Judgment of Alleged Invalidity of the '312 Patent)

138. Apotex realleges and incorporates by reference the allegations of paragraphs 1-137 as though fully set forth herein.

**ANSWER:** Plaintiff incorporates its responses to the preceding paragraphs.

139. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '312 patent.

**ANSWER:** Paragraph 139 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '312 patent and, except as so admitted, denies the allegations of paragraph 139.

140.    The claims of the '312 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Plaintiff denies the allegations of paragraph 140.

141.    Apotex is entitled to a judicial declaration that the claims of the '312 patent are invalid.

**ANSWER:**    Plaintiff denies the allegations of paragraph 141.

## COUNT XIV
### (Declaratory Judgment of Alleged Noninfringement of the '312 Patent)

142.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-141 of these Counterclaims as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

143.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '312 patent.

**ANSWER:**    Paragraph 143 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '312 patent and, except as so admitted, denies the allegations of paragraph 143.

144.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '312 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 144.

145.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '312 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '312 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 145.

23

## COUNT XV
### (Declaratory Judgment of Alleged Invalidity of the '224 Patent)

146.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-145 as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

147.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '224 patent.

**ANSWER:**    Paragraph 147 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '224 patent and, except as so admitted, denies the allegations of paragraph 147.

148.    The claims of the '224 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Plaintiff denies the allegations of paragraph 148.

149.    Apotex is entitled to a judicial declaration that the claims of the '224 patent are invalid.

**ANSWER:**    Plaintiff denies the allegations of paragraph 149.

## COUNT XVI
### (Declaratory Judgment of Alleged Noninfringement of the '224 Patent)

150.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-149 of these Counterclaims as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

151.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '224 patent.

**ANSWER:**    Paragraph 151 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '224 patent and, except as so admitted, denies the allegations of paragraph 151.

152.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '224 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 152.

153.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '224 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '224 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 153.

### COUNT XVII
### (Declaratory Judgment of Alleged Invalidity of the '839 Patent)

154.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-153 as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

155.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '839 patent.

**ANSWER:**    Paragraph 155 states legal conclusions for which no answer is required.  To

the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing

justiciable controversy between the parties regarding the '839 patent and, except as so admitted,

denies the allegations of paragraph 155.

156.    The claims of the '839 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Plaintiff denies the allegations of paragraph 156.

157.    Apotex is entitled to a judicial declaration that the claims of the '839 patent are invalid.

**ANSWER:**    Plaintiff denies the allegations of paragraph 157.

## COUNT XVIII
### (Declaratory Judgment of Alleged Noninfringement of the '839 Patent)

158.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-157 of these Counterclaims as though fully set forth herein.

**ANSWER:**     Plaintiff incorporates its responses to the preceding paragraphs.

159.     There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '839 patent.

**ANSWER:**     Paragraph 159 states legal conclusions for which no answer is required.  To

the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing

justiciable controversy between the parties regarding the '839 patent and, except as so admitted,

denies the allegations of paragraph 159.

160.     The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '839 patent, either literally or under the doctrine of equivalents.

**ANSWER:**     Plaintiff denies the allegations of paragraph 160.

161.     Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '839 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '839 patent, either literally or under the doctrine of equivalents.

**ANSWER:**     Plaintiff denies the allegations of paragraph 161.

## COUNT XIX
### (Declaratory Judgment of Alleged Invalidity of the '736 Patent)

162.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-161 as though fully set forth herein.

**ANSWER:**     Plaintiff incorporates its responses to the preceding paragraphs.

163.     There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '736 patent.

**ANSWER:**     Paragraph 163 states legal conclusions for which no answer is required.  To

the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing

justiciable controversy between the parties regarding the '736 patent and, except as so admitted, denies the allegations of paragraph 163.

164.   The claims of the '736 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**   Plaintiff denies the allegations of paragraph 164.

165.   Apotex is entitled to a judicial declaration that the claims of the '736 patent are invalid.

**ANSWER:**   Plaintiff denies the allegations of paragraph 165.

<u>**COUNT XX**</u>
<u>**(Declaratory Judgment of Alleged Noninfringement of the '736 Patent)**</u>

166.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-165 of these Counterclaims as though fully set forth herein.

**ANSWER:**   Plaintiff incorporates its responses to the preceding paragraphs.

167.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '736 patent.

**ANSWER:**   Paragraph 167 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '736 patent and, except as so admitted, denies the allegations of paragraph 167.

168.   The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '736 patent, either literally or under the doctrine of equivalents.

**ANSWER:**   Plaintiff denies the allegations of paragraph 168.

169.   Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '736 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '736 patent, either literally or under the doctrine of equivalents.

**ANSWER:**   Plaintiff denies the allegations of paragraph 169.

## COUNT XXI
### (Declaratory Judgment of Alleged Invalidity of the '014 Patent)

170.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-169 as though fully set forth herein.

**ANSWER:**   Plaintiff incorporates its responses to the preceding paragraphs.

171.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '014 patent.

**ANSWER:**   Paragraph 171 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '014 patent and, except as so admitted, denies the allegations of paragraph 171.

172.   The claims of the '014 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**   Plaintiff denies the allegations of paragraph 172.

173.   Apotex is entitled to a judicial declaration that the claims of the '014 patent are invalid.

**ANSWER:**   Plaintiff denies the allegations of paragraph 173.

## COUNT XXII
### (Declaratory Judgment of Alleged Noninfringement of the '014 Patent)

174.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-173 of these Counterclaims as though fully set forth herein.

**ANSWER:**   Plaintiff incorporates its responses to the preceding paragraphs.

175.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '014 patent.

**ANSWER:**   Paragraph 175 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing

justiciable controversy between the parties regarding the '014 patent and, except as so admitted, denies the allegations of paragraph 175.

176.   The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '014 patent, either literally or under the doctrine of equivalents.

**ANSWER:**   Plaintiff denies the allegations of paragraph 176.

177.   Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '014 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '014 patent, either literally or under the doctrine of equivalents.

**ANSWER:**   Plaintiff denies the allegations of paragraph 177.

## COUNT XXIII
### (Declaratory Judgment of Alleged Invalidity of the '069 Patent)

178.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-177 as though fully set forth herein.

**ANSWER:**   Plaintiff incorporates its responses to the preceding paragraphs.

179.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '069 patent.

**ANSWER:**   Paragraph 179 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '069 patent and, except as so admitted, denies the allegations of paragraph 179.

180.   The claims of the '069 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**   Plaintiff denies the allegations of paragraph 180.

181.   Apotex is entitled to a judicial declaration that the claims of the '069 patent are invalid.

29

**ANSWER:**   Plaintiff denies the allegations of paragraph 181.

**COUNT XXIV**
**(Declaratory Judgment of Alleged Noninfringement of the '069 Patent)**

182.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-181 of these Counterclaims as though fully set forth herein.

**ANSWER:**   Plaintiff incorporates its responses to the preceding paragraphs.

183.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '069 patent.

**ANSWER:**   Paragraph 183 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '069 patent and, except as so admitted, denies the allegations of paragraph 183.

184.   The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '069 patent, either literally or under the doctrine of equivalents.

**ANSWER:**   Plaintiff denies the allegations of paragraph 184.

185.   Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '069 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '069 patent, either literally or under the doctrine of equivalents.

**ANSWER:**   Plaintiff denies the allegations of paragraph 185.

**COUNT XXV**
**(Declaratory Judgment of Alleged Invalidity of the '692 Patent)**

186.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-185 as though fully set forth herein.

**ANSWER:**   Plaintiff incorporates its responses to the preceding paragraphs.

187.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '692 patent.

30

**ANSWER:**    Paragraph 187 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '692 patent and, except as so admitted, denies the allegations of paragraph 187.

188.    The claims of the '692 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Plaintiff denies the allegations of paragraph 188.

189.    Apotex is entitled to a judicial declaration that the claims of the '692 patent are invalid.

**ANSWER:**    Plaintiff denies the allegations of paragraph 189.

### COUNT XXVI
### (Declaratory Judgment of Alleged Noninfringement of the '692 Patent)

190.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-189 of these Counterclaims as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

191.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '692 patent.

**ANSWER:**    Paragraph 191 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '692 patent and, except as so admitted, denies the allegations of paragraph 191.

192.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '692 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 192.

193.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '692 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's

31

ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '692 patent, either literally or under the doctrine of equivalents.

**ANSWER:**   Plaintiff denies the allegations of paragraph 193.

## COUNT XXVII
### (Declaratory Judgment of Alleged Invalidity of the '2,693 Patent)

194.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-193 as though fully set forth herein.

**ANSWER:**   Plaintiff incorporates its responses to the preceding paragraphs.

195.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '2,693 patent.

**ANSWER:**   Paragraph 195 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '2,693 patent and, except as so admitted, denies the allegations of paragraph 195.

196.   The claims of the '2,693 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**   Plaintiff denies the allegations of paragraph 196.

197.   Apotex is entitled to a judicial declaration that the claims of the '2,693 patent are invalid.

**ANSWER:**   Plaintiff denies the allegations of paragraph 197.

## COUNT XXVIII
### (Declaratory Judgment of Alleged Noninfringement of the '2,693 Patent)

198.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-197 of these Counterclaims as though fully set forth herein.

**ANSWER:**   Plaintiff incorporates its responses to the preceding paragraphs.

199.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '2,693 patent.

**ANSWER:**    Paragraph 199 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '2,693 patent and, except as so admitted, denies the allegations of paragraph 199.

200.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '2,693 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 200.

201.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '2,693 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '2,693 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 201.

## COUNT XXIX
### (Declaratory Judgment of Alleged Invalidity of the '950 Patent)

202.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-201 as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

203.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '950 patent.

**ANSWER:**    Paragraph 203 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '950 patent and, except as so admitted, denies the allegations of paragraph 203.

204.    The claims of the '950 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Plaintiff denies the allegations of paragraph 204.

33

205.    Apotex is entitled to a judicial declaration that the claims of the '950 patent are invalid.

**ANSWER:**    Plaintiff denies the allegations of paragraph 205.

## COUNT XXX
### (Declaratory Judgment of Alleged Noninfringement of the '950 Patent)

206.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-205 of these Counterclaims as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

207.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '950 patent.

**ANSWER:**    Paragraph 207 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '950 patent and, except as so admitted, denies the allegations of paragraph 207.

208.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '950 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 208.

209.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '950 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '950 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 209.

## COUNT XXXI
### (Declaratory Judgment of Alleged Invalidity of the '101 Patent)

210.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-209 as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

34

211. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '101 patent.

**ANSWER:** Paragraph 211 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '101 patent and, except as so admitted, denies the allegations of paragraph 211.

212. The claims of the '101 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:** Plaintiff denies the allegations of paragraph 212.

213. Apotex is entitled to a judicial declaration that the claims of the '101 patent are invalid.

**ANSWER:** Plaintiff denies the allegations of paragraph 213.

### COUNT XXXII
### (Declaratory Judgment of Alleged Noninfringement of the '101 Patent)

214. Apotex realleges and incorporates by reference the allegations of paragraphs 1-213 of these Counterclaims as though fully set forth herein.

**ANSWER:** Plaintiff incorporates its responses to the preceding paragraphs.

215. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '101 patent.

**ANSWER:** Paragraph 215 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '101 patent and, except as so admitted, denies the allegations of paragraph 215.

216. The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '101 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 216.

217.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '101 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '101 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 217.

### COUNT XXXIII
### (Declaratory Judgment of Alleged Invalidity of the '642 Patent)

218.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-217 as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

219.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '642 patent.

**ANSWER:**    Paragraph 219 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '642 patent and, except as so admitted, denies the allegations of paragraph 219.

220.    The claims of the '642 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Plaintiff denies the allegations of paragraph 220.

221.    Apotex is entitled to a judicial declaration that the claims of the '642 patent are invalid.

**ANSWER:**    Plaintiff denies the allegations of paragraph 221.

### COUNT XXXIV
### (Declaratory Judgment of Alleged Noninfringement of the '642 Patent)

222.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-221 of these Counterclaims as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

223. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '642 patent.

**ANSWER:** Paragraph 223 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '642 patent and, except as so admitted, denies the allegations of paragraph 223.

224. The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '642 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 224.

225. Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '642 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '642 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 225.

<u>**COUNT XXXV**</u>
<u>**(Declaratory Judgment of Alleged Invalidity of the '664 Patent)**</u>

226. Apotex realleges and incorporates by reference the allegations of paragraphs 1-225 as though fully set forth herein.

**ANSWER:** Plaintiff incorporates its responses to the preceding paragraphs.

227. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '664 patent.

**ANSWER:** Paragraph 227 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '664 patent and, except as so admitted, denies the allegations of paragraph 227.

228.   The claims of the '664 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**   Plaintiff denies the allegations of paragraph 228.

229.   Apotex is entitled to a judicial declaration that the claims of the '664 patent are invalid.

**ANSWER:**   Plaintiff denies the allegations of paragraph 229.

## COUNT XXXVI
### (Declaratory Judgment of Alleged Noninfringement of the '664 Patent)

230.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-229 of these Counterclaims as though fully set forth herein.

**ANSWER:**   Plaintiff incorporates its responses to the preceding paragraphs.

231.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '664 patent.

**ANSWER:**   Paragraph 231 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '664 patent and, except as so admitted, denies the allegations of paragraph 231.

232.   The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '664 patent, either literally or under the doctrine of equivalents.

**ANSWER:**   Plaintiff denies the allegations of paragraph 232.

233.   Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '664 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '664 patent, either literally or under the doctrine of equivalents.

**ANSWER:**   Plaintiff denies the allegations of paragraph 233.

## COUNT XXXVII
### (Declaratory Judgment of Alleged Invalidity of the '144 Patent)

234.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-233 as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

235.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '144 patent.

**ANSWER:**    Paragraph 235 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '144 patent and, except as so admitted, denies the allegations of paragraph 235.

236.    The claims of the '144 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Plaintiff denies the allegations of paragraph 236.

237.    Apotex is entitled to a judicial declaration that the claims of the '144 patent are invalid.

**ANSWER:**    Plaintiff denies the allegations of paragraph 237.

## COUNT XXXVIII
### (Declaratory Judgment of Alleged Noninfringement of the '144 Patent)

238.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-237 of these Counterclaims as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

239.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '144 patent.

**ANSWER:**    Paragraph 239 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '144 patent and, except as so admitted, denies the allegations of paragraph 239.

240.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '144 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 240.

241.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '144 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '144 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 241.

### COUNT XXXIX
### (Declaratory Judgment of Alleged Invalidity of the '777 Patent)

242.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-241 as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

243.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '777 patent.

**ANSWER:**    Paragraph 243 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '777 patent and, except as so admitted, denies the allegations of paragraph 243.

244.    The claims of the '777 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Plaintiff denies the allegations of paragraph 244.

245.    Apotex is entitled to a judicial declaration that the claims of the '777 patent are invalid.

**ANSWER:**    Plaintiff denies the allegations of paragraph 245.

40

## COUNT XL
### (Declaratory Judgment of Alleged Noninfringement of the '777 Patent)

246.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-245 of these Counterclaims as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

247.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '777 patent.

**ANSWER:**    Paragraph 247 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '777 patent and, except as so admitted, denies the allegations of paragraph 247.

248.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '777 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 248.

249.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '777 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '777 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 249.

## COUNT XLI
### (Declaratory Judgment of Alleged Invalidity of the '102 Patent)

250.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-249 as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

251.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '102 patent.

**ANSWER:**    Paragraph 251 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing

justiciable controversy between the parties regarding the '102 patent and, except as so admitted, denies the allegations of paragraph 251.

252. The claims of the '102 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:** Plaintiff denies the allegations of paragraph 252.

253. Apotex is entitled to a judicial declaration that the claims of the '102 patent are invalid.

**ANSWER:** Plaintiff denies the allegations of paragraph 253.

## COUNT XLII
### (Declaratory Judgment of Alleged Noninfringement of the '102 Patent)

254. Apotex realleges and incorporates by reference the allegations of paragraphs 1-253 of these Counterclaims as though fully set forth herein.

**ANSWER:** Plaintiff incorporates its responses to the preceding paragraphs.

255. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '102 patent.

**ANSWER:** Paragraph 255 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '102 patent and, except as so admitted, denies the allegations of paragraph 255.

256. The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '102 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 256.

257. Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '102 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '102 patent, either literally or under the doctrine of equivalents.

**ANSWER:**   Plaintiff denies the allegations of paragraph 257.

### COUNT XLIII
### (Declaratory Judgment of Alleged Invalidity of the '185 Patent)

258.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-257 as though fully set forth herein.

**ANSWER:**   Plaintiff incorporates its responses to the preceding paragraphs.

259.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '185 patent.

**ANSWER:**   Paragraph 259 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '185 patent and, except as so admitted, denies the allegations of paragraph 259.

260.    The claims of the '185 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**   Plaintiff denies the allegations of paragraph 260.

261.    Apotex is entitled to a judicial declaration that the claims of the '185 patent are invalid.

**ANSWER:**   Plaintiff denies the allegations of paragraph 261.

### COUNT XLIV
### (Declaratory Judgment of Alleged Noninfringement of the '185 Patent)

262.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-261 of these Counterclaims as though fully set forth herein.

**ANSWER:**   Plaintiff incorporates its responses to the preceding paragraphs.

263.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '185 patent.

**ANSWER:**   Paragraph 263 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing

43

justiciable controversy between the parties regarding the '185 patent and, except as so admitted,

denies the allegations of paragraph 263.

264.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '185 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 264.

265.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '185 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '185 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 265.

## COUNT XLV
### (Declaratory Judgment of Alleged Invalidity of the '5,429 Patent)

266.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-265 as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

267.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '5,429 patent.

**ANSWER:**    Paragraph 267 states legal conclusions for which no answer is required.  To

the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing

justiciable controversy between the parties regarding the '5,429 patent and, except as so admitted,

denies the allegations of paragraph 267.

268.    The claims of the '5,429 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Plaintiff denies the allegations of paragraph 268.

269.    Apotex is entitled to a judicial declaration that the claims of the '5,429 patent are invalid.

**ANSWER:**    Plaintiff denies the allegations of paragraph 269.

## COUNT XLVI
### (Declaratory Judgment of Alleged Noninfringement of the '5,429 Patent)

270.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-269 of these Counterclaims as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

271.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '5,429 patent.

**ANSWER:**    Paragraph 271 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '5,429 patent and, except as so admitted, denies the allegations of paragraph 271.

272.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '5,429 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 272.

273.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '5,429 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '5,429 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 273.

## COUNT XLVII
### (Declaratory Judgment of Alleged Invalidity of the '430 Patent)

274.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-273 as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

275.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '430 patent.

45

**ANSWER:**   Paragraph 275 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '430 patent and, except as so admitted, denies the allegations of paragraph 275.

276.   The claims of the '430 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**   Plaintiff denies the allegations of paragraph 276.

277.   Apotex is entitled to a judicial declaration that the claims of the '430 patent are invalid.

**ANSWER:**   Plaintiff denies the allegations of paragraph 277.

### COUNT XLVIII
### (Declaratory Judgment of Alleged Noninfringement of the '430 Patent)

278.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-277 of these Counterclaims as though fully set forth herein.

**ANSWER:**   Plaintiff incorporates its responses to the preceding paragraphs.

279.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '430 patent.

**ANSWER:**   Paragraph 279 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '430 patent and, except as so admitted, denies the allegations of paragraph 279.

280.   The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '430 patent, either literally or under the doctrine of equivalents.

**ANSWER:**   Plaintiff denies the allegations of paragraph 280.

281.   Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '430 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's

ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '430 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 281.

## COUNT XLIX
### (Declaratory Judgment of Alleged Invalidity of the '535 Patent)

282. Apotex realleges and incorporates by reference the allegations of paragraphs 1-281 as though fully set forth herein.

**ANSWER:** Plaintiff incorporates its responses to the preceding paragraphs.

283. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '535 patent.

**ANSWER:** Paragraph 283 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '535 patent and, except as so admitted, denies the allegations of paragraph 283.

284. The claims of the '535 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:** Plaintiff denies the allegations of paragraph 284.

285. Apotex is entitled to a judicial declaration that the claims of the '535 patent are invalid.

**ANSWER:** Plaintiff denies the allegations of paragraph 285.

## COUNT L
### (Declaratory Judgment of Alleged Noninfringement of the '535 Patent)

286. Apotex realleges and incorporates by reference the allegations of paragraphs 1-285 of these Counterclaims as though fully set forth herein.

**ANSWER:** Plaintiff incorporates its responses to the preceding paragraphs.

287. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '535 patent.

**ANSWER:** Paragraph 287 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '535 patent and, except as so admitted, denies the allegations of paragraph 287.

288. The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '535 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 288.

289. Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '535 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '535 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 289.

## COUNT LI
### (Declaratory Judgment of Alleged Invalidity of the '602 Patent)

290. Apotex realleges and incorporates by reference the allegations of paragraphs 1-289 as though fully set forth herein.

**ANSWER:** Plaintiff incorporates its responses to the preceding paragraphs.

291. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '602 patent.

**ANSWER:** Paragraph 291 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '602 patent and, except as so admitted, denies the allegations of paragraph 291.

292. The claims of the '602 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:** Plaintiff denies the allegations of paragraph 292.

293. Apotex is entitled to a judicial declaration that the claims of the '602 patent are invalid.

**ANSWER:** Plaintiff denies the allegations of paragraph 293.

## COUNT LII
### (Declaratory Judgment of Alleged Noninfringement of the '602 Patent)

294. Apotex realleges and incorporates by reference the allegations of paragraphs 1-293 of these Counterclaims as though fully set forth herein.

**ANSWER:** Plaintiff incorporates its responses to the preceding paragraphs.

295. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '602 patent.

**ANSWER:** Paragraph 295 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '602 patent and, except as so admitted, denies the allegations of paragraph 295.

296. The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '602 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 296.

297. Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '602 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '602 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 297.

## COUNT LIII
### (Declaratory Judgment of Alleged Invalidity of the '583 Patent)

298. Apotex realleges and incorporates by reference the allegations of paragraphs 1-297 as though fully set forth herein.

**ANSWER:** Plaintiff incorporates its responses to the preceding paragraphs.

299.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '583 patent.

**ANSWER:**   Paragraph 299 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '583 patent and, except as so admitted, denies the allegations of paragraph 299.

300.   The claims of the '583 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**   Plaintiff denies the allegations of paragraph 300.

301.   Apotex is entitled to a judicial declaration that the claims of the '583 patent are invalid.

**ANSWER:**   Plaintiff denies the allegations of paragraph 301.

**COUNT LIV**
**(Declaratory Judgment of Alleged Noninfringement of the '583 Patent)**

302.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-301 of these Counterclaims as though fully set forth herein.

**ANSWER:**   Plaintiff incorporates its responses to the preceding paragraphs.

303.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '583 patent.

**ANSWER:**   Paragraph 303 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '583 patent and, except as so admitted, denies the allegations of paragraph 303.

304.   The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '583 patent, either literally or under the doctrine of equivalents.

**ANSWER:**   Plaintiff denies the allegations of paragraph 304.

305. Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '583 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '583 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 305.

## COUNT LV
### (Declaratory Judgment of Alleged Invalidity of the '696 Patent)

306. Apotex realleges and incorporates by reference the allegations of paragraphs 1-305 as though fully set forth herein.

**ANSWER:** Plaintiff incorporates its responses to the preceding paragraphs.

307. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '696 patent.

**ANSWER:** Paragraph 307 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '696 patent and, except as so admitted, denies the allegations of paragraph 307.

308. The claims of the '696 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:** Plaintiff denies the allegations of paragraph 308.

309. Apotex is entitled to a judicial declaration that the claims of the '696 patent are invalid.

**ANSWER:** Plaintiff denies the allegations of paragraph 309.

## COUNT LVI
### (Declaratory Judgment of Alleged Noninfringement of the '696 Patent)

310. Apotex realleges and incorporates by reference the allegations of paragraphs 1-309 of these Counterclaims as though fully set forth herein.

**ANSWER:** Plaintiff incorporates its responses to the preceding paragraphs.

51

311.     There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '696 patent.

**ANSWER:**     Paragraph 311 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '696 patent and, except as so admitted, denies the allegations of paragraph 311.

312.     The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '696 patent, either literally or under the doctrine of equivalents.

**ANSWER:**     Plaintiff denies the allegations of paragraph 312.

313.     Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '696 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '696 patent, either literally or under the doctrine of equivalents.

**ANSWER:**     Plaintiff denies the allegations of paragraph 313.

**COUNT LVII**
**(Declaratory Judgment of Alleged Invalidity of the '697 Patent)**

314.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-313 as though fully set forth herein.

**ANSWER:**     Plaintiff incorporates its responses to the preceding paragraphs.

315.     There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '697 patent.

**ANSWER:**     Paragraph 315 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '697 patent and, except as so admitted, denies the allegations of paragraph 315.

316.    The claims of the '697 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Plaintiff denies the allegations of paragraph 316.

317.    Apotex is entitled to a judicial declaration that the claims of the '697 patent are invalid.

**ANSWER:**    Plaintiff denies the allegations of paragraph 317.

## COUNT LVIII
### (Declaratory Judgment of Alleged Noninfringement of the '697 Patent)

318.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-317 of these Counterclaims as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

319.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '697 patent.

**ANSWER:**    Paragraph 319 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '697 patent and, except as so admitted, denies the allegations of paragraph 319.

320.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '697 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 320.

321.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '697 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '697 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 321.

## COUNT LIX
### (Declaratory Judgment of Alleged Invalidity of the '773 Patent)

322.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-321 as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

323.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '773 patent.

**ANSWER:**    Paragraph 323 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '773 patent and, except as so admitted, denies the allegations of paragraph 323.

324.    The claims of the '773 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Plaintiff denies the allegations of paragraph 324.

325.    Apotex is entitled to a judicial declaration that the claims of the '773 patent are invalid.

**ANSWER:**    Plaintiff denies the allegations of paragraph 325.

## COUNT LX
### (Declaratory Judgment of Alleged Noninfringement of the '773 Patent)

326.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-325 of these Counterclaims as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

327.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '773 patent.

**ANSWER:**    Paragraph 327 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '773 patent and, except as so admitted, denies the allegations of paragraph 327.

328.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '773 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 328.

329.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '773 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '773 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 329.

### COUNT LXI
### (Declaratory Judgment of Alleged Invalidity of the '617 Patent)

330.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-329 as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

331.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '617 patent.

**ANSWER:**    Paragraph 331 states legal conclusions for which no answer is required.  To

the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing

justiciable controversy between the parties regarding the '617 patent and, except as so admitted,

denies the allegations of paragraph 331.

332.    The claims of the '617 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Plaintiff denies the allegations of paragraph 332.

333.    Apotex is entitled to a judicial declaration that the claims of the '617 patent are invalid.

**ANSWER:**    Plaintiff denies the allegations of paragraph 333.

55

**COUNT LXII**
**(Declaratory Judgment of Alleged Noninfringement of the '617 Patent)**

334. Apotex realleges and incorporates by reference the allegations of paragraphs 1-333 of these Counterclaims as though fully set forth herein.

**ANSWER:** Plaintiff incorporates its responses to the preceding paragraphs.

335. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '617 patent.

**ANSWER:** Paragraph 335 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '617 patent and, except as so admitted, denies the allegations of paragraph 335.

336. The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '617 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 336.

337. Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '617 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '617 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 337.

**COUNT LXIII**
**(Declaratory Judgment of Alleged Invalidity of the '618 Patent)**

338. Apotex realleges and incorporates by reference the allegations of paragraphs 1-337 as though fully set forth herein.

**ANSWER:** Plaintiff incorporates its responses to the preceding paragraphs.

339. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '618 patent.

**ANSWER:** Paragraph 339 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing

justiciable controversy between the parties regarding the '618 patent and, except as so admitted,

denies the allegations of paragraph 339.

340.   The claims of the '618 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**   Plaintiff denies the allegations of paragraph 340.

341.   Apotex is entitled to a judicial declaration that the claims of the '618 patent are invalid.

**ANSWER:**   Plaintiff denies the allegations of paragraph 341.

## COUNT LXIV
## (Declaratory Judgment of Alleged Noninfringement of the '618 Patent)

342.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-341 of these Counterclaims as though fully set forth herein.

**ANSWER:**   Plaintiff incorporates its responses to the preceding paragraphs.

343.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '618 patent.

**ANSWER:**   Paragraph 343 states legal conclusions for which no answer is required.  To

the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing

justiciable controversy between the parties regarding the '618 patent and, except as so admitted,

denies the allegations of paragraph 343.

344.   The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '618 patent, either literally or under the doctrine of equivalents.

**ANSWER:**   Plaintiff denies the allegations of paragraph 344.

345.   Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '618 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '618 patent, either literally or under the doctrine of equivalents.

**ANSWER:**   Plaintiff denies the allegations of paragraph 345.

## COUNT LXV
### (Declaratory Judgment of Alleged Invalidity of the '165 Patent)

346.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-345 as though fully set forth herein.

**ANSWER:**   Plaintiff incorporates its responses to the preceding paragraphs.

347.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '165 patent.

**ANSWER:**   Paragraph 347 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '165 patent and, except as so admitted, denies the allegations of paragraph 347.

348.   The claims of the '165 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**   Plaintiff denies the allegations of paragraph 348.

349.   Apotex is entitled to a judicial declaration that the claims of the '165 patent are invalid.

**ANSWER:**   Plaintiff denies the allegations of paragraph 349.

## COUNT LXVI
### (Declaratory Judgment of Alleged Noninfringement of the '165 Patent)

350.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-349 of these Counterclaims as though fully set forth herein.

**ANSWER:**   Plaintiff incorporates its responses to the preceding paragraphs.

351.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '165 patent.

**ANSWER:**   Paragraph 351 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing

58

justiciable controversy between the parties regarding the '165 patent and, except as so admitted,

denies the allegations of paragraph 351.

352.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '165 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 352.

353.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '165 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '165 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 353.

## COUNT LXVII
### (Declaratory Judgment of Alleged Invalidity of the '166 Patent)

354.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-353 as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

355.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '166 patent.

**ANSWER:**    Paragraph 355 states legal conclusions for which no answer is required.  To

the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing

justiciable controversy between the parties regarding the '166 patent and, except as so admitted,

denies the allegations of paragraph 355.

356.    The claims of the '166 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Plaintiff denies the allegations of paragraph 356.

357.    Apotex is entitled to a judicial declaration that the claims of the '166 patent are invalid.

**ANSWER:**    Plaintiff denies the allegations of paragraph 357.

## COUNT LXVIII
### (Declaratory Judgment of Alleged Noninfringement of the '166 Patent)

358.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-357 of these Counterclaims as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

359.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '166 patent.

**ANSWER:**    Paragraph 359 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '166 patent and, except as so admitted, denies the allegations of paragraph 359.

360.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '166 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 360.

361.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '166 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '166 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 361.

## COUNT LXIX
### (Declaratory Judgment of Alleged Invalidity of the '588 Patent)

362.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-361 as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

363.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '588 patent.

60

**ANSWER:** Paragraph 363 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '588 patent and, except as so admitted, denies the allegations of paragraph 363.

364. The claims of the '588 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:** Plaintiff denies the allegations of paragraph 364.

365. Apotex is entitled to a judicial declaration that the claims of the '588 patent are invalid.

**ANSWER:** Plaintiff denies the allegations of paragraph 365.

## COUNT LXX
## (Declaratory Judgment of Alleged Noninfringement of the '588 Patent)

366. Apotex realleges and incorporates by reference the allegations of paragraphs 1-365 of these Counterclaims as though fully set forth herein.

**ANSWER:** Plaintiff incorporates its responses to the preceding paragraphs.

367. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '588 patent.

**ANSWER:** Paragraph 367 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '588 patent and, except as so admitted, denies the allegations of paragraph 367.

368. The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '588 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 368.

369. Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '588 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's

61

ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '588 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 369.

## COUNT LXXI
### (Declaratory Judgment of Alleged Invalidity of the '181 Patent)

370. Apotex realleges and incorporates by reference the allegations of paragraphs 1-369 as though fully set forth herein.

**ANSWER:** Plaintiff incorporates its responses to the preceding paragraphs.

371. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '181 patent.

**ANSWER:** Paragraph 371 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '181 patent and, except as so admitted, denies the allegations of paragraph 371.

372. The claims of the '181 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:** Plaintiff denies the allegations of paragraph 372.

373. Apotex is entitled to a judicial declaration that the claims of the '181 patent are invalid.

**ANSWER:** Plaintiff denies the allegations of paragraph 373.

## COUNT LXXII
### (Declaratory Judgment of Alleged Noninfringement of the '181 Patent)

374. Apotex realleges and incorporates by reference the allegations of paragraphs 1-373 of these Counterclaims as though fully set forth herein.

**ANSWER:** Plaintiff incorporates its responses to the preceding paragraphs.

375. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '181 patent.

**ANSWER:** Paragraph 375 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '181 patent and, except as so admitted, denies the allegations of paragraph 375.

376. The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '181 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 376.

377. Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '181 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '181 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 377.

## COUNT LXXIII
## (Declaratory Judgment of Alleged Invalidity of the '182 Patent)

378. Apotex realleges and incorporates by reference the allegations of paragraphs 1-377 as though fully set forth herein.

**ANSWER:** Plaintiff incorporates its responses to the preceding paragraphs.

379. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '182 patent.

**ANSWER:** Paragraph 379 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '182 patent and, except as so admitted, denies the allegations of paragraph 379.

380. The claims of the '182 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:** Plaintiff denies the allegations of paragraph 380.

381.     Apotex is entitled to a judicial declaration that the claims of the '182 patent are invalid.

**ANSWER:**     Plaintiff denies the allegations of paragraph 381.

## COUNT LXXIV
### (Declaratory Judgment of Alleged Noninfringement of the '182 Patent)

382.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-381 of these Counterclaims as though fully set forth herein.

**ANSWER:**     Plaintiff incorporates its responses to the preceding paragraphs.

383.     There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '182 patent.

**ANSWER:**     Paragraph 383 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '182 patent and, except as so admitted, denies the allegations of paragraph 383.

384.     The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '182 patent, either literally or under the doctrine of equivalents.

**ANSWER:**     Plaintiff denies the allegations of paragraph 384.

385.     Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '182 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '182 patent, either literally or under the doctrine of equivalents.

**ANSWER:**     Plaintiff denies the allegations of paragraph 385.

## COUNT LXXV
### (Declaratory Judgment of Alleged Invalidity of the '053 Patent)

386.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-385 as though fully set forth herein.

**ANSWER:**     Plaintiff incorporates its responses to the preceding paragraphs.

64

387.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '053 patent.

**ANSWER:**    Paragraph 387 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '053 patent and, except as so admitted, denies the allegations of paragraph 387.

388.    The claims of the '053 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Plaintiff denies the allegations of paragraph 388.

389.    Apotex is entitled to a judicial declaration that the claims of the '053 patent are invalid.

**ANSWER:**    Plaintiff denies the allegations of paragraph 389.

### COUNT LXXVI
### (Declaratory Judgment of Alleged Noninfringement of the '053 Patent)

390.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-389 of these Counterclaims as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

391.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '053 patent.

**ANSWER:**    Paragraph 391 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '053 patent and, except as so admitted, denies the allegations of paragraph 391.

392.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '053 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 392.

65

393.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '053 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '053 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 393.

### COUNT LXXVII
### (Declaratory Judgment of Alleged Invalidity of the '5,693 Patent)

394.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-393 as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

395.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '5,693 patent.

**ANSWER:**    Paragraph 395 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '5,693 patent and, except as so admitted, denies the allegations of paragraph 395.

396.    The claims of the '5,693 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Plaintiff denies the allegations of paragraph 396.

397.    Apotex is entitled to a judicial declaration that the claims of the '5,693 patent are invalid.

**ANSWER:**    Plaintiff denies the allegations of paragraph 397.

### COUNT LXXVIII
### (Declaratory Judgment of Alleged Noninfringement of the '5,693 Patent)

398.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-397 of these Counterclaims as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

66

399.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '5,693 patent.

**ANSWER:**   Paragraph 399 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '5,693 patent and, except as so admitted, denies the allegations of paragraph 399.

400.   The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '5,693 patent, either literally or under the doctrine of equivalents.

**ANSWER:**   Plaintiff denies the allegations of paragraph 400.

401.   Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '5,693 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '5,693 patent, either literally or under the doctrine of equivalents.

**ANSWER:**   Plaintiff denies the allegations of paragraph 401.

### COUNT LXXIX
### (Declaratory Judgment of Alleged Invalidity of the '722 Patent)

402.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-401 as though fully set forth herein.

**ANSWER:**   Plaintiff incorporates its responses to the preceding paragraphs.

403.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '722 patent.

**ANSWER:**   Paragraph 403 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '722 patent and, except as so admitted, denies the allegations of paragraph 403.

404.    The claims of the '722 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Plaintiff denies the allegations of paragraph 404.

405.    Apotex is entitled to a judicial declaration that the claims of the '722 patent are invalid.

**ANSWER:**    Plaintiff denies the allegations of paragraph 405.

### COUNT LXXX
### (Declaratory Judgment of Alleged Noninfringement of the '722 Patent)

406.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-405 of these Counterclaims as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

407.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '722 patent.

**ANSWER:**    Paragraph 407 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '722 patent and, except as so admitted, denies the allegations of paragraph 407.

408.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '722 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 408.

409.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '722 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '722 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 409.

## COUNT LXXXI
### (Declaratory Judgment of Alleged Invalidity of the '136 Patent)

410.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-409 as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

411.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '136 patent.

**ANSWER:**    Paragraph 411 states legal conclusions for which no answer is required.  To

the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing

justiciable controversy between the parties regarding the '136 patent and, except as so admitted,

denies the allegations of paragraph 411.

412.    The claims of the '136 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Plaintiff denies the allegations of paragraph 412.

413.    Apotex is entitled to a judicial declaration that the claims of the '136 patent are invalid.

**ANSWER:**    Plaintiff denies the allegations of paragraph 413.

## COUNT LXXXII
### (Declaratory Judgment of Alleged Noninfringement of the '136 Patent)

414.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-413 of these Counterclaims as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

415.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '136 patent.

**ANSWER:**    Paragraph 415 states legal conclusions for which no answer is required.  To

the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing

justiciable controversy between the parties regarding the '136 patent and, except as so admitted,

denies the allegations of paragraph 415.

69

416.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '136 patent, either literally or under the doctrine of equivalents.

ANSWER:    Plaintiff denies the allegations of paragraph 416.

417.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '136 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '136 patent, either literally or under the doctrine of equivalents.

ANSWER:    Plaintiff denies the allegations of paragraph 417.

## COUNT LXXXIII
### (Declaratory Judgment of Alleged Invalidity of the '137 Patent)

418.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-417 as though fully set forth herein.

ANSWER:    Plaintiff incorporates its responses to the preceding paragraphs.

419.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '137 patent.

ANSWER:    Paragraph 419 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '137 patent and, except as so admitted, denies the allegations of paragraph 419.

420.    The claims of the '137 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

ANSWER:    Plaintiff denies the allegations of paragraph 420.

421.    Apotex is entitled to a judicial declaration that the claims of the '137 patent are invalid.

ANSWER:    Plaintiff denies the allegations of paragraph 421.

70

**COUNT LXXXIV**
**(Declaratory Judgment of Alleged Noninfringement of the '137 Patent)**

422.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-421 of these Counterclaims as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

423.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '137 patent.

**ANSWER:**    Paragraph 423 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '137 patent and, except as so admitted, denies the allegations of paragraph 423.

424.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '137 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 424.

425.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '137 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '137 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 425.

**COUNT LXXXV**
**(Declaratory Judgment of Alleged Invalidity of the '153 Patent)**

426.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-425 as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

427.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '153 patent.

**ANSWER:**    Paragraph 427 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing

justiciable controversy between the parties regarding the '153 patent and, except as so admitted, denies the allegations of paragraph 427.

428.    The claims of the '153 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Plaintiff denies the allegations of paragraph 428.

429.    Apotex is entitled to a judicial declaration that the claims of the '153 patent are invalid.

**ANSWER:**    Plaintiff denies the allegations of paragraph 429.

### COUNT LXXXVI
### (Declaratory Judgment of Alleged Noninfringement of the '153 Patent)

430.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-429 of these Counterclaims as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

431.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '153 patent.

**ANSWER:**    Paragraph 431 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '153 patent and, except as so admitted, denies the allegations of paragraph 431.

432.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '153 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 432.

433.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '153 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '153 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 433.

## COUNT LXXXVII
### (Declaratory Judgment of Alleged Invalidity of the '358 Patent)

434. Apotex realleges and incorporates by reference the allegations of paragraphs 1-433 as though fully set forth herein.

**ANSWER:** Plaintiff incorporates its responses to the preceding paragraphs.

435. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '358 patent.

**ANSWER:** Paragraph 435 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '358 patent and, except as so admitted, denies the allegations of paragraph 435.

436. The claims of the '358 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:** Plaintiff denies the allegations of paragraph 436.

437. Apotex is entitled to a judicial declaration that the claims of the '358 patent are invalid.

**ANSWER:** Plaintiff denies the allegations of paragraph 437.

## COUNT LXXXVIII
### (Declaratory Judgment of Alleged Noninfringement of the '358 Patent)

438. Apotex realleges and incorporates by reference the allegations of paragraphs 1-437 of these Counterclaims as though fully set forth herein.

**ANSWER:** Plaintiff incorporates its responses to the preceding paragraphs.

439. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '358 patent.

**ANSWER:** Paragraph 439 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing

73

justiciable controversy between the parties regarding the '358 patent and, except as so admitted, denies the allegations of paragraph 439.

440. The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '358 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 440.

441. Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '358 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '358 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 441.

## COUNT LXXXIX
### (Declaratory Judgment of Alleged Invalidity of the '805 Patent)

442. Apotex realleges and incorporates by reference the allegations of paragraphs 1-441 as though fully set forth herein.

**ANSWER:** Plaintiff incorporates its responses to the preceding paragraphs.

443. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '805 patent.

**ANSWER:** Paragraph 443 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '805 patent and, except as so admitted, denies the allegations of paragraph 443.

444. The claims of the '805 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:** Plaintiff denies the allegations of paragraph 444.

445. Apotex is entitled to a judicial declaration that the claims of the '805 patent are invalid.

74

**ANSWER:**   Plaintiff denies the allegations of paragraph 445.

### COUNT XC
### (Declaratory Judgment of Alleged Noninfringement of the '805 Patent)

446.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-445 of these Counterclaims as though fully set forth herein.

**ANSWER:**   Plaintiff incorporates its responses to the preceding paragraphs.

447.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '805 patent.

**ANSWER:**   Paragraph 447 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '805 patent and, except as so admitted, denies the allegations of paragraph 447.

448.   The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '805 patent, either literally or under the doctrine of equivalents.

**ANSWER:**   Plaintiff denies the allegations of paragraph 448.

449.   Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '805 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '805 patent, either literally or under the doctrine of equivalents.

**ANSWER:**   Plaintiff denies the allegations of paragraph 449.

### COUNT XCI
### (Declaratory Judgment of Alleged Invalidity of the '806 Patent)

450.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-449 as though fully set forth herein.

**ANSWER:**   Plaintiff incorporates its responses to the preceding paragraphs.

451.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '806 patent.

**ANSWER:** Paragraph 451 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '806 patent and, except as so admitted, denies the allegations of paragraph 451.

452. The claims of the '806 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:** Plaintiff denies the allegations of paragraph 452.

453. Apotex is entitled to a judicial declaration that the claims of the '806 patent are invalid.

**ANSWER:** Plaintiff denies the allegations of paragraph 453.

## COUNT XCII
### (Declaratory Judgment of Alleged Noninfringement of the '806 Patent)

454. Apotex realleges and incorporates by reference the allegations of paragraphs 1-453 of these Counterclaims as though fully set forth herein.

**ANSWER:** Plaintiff incorporates its responses to the preceding paragraphs.

455. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '806 patent.

**ANSWER:** Paragraph 455 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '806 patent and, except as so admitted, denies the allegations of paragraph 455.

456. The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '806 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 456.

457. Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '806 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's

ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '806 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 457.

## COUNT XCIII
### (Declaratory Judgment of Alleged Invalidity of the '483 Patent)

458.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-457 as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

459.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '483 patent.

**ANSWER:**    Paragraph 459 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '483 patent and, except as so admitted, denies the allegations of paragraph 459.

460.    The claims of the '483 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Plaintiff denies the allegations of paragraph 460.

461.    Apotex is entitled to a judicial declaration that the claims of the '483 patent are invalid.

**ANSWER:**    Plaintiff denies the allegations of paragraph 461.

## COUNT XCIV
### (Declaratory Judgment of Alleged Noninfringement of the '483 Patent)

462.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-461 of these Counterclaims as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

463.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '483 patent.

**ANSWER:**     Paragraph 463 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '483 patent and, except as so admitted, denies the allegations of paragraph 463.

464.     The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '483 patent, either literally or under the doctrine of equivalents.

**ANSWER:**     Plaintiff denies the allegations of paragraph 464.

465.     Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '483 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '483 patent, either literally or under the doctrine of equivalents.

**ANSWER:**     Plaintiff denies the allegations of paragraph 465.

## COUNT XCV
### (Declaratory Judgment of Alleged Invalidity of the '549 Patent)

466.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-465 as though fully set forth herein.

**ANSWER:**     Plaintiff incorporates its responses to the preceding paragraphs.

467.     There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '549 patent.

**ANSWER:**     Paragraph 467 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '549 patent and, except as so admitted, denies the allegations of paragraph 467.

468.     The claims of the '549 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**     Plaintiff denies the allegations of paragraph 468.

469.     Apotex is entitled to a judicial declaration that the claims of the '549 patent are invalid.

**ANSWER:**     Plaintiff denies the allegations of paragraph 469.

## COUNT XCVI
### (Declaratory Judgment of Alleged Noninfringement of the '549 Patent)

470.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-469 of these Counterclaims as though fully set forth herein.

**ANSWER:**     Plaintiff incorporates its responses to the preceding paragraphs.

471.     There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '549 patent.

**ANSWER:**     Paragraph 471 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '549 patent and, except as so admitted, denies the allegations of paragraph 471.

472.     The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '549 patent, either literally or under the doctrine of equivalents.

**ANSWER:**     Plaintiff denies the allegations of paragraph 472.

473.     Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '549 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '549 patent, either literally or under the doctrine of equivalents.

**ANSWER:**     Plaintiff denies the allegations of paragraph 473.

## COUNT XCVII
### (Declaratory Judgment of Alleged Invalidity of the '295 Patent)

474.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-473 as though fully set forth herein.

**ANSWER:**     Plaintiff incorporates its responses to the preceding paragraphs.

475.     There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '295 patent.

**ANSWER:**     Paragraph 475 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '295 patent and, except as so admitted, denies the allegations of paragraph 475.

476.     The claims of the '295 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**     Plaintiff denies the allegations of paragraph 476.

477.     Apotex is entitled to a judicial declaration that the claims of the '295 patent are invalid.

**ANSWER:**     Plaintiff denies the allegations of paragraph 477.

## COUNT XCVIII
### (Declaratory Judgment of Alleged Noninfringement of the '295 Patent)

478.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-477 of these Counterclaims as though fully set forth herein.

**ANSWER:**     Plaintiff incorporates its responses to the preceding paragraphs.

479.     There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '295 patent.

**ANSWER:**     Paragraph 479 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '295 patent and, except as so admitted, denies the allegations of paragraph 479.

480.     The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '295 patent, either literally or under the doctrine of equivalents.

**ANSWER:**     Plaintiff denies the allegations of paragraph 480.

481.   Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '295 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '295 patent, either literally or under the doctrine of equivalents.

**ANSWER:**   Plaintiff denies the allegations of paragraph 481.

## COUNT XCIX
## (Declaratory Judgment of Alleged Invalidity of the '328 Patent)

482.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-481 as though fully set forth herein.

**ANSWER:**   Plaintiff incorporates its responses to the preceding paragraphs.

483.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '328 patent.

**ANSWER:**   Paragraph 483 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '328 patent and, except as so admitted, denies the allegations of paragraph 483.

484.   The claims of the '328 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**   Plaintiff denies the allegations of paragraph 484.

485.   Apotex is entitled to a judicial declaration that the claims of the '328 patent are invalid.

**ANSWER:**   Plaintiff denies the allegations of paragraph 485.

## COUNT C
## (Declaratory Judgment of Alleged Noninfringement of the '328 Patent)

486.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-485 of these Counterclaims as though fully set forth herein.

**ANSWER:**   Plaintiff incorporates its responses to the preceding paragraphs.

81

487.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '328 patent.

**ANSWER:**    Paragraph 487 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '328 patent and, except as so admitted, denies the allegations of paragraph 487.

488.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '328 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 488.

489.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '328 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '328 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 489.

### COUNT CI
### (Declaratory Judgment of Alleged Invalidity of the '626 Patent)

490.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-489 as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

491.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '626 patent.

**ANSWER:**    Paragraph 491 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '626 patent and, except as so admitted, denies the allegations of paragraph 491.

492.    The claims of the '626 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Plaintiff denies the allegations of paragraph 492.

493.    Apotex is entitled to a judicial declaration that the claims of the '626 patent are invalid.

**ANSWER:**    Plaintiff denies the allegations of paragraph 493.

## COUNT CII
### (Declaratory Judgment of Alleged Noninfringement of the '626 Patent)

494.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-493 of these Counterclaims as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

495.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '626 patent.

**ANSWER:**    Paragraph 495 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '626 patent and, except as so admitted, denies the allegations of paragraph 495.

496.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '626 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 496.

497.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '626 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '626 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 497.

## COUNT CIII
### (Declaratory Judgment of Alleged Invalidity of the '213 Patent)

498.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-497 as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

499.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '213 patent.

**ANSWER:**    Paragraph 499 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '213 patent and, except as so admitted, denies the allegations of paragraph 499.

500.    The claims of the '213 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Plaintiff denies the allegations of paragraph 500.

501.    Apotex is entitled to a judicial declaration that the claims of the '213 patent are invalid.

**ANSWER:**    Plaintiff denies the allegations of paragraph 501.

## COUNT CIV
### (Declaratory Judgment of Alleged Noninfringement of the '213 Patent)

502.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-501 of these Counterclaims as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

503.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '213 patent.

**ANSWER:**    Paragraph 503 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '213 patent and, except as so admitted, denies the allegations of paragraph 503.

84

504.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '213 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 504.

505.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '213 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '213 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 505.

**COUNT CV**
**(Declaratory Judgment of Alleged Invalidity of the '323 Patent)**

506.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-505 as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

507.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '323 patent.

**ANSWER:**    Paragraph 507 states legal conclusions for which no answer is required.  To

the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing

justiciable controversy between the parties regarding the '323 patent and, except as so admitted,

denies the allegations of paragraph 507.

508.    The claims of the '323 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Plaintiff denies the allegations of paragraph 508.

509.    Apotex is entitled to a judicial declaration that the claims of the '323 patent are invalid.

**ANSWER:**    Plaintiff denies the allegations of paragraph 509.

## COUNT CVI
### (Declaratory Judgment of Alleged Noninfringement of the '323 Patent)

510.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-509 of these Counterclaims as though fully set forth herein.

**ANSWER:**     Plaintiff incorporates its responses to the preceding paragraphs.

511.     There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '323 patent.

**ANSWER:**     Paragraph 511 states legal conclusions for which no answer is required.  To

the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing

justiciable controversy between the parties regarding the '323 patent and, except as so admitted,

denies the allegations of paragraph 511.

512.     The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '323 patent, either literally or under the doctrine of equivalents.

**ANSWER:**     Plaintiff denies the allegations of paragraph 512.

513.     Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '323 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '323 patent, either literally or under the doctrine of equivalents.

**ANSWER:**     Plaintiff denies the allegations of paragraph 513.

## COUNT CVII
### (Declaratory Judgment of Alleged Invalidity of the '684 Patent)

514.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-513 as though fully set forth herein.

**ANSWER:**     Plaintiff incorporates its responses to the preceding paragraphs.

515.     There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '684 patent.

**ANSWER:**     Paragraph 515 states legal conclusions for which no answer is required.  To

the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing

justiciable controversy between the parties regarding the '684 patent and, except as so admitted, denies the allegations of paragraph 515.

516.    The claims of the '684 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Plaintiff denies the allegations of paragraph 516.

517.    Apotex is entitled to a judicial declaration that the claims of the '684 patent are invalid.

**ANSWER:**    Plaintiff denies the allegations of paragraph 517.

### COUNT CVIII
### (Declaratory Judgment of Alleged Noninfringement of the '684 Patent)

518.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-517 of these Counterclaims as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

519.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '684 patent.

**ANSWER:**    Paragraph 519 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '684 patent and, except as so admitted, denies the allegations of paragraph 519.

520.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '684 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 520.

521.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '684 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '684 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 521.

## COUNT CIX
## (Declaratory Judgment of Alleged Invalidity of the '414 Patent)

522. Apotex realleges and incorporates by reference the allegations of paragraphs 1-521 as though fully set forth herein.

**ANSWER:** Plaintiff incorporates its responses to the preceding paragraphs.

523. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '414 patent.

**ANSWER:** Paragraph 523 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '414 patent and, except as so admitted, denies the allegations of paragraph 523.

524. The claims of the '414 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:** Plaintiff denies the allegations of paragraph 524.

525. Apotex is entitled to a judicial declaration that the claims of the '414 patent are invalid.

**ANSWER:** Plaintiff denies the allegations of paragraph 525.

## COUNT CX
## (Declaratory Judgment of Alleged Noninfringement of the '414 Patent)

526. Apotex realleges and incorporates by reference the allegations of paragraphs 1-525 of these Counterclaims as though fully set forth herein.

**ANSWER:** Plaintiff incorporates its responses to the preceding paragraphs.

527. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '414 patent.

**ANSWER:** Paragraph 527 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing

justiciable controversy between the parties regarding the '414 patent and, except as so admitted,

denies the allegations of paragraph 527.

528. The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '414 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 528.

529. Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '414 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '414 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 529.

## COUNT CXI
### (Declaratory Judgment of Alleged Invalidity of the '464 Patent)

530. Apotex realleges and incorporates by reference the allegations of paragraphs 1-529 as though fully set forth herein.

**ANSWER:** Plaintiff incorporates its responses to the preceding paragraphs.

531. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '464 patent.

**ANSWER:** Paragraph 531 states legal conclusions for which no answer is required. To

the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing

justiciable controversy between the parties regarding the '464 patent and, except as so admitted,

denies the allegations of paragraph 531.

532. The claims of the '464 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:** Plaintiff denies the allegations of paragraph 532.

533. Apotex is entitled to a judicial declaration that the claims of the '464 patent are invalid.

89

**ANSWER:**   Plaintiff denies the allegations of paragraph 533.

### COUNT CXII
### (Declaratory Judgment of Alleged Noninfringement of the '464 Patent)

534.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-533 of these Counterclaims as though fully set forth herein.

**ANSWER:**   Plaintiff incorporates its responses to the preceding paragraphs.

535.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '464 patent.

**ANSWER:**   Paragraph 535 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '464 patent and, except as so admitted, denies the allegations of paragraph 535.

536.   The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '464 patent, either literally or under the doctrine of equivalents.

**ANSWER:**   Plaintiff denies the allegations of paragraph 536.

537.   Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '464 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '464 patent, either literally or under the doctrine of equivalents.

**ANSWER:**   Plaintiff denies the allegations of paragraph 537.

### COUNT CXIII
### (Declaratory Judgment of Alleged Invalidity of the '465 Patent)

538.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-537 as though fully set forth herein.

**ANSWER:**   Plaintiff incorporates its responses to the preceding paragraphs.

539.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '465 patent.

**ANSWER:**    Paragraph 539 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '465 patent and, except as so admitted, denies the allegations of paragraph 539.

540.    The claims of the '465 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Plaintiff denies the allegations of paragraph 540.

541.    Apotex is entitled to a judicial declaration that the claims of the '465 patent are invalid.

**ANSWER:**    Plaintiff denies the allegations of paragraph 541.

<u>**COUNT CXIV**</u>
<u>**(Declaratory Judgment of Alleged Noninfringement of the '465 Patent)**</u>

542.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-541 of these Counterclaims as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

543.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '465 patent.

**ANSWER:**    Paragraph 543 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '465 patent and, except as so admitted, denies the allegations of paragraph 543.

544.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '465 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 544.

545.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '465 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's

ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '465 patent, either literally or under the doctrine of equivalents.

**ANSWER:**   Plaintiff denies the allegations of paragraph 545.

### COUNT CXV
### (Declaratory Judgment of Alleged Invalidity of the '4,429 Patent)

546.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-545 as though fully set forth herein.

**ANSWER:**   Plaintiff incorporates its responses to the preceding paragraphs.

547.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '4,429 patent.

**ANSWER:**   Paragraph 547 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '4,429 patent and, except as so admitted, denies the allegations of paragraph 547.

548.   The claims of the '4,429 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**   Plaintiff denies the allegations of paragraph 548.

549.   Apotex is entitled to a judicial declaration that the claims of the '4,429 patent are invalid.

**ANSWER:**   Plaintiff denies the allegations of paragraph 549.

### COUNT CXVI
### (Declaratory Judgment of Alleged Noninfringement of the '4,429 Patent)

550.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-549 of these Counterclaims as though fully set forth herein.

**ANSWER:**   Plaintiff incorporates its responses to the preceding paragraphs.

551.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '4,429 patent.

**ANSWER:** Paragraph 551 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '4,429 patent and, except as so admitted, denies the allegations of paragraph 551.

552. The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '4,429 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 552.

553. Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '4,429 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '4,429 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 553.

**COUNT CXVII**
**(Declaratory Judgment of Alleged Invalidity of the '927 Patent)**

554. Apotex realleges and incorporates by reference the allegations of paragraphs 1-553 as though fully set forth herein.

**ANSWER:** Plaintiff incorporates its responses to the preceding paragraphs.

555. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '927 patent.

**ANSWER:** Paragraph 555 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '927 patent and, except as so admitted, denies the allegations of paragraph 555.

556. The claims of the '927 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:** Plaintiff denies the allegations of paragraph 556.

557. Apotex is entitled to a judicial declaration that the claims of the '927 patent are invalid.

**ANSWER:** Plaintiff denies the allegations of paragraph 557.

### COUNT CXVIII
### (Declaratory Judgment of Alleged Noninfringement of the '927 Patent)

558. Apotex realleges and incorporates by reference the allegations of paragraphs 1-557 of these Counterclaims as though fully set forth herein.

**ANSWER:** Plaintiff incorporates its responses to the preceding paragraphs.

559. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '927 patent.

**ANSWER:** Paragraph 559 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '927 patent and, except as so admitted, denies the allegations of paragraph 559.

560. The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '927 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 560.

561. Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '927 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '927 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 561.

### COUNT CXIX
### (Declaratory Judgment of Alleged Invalidity of the '428 Patent)

562. Apotex realleges and incorporates by reference the allegations of paragraphs 1-561 as though fully set forth herein.

**ANSWER:** Plaintiff incorporates its responses to the preceding paragraphs.

563.     There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '428 patent.

**ANSWER:**     Paragraph 563 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '428 patent and, except as so admitted, denies the allegations of paragraph 563.

564.     The claims of the '428 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**     Plaintiff denies the allegations of paragraph 564.

565.     Apotex is entitled to a judicial declaration that the claims of the '428 patent are invalid.

**ANSWER:**     Plaintiff denies the allegations of paragraph 565.

## COUNT CXX
### (Declaratory Judgment of Alleged Noninfringement of the '428 Patent)

566.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-565 of these Counterclaims as though fully set forth herein.

**ANSWER:**     Plaintiff incorporates its responses to the preceding paragraphs.

567.     There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '428 patent.

**ANSWER:**     Paragraph 567 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '428 patent and, except as so admitted, denies the allegations of paragraph 567.

568.     The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '428 patent, either literally or under the doctrine of equivalents.

**ANSWER:**     Plaintiff denies the allegations of paragraph 568.

95

569.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '428 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '428 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 569.

## COUNT CXXI
### (Declaratory Judgment of Alleged Invalidity of the '563 Patent)

570.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-569 as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

571.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '563 patent.

**ANSWER:**    Paragraph 571 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '563 patent and, except as so admitted, denies the allegations of paragraph 571.

572.    The claims of the '563 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Plaintiff denies the allegations of paragraph 572.

573.    Apotex is entitled to a judicial declaration that the claims of the '563 patent are invalid.

**ANSWER:**    Plaintiff denies the allegations of paragraph 573.

## COUNT CXXII
### (Declaratory Judgment of Alleged Noninfringement of the '563 Patent)

574.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-573 of these Counterclaims as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

96

575.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '563 patent.

**ANSWER:**    Paragraph 575 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '563 patent and, except as so admitted, denies the allegations of paragraph 575.

576.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '563 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 576.

577.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '563 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '563 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 577.

### COUNT CXXIII
### (Declaratory Judgment of Alleged Invalidity of the '456 Patent)

578.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-577 as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

579.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '456 patent.

**ANSWER:**    Paragraph 579 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '456 patent and, except as so admitted, denies the allegations of paragraph 579.

580.    The claims of the '456 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Plaintiff denies the allegations of paragraph 580.

581.    Apotex is entitled to a judicial declaration that the claims of the '456 patent are invalid.

**ANSWER:**    Plaintiff denies the allegations of paragraph 581.

<u>**COUNT CXXIV**</u>
<u>**(Declaratory Judgment of Alleged Noninfringement of the '456 Patent)**</u>

582.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-581 of these Counterclaims as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

583.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '456 patent.

**ANSWER:**    Paragraph 583 states legal conclusions for which no answer is required.  To

the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing

justiciable controversy between the parties regarding the '456 patent and, except as so admitted,

denies the allegations of paragraph 583.

584.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '456 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 584.

585.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '456 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '456 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 585.

## COUNT CXXV
### (Declaratory Judgment of Alleged Invalidity of the '755 Patent)

586.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-585 as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

587.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '755 patent.

**ANSWER:**    Paragraph 587 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '755 patent and, except as so admitted, denies the allegations of paragraph 587.

588.    The claims of the '755 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Plaintiff denies the allegations of paragraph 588.

589.    Apotex is entitled to a judicial declaration that the claims of the '755 patent are invalid.

**ANSWER:**    Plaintiff denies the allegations of paragraph 589.

## COUNT CXXVI
### (Declaratory Judgment of Alleged Noninfringement of the '755 Patent)

590.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-589 of these Counterclaims as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

591.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '755 patent.

**ANSWER:**    Paragraph 591 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '755 patent and, except as so admitted, denies the allegations of paragraph 591.

99

592.     The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '755 patent, either literally or under the doctrine of equivalents.

**ANSWER:**     Plaintiff denies the allegations of paragraph 592.

593.     Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '755 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '755 patent, either literally or under the doctrine of equivalents.

**ANSWER:**     Plaintiff denies the allegations of paragraph 593.

### COUNT CXXVII
### (Declaratory Judgment of Alleged Invalidity of the '756 Patent)

594.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-593 as though fully set forth herein.

**ANSWER:**     Plaintiff incorporates its responses to the preceding paragraphs.

595.     There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '756 patent.

**ANSWER:**     Paragraph 595 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '756 patent and, except as so admitted, denies the allegations of paragraph 595.

596.     The claims of the '756 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**     Plaintiff denies the allegations of paragraph 596.

597.     Apotex is entitled to a judicial declaration that the claims of the '756 patent are invalid.

**ANSWER:**     Plaintiff denies the allegations of paragraph 597.

100

## COUNT CXXVIII
### (Declaratory Judgment of Alleged Noninfringement of the '756 Patent)

598.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-597 of these Counterclaims as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

599.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '756 patent.

**ANSWER:**    Paragraph 599 states legal conclusions for which no answer is required.  To

the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing

justiciable controversy between the parties regarding the '756 patent and, except as so admitted,

denies the allegations of paragraph 599.

600.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '756 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 600.

601.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '756 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '756 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 601.

## COUNT CXXIX
### (Declaratory Judgment of Alleged Invalidity of the '791 Patent)

602.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-601 as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

603.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '791 patent.

**ANSWER:**    Paragraph 603 states legal conclusions for which no answer is required.  To

the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing

101

justiciable controversy between the parties regarding the '791 patent and, except as so admitted,

denies the allegations of paragraph 603.

604.    The claims of the '791 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Plaintiff denies the allegations of paragraph 604.

605.    Apotex is entitled to a judicial declaration that the claims of the '791 patent are invalid.

**ANSWER:**    Plaintiff denies the allegations of paragraph 605.

## COUNT CXXX
### (Declaratory Judgment of Alleged Noninfringement of the '791 Patent)

606.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-605 of these Counterclaims as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

607.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '791 patent.

**ANSWER:**    Paragraph 607 states legal conclusions for which no answer is required.  To

the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing

justiciable controversy between the parties regarding the '791 patent and, except as so admitted,

denies the allegations of paragraph 607.

608.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '791 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 608.

609.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '791 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '791 patent, either literally or under the doctrine of equivalents.

**ANSWER:**   Plaintiff denies the allegations of paragraph 609.

## COUNT CXXXI
### (Declaratory Judgment of Alleged Invalidity of the '173 Patent)

610.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-609 as though fully set forth herein.

**ANSWER:**   Plaintiff incorporates its responses to the preceding paragraphs.

611.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '173 patent.

**ANSWER:**   Paragraph 611 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '173 patent and, except as so admitted, denies the allegations of paragraph 611.

612.   The claims of the '173 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**   Plaintiff denies the allegations of paragraph 612.

613.   Apotex is entitled to a judicial declaration that the claims of the '173 patent are invalid.

**ANSWER:**   Plaintiff denies the allegations of paragraph 613.

## COUNT CXXXII
### (Declaratory Judgment of Alleged Noninfringement of the '173 Patent)

614.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-613 of these Counterclaims as though fully set forth herein.

**ANSWER:**   Plaintiff incorporates its responses to the preceding paragraphs.

615.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '173 patent.

**ANSWER:**   Paragraph 615 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing

justiciable controversy between the parties regarding the '173 patent and, except as so admitted, denies the allegations of paragraph 615.

616.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '173 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 616.

617.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '173 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '173 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 617.

### COUNT CXXXIII
### (Declaratory Judgment of Alleged Invalidity of the '441 Patent)

618.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-617 as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

619.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '441 patent.

**ANSWER:**    Paragraph 619 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '441 patent and, except as so admitted, denies the allegations of paragraph 619.

620.    The claims of the '441 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Plaintiff denies the allegations of paragraph 620.

621.    Apotex is entitled to a judicial declaration that the claims of the '441 patent are invalid.

**ANSWER:**   Plaintiff denies the allegations of paragraph 621.

## COUNT CXXXIV
### (Declaratory Judgment of Alleged Noninfringement of the '441 Patent)

622.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-621 of these Counterclaims as though fully set forth herein.

**ANSWER:**   Plaintiff incorporates its responses to the preceding paragraphs.

623.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '441 patent.

**ANSWER:**   Paragraph 623 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '441 patent and, except as so admitted, denies the allegations of paragraph 623.

624.   The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '441 patent, either literally or under the doctrine of equivalents.

**ANSWER:**   Plaintiff denies the allegations of paragraph 624.

625.   Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '441 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '441 patent, either literally or under the doctrine of equivalents.

**ANSWER:**   Plaintiff denies the allegations of paragraph 625.

## COUNT CXXXV
### (Declaratory Judgment of Alleged Invalidity of the '085 Patent)

626.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-625 as though fully set forth herein.

**ANSWER:**   Plaintiff incorporates its responses to the preceding paragraphs.

627.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '085 patent.

**ANSWER:**    Paragraph 627 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '085 patent and, except as so admitted, denies the allegations of paragraph 627.

628.    The claims of the '085 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Plaintiff denies the allegations of paragraph 628.

629.    Apotex is entitled to a judicial declaration that the claims of the '085 patent are invalid.

**ANSWER:**    Plaintiff denies the allegations of paragraph 629.

**COUNT CXXXVI**
**(Declaratory Judgment of Alleged Noninfringement of the '085 Patent)**

630.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-629 of these Counterclaims as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

631.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '085 patent.

**ANSWER:**    Paragraph 631 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '085 patent and, except as so admitted, denies the allegations of paragraph 631.

632.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '085 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 632.

633.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '085 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's

ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '085 patent, either literally or under the doctrine of equivalents.

**ANSWER:**   Plaintiff denies the allegations of paragraph 633.

## COUNT CXXXVII
### (Declaratory Judgment of Alleged Invalidity of the '522 Patent)

634.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-633 as though fully set forth herein.

**ANSWER:**   Plaintiff incorporates its responses to the preceding paragraphs.

635.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '522 patent.

**ANSWER:**   Paragraph 635 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '522 patent and, except as so admitted, denies the allegations of paragraph 635.

636.   The claims of the '522 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**   Plaintiff denies the allegations of paragraph 636.

637.   Apotex is entitled to a judicial declaration that the claims of the '522 patent are invalid.

**ANSWER:**   Plaintiff denies the allegations of paragraph 637.

## COUNT CXXXVIII
### (Declaratory Judgment of Alleged Noninfringement of the '522 Patent)

638.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-637 of these Counterclaims as though fully set forth herein.

**ANSWER:**   Plaintiff incorporates its responses to the preceding paragraphs.

639.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '522 patent.

**ANSWER:** Paragraph 639 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '522 patent and, except as so admitted, denies the allegations of paragraph 639.

640. The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '522 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 640.

641. Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '522 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '522 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 641.

## COUNT CXXXIX
### (Declaratory Judgment of Alleged Invalidity of the '250 Patent)

642. Apotex realleges and incorporates by reference the allegations of paragraphs 1-641 as though fully set forth herein.

**ANSWER:** Plaintiff incorporates its responses to the preceding paragraphs.

643. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '250 patent.

**ANSWER:** Paragraph 643 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '250 patent and, except as so admitted, denies the allegations of paragraph 643.

644. The claims of the '250 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:** Plaintiff denies the allegations of paragraph 644.

645.    Apotex is entitled to a judicial declaration that the claims of the '250 patent are invalid.

**ANSWER:**    Plaintiff denies the allegations of paragraph 645.

### COUNT CXL
### (Declaratory Judgment of Alleged Noninfringement of the '250 Patent)

646.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-645 of these Counterclaims as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

647.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '250 patent.

**ANSWER:**    Paragraph 647 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '250 patent and, except as so admitted, denies the allegations of paragraph 647.

648.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '250 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 648.

649.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '250 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '250 patent, either literally or under the doctrine of equivalents.

**ANSWER:**    Plaintiff denies the allegations of paragraph 649.

### COUNT CXLI
### (Declaratory Judgment of Alleged Invalidity of the '354 Patent)

650.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-649 as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

109

651. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '354 patent.

**ANSWER:** Paragraph 651 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '354 patent and, except as so admitted, denies the allegations of paragraph 651.

652. The claims of the '354 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:** Plaintiff denies the allegations of paragraph 652.

653. Apotex is entitled to a judicial declaration that the claims of the '354 patent are invalid.

**ANSWER:** Plaintiff denies the allegations of paragraph 653.

### COUNT CXLII
### (Declaratory Judgment of Alleged Noninfringement of the '354 Patent)

654. Apotex realleges and incorporates by reference the allegations of paragraphs 1-653 of these Counterclaims as though fully set forth herein.

**ANSWER:** Plaintiff incorporates its responses to the preceding paragraphs.

655. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '354 patent.

**ANSWER:** Paragraph 655 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '354 patent and, except as so admitted, denies the allegations of paragraph 655.

656. The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '354 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 656.

657.     Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '354 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '354 patent, either literally or under the doctrine of equivalents.

**ANSWER:**     Plaintiff denies the allegations of paragraph 657.

## COUNT CXLIII
### (Declaratory Judgment of Alleged Invalidity of the '370 Patent)

658.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-657 as though fully set forth herein.

**ANSWER:**     Plaintiff incorporates its responses to the preceding paragraphs.

659.     There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '370 patent.

**ANSWER:**     Paragraph 659 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '370 patent and, except as so admitted, denies the allegations of paragraph 659.

660.     The claims of the '370 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**     Plaintiff denies the allegations of paragraph 660.

661.     Apotex is entitled to a judicial declaration that the claims of the '370 patent are invalid.

**ANSWER:**     Plaintiff denies the allegations of paragraph 661.

## COUNT CXLIV
### (Declaratory Judgment of Alleged Noninfringement of the '370 Patent)

662.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-661 of these Counterclaims as though fully set forth herein.

**ANSWER:**     Plaintiff incorporates its responses to the preceding paragraphs.

111

663. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '370 patent.

**ANSWER:** Paragraph 663 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '370 patent and, except as so admitted, denies the allegations of paragraph 663.

664. The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '370 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 664.

665. Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '370 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '370 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 665.

## COUNT CXLV
### (Declaratory Judgment of Alleged Invalidity of the '117 Patent)

666. Apotex realleges and incorporates by reference the allegations of paragraphs 1-665 as though fully set forth herein.

**ANSWER:** Plaintiff incorporates its responses to the preceding paragraphs.

667. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '117 patent.

**ANSWER:** Paragraph 667 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '117 patent and, except as so admitted, denies the allegations of paragraph 667.

112

668.     The claims of the '117 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**     Plaintiff denies the allegations of paragraph 668.

669.     Apotex is entitled to a judicial declaration that the claims of the '117 patent are invalid.

**ANSWER:**     Plaintiff denies the allegations of paragraph 669.

## COUNT CXLVI
### (Declaratory Judgment of Alleged Noninfringement of the '117 Patent)

670.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-669 of these Counterclaims as though fully set forth herein.

**ANSWER:**     Plaintiff incorporates its responses to the preceding paragraphs.

671.     There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '117 patent.

**ANSWER:**     Paragraph 671 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '117 patent and, except as so admitted, denies the allegations of paragraph 671.

672.     The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '117 patent, either literally or under the doctrine of equivalents.

**ANSWER:**     Plaintiff denies the allegations of paragraph 672.

673.     Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '117 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '117 patent, either literally or under the doctrine of equivalents.

**ANSWER:**     Plaintiff denies the allegations of paragraph 673.

113

## COUNT CXLVII
### (Declaratory Judgment of Alleged Invalidity of the '052 Patent)

674.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-673 as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

675.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '052 patent.

**ANSWER:**    Paragraph 675 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '052 patent and, except as so admitted, denies the allegations of paragraph 675.

676.    The claims of the '052 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Plaintiff denies the allegations of paragraph 676.

677.    Apotex is entitled to a judicial declaration that the claims of the '052 patent are invalid.

**ANSWER:**    Plaintiff denies the allegations of paragraph 677.

## COUNT CXLVIII
### (Declaratory Judgment of Alleged Noninfringement of the '052 Patent)

678.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-677 of these Counterclaims as though fully set forth herein.

**ANSWER:**    Plaintiff incorporates its responses to the preceding paragraphs.

679.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '052 patent.

**ANSWER:**    Paragraph 679 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '052 patent and, except as so admitted, denies the allegations of paragraph 679.

680. The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '052 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 680.

681. Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '052 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '052 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Plaintiff denies the allegations of paragraph 681.

## COUNT CXLIX
### (Declaratory Judgment of Alleged Invalidity of the '196 Patent)

682. Apotex realleges and incorporates by reference the allegations of paragraphs 1-681 as though fully set forth herein.

**ANSWER:** Plaintiff incorporates its responses to the preceding paragraphs.

683. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '196 patent.

**ANSWER:** Paragraph 683 states legal conclusions for which no answer is required. To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '196 patent and, except as so admitted, denies the allegations of paragraph 683.

684. The claims of the '196 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:** Plaintiff denies the allegations of paragraph 684.

685. Apotex is entitled to a judicial declaration that the claims of the '196 patent are invalid.

**ANSWER:** Plaintiff denies the allegations of paragraph 685.

115

## COUNT CL
### (Declaratory Judgment of Alleged Noninfringement of the '196 Patent)

686.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-685 of these Counterclaims as though fully set forth herein.

**ANSWER:**   Plaintiff incorporates its responses to the preceding paragraphs.

687.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '196 patent.

**ANSWER:**   Paragraph 687 states legal conclusions for which no answer is required.  To the extent an answer is required, Plaintiff admits that there is an actual, substantial, and continuing justiciable controversy between the parties regarding the '196 patent and, except as so admitted, denies the allegations of paragraph 687.

688.   The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '196 patent, either literally or under the doctrine of equivalents.

**ANSWER:**   Plaintiff denies the allegations of paragraph 688.

689.   Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '196 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '196 patent, either literally or under the doctrine of equivalents.

**ANSWER:**   Plaintiff denies the allegations of paragraph 689.

### PRAYER FOR RELIEF

Plaintiff denies that Apotex is entitled to any relief on its Counterclaims, either as prayed for in its pleading or otherwise.

### PLAINTIFF'S AFFIRMATIVE DEFENSE

Without prejudice to the denials set forth in this Answer and to the ability to amend this Answer to seek and allege any and all defenses not presently known or that are revealed during

116

the course of discovery or otherwise, Plaintiff asserts the following affirmative defense in response to Apotex's Counterclaims:

**<u>Failure to State a Claim</u>**

The Counterclaims fail to state any claim for which relief may be granted.

Dated: January 20, 2026

By:  s/ Charles M. Lizza

<table>
<tr>
<td valign="top">

*Of Counsel*:

F. Dominic Cerrito
Eric C. Stops
Catherine T. Mattes
Marta A. Godecki
Lourania M. Oliver
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10016
(212) 849-7000

</td>
<td valign="top">

Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, New Jersey 07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiff*
*Axsome Therapeutics, Inc.*

</td>
</tr>
</table>