Arnold B. Calmann
abc@saiber.com
Katherine A. Escanlar
kescanlar@saiber.com
SAIBER LLC
7 Giralda Farms, Suite 360
Madison, New Jersey 07940
973.622.333

*Attorneys for Defendant Apotex Inc.*

**REDACTED VERSION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **AXSOME THERAPEUTICS, INC.,** | Civil Action No. 2:25-cv-16038-MEF-AME |
| **Plaintiff,** | **DEFENDANT APOTEX'S ANSWER, DEFENSES, AND COUNTERCLAIMS** |
| v. | *HIGHLY CONFIDENTIAL—FILED UNDER SEAL PURSUANT TO L. PAT. R. 2.2 AND L. CIV. R. 5.3(c)* |
| **APOTEX INC.,** | |
| **Defendant.** | *Document Filed Electronically* |

Defendant Apotex Inc. ("Apotex" or "Defendant"), by its undersigned counsel, hereby submits this Answer, Defenses, and Counterclaims to the Complaint filed by Plaintiff Axsome Therapeutics, Inc. ("Axsome" or "Plaintiff"), and states as follows:

## GENERAL DENIAL

Pursuant to Fed. R. Civ. P. 8(b)(3), Apotex denies all allegations in Plaintiff's Complaint except those specifically admitted below. Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications or speculations that arguably follow from the admitted facts. Apotex denies that Plaintiff is entitled to the relief requested or any other relief. Apotex responds to the Complaint as follows:

## Nature of the Action

1.      This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §100, *et seq.*, arising from the Defendant's filing of its Abbreviated New Drug Application ("ANDA") No. 220803 ("Apotex's ANDA") with the United States Food and Drug Administration ("FDA") seeking approval to manufacture, use, import, distribute, offer to sell, and/or sell a generic version of Plaintiff's Symbravo® (meloxicam and rizatriptan) tablets prior to the expiration of United States Patent Nos. 9,821,075 (the "'075 patent"), 10,029,010 (the "'010 patent"), 10,058,614 (the "'614 patent"), 10,137,131 (the "'131 patent"), 10,195,278 (the "'278 patent"), 10,265,324 (the "'324 patent"), 10,363,312 (the "'312 patent"), 10,369,224 (the "'224 patent"), 10,426,839 (the "'839 patent"), 10,463,736 (the "'736 patent"), 10,471,014 (the "'014 patent"), 10,471,069 (the "'069 patent"), 10,512,692 (the "'692 patent"), 10,512,693 (the "'2,693 patent"), 10,517,950 (the "'950 patent"), 10,532,101 (the "'101 patent"), 10,537,642 (the "'642 patent"), 10,561,664 (the "'664 patent"), 10,583,144 (the "'144 patent"), 10,653,777 (the "'777 patent"), 10,688,102 (the "'102 patent"), 10,688,185 (the "'185 patent"), 10,695,429 (the "'5,429 patent"), 10,695,430 (the "'430 patent"), 10,702,535 (the "'535 patent"), 10,702,602 (the "'602 patent"), 10,722,583 (the "'583 patent"), 10,729,696 (the "'696 patent"), 10,729,697 (the "'697 patent"), 10,729,773 (the "'773 patent"), 10,758,617 (the "'617 patent"), 10,758,618 (the "'618 patent"), 10,780,165 (the "'165 patent"), 10,780,166 (the "'166 patent"), 10,799,588 (the "'588 patent"), 10,821,181 (the "'181 patent"), 10,821,182 (the "'182 patent"), 10,894,053 (the "'053 patent"), 10,905,693 (the "'5,693 patent"), 10,918,722 (the "'722 patent"), 10,933,136 (the "'136 patent"), 10,933,137 (the "'137 patent"), 10,940,153 (the "'153 patent"), 10,987,358 (the "'358 patent"), 11,013,805 (the "'805 patent"), 11,013,806 (the "'806 patent"), 11,020,483 (the "'483 patent"), 11,045,549 (the "'549 patent"), 11,135,295 (the "'295 patent"), 11,207,328 (the "'328 patent"), 11,219,626 (the "'626 patent"), 11,285,213 (the "'213 patent"), 11,331,323 (the "'323 patent"), 11,369,684 (the "'684 patent"), 11,426,414 (the "'414 patent"), 11,471,464 (the "'464 patent"), 11,471,465 (the "'465 patent"), 11,504,429 (the "'4,429 patent"), 11,510,927 (the "'927 patent"), 11,571,428 (the "'428 patent"), 11,602,563 (the "'563 patent"), 11,607,456 (the "'456 patent"), 11,617,755 (the "'755 patent"), 11,617,756 (the "'756 patent"), 11,617,791 (the "'791 patent"), 11,628,173 (the "'173 patent"), 11,712,441 (the "'441 patent"), 11,738,085 (the "'085 patent"), 11,759,522 (the "'522 patent"), 11,801,250 (the "'250 patent"), 11,806,354 (the "'354 patent"), 11,826,370 (the "'370 patent"), 11,865,117 (the "'117 patent"), 12,128,052 (the "'052 patent"), and 12,370,196 (the "'196 patent") (collectively, the "patents-in-suit"), all owned by Axsome.

**ANSWER:**    Paragraph 1 contains legal conclusions and allegations to which no answer

is required.  To the extent an answer may be required, Apotex admits that Plaintiff's Complaint

purports to state an action for patent infringement under Title 35 of the United States Code.  Apotex

admits that it filed Abbreviated New Drug Application ("ANDA") No. 220803 with the U.S. Food

and Drug Administration ("FDA") pursuant to 21 U.S.C. § 355(j) *et seq*. ("Apotex's ANDA")

seeking approval to market meloxicam and rizatriptan tablets (20 mg/10 mg) as generic to

Plaintiff's SYMBRAVO® (meloxicam and rizatriptan) tablets, 20 mg; EQ 10 mg base ("Apotex's ANDA product"), prior to the expiration of United States Patent Nos. 9,821,075 (the "'075 patent"), 10,029,010 (the "'010 patent"), 10,058,614 (the "'614 patent"), 10,137,131 (the "'131 patent"), 10,195,278 (the "'278 patent"), 10,265,324 (the "'324 patent"), 10,363,312 (the "'312 patent"), 10,369,224 (the "'224 patent"), 10,426,839 (the "'839 patent"), 10,463,736 (the "'736 patent"), 10,471,014 (the "'014 patent"), 10,471,069 (the "'069 patent"), 10,512,692 (the "'692 patent"), 10,512,693 (the "'2,693 patent"), 10,517,950 (the "'950 patent"), 10,532,101 (the "'101 patent"), 10,537,642 (the "'642 patent"), 10,561,664 (the "'664 patent"), 10,583,144 (the "'144 patent"), 10,653,777 (the "'777 patent"), 10,688,102 (the "'102 patent"), 10,688,185 (the "'185 patent"), 10,695,429 (the "'5,429 patent"), 10,695,430 (the "'430 patent"), 10,702,535 (the "'535 patent"), 10,702,602 (the "'602 patent"), 10,722,583 (the "'583 patent"), 10,729,696 (the "'696 patent"), 10,729,697 (the "'697 patent"), 10,729,773 (the "'773 patent"), 10,758,617 (the "'617 patent"), 10,758,618 (the "'618 patent"), 10,780,165 (the "'165 patent"), 10,780,166 (the "'166 patent"), 10,799,588 (the "'588 patent"), 10,821,181 (the "'181 patent"), 10,821,182 (the "'182 patent"), 10,894,053 (the "'053 patent"), 10,905,693 (the "'5,693 patent"), 10,918,722 (the "'722 patent"), 10,933,136 (the "'136 patent"), 10,933,137 (the "'137 patent"), 10,940,153 (the "'153 patent"), 10,987,358 (the "'358 patent"), 11,013,805 (the "'805 patent"), 11,013,806 (the "'806 patent"), 11,020,483 (the "'483 patent"), 11,045,549 (the "'549 patent"), 11,135,295 (the "'295 patent"), 11,207,328 (the "'328 patent"), 11,219,626 (the "'626 patent"), 11,285,213 (the "'213 patent"), 11,331,323 (the "'323 patent"), 11,369,684 (the "'684 patent"), 11,426,414 (the "'414 patent"), 11,471,464 (the "'464 patent"), 11,471,465 (the "'465 patent"), 11,504,429 (the "'4,429 patent"), 11,510,927 (the "'927 patent"), 11,571,428 (the "'428 patent"), 11,602,563 (the "'563 patent"), 11,607,456 (the "'456 patent"), 11,617,755 (the "'755 patent"), 11,617,756 (the "'756

3

patent"), 11,617,791 (the "'791 patent"), 11,628,173 (the "'173 patent"), 11,712,441 (the "'441 patent"), 11,738,085 (the "'085 patent"), 11,759,522 (the "'522 patent"), 11,801,250 (the "'250 patent"), 11,806,354 (the "'354 patent"), 11,826,370 (the "'370 patent"), 11,865,117 (the "'117 patent"), and 12,128,052 (the "'052 patent"), and that Plaintiff also asserts U.S. Patent No. 12,370,196 (the "'196 patent") (collectively, the "Patents-in-Suit").  Answering further, Apotex admits that a search of the patent assignment database on the United States Patent & Trademark Office's ("USPTO") website identifies "Axsome Therapeutics, Inc." as an assignee for each of the Patents-in-Suit but lacks information sufficient to form a belief as to the truth of the allegations of paragraph 1 that the Patents-in-Suit are "all owned by Axsome."  Apotex denies all remaining allegations of paragraph 1.

### The Parties

2.    Axsome is a biopharmaceutical company focused on discovering, developing, and commercializing novel therapeutics for central nervous system ("CNS") conditions that have limited treatment options.

**ANSWER:**    Apotex lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2, and on that basis denies these allegations.

3.    Axsome is a corporation existing under the laws of Delaware, having a principal place of business at One World Trade Center, New York, NY 10007.

**ANSWER:**    Upon information and belief, Apotex admits that Axsome is a corporation with a place of business at One World Trade Center, 29th Floor, New York, NY 10007.  Apotex lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 3, and on that basis denies these allegations.

4.    On information and belief, Apotex is a corporation organized and existing under the laws of Canada, having a principal place of business at 150 Signet Drive, Toronto, Ontario, M9L 1T9, Canada.

**ANSWER:**    Admitted.

**The Patents-in-Suit**

5.    On November 21, 2017, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '075 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '075 patent is attached hereto as Exhibit 1.

**ANSWER:**    Paragraph 5 contains legal conclusions and allegations to which no answer

is required.  To the extent an answer may be required, Apotex admits that what purports to be a

copy of the '075 patent is attached to the Complaint as Exhibit 1; that the '075 patent is entitled

"Pharmaceutical Compositions Comprising Meloxicam"; and that the '075 patent purports to bear

an issue date of November 21, 2017.  Apotex denies the remaining allegations of Paragraph 5 of

the Complaint.

6.    On July 24, 2018, the USPTO duly and lawfully issued the '010 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '010 patent is attached hereto as Exhibit 2.

**ANSWER:**    Paragraph 6 contains legal conclusions and allegations to which no answer

is required.  To the extent an answer may be required, Apotex admits that what purports to be a

copy of the '010 patent is attached to the Complaint as Exhibit 2; that the '010 patent is entitled

"Pharmaceutical Compositions Comprising Meloxicam"; and that the '010 patent purports to bear

an issue date of July 24, 2018.  Apotex denies the remaining allegations of Paragraph 6 of the

Complaint.

7.    On August 28, 2018, the USPTO duly and lawfully issued the '614 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '614 patent is attached hereto as Exhibit 3.

**ANSWER:**    Paragraph 7 contains legal conclusions and allegations to which no answer

is required.  To the extent an answer may be required, Apotex admits that what purports to be a

copy of the '614 patent is attached to the Complaint as Exhibit 3; that the '614 patent is entitled

"Pharmaceutical Compositions Comprising Meloxicam"; and that the '614 patent purports to bear

an issue date of August 28, 2018. Apotex denies the remaining allegations of Paragraph 7 of the Complaint.

8.    On November 27, 2018, the USPTO duly and lawfully issued the '131 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '131 patent is attached hereto as Exhibit 4.

**ANSWER:**    Paragraph 8 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits that what purports to be a copy of the '131 patent is attached to the Complaint as Exhibit 4; that the '131 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '131 patent purports to bear an issue date of November 27, 2018. Apotex denies the remaining allegations of Paragraph 8 of the Complaint.

9.    On February 5, 2019, the USPTO duly and lawfully issued the '278 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '278 patent is attached hereto as Exhibit 5.

**ANSWER:**    Paragraph 9 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits that what purports to be a copy of the '278 patent is attached to the Complaint as Exhibit 5; that the '278 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '278 patent purports to bear an issue date of February 5, 2019. Apotex denies the remaining allegations of Paragraph 9 of the Complaint.

10.    On April 23, 2019, the USPTO duly and lawfully issued the '324 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '324 patent is attached hereto as Exhibit 6.

**ANSWER:**    Paragraph 10 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits that what purports to be a copy of the '324 patent is attached to the Complaint as Exhibit 6; that the '324 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '324 patent purports to bear

an issue date of April 23, 2019.  Apotex denies the remaining allegations of Paragraph 10 of the Complaint.

11.    On July 30, 2019, the USPTO duly and lawfully issued the '312 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '312 patent is attached hereto as Exhibit 7.

**ANSWER:**    Paragraph 11 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '312 patent is attached to the Complaint as Exhibit 7; that the '312 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '312 patent purports to bear an issue date of July 30, 2019.  Apotex denies the remaining allegations of Paragraph 11 of the Complaint.

12.    On August 6, 2019, the USPTO duly and lawfully issued the '224 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '224 patent is attached hereto as Exhibit 8.

**ANSWER:**    Paragraph 12 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '224 patent is attached to the Complaint as Exhibit 8; that the '224 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '224 patent purports to bear an issue date of August 6, 2019.  Apotex denies the remaining allegations of Paragraph 12 of the Complaint.

13.    On October 1, 2019, the USPTO duly and lawfully issued the '839 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '839 patent is attached hereto as Exhibit 9.

**ANSWER:**    Paragraph 13 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '839 patent is attached to the Complaint as Exhibit 9; that the '839 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '839 patent purports to bear

7

an issue date of October 1, 2019.  Apotex denies the remaining allegations of Paragraph 13 of the Complaint.

14.    On November 5, 2019, the USPTO duly and lawfully issued the '736 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '736 patent is attached hereto as Exhibit 10.

**ANSWER:**    Paragraph 14 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '736 patent is attached to the Complaint as Exhibit 10; that the '736 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '736 patent purports to bear an issue date of November 5, 2019.  Apotex denies the remaining allegations of Paragraph 14 of the Complaint.

15.    On November 12, 2019, the USPTO duly and lawfully issued the '014 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '014 patent is attached hereto as Exhibit 11.

**ANSWER:**    Paragraph 15 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '014 patent is attached to the Complaint as Exhibit 11; that the '014 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '014 patent purports to bear an issue date of November 12, 2019.  Apotex denies the remaining allegations of Paragraph 15 of the Complaint.

16.    On November 12, 2019, the USPTO duly and lawfully issued the '069 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '069 patent is attached hereto as Exhibit 12.

**ANSWER:**    Paragraph 16 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '069 patent is attached to the Complaint as Exhibit 12; that the '069 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '069 patent purports to bear

an issue date of November 12, 2019.  Apotex denies the remaining allegations of Paragraph 16 of the Complaint.

17.    On December 24, 2019, the USPTO duly and lawfully issued the '692 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '692 patent is attached hereto as Exhibit 13.

**ANSWER:**    Paragraph 17 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '692 patent is attached to the Complaint as Exhibit 13; that the '692 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '692 patent purports to bear an issue date of December 24, 2019.  Apotex denies the remaining allegations of Paragraph 17 of the Complaint.

18.    On December 24, 2019, the USPTO duly and lawfully issued the '2,693 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '2,693 patent is attached hereto as Exhibit 14.

**ANSWER:**    Paragraph 18 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '2,693 patent is attached to the Complaint as Exhibit 14; that the '2,693 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '2,693 patent purports to bear an issue date of December 24, 2019.  Apotex denies the remaining allegations of Paragraph 18 of the Complaint.

19.    On December 31, 2019, the USPTO duly and lawfully issued the '950 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '950 patent is attached hereto as Exhibit 15.

**ANSWER:**    Paragraph 19 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '950 patent is attached to the Complaint as Exhibit 15; that the '950 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '950 patent purports to bear

an issue date of December 31, 2019. Apotex denies the remaining allegations of Paragraph 19 of the Complaint.

20.    On January 14, 2020, the USPTO duly and lawfully issued the '101 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '101 patent is attached hereto as Exhibit 16.

**ANSWER:**    Paragraph 20 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits that what purports to be a copy of the '101 patent is attached to the Complaint as Exhibit 16; that the '101 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '101 patent purports to bear an issue date of January 14, 2020. Apotex denies the remaining allegations of Paragraph 20 of the Complaint.

21.    On January 21, 2020, the USPTO duly and lawfully issued the '642 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '642 patent is attached hereto as Exhibit 17.

**ANSWER:**    Paragraph 21 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits that what purports to be a copy of the '642 patent is attached to the Complaint as Exhibit 17; that the '642 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '642 patent purports to bear an issue date of January 21, 2020. Apotex denies the remaining allegations of Paragraph 21 of the Complaint.

22.    On February 18, 2020, the USPTO duly and lawfully issued the '664 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '664 patent is attached hereto as Exhibit 18.

**ANSWER:**    Paragraph 22 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits that what purports to be a copy of the '664 patent is attached to the Complaint as Exhibit 18; that the '664 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '664 patent purports to bear

10

an issue date of February 18, 2020.  Apotex denies the remaining allegations of Paragraph 22 of the Complaint.

23.    On March 10, 2020, the USPTO duly and lawfully issued the '144 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '144 patent is attached hereto as Exhibit 19.

**ANSWER:**    Paragraph 23 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '144 patent is attached to the Complaint as Exhibit 19; that the '144 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '144 patent purports to bear an issue date of March 10, 2020.  Apotex denies the remaining allegations of Paragraph 23 of the Complaint.

24.    On May 19, 2020, the USPTO duly and lawfully issued the '777 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '777 patent is attached hereto as Exhibit 20.

**ANSWER:**    Paragraph 24 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '777 patent is attached to the Complaint as Exhibit 20; that the '777 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '777 patent purports to bear an issue date of May 19, 2020.  Apotex denies the remaining allegations of Paragraph 24 of the Complaint.

25.    On June 23, 2020, the USPTO duly and lawfully issued the '102 patent, entitled, "Combination Treatment for Migraine and Other Pain." A copy of the '102 patent is attached hereto as Exhibit 21.

**ANSWER:**    Paragraph 25 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '102 patent is attached to the Complaint as Exhibit 21; that the '102 patent is entitled "Combination Treatment for Migraine and Other Pain"; and that the '102 patent purports to bear

an issue date of June 23, 2020.  Apotex denies the remaining allegations of Paragraph 25 of the Complaint.

26.    On June 23, 2020, the USPTO duly and lawfully issued the '185 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '185 patent is attached hereto as Exhibit 22.

**ANSWER:**    Paragraph 26 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '185 patent is attached to the Complaint as Exhibit 22; that the '185 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '185 patent purports to bear an issue date of June 23, 2020.  Apotex denies the remaining allegations of Paragraph 26 of the Complaint.

27.    On June 30, 2020, the USPTO duly and lawfully issued the '5,429 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '5,429 patent is attached hereto as Exhibit 23.

**ANSWER:**    Paragraph 27 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '5,429 patent is attached to the Complaint as Exhibit 23; that the '5,429 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '5,429 patent purports to bear an issue date of June 30, 2020.  Apotex denies the remaining allegations of Paragraph 27 of the Complaint.

28.    On June 30, 2020, the USPTO duly and lawfully issued the '430 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '430 patent is attached hereto as Exhibit 24.

**ANSWER:**    Paragraph 28 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '430 patent is attached to the Complaint as Exhibit 24; that the '430 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '430 patent purports to bear

an issue date of June 30, 2020.  Apotex denies the remaining allegations of Paragraph 28 of the Complaint.

29.    On July 7, 2020, the USPTO duly and lawfully issued the '535 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '535 patent is attached hereto as Exhibit 25.

**ANSWER:**    Paragraph 29 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '535 patent is attached to the Complaint as Exhibit 25; that the '535 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '535 patent purports to bear an issue date of July 7, 2020.  Apotex denies the remaining allegations of Paragraph 29 of the Complaint.

30.    On July 7, 2020, the USPTO duly and lawfully issued the '602 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '602 patent is attached hereto as Exhibit 26.

**ANSWER:**    Paragraph 30 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '602 patent is attached to the Complaint as Exhibit 26; that the '602 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '602 patent purports to bear an issue date of July 7, 2020.  Apotex denies the remaining allegations of Paragraph 30 of the Complaint.

31.    On July 28, 2020, the USPTO duly and lawfully issued the '583 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '583 patent is attached hereto as Exhibit 27.

**ANSWER:**    Paragraph 31 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '583 patent is attached to the Complaint as Exhibit 27; that the '583 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '583 patent purports to bear

13

an issue date of July 28, 2020.  Apotex denies the remaining allegations of Paragraph 31 of the Complaint.

32.    On August 4, 2020, the USPTO duly and lawfully issued the '696 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '696 patent is attached hereto as Exhibit 28.

**ANSWER:**    Paragraph 32 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '696 patent is attached to the Complaint as Exhibit 28; that the '696 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '696 patent purports to bear an issue date of August 4, 2020.  Apotex denies the remaining allegations of Paragraph 32 of the Complaint.

33.    On August 4, 2020, the USPTO duly and lawfully issued the '697 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '697 patent is attached hereto as Exhibit 29.

**ANSWER:**    Paragraph 33 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '697 patent is attached to the Complaint as Exhibit 29; that the '697 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '697 patent purports to bear an issue date of August 4, 2020.  Apotex denies the remaining allegations of Paragraph 33 of the Complaint.

34.    On August 4, 2020, the USPTO duly and lawfully issued the '773 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '773 patent is attached hereto as Exhibit 30.

**ANSWER:**    Paragraph 34 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '773 patent is attached to the Complaint as Exhibit 30; that the '773 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '773 patent purports to bear

an issue date of August 4, 2020.  Apotex denies the remaining allegations of Paragraph 34 of the Complaint.

35.    On September 1, 2020, the USPTO duly and lawfully issued the '617 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '617 patent is attached hereto as Exhibit 31.

**ANSWER:**    Paragraph 35 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '617 patent is attached to the Complaint as Exhibit 31; that the '617 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '617 patent purports to bear an issue date of September 1, 2020.  Apotex denies the remaining allegations of Paragraph 35 of the Complaint.

36.    On September 1, 2020, the USPTO duly and lawfully issued the '618 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '618 patent is attached hereto as Exhibit 32.

**ANSWER:**    Paragraph 36 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '618 patent is attached to the Complaint as Exhibit 32; that the '618 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '618 patent purports to bear an issue date of September 1, 2020.  Apotex denies the remaining allegations of Paragraph 36 of the Complaint.

37.    On September 22, 2020, the USPTO duly and lawfully issued the '165 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '165 patent is attached hereto as Exhibit 33.

**ANSWER:**    Paragraph 37 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '165 patent is attached to the Complaint as Exhibit 33; that the '165 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '165 patent purports to bear

15

an issue date of September 22, 2020.  Apotex denies the remaining allegations of Paragraph 37 of the Complaint.

38.    On September 22, 2020, the USPTO duly and lawfully issued the '166 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '166 patent is attached hereto as Exhibit 34.

**ANSWER:**    Paragraph 38 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '166 patent is attached to the Complaint as Exhibit 34; that the '166 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '166 patent purports to bear an issue date of September 22, 2020.  Apotex denies the remaining allegations of Paragraph 38 of the Complaint.

39.    On October 13, 2020, the USPTO duly and lawfully issued the '588 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '588 patent is attached hereto as Exhibit 35.

**ANSWER:**    Paragraph 39 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '588 patent is attached to the Complaint as Exhibit 35; that the '588 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '588 patent purports to bear an issue date of October 13, 2020.  Apotex denies the remaining allegations of Paragraph 39 of the Complaint.

40.    On November 3, 2020, the USPTO duly and lawfully issued the '181 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '181 patent is attached hereto as Exhibit 36.

**ANSWER:**    Paragraph 40 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '181 patent is attached to the Complaint as Exhibit 36; that the '181 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '181 patent purports to bear

an issue date of November 3, 2020.  Apotex denies the remaining allegations of Paragraph 40 of the Complaint.

41.    On November 3, 2020, the USPTO duly and lawfully issued the '182 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '182 patent is attached hereto as Exhibit 37.

**ANSWER:**    Paragraph 41 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '182 patent is attached to the Complaint as Exhibit 37; that the '182 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '182 patent purports to bear an issue date of November 3, 2020.  Apotex denies the remaining allegations of Paragraph 41 of the Complaint.

42.    On January 19, 2021, the USPTO duly and lawfully issued the '053 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '053 patent is attached hereto as Exhibit 38.

**ANSWER:**    Paragraph 42 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '053 patent is attached to the Complaint as Exhibit 38; that the '053 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '053 patent purports to bear an issue date of January 19, 2021.  Apotex denies the remaining allegations of Paragraph 42 of the Complaint.

43.    On February 2, 2021, the USPTO duly and lawfully issued the '5,693 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '5,693 patent is attached hereto as Exhibit 39.

**ANSWER:**    Paragraph 43 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '5,693 patent is attached to the Complaint as Exhibit 39; that the '5,693 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '5,693 patent

17

purports to bear an issue date of February 2, 2021.  Apotex denies the remaining allegations of Paragraph 43 of the Complaint.

44.    On February 16, 2021, the USPTO duly and lawfully issued the '722 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '722 patent is attached hereto as Exhibit 40.

**ANSWER:**    Paragraph 44 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '722 patent is attached to the Complaint as Exhibit 40; that the '722 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '722 patent purports to bear an issue date of February 16, 2021.  Apotex denies the remaining allegations of Paragraph 44 of the Complaint.

45.    On March 2, 2021, the USPTO duly and lawfully issued the '136 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '136 patent is attached hereto as Exhibit 41.

**ANSWER:**    Paragraph 45 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '136 patent is attached to the Complaint as Exhibit 41; that the '136 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '136 patent purports to bear an issue date of March 2, 2021.  Apotex denies the remaining allegations of Paragraph 45 of the Complaint.

46.    On March 2, 2021, the USPTO duly and lawfully issued the '137 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '137 patent is attached hereto as Exhibit 42.

**ANSWER:**    Paragraph 46 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '137 patent is attached to the Complaint as Exhibit 42; that the '137 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '137 patent purports to bear

18

an issue date of March 2, 2021.  Apotex denies the remaining allegations of Paragraph 46 of the Complaint.

47.    On March 9, 2021, the USPTO duly and lawfully issued the '153 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '153 patent is attached hereto as Exhibit 43.

**ANSWER:**    Paragraph 47 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '153 patent is attached to the Complaint as Exhibit 43; that the '153 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '153 patent purports to bear an issue date of March 9, 2021.  Apotex denies the remaining allegations of Paragraph 47 of the Complaint.

48.    On April 27, 2021, the USPTO duly and lawfully issued the '358 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '358 patent is attached hereto as Exhibit 44.

**ANSWER:**    Paragraph 48 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '358 patent is attached to the Complaint as Exhibit 44; that the '358 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '358 patent purports to bear an issue date of April 27, 2021.  Apotex denies the remaining allegations of Paragraph 48 of the Complaint.

49.    On May 25, 2021, the USPTO duly and lawfully issued the '805 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '805 patent is attached hereto as Exhibit 45.

**ANSWER:**    Paragraph 49 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '805 patent is attached to the Complaint as Exhibit 45; that the '805 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '805 patent purports to bear

an issue date of May 25, 2021.  Apotex denies the remaining allegations of Paragraph 49 of the Complaint.

50.    On May 25, 2021, the USPTO duly and lawfully issued the '806 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '806 patent is attached hereto as Exhibit 46.

**ANSWER:**    Paragraph 50 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '806 patent is attached to the Complaint as Exhibit 46; that the '806 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '806 patent purports to bear an issue date of May 25, 2021.  Apotex denies the remaining allegations of Paragraph 50 of the Complaint.

51.    On June 1, 2021, the USPTO duly and lawfully issued the '483 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '483 patent is attached hereto as Exhibit 47.

**ANSWER:**    Paragraph 51 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '483 patent is attached to the Complaint as Exhibit 47; that the '483 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '483 patent purports to bear an issue date of June 1, 2021.  Apotex denies the remaining allegations of Paragraph 51 of the Complaint.

52.    On June 29, 2021, the USPTO duly and lawfully issued the '549 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '549 patent is attached hereto as Exhibit 48.

**ANSWER:**    Paragraph 52 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '549 patent is attached to the Complaint as Exhibit 48; that the '549 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '549 patent purports to bear

an issue date of June 29, 2021.  Apotex denies the remaining allegations of Paragraph 52 of the Complaint.

53.    On October 5, 2021, the USPTO duly and lawfully issued the '295 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '295 patent is attached hereto as Exhibit 49.

**ANSWER:**    Paragraph 53 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '295 patent is attached to the Complaint as Exhibit 49; that the '295 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '295 patent purports to bear an issue date of October 5, 2021.  Apotex denies the remaining allegations of Paragraph 53 of the Complaint.

54.    On December 28, 2021, the USPTO duly and lawfully issued the '328 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '328 patent is attached hereto as Exhibit 50.

**ANSWER:**    Paragraph 54 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '328 patent is attached to the Complaint as Exhibit 50; that the '328 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '328 patent purports to bear an issue date of December 28, 2021.  Apotex denies the remaining allegations of Paragraph 54 of the Complaint.

55.    On January 11, 2022, the USPTO duly and lawfully issued the '626 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '626 patent is attached hereto as Exhibit 51.

**ANSWER:**    Paragraph 55 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '626 patent is attached to the Complaint as Exhibit 51; that the '626 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '626 patent purports to bear

21

an issue date of January 11, 2022.  Apotex denies the remaining allegations of Paragraph 55 of the Complaint.

56.    On March 29, 2022, the USPTO duly and lawfully issued the '213 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '213 patent is attached hereto as Exhibit 52.

**ANSWER:**    Paragraph 56 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '213 patent is attached to the Complaint as Exhibit 52; that the '213 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '213 patent purports to bear an issue date of March 29, 2022.  Apotex denies the remaining allegations of Paragraph 56 of the Complaint.

57.    On May 17, 2022, the USPTO duly and lawfully issued the '323 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '323 patent is attached hereto as Exhibit 53.

**ANSWER:**    Paragraph 57 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '323 patent is attached to the Complaint as Exhibit 53; that the '323 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '323 patent purports to bear an issue date of May 17, 2022.  Apotex denies the remaining allegations of Paragraph 57 of the Complaint.

58.    On June 28, 2022, the USPTO duly and lawfully issued the '684 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '684 patent is attached hereto as Exhibit 54.

**ANSWER:**    Paragraph 58 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '684 patent is attached to the Complaint as Exhibit 54; that the '684 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '684 patent purports to bear

an issue date of June 28, 2022.  Apotex denies the remaining allegations of Paragraph 58 of the Complaint.

59.    On August 30, 2022, the USPTO duly and lawfully issued the '414 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '414 patent is attached hereto as Exhibit 55.

**ANSWER:**    Paragraph 59 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '414 patent is attached to the Complaint as Exhibit 55; that the '414 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '414 patent purports to bear an issue date of August 30, 2022.  Apotex denies the remaining allegations of Paragraph 59 of the Complaint.

60.    On October 18, 2022, the USPTO duly and lawfully issued the '464 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '464 patent is attached hereto as Exhibit 56.

**ANSWER:**    Paragraph 60 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '464 patent is attached to the Complaint as Exhibit 56; that the '464 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '464 patent purports to bear an issue date of October 18, 2022.  Apotex denies the remaining allegations of Paragraph 60 of the Complaint.

61.    On October 18, 2022, the USPTO duly and lawfully issued the '465 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '465 patent is attached hereto as Exhibit 57.

**ANSWER:**    Paragraph 61 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '465 patent is attached to the Complaint as Exhibit 57; that the '465 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '465 patent purports to bear

23

an issue date of October 18, 2022.  Apotex denies the remaining allegations of Paragraph 61 of the Complaint.

62.    On November 22, 2022, the USPTO duly and lawfully issued the '4,429 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '4,429 patent is attached hereto as Exhibit 58.

**ANSWER:**    Paragraph 62 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '4,429 patent is attached to the Complaint as Exhibit 58; that the '4,429 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '4,429 patent purports to bear an issue date of November 22, 2022.  Apotex denies the remaining allegations of Paragraph 62 of the Complaint.

63.    On November 29, 2022, the USPTO duly and lawfully issued the '927 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '927 patent is attached hereto as Exhibit 59.

**ANSWER:**    Paragraph 63 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '927 patent is attached to the Complaint as Exhibit 59; that the '927 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '927 patent purports to bear an issue date of November 29, 2022.  Apotex denies the remaining allegations of Paragraph 63 of the Complaint.

64.    On February 7, 2023, the USPTO duly and lawfully issued the '428 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '428 patent is attached hereto as Exhibit 60.

**ANSWER:**    Paragraph 64 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '428 patent is attached to the Complaint as Exhibit 60; that the '428 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '428 patent purports to bear

24

an issue date of February 7, 2023.  Apotex denies the remaining allegations of Paragraph 64 of the Complaint.

65.    On March 14, 2023, the USPTO duly and lawfully issued the '563 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '563 patent is attached hereto as Exhibit 61.

**ANSWER:**    Paragraph 65 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '563 patent is attached to the Complaint as Exhibit 61; that the '563 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '563 patent purports to bear an issue date of March 14, 2023.  Apotex denies the remaining allegations of Paragraph 65 of the Complaint.

66.    On March 21, 2023, the USPTO duly and lawfully issued the '456 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '456 patent is attached hereto as Exhibit 62.

**ANSWER:**    Paragraph 66 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '456 patent is attached to the Complaint as Exhibit 62; that the '456 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '456 patent purports to bear an issue date of March 21, 2023.  Apotex denies the remaining allegations of Paragraph 66 of the Complaint.

67.    On April 4, 2023, the USPTO duly and lawfully issued the '755 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '755 patent is attached hereto as Exhibit 63.

**ANSWER:**    Paragraph 67 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '755 patent is attached to the Complaint as Exhibit 63; that the '755 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '755 patent purports to bear

an issue date of April 4, 2023.  Apotex denies the remaining allegations of Paragraph 67 of the Complaint.

68.    On April 4, 2023, the USPTO duly and lawfully issued the '756 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '756 patent is attached hereto as Exhibit 64.

**ANSWER:**    Paragraph 68 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '756 patent is attached to the Complaint as Exhibit 64; that the '756 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '756 patent purports to bear an issue date of April 4, 2023.  Apotex denies the remaining allegations of Paragraph 68 of the Complaint.

69.    On April 4, 2023, the USPTO duly and lawfully issued the '791 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '791 patent is attached hereto as Exhibit 65.

**ANSWER:**    Paragraph 69 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '791 patent is attached to the Complaint as Exhibit 65; that the '791 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '791 patent purports to bear an issue date of April 4, 2023.  Apotex denies the remaining allegations of Paragraph 69 of the Complaint.

70.    On April 18, 2023, the USPTO duly and lawfully issued the '173 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '173 patent is attached hereto as Exhibit 66.

**ANSWER:**    Paragraph 70 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '173 patent is attached to the Complaint as Exhibit 66; that the '173 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '173 patent purports to bear

26

an issue date of April 18, 2023.  Apotex denies the remaining allegations of Paragraph 70 of the Complaint.

71.     On August 1, 2023, the USPTO duly and lawfully issued the '441 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '441 patent is attached hereto as Exhibit 67.

**ANSWER:**     Paragraph 71 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '441 patent is attached to the Complaint as Exhibit 67; that the '441 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '441 patent purports to bear an issue date of August 1, 2023.  Apotex denies the remaining allegations of Paragraph 71 of the Complaint.

72.     On August 29, 2023, the USPTO duly and lawfully issued the '085 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '085 patent is attached hereto as Exhibit 68.

**ANSWER:**     Paragraph 72 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '085 patent is attached to the Complaint as Exhibit 68; that the '085 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '085 patent purports to bear an issue date of August 29, 2023.  Apotex denies the remaining allegations of Paragraph 72 of the Complaint.

73.     On September 19, 2023, the USPTO duly and lawfully issued the '522 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '522 patent is attached hereto as Exhibit 69.

**ANSWER:**     Paragraph 73 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '522 patent is attached to the Complaint as Exhibit 69; that the '522 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '522 patent purports to bear

27

an issue date of September 19, 2023.  Apotex denies the remaining allegations of Paragraph 73 of the Complaint.

74.    On October 31, 2023, the USPTO duly and lawfully issued the '250 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '250 patent is attached hereto as Exhibit 70.

**ANSWER:**    Paragraph 74 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '250 patent is attached to the Complaint as Exhibit 70; that the '250 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '250 patent purports to bear an issue date of October 31, 2023.  Apotex denies the remaining allegations of Paragraph 74 of the Complaint.

75.    On November 7, 2023, the USPTO duly and lawfully issued the '354 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '354 patent is attached hereto as Exhibit 71.

**ANSWER:**    Paragraph 75 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '354 patent is attached to the Complaint as Exhibit 71; that the '354 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '354 patent purports to bear an issue date of November 7, 2023.  Apotex denies the remaining allegations of Paragraph 75 of the Complaint.

76.    On November 28, 2023, the USPTO duly and lawfully issued the '370 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '370 patent is attached hereto as Exhibit 72.

**ANSWER:**    Paragraph 76 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '370 patent is attached to the Complaint as Exhibit 72; that the '370 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '370 patent purports to bear

28

an issue date of November 28, 2023.  Apotex denies the remaining allegations of Paragraph 76 of the Complaint.

77.    On January 9, 2024, the USPTO duly and lawfully issued the '117 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '117 patent is attached hereto as Exhibit 73.

**ANSWER:**    Paragraph 77 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '117 patent is attached to the Complaint as Exhibit 73; that the '117 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '117 patent purports to bear an issue date of January 9, 2024.  Apotex denies the remaining allegations of Paragraph 77 of the Complaint.

78.    On October 29, 2024, the USPTO duly and lawfully issued the '052 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '052 patent is attached hereto as Exhibit 74.

**ANSWER:**    Paragraph 78 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '052 patent is attached to the Complaint as Exhibit 74; that the '052 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '052 patent purports to bear an issue date of October 29, 2024.  Apotex denies the remaining allegations of Paragraph 78 of the Complaint.

79.    On July 29, 2025, the USPTO duly and lawfully issued the '196 patent, entitled, "Pharmaceutical Compositions Comprising Meloxicam." A copy of the '196 patent is attached hereto as Exhibit 75.

**ANSWER:**    Paragraph 79 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that what purports to be a copy of the '196 patent is attached to the Complaint as Exhibit 75; that the '196 patent is entitled "Pharmaceutical Compositions Comprising Meloxicam"; and that the '196 patent purports to bear

29

an issue date of July 29, 2025.  Apotex denies the remaining allegations of Paragraph 79 of the Complaint.

**The Symbravo® Drug Product**

80.    Axsome holds an approved New Drug Application ("NDA") under Section 505(a) of the Federal Food Drug and Cosmetic Act ("FFDCA"), 21 U.S.C. § 355(a), for meloxicam and rizatriptan tablets ("NDA No. 215431"), which is sold under the trade name Symbravo®. Symbravo® is a combination of meloxicam and rizatriptan approved for the acute treatment of migraine with or without aura in adults. The claims of the patents-in-suit cover, *inter alia*, the pharmaceutical composition of Symbravo® and methods of using Symbravo®.

**ANSWER:**    Paragraph 80 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that according to the United States Food & Drug Administration ("FDA") electronic publication entitled *Approved Drug Products and Therapeutic Equivalence Evaluations* (the "Orange Book"), last visited December 8, 2025, Axsome holds New Drug Application ("NDA") No. 215431 for SYMBRAVO® (meloxicam and rizatriptan) tablets, for oral use, and that, according to its current product label, revised February 2025, SYMBRAVO® is approved for the acute treatment of migraine with or without aura in adults.  Apotex lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 80 of the Complaint, and on that basis denies these allegations.

81.    Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, the patents-in-suit are listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to Symbravo®.

**ANSWER:**    Paragraph 81 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that the Orange Book, last visited December 8, 2025, lists the Patents-in-Suit with respect to SYMBRAVO®.  Apotex lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 81 of the Complaint, and on that basis denies those allegations.

**Jurisdiction and Venue**

82.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**ANSWER:**    Paragraph 82 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that the Court has jurisdiction over the subject matter of Plaintiff's claims for alleged infringement under 35 U.S.C. § 271(e)(2)(A) pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Apotex denies the remaining allegations of Paragraph 82 of the Complaint.

83.    This Court has personal jurisdiction over Apotex by virtue of, *inter alia*, its systematic and continuous contacts with the State of New Jersey.

**ANSWER:**    Paragraph 83 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Apotex does not contest personal jurisdiction in this Judicial District for the limited purposes of this action only.  Apotex denies all remaining allegations of Paragraph 83 of the Complaint.

84.    On information and belief, Apotex purposefully has conducted and continues to conduct business in this Judicial District.

**ANSWER:**    Paragraph 84 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Apotex does not contest personal jurisdiction in this Judicial District for the limited purposes of this action only.  Apotex denies all remaining allegations of Paragraph 84 of the Complaint.

31

85.     On information and belief, Apotex is in the business of, among other things, manufacturing, marketing, importing, offering for sale, and selling pharmaceutical products, including generic drug products, throughout the United States, including in this Judicial District.

**ANSWER:**    Paragraph 85 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Apotex does not contest personal jurisdiction in this Judicial District for the limited purposes of this action only.  Apotex denies all remaining allegations of Paragraph 85 of the Complaint.

86.     This Court has personal jurisdiction over Apotex pursuant to Federal Rule of Civil Procedure 4(k)(2), including because (a) Axsome's claims arise under federal law; (b) Apotex is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Apotex has sufficient contacts with the United States as a whole, including, without limitation, preparing and submitting pharmaceutical drug applications to the FDA and/or manufacturing, importing, offering to sell, and/or selling pharmaceutical drug products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Apotex satisfies due process.

**ANSWER:**    Paragraph 86 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Apotex does not contest personal jurisdiction in this Judicial District for the limited purposes of this action only.  Apotex denies all remaining allegations of Paragraph 86 of the Complaint.

87.     On information and belief, this Judicial District will be a destination for the generic version of Plaintiff's meloxicam and rizatriptan tablets for which Apotex seeks FDA approval to manufacture, market, import, offer for sale, and/or sell pursuant to ANDA No. 220803 ("Apotex's Proposed Product").

**ANSWER:**    Paragraph 87 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Apotex does not contest personal jurisdiction in this Judicial District for the limited purposes of this action only.  Apotex denies all remaining allegations of Paragraph 87 of the Complaint.

88.     On information and belief, Apotex intends to benefit directly if its ANDA is approved by participating in the manufacture, importation, distribution, and/or sale of Apotex's Proposed Product.

**ANSWER:**     Paragraph 88 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Apotex does not contest personal jurisdiction in this Judicial District for the limited purposes of this action only.  Apotex denies all remaining allegations of Paragraph 88 of the Complaint.

89.     Apotex has purposefully availed itself of the rights, benefits, and privileges of New Jersey, including by asserting counterclaims in this Court. *See, e.g.*, *Incyte Corp.*, *et al. v. Apotex Inc.*, No. 25-4044 (D.N.J.); *Novo Nordisk Inc.*, *et al. v. Apotex Inc.*, No. 24-9729 (D.N.J.); *Jazz Pharms. Research UK Limited f/k/a GW Research Limited v. Apotex Inc.*, *et al.*, No. 24-7550 (D.N.J.); *Incyte Corp.*, *et al. v. Apotex Inc.*, No. 24-4366 (D.N.J.); *GW Research Ltd. v. Teva Pharms., Inc., et at.*, No. 23-3914 (D.N.J.); *Amgen Inc. v. Apotex Inc.*, No. 22-3827 (D.N.J.); *Supernus Pharms., Inc. v. Apotex Inc., et at.*, No. 20-7870 (D.N.J.); *Boehringer Ingelheim Pharms., Inc., et at. v. Apotex Inc., et at.*, No. 18-11350 (D.N.J.); *Patheon Softgels Inc. v. Apotex Inc., et at.*, No. 17-13819 (D.N.J.); *Merck Sharp & Dohme Corp. v. Apotex Inc., et at.*, No. 17-5399 (D.N.J.).

**ANSWER:**     Paragraph 89 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Apotex does not contest personal jurisdiction in this Judicial District for the limited purposes of this action only.  Apotex denies all remaining allegations of Paragraph 89 of the Complaint.

90.     Venue is proper in this Judicial District for Apotex pursuant to 28 U.S.C. §§ 1391 and/or 1400(b), including, for example, because Apotex is a company organized and existing under the laws of Canada and may be sued in any judicial district.

**ANSWER:**     Paragraph 90 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Apotex does not contest that venue is proper in this Judicial District for the limited

33

purposes of this action only.  Apotex denies all remaining allegations of Paragraph 90 of the Complaint.

## Acts Giving Rise To This Suit

91.      Pursuant to Section 505 of the FFDCA, Apotex filed ANDA No. 220803 seeking approval to engage in the commercial manufacture, use, sale, offer for sale, or importation of Apotex's Proposed Product, before the patents-in-suit expire.

**ANSWER:**    Paragraph 91 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that it filed its ANDA with the FDA seeking approval to market its ANDA product prior to the expiration one or more of the Patents-in-Suit.  Apotex denies all remaining allegations of Paragraph 91 of the Complaint.

92.      On information and belief, in connection with the filing of Apotex's ANDA as described above, Apotex provided a written certification to the FDA, as called for by Section 505 of the FFDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Apotex's Paragraph IV Certification"), alleging that the claims of the patents-in-suit are invalid and/or will not be infringed by the activities described in Apotex's ANDA.

**ANSWER:**    Paragraph 92 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that its ANDA included certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), which satisfied all statutory, legal, and regulatory requirements.  Apotex denies all remaining allegations contained in this paragraph.

93.      No earlier than August 15, 2025, Apotex sent written notice of Apotex's Paragraph IV Certification ("Apotex's Notice Letter") to Axsome. According to Apotex's Notice Letter, Apotex filed an ANDA pursuant to Section 505 of the FFDCA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product before the expiration of certain patents listed in the Orange Book with respect to Symbravo®.

**ANSWER:**    Paragraph 93 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits that it sent a notice letter to Axsome, dated August 15, 2025, which served as written notification to Axsome pursuant to 21 U.S.C. § 355(j)(2)(B) that Apotex submitted ANDA No. 220803 and certifications pursuant to 21

34

U.S.C. § 355(j)(2)(A)(vii)(IV) to the FDA, which satisfied all statutory, legal, and regulatory requirements. Apotex denies any and all remaining allegations contained in this paragraph.

94. Apotex's Notice Letter alleges that the claims of the patents-in-suit are invalid and/or will not be infringed by the activities described in Apotex's ANDA.

**ANSWER:** Paragraph 94 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits that it sent a notice letter to Axsome, dated August 15, 2025, which served as written notification to Axsome pursuant to 21 U.S.C. § 355(j)(2)(B) that Apotex submitted its ANDA and certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to the FDA, which satisfied all statutory, legal, and regulatory requirements. Apotex denies any and all remaining allegations contained in this paragraph.

95. On information and belief, following FDA approval of Apotex's ANDA, unless enjoined by the Court, Apotex will make, use, offer to sell, or sell Apotex's Proposed Product throughout the United States, or import such a generic product into the United States.

**ANSWER:** Denied.

### Count I: Infringement of the '075 Patent by Apotex

96. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:** Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

97. Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '075 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:** Denied.

98. A justiciable controversy exists between the parties hereto as to the infringement of the '075 patent.

**ANSWER:** Paragraph 98 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits a justiciable controversy

35

exists between the parties as to alleged infringement of the '075 patent under 35 U.S.C. § 271(e)(2)(A). Apotex denies all remaining allegations of paragraph 98.

99. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '075 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**   Denied.

100. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '075 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '075 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**   Denied.

101. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '075 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '075 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**   Denied.

102. Failure to enjoin Apotex's infringement of the '075 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**   Denied.

103. Plaintiff does not have an adequate remedy at law.

**ANSWER:**   Denied.

104. This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**   Denied.

### Count II: Infringement of the '010 Patent by Apotex

105. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:** Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

106. Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '010 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:** Denied.

107. A justiciable controversy exists between the parties hereto as to the infringement of the '010 patent.

**ANSWER:** Paragraph 107 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '010 patent under 35 U.S.C. § 271(e)(2)(A). Apotex denies all remaining allegations of paragraph 107.

108. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '010 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:** Denied.

109. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '010 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '010 patent and knowledge that its acts are encouraging infringement.

**ANSWER:** Denied.

110. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '010 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '010 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:** Denied.

37

111.    Failure to enjoin Apotex's infringement of the '010 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**   Denied.

112.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**   Denied.

113.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**   Denied.

### Count III: Infringement of the '614 Patent by Apotex

114.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**   Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

115.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '614 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**   Denied.

116.    A justiciable controversy exists between the parties hereto as to the infringement of the '614 patent.

**ANSWER:**   Paragraph 116 contains legal conclusions and allegations to which no answer is required.   To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '614 patent under 35 U.S.C. § 271(e)(2)(A).   Apotex denies all remaining allegations of paragraph 116.

117.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '614 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**   Denied.

118.     Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '614 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '614 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**   Denied.

119.     Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '614 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '614 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**   Denied.

120.     Failure to enjoin Apotex's infringement of the '614 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**   Denied.

121.     Plaintiff does not have an adequate remedy at law.

**ANSWER:**   Denied.

122.     This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**   Denied.

### Count IV: Infringement of the '131 Patent by Apotex

123.     Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**   Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

124.     Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '131 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**   Denied.

39

125.    A justiciable controversy exists between the parties hereto as to the infringement of the '131 patent.

**ANSWER:**    Paragraph 125 contains legal conclusions and allegations to which no answer is required.   To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '131 patent under 35 U.S.C. § 271(e)(2)(A).  Apotex denies all remaining allegations of paragraph 125.

126.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '131 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

127.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '131 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '131 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

128.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '131 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '131 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

129.    Failure to enjoin Apotex's infringement of the '131 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

130.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

131.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

## Count V: Infringement of the '278 Patent by Apotex

132.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

133.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '278 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

134.    A justiciable controversy exists between the parties hereto as to the infringement of the '278 patent.

**ANSWER:**    Paragraph 134 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '278 patent under 35 U.S.C. § 271(e)(2)(A).  Apotex denies all remaining allegations of paragraph 134.

135.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '278 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

136.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '278 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '278 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

137.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '278 patent under 35 U.S.C. § 271(c),

including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '278 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**   Denied.

138.   Failure to enjoin Apotex's infringement of the '278 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**   Denied.

139.   Plaintiff does not have an adequate remedy at law.

**ANSWER:**   Denied.

140.   This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**   Denied.

### Count VI: Infringement of the '324 Patent by Apotex

141.   Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**   Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

142.   Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '324 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**   Denied.

143.   A justiciable controversy exists between the parties hereto as to the infringement of the '324 patent.

**ANSWER:**   Paragraph 143 contains legal conclusions and allegations to which no answer is required.   To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '324 patent under 35 U.S.C. § 271(e)(2)(A).   Apotex denies all remaining allegations of paragraph 143.

144.   Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '324 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**   Denied.

145.   Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '324 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '324 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**   Denied.

146.   Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '324 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '324 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**   Denied.

147.   Failure to enjoin Apotex's infringement of the '324 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**   Denied.

148.   Plaintiff does not have an adequate remedy at law.

**ANSWER:**   Denied.

149.   This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**   Denied.

### Count VII: Infringement of the '312 Patent by Apotex

150.   Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**   Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

43

151. Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '312 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**   Denied.

152. A justiciable controversy exists between the parties hereto as to the infringement of the '312 patent.

**ANSWER:**   Paragraph 152 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '312 patent under 35 U.S.C. § 271(e)(2)(A). Apotex denies all remaining allegations of paragraph 152.

153. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '312 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**   Denied.

154. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '312 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '312 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**   Denied.

155. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '312 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '312 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**   Denied.

156. Failure to enjoin Apotex's infringement of the '312 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**   Denied.

157.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

158.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### Count VIII: Infringement of the '224 Patent by Apotex

159.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

160.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '224 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

161.    A justiciable controversy exists between the parties hereto as to the infringement of the '224 patent.

**ANSWER:**    Paragraph 161 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '224 patent under 35 U.S.C. § 271(e)(2)(A).  Apotex denies all remaining allegations of paragraph 161.

162.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '224 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

163.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '224 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's

45

ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '224 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

164.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '224 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '224 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

165.    Failure to enjoin Apotex's infringement of the '224 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

166.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

167.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### Count IX: Infringement of the '839 Patent by Apotex

168.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

169.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '839 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

170.    A justiciable controversy exists between the parties hereto as to the infringement of the '839 patent.

**ANSWER:** Paragraph 170 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '839 patent under 35 U.S.C. § 271(e)(2)(A). Apotex denies all remaining allegations of paragraph 170.

171. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '839 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:** Denied.

172. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '839 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '839 patent and knowledge that its acts are encouraging infringement.

**ANSWER:** Denied.

173. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '839 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '839 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:** Denied.

174. Failure to enjoin Apotex's infringement of the '839 patent will substantially and irreparably damage Plaintiff.

**ANSWER:** Denied.

175. Plaintiff does not have an adequate remedy at law.

**ANSWER:** Denied.

176. This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:** Denied.

47

## Count X: Infringement of the '736 Patent by Apotex

177.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

178.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '736 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

179.    A justiciable controversy exists between the parties hereto as to the infringement of the '736 patent.

**ANSWER:**    Paragraph 179 contains legal conclusions and allegations to which no answer is required.   To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '736 patent under 35 U.S.C. § 271(e)(2)(A).  Apotex denies all remaining allegations of paragraph 179.

180.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '736 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

181.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '736 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '736 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

182.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '736 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that

Apotex's Proposed Product is designed for a use that infringes one or more claims of the '736 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

183.    Failure to enjoin Apotex's infringement of the '736 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

184.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

185.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### Count XI: Infringement of the '014 Patent by Apotex

186.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

187.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '014 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

188.    A justiciable controversy exists between the parties hereto as to the infringement of the '014 patent.

**ANSWER:**    Paragraph 188 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '014 patent under 35 U.S.C. § 271(e)(2)(A).  Apotex denies all remaining allegations of paragraph 188.

189.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '014 patent under 35 U.S.C. § 271(a), including at least

49

claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

190.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '014 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '014 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

191.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '014 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '014 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

192.    Failure to enjoin Apotex's infringement of the '014 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

193.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

194.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

**Count XII: Infringement of the '069 Patent by Apotex**

195.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

196.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to

50

the expiration of the '069 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**   Denied.

197.   A justiciable controversy exists between the parties hereto as to the infringement of the '069 patent.

**ANSWER:**   Paragraph 197 contains legal conclusions and allegations to which no answer is required.   To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '069 patent under 35 U.S.C. § 271(e)(2)(A).   Apotex denies all remaining allegations of paragraph 197.

198.   Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '069 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**   Denied.

199.   Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '069 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '069 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**   Denied.

200.   Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '069 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '069 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**   Denied.

201.   Failure to enjoin Apotex's infringement of the '069 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**   Denied.

202.   Plaintiff does not have an adequate remedy at law.

**ANSWER:**   Denied.

203.   This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**   Denied.

### Count XIII: Infringement of the '692 Patent by Apotex

204.   Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**   Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

205.   Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '692 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**   Denied.

206.   A justiciable controversy exists between the parties hereto as to the infringement of the '692 patent.

**ANSWER:**   Paragraph 206 contains legal conclusions and allegations to which no answer is required.   To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '692 patent under 35 U.S.C. § 271(e)(2)(A).   Apotex denies all remaining allegations of paragraph 206.

207.   Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '692 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**   Denied.

208.   Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '692 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '692 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

209.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '692 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '692 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

210.    Failure to enjoin Apotex's infringement of the '692 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

211.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

212.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### Count XIV: Infringement of the '2,693 Patent by Apotex

213.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

214.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '2,693 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

215.    A justiciable controversy exists between the parties hereto as to the infringement of the '2,693 patent.

**ANSWER:**    Paragraph 215 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits a justiciable

controversy exists between the parties as to alleged infringement of the '2,693 patent under 35 U.S.C. § 271(e)(2)(A). Apotex denies all remaining allegations of paragraph 215.

216.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '2,693 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

217.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '2,693 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '2,693 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

218.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '2,693 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '2,693 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

219.    Failure to enjoin Apotex's infringement of the '2,693 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

220.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

221.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### Count XV: Infringement of the '950 Patent by Apotex

222.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

54

**ANSWER:**   Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

223.   Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '950 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**   Denied.

224.   A justiciable controversy exists between the parties hereto as to the infringement of the '950 patent.

**ANSWER:**   Paragraph 224 contains legal conclusions and allegations to which no answer is required.   To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '950 patent under 35 U.S.C. § 271(e)(2)(A).   Apotex denies all remaining allegations of paragraph 224.

225.   Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '950 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**   Denied.

226.   Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '950 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '950 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**   Denied.

227.   Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '950 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '950 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**   Denied.

55

228.    Failure to enjoin Apotex's infringement of the '950 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

229.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

230.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### Count XVI: Infringement of the '101 Patent by Apotex

231.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

232.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '101 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

233.    A justiciable controversy exists between the parties hereto as to the infringement of the '101 patent.

**ANSWER:**    Paragraph 233 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '101 patent under 35 U.S.C. § 271(e)(2)(A).  Apotex denies all remaining allegations of paragraph 233.

234.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '101 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

235.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '101 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '101 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

236.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '101 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '101 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

237.    Failure to enjoin Apotex's infringement of the '101 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

238.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

239.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### Count XVII: Infringement of the '642 Patent by Apotex

240.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set

forth herein.

241.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '642 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

242.    A justiciable controversy exists between the parties hereto as to the infringement of the '642 patent.

**ANSWER:**    Paragraph 242 contains legal conclusions and allegations to which no answer is required.   To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '642 patent under 35 U.S.C. § 271(e)(2)(A).   Apotex denies all remaining allegations of paragraph 242.

243.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '642 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

244.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '642 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '642 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

245.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '642 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '642 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

246.    Failure to enjoin Apotex's infringement of the '642 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

247.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

248.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

58

**ANSWER:**    Denied.

### Count XVIII: Infringement of the '664 Patent by Apotex

249.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

250.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '664 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

251.    A justiciable controversy exists between the parties hereto as to the infringement of the '664 patent.

**ANSWER:**    Paragraph 251 contains legal conclusions and allegations to which no answer is required.    To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '664 patent under 35 U.S.C. § 271(e)(2)(A).    Apotex denies all remaining allegations of paragraph 251.

252.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '664 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

253.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '664 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '664 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

254.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '664 patent under 35 U.S.C. § 271(c),

including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '664 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

255.    Failure to enjoin Apotex's infringement of the '664 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

256.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

257.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

## Count XIX: Infringement of the '144 Patent by Apotex

258.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

259.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '144 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

260.    A justiciable controversy exists between the parties hereto as to the infringement of the '144 patent.

**ANSWER:**    Paragraph 260 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '144 patent under 35 U.S.C. § 271(e)(2)(A). Apotex denies all remaining allegations of paragraph 260.

261.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '144 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

262.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '144 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '144 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

263.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '144 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '144 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

264.    Failure to enjoin Apotex's infringement of the '144 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

265.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

266.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### Count XX: Infringement of the '777 Patent by Apotex

267.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

61

268.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '777 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

269.    A justiciable controversy exists between the parties hereto as to the infringement of the '777 patent.

**ANSWER:**    Paragraph 269 contains legal conclusions and allegations to which no answer is required.    To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '777 patent under 35 U.S.C. § 271(e)(2)(A).    Apotex denies all remaining allegations of paragraph 269.

270.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '777 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

271.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '777 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '777 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

272.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '777 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '777 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

273.    Failure to enjoin Apotex's infringement of the '777 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

274.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

275.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### Count XXI: Infringement of the '102 Patent by Apotex

276.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

277.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '102 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

278.    A justiciable controversy exists between the parties hereto as to the infringement of the '102 patent.

**ANSWER:**    Paragraph 278 contains legal conclusions and allegations to which no answer is required.    To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '102 patent under 35 U.S.C. § 271(e)(2)(A).    Apotex denies all remaining allegations of paragraph 278.

279.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '102 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

280.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '102 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's

63

ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '102 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

281.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '102 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '102 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

282.    Failure to enjoin Apotex's infringement of the '102 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

283.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

284.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

## Count XXII: Infringement of the '185 Patent by Apotex

285.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

286.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '185 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

287.    A justiciable controversy exists between the parties hereto as to the infringement of the '185 patent.

**ANSWER:**    Paragraph 287 contains legal conclusions and allegations to which no answer is required.    To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '185 patent under 35 U.S.C. § 271(e)(2)(A).  Apotex denies all remaining allegations of paragraph 287.

288.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '185 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

289.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '185 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '185 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

290.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '185 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '185 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

291.    Failure to enjoin Apotex's infringement of the '185 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

292.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

293.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

## Count XXIII: Infringement of the '5,429 Patent by Apotex

294. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:** Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

295. Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '5,429 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:** Denied.

296. A justiciable controversy exists between the parties hereto as to the infringement of the '5,429 patent.

**ANSWER:** Paragraph 296 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '5,429 patent under 35 U.S.C. § 271(e)(2)(A). Apotex denies all remaining allegations of paragraph 296.

297. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '5,429 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:** Denied.

298. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '5,429 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '5,429 patent and knowledge that its acts are encouraging infringement.

**ANSWER:** Denied.

299. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '5,429 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that

Apotex's Proposed Product is designed for a use that infringes one or more claims of the '5,429 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

300.    Failure to enjoin Apotex's infringement of the '5,429 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

301.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

302.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### Count XXIV: Infringement of the '430 Patent by Apotex

303.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

304.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '430 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

305.    A justiciable controversy exists between the parties hereto as to the infringement of the '430 patent.

**ANSWER:**    Paragraph 305 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '430 patent under 35 U.S.C. § 271(e)(2)(A).  Apotex denies all remaining allegations of paragraph 305.

306.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '430 patent under 35 U.S.C. § 271(a), including at least

claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**   Denied.

307.   Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '430 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '430 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**   Denied.

308.   Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '430 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '430 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**   Denied.

309.   Failure to enjoin Apotex's infringement of the '430 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**   Denied.

310.   Plaintiff does not have an adequate remedy at law.

**ANSWER:**   Denied.

311.   This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**   Denied.

**Count XXV: Infringement of the '535 Patent by Apotex**

312.   Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**   Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

313.   Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to

the expiration of the '535 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:** Denied.

314. A justiciable controversy exists between the parties hereto as to the infringement of the '535 patent.

**ANSWER:** Paragraph 314 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '535 patent under 35 U.S.C. § 271(e)(2)(A). Apotex denies all remaining allegations of paragraph 314.

315. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '535 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:** Denied.

316. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '535 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '535 patent and knowledge that its acts are encouraging infringement.

**ANSWER:** Denied.

317. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '535 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '535 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:** Denied.

318. Failure to enjoin Apotex's infringement of the '535 patent will substantially and irreparably damage Plaintiff.

**ANSWER:** Denied.

319. Plaintiff does not have an adequate remedy at law.

69

**ANSWER:**   Denied.

320.   This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**   Denied.

### Count XXVI: Infringement of the '602 Patent by Apotex

321.   Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**   Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

322.   Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '602 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**   Denied.

323.   A justiciable controversy exists between the parties hereto as to the infringement of the '602 patent.

**ANSWER:**   Paragraph 323 contains legal conclusions and allegations to which no answer is required.   To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '602 patent under 35 U.S.C. § 271(e)(2)(A).   Apotex denies all remaining allegations of paragraph 323.

324.   Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '602 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**   Denied.

325.   Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '602 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '602 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

326.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '602 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '602 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

327.    Failure to enjoin Apotex's infringement of the '602 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

328.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

329.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### Count XXVII: Infringement of the '583 Patent by Apotex

330.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

331.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '583 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

332.    A justiciable controversy exists between the parties hereto as to the infringement of the '583 patent.

**ANSWER:**    Paragraph 332 contains legal conclusions and allegations to which no answer is required.    To the extent an answer may be required, Apotex admits a justiciable

controversy exists between the parties as to alleged infringement of the '583 patent under 35 U.S.C. § 271(e)(2)(A). Apotex denies all remaining allegations of paragraph 332.

333. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '583 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:** Denied.

334. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '583 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '583 patent and knowledge that its acts are encouraging infringement.

**ANSWER:** Denied.

335. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '583 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '583 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:** Denied.

336. Failure to enjoin Apotex's infringement of the '583 patent will substantially and irreparably damage Plaintiff.

**ANSWER:** Denied.

337. Plaintiff does not have an adequate remedy at law.

**ANSWER:** Denied.

338. This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:** Denied.

### Count XXVIII: Infringement of the '696 Patent by Apotex

339. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

72

**ANSWER:** Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

340. Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '696 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:** Denied.

341. A justiciable controversy exists between the parties hereto as to the infringement of the '696 patent.

**ANSWER:** Paragraph 341 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '696 patent under 35 U.S.C. § 271(e)(2)(A). Apotex denies all remaining allegations of paragraph 341.

342. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '696 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:** Denied.

343. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '696 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '696 patent and knowledge that its acts are encouraging infringement.

**ANSWER:** Denied.

344. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '696 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '696 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:** Denied.

345.    Failure to enjoin Apotex's infringement of the '696 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

346.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

347.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### Count XXIX: Infringement of the '697 Patent by Apotex

348.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

349.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '697 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

350.    A justiciable controversy exists between the parties hereto as to the infringement of the '697 patent.

**ANSWER:**    Paragraph 350 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '697 patent under 35 U.S.C. § 271(e)(2)(A).  Apotex denies all remaining allegations of paragraph 350.

351.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '697 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

352. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '697 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '697 patent and knowledge that its acts are encouraging infringement.

**ANSWER:** Denied.

353. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '697 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '697 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:** Denied.

354. Failure to enjoin Apotex's infringement of the '697 patent will substantially and irreparably damage Plaintiff.

**ANSWER:** Denied.

355. Plaintiff does not have an adequate remedy at law.

**ANSWER:** Denied.

356. This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:** Denied.

### Count XXX: Infringement of the '773 Patent by Apotex

357. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:** Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

358. Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '773 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:** Denied.

359. A justiciable controversy exists between the parties hereto as to the infringement of the '773 patent.

**ANSWER:** Paragraph 359 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '773 patent under 35 U.S.C. § 271(e)(2)(A). Apotex denies all remaining allegations of paragraph 359.

360. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '773 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:** Denied.

361. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '773 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '773 patent and knowledge that its acts are encouraging infringement.

**ANSWER:** Denied.

362. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '773 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '773 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:** Denied.

363. Failure to enjoin Apotex's infringement of the '773 patent will substantially and irreparably damage Plaintiff.

**ANSWER:** Denied.

364. Plaintiff does not have an adequate remedy at law.

**ANSWER:** Denied.

365. This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

76

**ANSWER:**    Denied.

## Count XXXI: Infringement of the '617 Patent by Apotex

366.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

367.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '617 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

368.    A justiciable controversy exists between the parties hereto as to the infringement of the '617 patent.

**ANSWER:**    Paragraph 368 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '617 patent under 35 U.S.C. § 271(e)(2)(A).  Apotex denies all remaining allegations of paragraph 368.

369.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '617 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

370.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '617 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '617 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

371.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '617 patent under 35 U.S.C. § 271(c),

including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '617 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**   Denied.

372.   Failure to enjoin Apotex's infringement of the '617 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**   Denied.

373.   Plaintiff does not have an adequate remedy at law.

**ANSWER:**   Denied.

374.   This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**   Denied.

### Count XXXII: Infringement of the '618 Patent by Apotex

375.   Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**   Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

376.   Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '618 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**   Denied.

377.   A justiciable controversy exists between the parties hereto as to the infringement of the '618 patent.

**ANSWER:**   Paragraph 377 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '618 patent under 35 U.S.C. § 271(e)(2)(A).  Apotex denies all remaining allegations of paragraph 377.

78

378.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '618 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

379.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '618 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '618 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

380.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '618 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '618 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

381.    Failure to enjoin Apotex's infringement of the '618 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

382.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

383.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### Count XXXIII: Infringement of the '165 Patent by Apotex

384.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

385. Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '165 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:** Denied.

386. A justiciable controversy exists between the parties hereto as to the infringement of the '165 patent.

**ANSWER:** Paragraph 386 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '165 patent under 35 U.S.C. § 271(e)(2)(A). Apotex denies all remaining allegations of paragraph 386.

387. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '165 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:** Denied.

388. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '165 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '165 patent and knowledge that its acts are encouraging infringement.

**ANSWER:** Denied.

389. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '165 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '165 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:** Denied.

390. Failure to enjoin Apotex's infringement of the '165 patent will substantially and irreparably damage Plaintiff.

**ANSWER:** Denied.

391.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

392.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### Count XXXIV: Infringement of the '166 Patent by Apotex

393.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

394.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '166 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

395.    A justiciable controversy exists between the parties hereto as to the infringement of the '166 patent.

**ANSWER:**    Paragraph 395 contains legal conclusions and allegations to which no answer is required.   To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '166 patent under 35 U.S.C. § 271(e)(2)(A).  Apotex denies all remaining allegations of paragraph 395.

396.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '166 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

397.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '166 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's

ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '166 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**   Denied.

398.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '166 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '166 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**   Denied.

399.    Failure to enjoin Apotex's infringement of the '166 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**   Denied.

400.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**   Denied.

401.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**   Denied.

### Count XXXV: Infringement of the '588 Patent by Apotex

402.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set

forth herein.

403.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '588 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**   Denied.

404.    A justiciable controversy exists between the parties hereto as to the infringement of the '588 patent.

**ANSWER:** Paragraph 404 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '588 patent under 35 U.S.C. § 271(e)(2)(A). Apotex denies all remaining allegations of paragraph 404.

405. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '588 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:** Denied.

406. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '588 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '588 patent and knowledge that its acts are encouraging infringement.

**ANSWER:** Denied.

407. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '588 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '588 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:** Denied.

408. Failure to enjoin Apotex's infringement of the '588 patent will substantially and irreparably damage Plaintiff.

**ANSWER:** Denied.

409. Plaintiff does not have an adequate remedy at law.

**ANSWER:** Denied.

410. This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:** Denied.

83

**Count XXXVI: Infringement of the '181 Patent by Apotex**

411. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:** Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

412. Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '181 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:** Denied.

413. A justiciable controversy exists between the parties hereto as to the infringement of the '181 patent.

**ANSWER:** Paragraph 413 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '181 patent under 35 U.S.C. § 271(e)(2)(A). Apotex denies all remaining allegations of paragraph 413.

414. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '181 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:** Denied.

415. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '181 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '181 patent and knowledge that its acts are encouraging infringement.

**ANSWER:** Denied.

416. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '181 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that

Apotex's Proposed Product is designed for a use that infringes one or more claims of the '181 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

417.    Failure to enjoin Apotex's infringement of the '181 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

418.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

419.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### Count XXXVII: Infringement of the '182 Patent by Apotex

420.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

421.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '182 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

422.    A justiciable controversy exists between the parties hereto as to the infringement of the '182 patent.

**ANSWER:**    Paragraph 422 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '182 patent under 35 U.S.C. § 271(e)(2)(A). Apotex denies all remaining allegations of paragraph 422.

423.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '182 patent under 35 U.S.C. § 271(a), including at least

claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

424.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '182 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '182 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

425.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '182 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '182 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

426.    Failure to enjoin Apotex's infringement of the '182 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

427.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

428.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### Count XXXVIII: Infringement of the '053 Patent by Apotex

429.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

430.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to

86

the expiration of the '053 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

431.    A justiciable controversy exists between the parties hereto as to the infringement of the '053 patent.

**ANSWER:**    Paragraph 431 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '053 patent under 35 U.S.C. § 271(e)(2)(A). Apotex denies all remaining allegations of paragraph 431.

432.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '053 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

433.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '053 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '053 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

434.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '053 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '053 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

435.    Failure to enjoin Apotex's infringement of the '053 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

436.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**   Denied.

437.   This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**   Denied.

### Count XXXIX: Infringement of the '5,693 Patent by Apotex

438.   Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**   Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

439.   Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '5,693 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**   Denied.

440.   A justiciable controversy exists between the parties hereto as to the infringement of the '5,693 patent.

**ANSWER:**   Paragraph 440 contains legal conclusions and allegations to which no answer is required.   To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '5,693 patent under 35 U.S.C. § 271(e)(2)(A).   Apotex denies all remaining allegations of paragraph 440.

441.   Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '5,693 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**   Denied.

442.   Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '5,693 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '5,693 patent and knowledge that its acts are encouraging infringement.

88

**ANSWER:**    Denied.

443.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '5,693 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '5,693 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

444.    Failure to enjoin Apotex's infringement of the '5,693 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

445.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

446.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### Count XL: Infringement of the '722 Patent by Apotex

447.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

448.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '722 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

449.    A justiciable controversy exists between the parties hereto as to the infringement of the '722 patent.

**ANSWER:**    Paragraph 449 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits a justiciable

89

controversy exists between the parties as to alleged infringement of the '722 patent under 35 U.S.C. § 271(e)(2)(A). Apotex denies all remaining allegations of paragraph 449.

450.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '722 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

451.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '722 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '722 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

452.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '722 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '722 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

453.    Failure to enjoin Apotex's infringement of the '722 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

454.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

455.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### Count XLI: Infringement of the '136 Patent by Apotex

456.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

457.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '136 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

458.    A justiciable controversy exists between the parties hereto as to the infringement of the '136 patent.

**ANSWER:**    Paragraph 458 contains legal conclusions and allegations to which no answer is required.    To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '136 patent under 35 U.S.C. § 271(e)(2)(A).    Apotex denies all remaining allegations of paragraph 458.

459.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '136 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

460.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '136 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '136 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

461.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '136 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '136 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

462.    Failure to enjoin Apotex's infringement of the '136 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

463.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

464.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### Count XLII: Infringement of the '137 Patent by Apotex

465.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

466.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '137 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

467.    A justiciable controversy exists between the parties hereto as to the infringement of the '137 patent.

**ANSWER:**    Paragraph 467 contains legal conclusions and allegations to which no answer is required.    To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '137 patent under 35 U.S.C. § 271(e)(2)(A).    Apotex denies all remaining allegations of paragraph 467.

468.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '137 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

92

469.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '137 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '137 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

470.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '137 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '137 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

471.    Failure to enjoin Apotex's infringement of the '137 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

472.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

473.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### Count XLIII: Infringement of the '153 Patent by Apotex

474.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

475.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '153 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

93

476. A justiciable controversy exists between the parties hereto as to the infringement of the '153 patent.

**ANSWER:** Paragraph 476 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '153 patent under 35 U.S.C. § 271(e)(2)(A). Apotex denies all remaining allegations of paragraph 476.

477. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '153 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:** Denied.

478. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '153 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '153 patent and knowledge that its acts are encouraging infringement.

**ANSWER:** Denied.

479. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '153 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '153 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:** Denied.

480. Failure to enjoin Apotex's infringement of the '153 patent will substantially and irreparably damage Plaintiff.

**ANSWER:** Denied.

481. Plaintiff does not have an adequate remedy at law.

**ANSWER:** Denied.

482. This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

94

**ANSWER:**    Denied.

## Count XLIV: Infringement of the '358 Patent by Apotex

483.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

484.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '358 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

485.    A justiciable controversy exists between the parties hereto as to the infringement of the '358 patent.

**ANSWER:**    Paragraph 485 contains legal conclusions and allegations to which no answer is required.    To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '358 patent under 35 U.S.C. § 271(e)(2)(A).    Apotex denies all remaining allegations of paragraph 485.

486.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '358 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

487.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '358 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '358 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

488.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '358 patent under 35 U.S.C. § 271(c),

including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '358 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

489.    Failure to enjoin Apotex's infringement of the '358 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

490.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

491.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### Count XLV: Infringement of the '805 Patent by Apotex

492.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set

forth herein.

493.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '805 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

494.    A justiciable controversy exists between the parties hereto as to the infringement of the '805 patent.

**ANSWER:**    Paragraph 494 contains legal conclusions and allegations to which no

answer is required.    To the extent an answer may be required, Apotex admits a justiciable

controversy exists between the parties as to alleged infringement of the '805 patent under 35 U.S.C.

§ 271(e)(2)(A).    Apotex denies all remaining allegations of paragraph 494.

96

495.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '805 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

496.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '805 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '805 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

497.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '805 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '805 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

498.    Failure to enjoin Apotex's infringement of the '805 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

499.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

500.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### Count XLVI: Infringement of the '806 Patent by Apotex

501.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

502.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '806 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

503.    A justiciable controversy exists between the parties hereto as to the infringement of the '806 patent.

**ANSWER:**    Paragraph 503 contains legal conclusions and allegations to which no answer is required.    To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '806 patent under 35 U.S.C. § 271(e)(2)(A).    Apotex denies all remaining allegations of paragraph 503.

504.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '806 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

505.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '806 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '806 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

506.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '806 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '806 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

507.    Failure to enjoin Apotex's infringement of the '806 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

508.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

509.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### Count XLVII: Infringement of the '483 Patent by Apotex

510.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

511.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '483 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

512.    A justiciable controversy exists between the parties hereto as to the infringement of the '483 patent.

**ANSWER:**    Paragraph 512 contains legal conclusions and allegations to which no answer is required.   To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '483 patent under 35 U.S.C. § 271(e)(2)(A).   Apotex denies all remaining allegations of paragraph 512.

513.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '483 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

514.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '483 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's

ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '483 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

515.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '483 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '483 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

516.    Failure to enjoin Apotex's infringement of the '483 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

517.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

518.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### Count XLVIII: Infringement of the '549 Patent by Apotex

519.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

520.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '549 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

521.    A justiciable controversy exists between the parties hereto as to the infringement of the '549 patent.

100

**ANSWER:**    Paragraph 521 contains legal conclusions and allegations to which no answer is required.   To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '549 patent under 35 U.S.C. § 271(e)(2)(A).  Apotex denies all remaining allegations of paragraph 521.

522.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '549 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

523.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '549 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '549 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

524.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '549 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '549 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

525.    Failure to enjoin Apotex's infringement of the '549 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

526.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

527.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

101

**Count XLIX: Infringement of the '295 Patent by Apotex**

528.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

529.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '295 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

530.    A justiciable controversy exists between the parties hereto as to the infringement of the '295 patent.

**ANSWER:**    Paragraph 530 contains legal conclusions and allegations to which no answer is required.   To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '295 patent under 35 U.S.C. § 271(e)(2)(A).  Apotex denies all remaining allegations of paragraph 530.

531.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '295 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

532.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '295 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '295 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

533.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '295 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that

Apotex's Proposed Product is designed for a use that infringes one or more claims of the '295 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:** Denied.

534. Failure to enjoin Apotex's infringement of the '295 patent will substantially and irreparably damage Plaintiff.

**ANSWER:** Denied.

535. Plaintiff does not have an adequate remedy at law.

**ANSWER:** Denied.

536. This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:** Denied.

### Count L: Infringement of the '328 Patent by Apotex

537. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:** Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

538. Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '328 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:** Denied.

539. A justiciable controversy exists between the parties hereto as to the infringement of the '328 patent.

**ANSWER:** Paragraph 539 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '328 patent under 35 U.S.C. § 271(e)(2)(A). Apotex denies all remaining allegations of paragraph 539.

540. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '328 patent under 35 U.S.C. § 271(a), including at least

103

claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**   Denied.

541.   Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '328 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '328 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**   Denied.

542.   Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '328 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '328 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**   Denied.

543.   Failure to enjoin Apotex's infringement of the '328 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**   Denied.

544.   Plaintiff does not have an adequate remedy at law.

**ANSWER:**   Denied.

545.   This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**   Denied.

### Count LI: Infringement of the '626 Patent by Apotex

546.   Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**   Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

547.   Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to

104

the expiration of the '626 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:** Denied.

548. A justiciable controversy exists between the parties hereto as to the infringement of the '626 patent.

**ANSWER:** Paragraph 548 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '626 patent under 35 U.S.C. § 271(e)(2)(A). Apotex denies all remaining allegations of paragraph 548.

549. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '626 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:** Denied.

550. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '626 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '626 patent and knowledge that its acts are encouraging infringement.

**ANSWER:** Denied.

551. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '626 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '626 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:** Denied.

552. Failure to enjoin Apotex's infringement of the '626 patent will substantially and irreparably damage Plaintiff.

**ANSWER:** Denied.

553. Plaintiff does not have an adequate remedy at law.

105

**ANSWER:**   Denied.

554.   This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**   Denied.

### Count LII: Infringement of the '213 Patent by Apotex

555.   Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**   Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

556.   Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '213 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**   Denied.

557.   A justiciable controversy exists between the parties hereto as to the infringement of the '213 patent.

**ANSWER:**   Paragraph 557 contains legal conclusions and allegations to which no answer is required.   To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '213 patent under 35 U.S.C. § 271(e)(2)(A).   Apotex denies all remaining allegations of paragraph 557.

558.   Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '213 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**   Denied.

559.   Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '213 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '213 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

560.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '213 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '213 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

561.    Failure to enjoin Apotex's infringement of the '213 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

562.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

563.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### Count LIII: Infringement of the '323 Patent by Apotex

564.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

565.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '323 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

566.    A justiciable controversy exists between the parties hereto as to the infringement of the '323 patent.

**ANSWER:**    Paragraph 566 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits a justiciable

controversy exists between the parties as to alleged infringement of the '323 patent under 35 U.S.C. § 271(e)(2)(A). Apotex denies all remaining allegations of paragraph 566.

567. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '323 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**   Denied.

568. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '323 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '323 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**   Denied.

569. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '323 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '323 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**   Denied.

570. Failure to enjoin Apotex's infringement of the '323 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**   Denied.

571. Plaintiff does not have an adequate remedy at law.

**ANSWER:**   Denied.

572. This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**   Denied.

### Count LIV: Infringement of the '684 Patent by Apotex

573. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

574.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '684 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

575.    A justiciable controversy exists between the parties hereto as to the infringement of the '684 patent.

**ANSWER:**    Paragraph 575 contains legal conclusions and allegations to which no answer is required.    To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '684 patent under 35 U.S.C. § 271(e)(2)(A).    Apotex denies all remaining allegations of paragraph 575.

576.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '684 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

577.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '684 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '684 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

578.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '684 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '684 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

579.   Failure to enjoin Apotex's infringement of the '684 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**   Denied.

580.   Plaintiff does not have an adequate remedy at law.

**ANSWER:**   Denied.

581.   This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**   Denied.

### Count LV: Infringement of the '414 Patent by Apotex

582.   Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**   Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

583.   Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '414 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**   Denied.

584.   A justiciable controversy exists between the parties hereto as to the infringement of the '414 patent.

**ANSWER:**   Paragraph 584 contains legal conclusions and allegations to which no answer is required.   To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '414 patent under 35 U.S.C. § 271(e)(2)(A).   Apotex denies all remaining allegations of paragraph 584.

585.   Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '414 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**   Denied.

110

586.     Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '414 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '414 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**   Denied.

587.     Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '414 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '414 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**   Denied.

588.     Failure to enjoin Apotex's infringement of the '414 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**   Denied.

589.     Plaintiff does not have an adequate remedy at law.

**ANSWER:**   Denied.

590.     This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**   Denied.

**Count LVI: Infringement of the '464 Patent by Apotex**

591.     Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**   Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

592.     Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '464 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**   Denied.

111

593.    A justiciable controversy exists between the parties hereto as to the infringement of the '464 patent.

**ANSWER:**    Paragraph 593 contains legal conclusions and allegations to which no answer is required.    To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '464 patent under 35 U.S.C. § 271(e)(2)(A).    Apotex denies all remaining allegations of paragraph 593.

594.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '464 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

595.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '464 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '464 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

596.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '464 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '464 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

597.    Failure to enjoin Apotex's infringement of the '464 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

598.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

599.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

112

**ANSWER:**    Denied.

### Count LVII: Infringement of the '465 Patent by Apotex

600.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

601.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '465 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

602.    A justiciable controversy exists between the parties hereto as to the infringement of the '465 patent.

**ANSWER:**    Paragraph 602 contains legal conclusions and allegations to which no answer is required.    To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '465 patent under 35 U.S.C. § 271(e)(2)(A).    Apotex denies all remaining allegations of paragraph 602.

603.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '465 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

604.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '465 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '465 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

605.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '465 patent under 35 U.S.C. § 271(c),

113

including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '465 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

606.    Failure to enjoin Apotex's infringement of the '465 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

607.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

608.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### Count LVIII: Infringement of the '4,429 Patent by Apotex

609.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

610.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '4,429 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

611.    A justiciable controversy exists between the parties hereto as to the infringement of the '4,429 patent.

**ANSWER:**    Paragraph 611 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '4,429 patent under 35 U.S.C. § 271(e)(2)(A).  Apotex denies all remaining allegations of paragraph 611.

114

612.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '4,429 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

613.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '4,429 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '4,429 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

614.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '4,429 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '4,429 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

615.    Failure to enjoin Apotex's infringement of the '4,429 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

616.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

617.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### Count LIX: Infringement of the '927 Patent by Apotex

618.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

619.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '927 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

620.    A justiciable controversy exists between the parties hereto as to the infringement of the '927 patent.

**ANSWER:**    Paragraph 620 contains legal conclusions and allegations to which no answer is required.    To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '927 patent under 35 U.S.C. § 271(e)(2)(A).    Apotex denies all remaining allegations of paragraph 620.

621.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '927 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

622.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '927 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '927 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

623.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '927 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '927 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

624.    Failure to enjoin Apotex's infringement of the '927 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

116

625.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

626.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### Count LX: Infringement of the '428 Patent by Apotex

627.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

628.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '428 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

629.    A justiciable controversy exists between the parties hereto as to the infringement of the '428 patent.

**ANSWER:**    Paragraph 629 contains legal conclusions and allegations to which no answer is required.    To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '428 patent under 35 U.S.C. § 271(e)(2)(A).    Apotex denies all remaining allegations of paragraph 629.

630.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '428 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

631.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '428 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's

ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '428 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**   Denied.

632.   Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '428 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '428 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**   Denied.

633.   Failure to enjoin Apotex's infringement of the '428 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**   Denied.

634.   Plaintiff does not have an adequate remedy at law.

**ANSWER:**   Denied.

635.   This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**   Denied.

### Count LXI: Infringement of the '563 Patent by Apotex

636.   Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**   Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

637.   Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '563 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**   Denied.

638.   A justiciable controversy exists between the parties hereto as to the infringement of the '563 patent.

**ANSWER:**    Paragraph 638 contains legal conclusions and allegations to which no answer is required.    To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '563 patent under 35 U.S.C. § 271(e)(2)(A).    Apotex denies all remaining allegations of paragraph 638.

639.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '563 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

640.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '563 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '563 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

641.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '563 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '563 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

642.    Failure to enjoin Apotex's infringement of the '563 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

643.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

644.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

## Count LXII: Infringement of the '456 Patent by Apotex

645.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

646.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '456 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

647.    A justiciable controversy exists between the parties hereto as to the infringement of the '456 patent.

**ANSWER:**    Paragraph 647 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '456 patent under 35 U.S.C. § 271(e)(2)(A).  Apotex denies all remaining allegations of paragraph 647.

648.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '456 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

649.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '456 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '456 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

650.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '456 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that

120

Apotex's Proposed Product is designed for a use that infringes one or more claims of the '456 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

651.    Failure to enjoin Apotex's infringement of the '456 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

652.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

653.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### Count LXIII: Infringement of the '755 Patent by Apotex

654.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

655.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '755 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

656.    A justiciable controversy exists between the parties hereto as to the infringement of the '755 patent.

**ANSWER:**    Paragraph 656 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '755 patent under 35 U.S.C. § 271(e)(2)(A).  Apotex denies all remaining allegations of paragraph 656.

657.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '755 patent under 35 U.S.C. § 271(a), including at least

121

claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**   Denied.

658.   Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '755 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '755 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**   Denied.

659.   Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '755 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '755 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**   Denied.

660.   Failure to enjoin Apotex's infringement of the '755 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**   Denied.

661.   Plaintiff does not have an adequate remedy at law.

**ANSWER:**   Denied.

662.   This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**   Denied.

### Count LXIV: Infringement of the '756 Patent by Apotex

663.   Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**   Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

664.   Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to

122

the expiration of the '756 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

665.    A justiciable controversy exists between the parties hereto as to the infringement of the '756 patent.

**ANSWER:**    Paragraph 665 contains legal conclusions and allegations to which no answer is required.    To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '756 patent under 35 U.S.C. § 271(e)(2)(A).    Apotex denies all remaining allegations of paragraph 665.

666.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '756 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

667.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '756 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '756 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

668.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '756 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '756 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

669.    Failure to enjoin Apotex's infringement of the '756 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

670.    Plaintiff does not have an adequate remedy at law.

123

**ANSWER:**   Denied.

671.   This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**   Denied.

## Count LXV: Infringement of the '791 Patent by Apotex

672.   Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**   Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

673.   Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '791 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**   Denied.

674.   A justiciable controversy exists between the parties hereto as to the infringement of the '791 patent.

**ANSWER:**   Paragraph 674 contains legal conclusions and allegations to which no answer is required.   To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '791 patent under 35 U.S.C. § 271(e)(2)(A).   Apotex denies all remaining allegations of paragraph 674.

675.   Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '791 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**   Denied.

676.   Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '791 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '791 patent and knowledge that its acts are encouraging infringement.

124

**ANSWER:**    Denied.

677.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '791 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '791 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

678.    Failure to enjoin Apotex's infringement of the '791 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

679.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

680.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### Count LXVI: Infringement of the '173 Patent by Apotex

681.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

682.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '173 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

683.    A justiciable controversy exists between the parties hereto as to the infringement of the '173 patent.

**ANSWER:**    Paragraph 683 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits a justiciable

controversy exists between the parties as to alleged infringement of the '173 patent under 35 U.S.C. § 271(e)(2)(A). Apotex denies all remaining allegations of paragraph 683.

684.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '173 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

685.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '173 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '173 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

686.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '173 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '173 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

687.    Failure to enjoin Apotex's infringement of the '173 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

688.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

689.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

**Count LXVII: Infringement of the '441 Patent by Apotex**

690.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

126

**ANSWER:** Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

691. Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '441 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:** Denied.

692. A justiciable controversy exists between the parties hereto as to the infringement of the '441 patent.

**ANSWER:** Paragraph 692 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '441 patent under 35 U.S.C. § 271(e)(2)(A). Apotex denies all remaining allegations of paragraph 692.

693. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '441 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:** Denied.

694. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '441 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '441 patent and knowledge that its acts are encouraging infringement.

**ANSWER:** Denied.

695. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '441 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '441 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:** Denied.

127

696.    Failure to enjoin Apotex's infringement of the '441 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

697.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

698.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### Count LXVIII: Infringement of the '085 Patent by Apotex

699.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

700.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '085 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

701.    A justiciable controversy exists between the parties hereto as to the infringement of the '085 patent.

**ANSWER:**    Paragraph 701 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '085 patent under 35 U.S.C. § 271(e)(2)(A).  Apotex denies all remaining allegations of paragraph 701.

702.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '085 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

128

703.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '085 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '085 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

704.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '085 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '085 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

705.    Failure to enjoin Apotex's infringement of the '085 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

706.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

707.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### Count LXIX: Infringement of the '522 Patent by Apotex

708.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set

forth herein.

709.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '522 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

710.     A justiciable controversy exists between the parties hereto as to the infringement of the '522 patent.

**ANSWER:**     Paragraph 710 contains legal conclusions and allegations to which no answer is required.   To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '522 patent under 35 U.S.C. § 271(e)(2)(A).   Apotex denies all remaining allegations of paragraph 710.

711.     Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '522 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**     Denied.

712.     Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '522 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '522 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**     Denied.

713.     Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '522 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '522 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**     Denied.

714.     Failure to enjoin Apotex's infringement of the '522 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**     Denied.

715.     Plaintiff does not have an adequate remedy at law.

**ANSWER:**     Denied.

716.     This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

130

**ANSWER:**   Denied.

### Count LXX: Infringement of the '250 Patent by Apotex

717.   Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**   Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

718.   Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '250 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**   Denied.

719.   A justiciable controversy exists between the parties hereto as to the infringement of the '250 patent.

**ANSWER:**   Paragraph 719 contains legal conclusions and allegations to which no answer is required.   To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '250 patent under 35 U.S.C. § 271(e)(2)(A).   Apotex denies all remaining allegations of paragraph 719.

720.   Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '250 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**   Denied.

721.   Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '250 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '250 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**   Denied.

722.   Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '250 patent under 35 U.S.C. § 271(c),

including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '250 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

723.    Failure to enjoin Apotex's infringement of the '250 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

724.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

725.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### Count LXXI: Infringement of the '354 Patent by Apotex

726.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

727.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '354 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

728.    A justiciable controversy exists between the parties hereto as to the infringement of the '354 patent.

**ANSWER:**    Paragraph 728 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '354 patent under 35 U.S.C. § 271(e)(2)(A).  Apotex denies all remaining allegations of paragraph 728.

132

729.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '354 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

730.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '354 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '354 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

731.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '354 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '354 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

732.    Failure to enjoin Apotex's infringement of the '354 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

733.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

734.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### Count LXXII: Infringement of the '370 Patent by Apotex

735.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

133

736.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '370 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

737.    A justiciable controversy exists between the parties hereto as to the infringement of the '370 patent.

**ANSWER:**    Paragraph 737 contains legal conclusions and allegations to which no answer is required.    To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '370 patent under 35 U.S.C. § 271(e)(2)(A).    Apotex denies all remaining allegations of paragraph 737.

738.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '370 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

739.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '370 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '370 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**    Denied.

740.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '370 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '370 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**    Denied.

741.    Failure to enjoin Apotex's infringement of the '370 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**    Denied.

134

742.    Plaintiff does not have an adequate remedy at law.

**ANSWER:**    Denied.

743.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### Count LXXIII: Infringement of the '117 Patent by Apotex

744.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

745.    Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '117 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**    Denied.

746.    A justiciable controversy exists between the parties hereto as to the infringement of the '117 patent.

**ANSWER:**    Paragraph 746 contains legal conclusions and allegations to which no answer is required.  To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '117 patent under 35 U.S.C. § 271(e)(2)(A).  Apotex denies all remaining allegations of paragraph 746.

747.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '117 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:**    Denied.

748.    Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '117 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's

135

ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '117 patent and knowledge that its acts are encouraging infringement.

**ANSWER:**   Denied.

749.   Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '117 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '117 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**   Denied.

750.   Failure to enjoin Apotex's infringement of the '117 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**   Denied.

751.   Plaintiff does not have an adequate remedy at law.

**ANSWER:**   Denied.

752.   This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**   Denied.

### Count LXXIV: Infringement of the '052 Patent by Apotex

753.   Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**   Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

754.   Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '052 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:**   Denied.

755.   A justiciable controversy exists between the parties hereto as to the infringement of the '052 patent.

**ANSWER:** Paragraph 755 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '052 patent under 35 U.S.C. § 271(e)(2)(A). Apotex denies all remaining allegations of paragraph 755.

756. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '052 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:** Denied.

757. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '052 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '052 patent and knowledge that its acts are encouraging infringement.

**ANSWER:** Denied.

758. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '052 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that Apotex's Proposed Product is designed for a use that infringes one or more claims of the '052 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:** Denied.

759. Failure to enjoin Apotex's infringement of the '052 patent will substantially and irreparably damage Plaintiff.

**ANSWER:** Denied.

760. Plaintiff does not have an adequate remedy at law.

**ANSWER:** Denied.

761. This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:** Denied.

137

**Count LXXV: Infringement of the '196 Patent by Apotex**

762. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:** Apotex incorporates its answers to the preceding paragraphs as if fully set forth herein.

763. Apotex's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Apotex's Proposed Product, prior to the expiration of the '196 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

**ANSWER:** Denied.

764. A justiciable controversy exists between the parties hereto as to the infringement of the '196 patent.

**ANSWER:** Paragraph 764 contains legal conclusions and allegations to which no answer is required. To the extent an answer may be required, Apotex admits a justiciable controversy exists between the parties as to alleged infringement of the '196 patent under 35 U.S.C. § 271(e)(2)(A). Apotex denies all remaining allegations of paragraph 764.

765. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will infringe one or more claims of the '196 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States.

**ANSWER:** Denied.

766. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will induce infringement of one or more claims of the '196 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, upon FDA approval of Apotex's ANDA, Apotex will intentionally encourage acts of direct infringement with knowledge of the '196 patent and knowledge that its acts are encouraging infringement.

**ANSWER:** Denied.

767. Unless enjoined by this Court, upon FDA approval of Apotex's ANDA, Apotex will contributorily infringe one or more claims of the '196 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Apotex's Proposed Product in the United States. On information and belief, Apotex knew and knows that

Apotex's Proposed Product is designed for a use that infringes one or more claims of the '196 patent, and Apotex's Proposed Product lacks a substantial non-infringing use.

**ANSWER:**   Denied.

768.   Failure to enjoin Apotex's infringement of the '196 patent will substantially and irreparably damage Plaintiff.

**ANSWER:**   Denied.

769.   Plaintiff does not have an adequate remedy at law.

**ANSWER:**   Denied.

770.   This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under U.S.C. § 285.

**ANSWER:**   Denied.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

(A)   A Judgment that Apotex infringed one or more claims of each of the patents-in-suit by submitting ANDA No. 220803;

(B)   A Judgment that Apotex has infringed the patents-in-suit by submitting ANDA No. 220803, and that Apotex's making, using, offering to sell, selling, or importing Apotex's Proposed Product will infringe one or more claims of each of the patents-in-suit;

(C)   An Order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of FDA approval of ANDA No. 220803 be a date no earlier than the later of the expiration of each of the patents-in-suit, or any later expiration of exclusivity to which Plaintiff is or becomes entitled;

(D)   Preliminary and permanent injunctions enjoining Apotex and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from making, using, offering to sell, selling, or importing Apotex's Proposed Product until after the expiration of each of the patents-in-suit, or any later expiration of exclusivity to which Plaintiff is or becomes entitled;

(E)   A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Apotex, its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from practicing any of the subject matter claimed in the patents-in-suit, or from actively inducing or contributing to the infringement of any claim of the patents-in-suit, until after the expiration of each of the patents-in-suit, or any later expiration of exclusivity to which Plaintiff is or becomes entitled;

139

(F)    A Judgment that the commercial manufacture, use, importation into the United States, offer for sale, and/or sale of Apotex's Proposed Product will directly infringe, induce and/or contribute to infringement of one or more claims of each of the patents-in-suit;

(G)    To the extent that Apotex has committed any acts with respect to the subject matter claimed in the patents-in-suit, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), a Judgment awarding Plaintiff damages for such acts;

(H)    If Apotex engages in the commercial manufacture, use, importation into the United States, offer for sale, and/or sale of Apotex's Proposed Product prior to the expiration of the patents-in-suit, a Judgment awarding damages to Plaintiff resulting from such infringement, together with interest;

(I)    A Judgment declaring that each of the patents-in-suit remains valid and enforceable;

(J)    A Judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Plaintiff its attorneys' fees, costs, and expenses incurred in this action; and

(K)    Such further and other relief as this Court may deem just and proper.

**APOTEX'S RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF**

Apotex denies that Plaintiff is entitled to any of the relief requested in its Prayer for Relief or otherwise, and requests that Plaintiff's Complaint be dismissed with prejudice and that Apotex be awarded its fees and costs incurred defending this suit under 35 U.S.C. § 285.

140

## DEFENDANT APOTEX'S SEPARATE DEFENSES

Without prejudice to the denials in the Answer and without admitting any allegations of the Complaint not otherwise admitted, Defendant Apotex Inc. ("Apotex") asserts the following defenses without assuming the burden of proof on any such defense that would otherwise rest with Plaintiff.

### FIRST SEPARATE DEFENSE
### (INVALIDITY OF THE '075 PATENT)

The claims of the '075 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.* including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### SECOND SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '075 PATENT)

The filing of Apotex's Abbreviated New Drug Application ("ANDA") No. 220803 ("Apotex's ANDA") and the manufacture, use, offer for sale, sale, or importation of the meloxicam and rizatriptan tablets (20 mg/10 mg) described therein ("Apotex's ANDA product"), has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '075 patent because, among other reasons, ████ ███████████████████████████████████ ███████████████████████████████████ ███████████████████████████████████ ███████████████████  ██████████████████  ██████████████ ██████████████  ██  ███████████████████████████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.

141

In addition, ███████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████ Prosecution history estoppel (both amendment-based and argument-based) therefore bars Plaintiff from relying on the doctrine of equivalents to cover Apotex's ANDA product. For at least these reasons, the filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product has not, does not, and will not infringe, either directly or indirectly, any valid and enforceable claim of the '075 patent under the doctrine of equivalents.

## THIRD SEPARATE DEFENSE
## (INVALIDITY OF THE '010 PATENT)

The claims of the '010 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.* including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

## FOURTH SEPARATE DEFENSE
## (NO INFRINGEMENT OF THE '010 PATENT)

142

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '010 patent because, among other reasons, ███████████████████ ███ ████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████ █████████████████████████ ████████

████████████████████████ ████ ████████████████████████████

██████████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine. Plaintiff is also estopped from asserting infringement of the '010 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

### FIFTH SEPARATE DEFENSE
### (INVALIDITY OF THE '614 PATENT)

The claims of the '614 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### SIXTH SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '614 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '614 patent because, among other reasons, ███████████████████ ███ ████████████

████████████████████████████████████████████████████

143

███████████████████████████████████████████████████████████

████████████████████████  ███████████████████████  ██████████

████████████████████████  ██  ███████████████████████

██████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine. Plaintiff is also estopped from asserting infringement of the '614 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

### SEVENTH SEPARATE DEFENSE
### (INVALIDITY OF THE '131 PATENT)

The claims of the '131 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### EIGHTH SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '131 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '131 patent because, among other reasons, ███████████████████  ████  █████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████  ███████████████████████  ██████████

████████████████████████  ██  ███████████████████████

██████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.

144

Plaintiff is also estopped from asserting infringement of the '131 patent under the doctrine of equivalents. ███████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

Prosecution history estoppel (both amendment-based and argument-based) therefore bars Plaintiff from relying on the doctrine of equivalents to capture Apotex's ANDA product.  For at least these reasons, the filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product has not, does not, and will not infringe, either directly or indirectly, any valid and enforceable claim of the '131 patent under the doctrine of equivalents.

## NINTH SEPARATE DEFENSE
## (INVALIDITY OF THE '278 PATENT)

The claims of the '278 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

## TENTH SEPARATE DEFENSE
## (NO INFRINGEMENT OF THE '278 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '278 patent because, among other reasons, ████████████████████ ████ ██████████████

███████████████████████████████████████████

████████████████████████████ █████████████ ████████

████████████████████ ████ ████████████████████████

████████; Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.  Plaintiff is also estopped from asserting infringement of the '278 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

## ELEVENTH SEPARATE DEFENSE
## (INVALIDITY OF THE '324 PATENT)

The claims of the '324 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

## TWELFTH SEPARATE DEFENSE
## (NO INFRINGEMENT OF THE '324 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '324 patent because, among other reasons, ████████████████ ███ ████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████ ████████████████████ ██████████

██████████████████████ ███ ████████████████████████

████████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.

Plaintiff is also estopped from asserting infringement of the '324 patent under the doctrine of equivalents. ████████████████████████████

████████████████████████ ████████████████████████

146

███████████████████████████████████████████████

███████████████████████████████████████████████

Prosecution history estoppel (both amendment-based and argument-based) therefore bars Plaintiff from relying on the doctrine of equivalents to capture Apotex's ANDA product.  For at least these reasons, the filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product has not, does not, and will not infringe, either directly or indirectly, any valid and enforceable claim of the '324 patent under the doctrine of equivalents.

**THIRTEENTH SEPARATE DEFENSE**
**(INVALIDITY OF THE '312 PATENT)**

The claims of the '312 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**FOURTEENTH SEPARATE DEFENSE**
**(NO INFRINGEMENT OF THE '312 PATENT)**

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '312 patent because, among other reasons, █████████████████ ███ ████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████ ████████████████████ ██████

████████████████████████ ███ ████████████████████

████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.  ██████████

███████████████████████████████████████████████

147

the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

## FIFTEENTH SEPARATE DEFENSE
### (INVALIDITY OF THE '224 PATENT)

The claims of the '224 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

## SIXTEENTH SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '224 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '224 patent.

## SEVENTEENTH SEPARATE DEFENSE
### (INVALIDITY OF THE '839 PATENT)

The claims of the '839 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

## EIGHTEENTH SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '839 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '839 patent.

## NINETEENTH SEPARATE DEFENSE
### (INVALIDITY OF THE '736 PATENT)

The claims of the '736 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.* including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

## TWENTIETH SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '736 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '736 patent.

## TWENTY-FIRST SEPARATE DEFENSE
### (INVALIDITY OF THE '014 PATENT)

The claims of the '014 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.* including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

## TWENTY-SECOND SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '014 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '014 patent because, among other reasons, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

149

███████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.

Plaintiff is also estopped from asserting infringement of the '014 patent under the doctrine of equivalents. ███████████████████████████████████

██████████████████ ███████████████████████

███████████████████████████████████████

███████████████████████████████████████

Prosecution history estoppel (both amendment-based and argument-based) therefore bars Plaintiff from relying on the doctrine of equivalents to capture Apotex's ANDA product.  For at least these reasons, the filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product has not, does not, and will not infringe, either directly or indirectly, any valid and enforceable claim of the '014 patent under the doctrine of equivalents.

## TWENTY-THIRD SEPARATE DEFENSE
### (INVALIDITY OF THE '069 PATENT)

The claims of the '069 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.* including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

## TWENTY-FOURTH SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '069 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '069 patent because, among other reasons, ██████████████████████

███████████████████████████████████████

███████████████████████████████████████

150



██████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.

Plaintiff is also estopped from asserting infringement of the '069 patent under the doctrine of equivalents. ███████████████████████████████████

████████████████████ ████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

Prosecution history estoppel (both amendment-based and argument-based) therefore bars Plaintiff from relying on the doctrine of equivalents to capture Apotex's ANDA product.  For at least these reasons, the filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product has not, does not, and will not infringe, either directly or indirectly, any valid and enforceable claim of the '069 patent under the doctrine of equivalents.

### TWENTY-FIFTH SEPARATE DEFENSE
### (INVALIDITY OF THE '692 PATENT)

The claims of the '692 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### TWENTY-SIXTH SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '692 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '692 patent because, among other reasons, ████████████████████████

151

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████  ████████████████████████  ██████

███████████████████████████████████████████████████████

██████   Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.  Plaintiff is also estopped from asserting infringement of the '692 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

**TWENTY-SEVENTH SEPARATE DEFENSE**
**(INVALIDITY OF THE '2,693 PATENT)**

The claims of the '2,693 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.* including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**TWENTY-EIGHTH SEPARATE DEFENSE**
**(NO INFRINGEMENT OF THE '2,693 PATENT)**

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '2,693 patent because, among other reasons, ███████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████  ████████████████████████  ██████

███████████████████████████████████████████████████████

██████   Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents

152

to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine. Plaintiff is also estopped from asserting infringement of the '2,693 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

### TWENTY-NINTH SEPARATE DEFENSE
### (INVALIDITY OF THE '950 PATENT)

The claims of the '950 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### THIRTIETH SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '950 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '950 patent because, among other reasons, ████████████████████

████████████████████████████████████

████████████████████████████████████

███████████████████████ ██████████████████ ████████

████████████████████████████████████

████████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine. Plaintiff is also estopped from asserting infringement of the '950 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

## THIRTY-FIRST SEPARATE DEFENSE
## (INVALIDITY OF THE '101 PATENT)

The claims of the '101 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.* including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

## THIRTY-SECOND SEPARATE DEFENSE
## (NO INFRINGEMENT OF THE '101 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '101 patent because, among other reasons, ████████████████

████████████████████████████████

████████████████████████████████

████████████████████ ████████████████ ████████

████████████████████████████████

████████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.  Plaintiff is also estopped from asserting infringement of the '101 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

## THIRTY-THIRD SEPARATE DEFENSE
## (INVALIDITY OF THE '642 PATENT)

The claims of the '642 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.* including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

154

**THIRTY-FOURTH SEPARATE DEFENSE**
**(NO INFRINGEMENT OF THE '642 PATENT)**

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '642 patent because, among other reasons, ███████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████  ████████████████████  ████████

████████████████████████████████████████████

████████  Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine. Plaintiff is also estopped from asserting infringement of the '642 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

**THIRTY-FIFTH SEPARATE DEFENSE**
**(INVALIDITY OF THE '664 PATENT)**

The claims of the '664 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**THIRTY-SIXTH SEPARATE DEFENSE**
**(NO INFRINGEMENT OF THE '664 PATENT)**

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '664

patent because, among other reasons,

████████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine. Plaintiff is also estopped from asserting infringement of the '664 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

### THIRTY-SEVENTH SEPARATE DEFENSE
### (INVALIDITY OF THE '144 PATENT)

The claims of the '144 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.* including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### THIRTY-EIGHTH SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '144 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '144 patent because, among other reasons,

156

██████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.

Plaintiff is also estopped from asserting infringement of the '144 patent under the doctrine of equivalents. ████████████████████████████████████

████████████████████  ████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

Prosecution history estoppel (both amendment-based and argument-based) therefore bars Plaintiff from relying on the doctrine of equivalents to capture Apotex's ANDA product. For at least these reasons, the filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product has not, does not, and will not infringe, either directly or indirectly, any valid and enforceable claim of the '144 patent under the doctrine of equivalents.

## THIRTY-NINTH SEPARATE DEFENSE
### (INVALIDITY OF THE '777 PATENT)

The claims of the '777 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

## FORTIETH SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '777 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '777 patent because, among other reasons, ████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

157

███████████████████████████  ████████████████████████  ████████

████████████████████████████████████████████████

████████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine. Plaintiff is also estopped from asserting infringement of the '777 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

## FORTY-FIRST SEPARATE DEFENSE
## (INVALIDITY OF THE '102 PATENT)

The claims of the '102 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

## FORTY-SECOND SEPARATE DEFENSE
## (NO INFRINGEMENT OF THE '102 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '102 patent.

## FORTY-THIRD SEPARATE DEFENSE
## (INVALIDITY OF THE '185 PATENT)

The claims of the '185 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**FORTY-FOURTH SEPARATE DEFENSE**
**(NO INFRINGEMENT OF THE '185 PATENT)**

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '185 patent because, among other reasons, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮    ▮▮▮▮▮▮▮▮▮▮    ▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine. Plaintiff is also estopped from asserting infringement of the '185 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

**FORTY-FIFTH SEPARATE DEFENSE**
**(INVALIDITY OF THE '5,429 PATENT)**

The claims of the '5,429 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.* including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**FORTY-SIXTH SEPARATE DEFENSE**
**(NO INFRINGEMENT OF THE '5,429 PATENT)**

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '5,429

159

patent because, among other reasons,



▬▬▬ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.  Plaintiff is also estopped from asserting infringement of the '5,429 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

**FORTY-SEVENTH SEPARATE DEFENSE**
**(INVALIDITY OF THE '430 PATENT)**

The claims of the '430 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.* including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**FORTY-EIGHTH SEPARATE DEFENSE**
**(NO INFRINGEMENT OF THE '430 PATENT)**

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '430 patent because, among other reasons,

███████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.  Plaintiff is also estopped from asserting infringement of the '430 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

## FORTY-NINTH SEPARATE DEFENSE
## (INVALIDITY OF THE '535 PATENT)

The claims of the '535 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.* including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

## FIFTIETH SEPARATE DEFENSE
## (NO INFRINGEMENT OF THE '535 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '535 patent because, among other reasons, ████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████   ████████████████   ████████

████████████████████████████████████████

███████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.  Plaintiff is also estopped from asserting infringement of the '535 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

Further, the claims of the '535 patent are directed to methods of treating allodynia, whereas Apotex does not treat patients and is not seeking FDA approval of its ANDA product to treat allodynia, and Apotex's product label will not promote, encourage, or recommend treating allodynia. For this additional reason, filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '535 patent.

### FIFTY-FIRST SEPARATE DEFENSE
### (INVALIDITY OF THE '602 PATENT)

The claims of the '602 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### FIFTY-SECOND SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '602 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '602 patent because, among other reasons, ███████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████  ███████████████████  ████████

████████████████████████████████████████████

████████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine. Plaintiff is also estopped from asserting infringement of the '602 patent under the doctrine of equivalents for

the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

### FIFTY-THIRD SEPARATE DEFENSE
### (INVALIDITY OF THE '583 PATENT)

The claims of the '583 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### FIFTY-FOURTH SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '583 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '583 patent because, among other reasons, ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮   ▮▮▮▮   ▮▮

▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮  Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.  Plaintiff is also estopped from asserting infringement of the '583 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

## FIFTY-FIFTH SEPARATE DEFENSE
## (INVALIDITY OF THE '696 PATENT)

The claims of the '696 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

## FIFTY-SIXTH SEPARATE DEFENSE
## (NO INFRINGEMENT OF THE '696 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '696 patent because, among other reasons, █████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ███████████████████████ ███████████████████ ███████ ████████████████████████████████████████████ ███████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.

Plaintiff is also estopped from asserting infringement of the '696 patent under the doctrine of equivalents. ███████████████████████████████ ████████████████████ ████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████

Prosecution history estoppel (both amendment-based and argument-based) therefore bars Plaintiff from relying on the doctrine of equivalents to capture Apotex's ANDA product.  For at least these reasons, the filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation

164

of Apotex's ANDA product has not, does not, and will not infringe, either directly or indirectly, any valid and enforceable claim of the '696 patent under the doctrine of equivalents.

## FIFTY-SEVENTH SEPARATE DEFENSE
### (INVALIDITY OF THE '697 PATENT)

The claims of the '697 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

## FIFTY-EIGHTH SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '697 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '697 patent because, among other reasons, ███████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████   ████████████████   ████████

████████████████████████████████████████████

███████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.

Plaintiff is also estopped from asserting infringement of the '697 patent under the doctrine of equivalents. ████████████████████████████████

████████████████████   ████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

Prosecution history estoppel (both amendment-based and argument-based) therefore bars Plaintiff

from relying on the doctrine of equivalents to capture Apotex's ANDA product.  For at least these reasons, the filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product has not, does not, and will not infringe, either directly or indirectly, any valid and enforceable claim of the '697 patent under the doctrine of equivalents.

### FIFTY-NINTH SEPARATE DEFENSE
### (INVALIDITY OF THE '773 PATENT)

The claims of the '773 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### SIXTIETH SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '773 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '773 patent because, among other reasons, ███████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████    ███████████████████████    ████████

██████████████████████████████████████████████

███████  Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.  Plaintiff is also estopped from asserting infringement of the '773 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

166

## SIXTY-FIRST SEPARATE DEFENSE
### (INVALIDITY OF THE '617 PATENT)

The claims of the '617 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

## SIXTY-SECOND SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '617 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '617 patent because, among other reasons, ███████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████ ████████████████ ████████

████████████████████████████████████████

████████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine. Plaintiff is also estopped from asserting infringement of the '617 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

## SIXTY-THIRD SEPARATE DEFENSE
### (INVALIDITY OF THE '618 PATENT)

The claims of the '618 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

167

## SIXTY-FOURTH SEPARATE DEFENSE
## (NO INFRINGEMENT OF THE '618 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '618 patent because, among other reasons, ████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████  ██████████████  ████

████████████████████████████

████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.  Plaintiff is also estopped from asserting infringement of the '618 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

## SIXTY-FIFTH SEPARATE DEFENSE
## (INVALIDITY OF THE '165 PATENT)

The claims of the '165 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

## SIXTY-SIXTH SEPARATE DEFENSE
## (NO INFRINGEMENT OF THE '165 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '165

patent because, among other reasons, ███████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████  ███████████████████  ████████

███████████████████████████████████████████████████████

████████  Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.  Plaintiff is also estopped from asserting infringement of the '165 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

### SIXTY-SEVENTH SEPARATE DEFENSE
### (INVALIDITY OF THE '166 PATENT)

The claims of the '166 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### SIXTY-EIGHTH SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '166 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '166 patent because, among other reasons, ███████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████  ███████████████████  ████████

███████████████████████████████████████████████████████

169

██████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.  Plaintiff is also estopped from asserting infringement of the '166 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

<b><u>SIXTY-NINTH SEPARATE DEFENSE</u></b><br/><b><u>(INVALIDITY OF THE '588 PATENT)</u></b>

The claims of the '588 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

<b><u>SEVENTIETH SEPARATE DEFENSE</u></b><br/><b><u>(NO INFRINGEMENT OF THE '588 PATENT)</u></b>

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '588 patent because, among other reasons, █████████████████

████████████████████████████████████

████████████████████████████████████

██████████████████ ███████████████ ███████

████████████████████████████████████

██████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.  Plaintiff is also estopped from asserting infringement of the '588 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

170

### SEVENTY-FIRST SEPARATE DEFENSE
### (INVALIDITY OF THE '181 PATENT)

The claims of the '181 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### SEVENTY-SECOND SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '181 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '181 patent because, among other reasons, ███████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████  ███████████████  ███████

███████████████████████████████

████████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.  Plaintiff is also estopped from asserting infringement of the '181 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

### SEVENTY-THIRD SEPARATE DEFENSE
### (INVALIDITY OF THE '182 PATENT)

The claims of the '182 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

171

## SEVENTY-FOURTH SEPARATE DEFENSE
## (NO INFRINGEMENT OF THE '182 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '182 patent because, among other reasons, █████████████████

██████████████████████████████

██████████████████████████████

████████████████████  █████████████████  ██████

██████████████████████████████

████████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.  Plaintiff is also estopped from asserting infringement of the '182 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

## SEVENTY-FIFTH SEPARATE DEFENSE
## (INVALIDITY OF THE '053 PATENT)

The claims of the '053 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

## SEVENTY-SIXTH SEPARATE DEFENSE
## (NO INFRINGEMENT OF THE '053 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '053

172

patent because, among other reasons, ████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████ ████████████████████ ████████

████████████████████████████████████████████████

████████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.

Plaintiff is also estopped from asserting infringement of the '053 patent under the doctrine of equivalents. ████████████████████████████████████

████████████████████████ ████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

Prosecution history estoppel (both amendment-based and argument-based) therefore bars Plaintiff from relying on the doctrine of equivalents to capture Apotex's ANDA product.  For at least these reasons, the filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product has not, does not, and will not infringe, either directly or indirectly, any valid and enforceable claim of the '053 patent under the doctrine of equivalents.

**SEVENTY-SEVENTH SEPARATE DEFENSE**
**(INVALIDITY OF THE '5,693 PATENT)**

The claims of the '5,693 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**SEVENTY-EIGHTH SEPARATE DEFENSE**
**(NO INFRINGEMENT OF THE '5,693 PATENT)**

173

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '5,693 patent because, among other reasons, ██████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ ████████████████████████ ████████████████████ ████ ██████████████████████████████████████████████ ████████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.

Plaintiff is also estopped from asserting infringement of the '5,693 patent under the doctrine of equivalents. ██████████████████████████████████ ████████████████████████████ ████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████

██████████████ Prosecution history estoppel (both amendment-based and argument-based) therefore bars Plaintiff from relying on the doctrine of equivalents to capture Apotex's ANDA product. For at least these reasons, the filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product has not, does not, and will not infringe, either directly or indirectly, any valid and enforceable claim of the '5,693 patent under the doctrine of equivalents.

**SEVENTY-NINTH SEPARATE DEFENSE**
**(INVALIDITY OF THE '722 PATENT)**

174

The claims of the '722 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.* including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### EIGHTIETH SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '722 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '722 patent because, among other reasons, ███████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████    ████████████    ████████

███████████████████████████████████████████

████████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.  Plaintiff is also estopped from asserting infringement of the '722 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

### EIGHTY-FIRST SEPARATE DEFENSE
### (INVALIDITY OF THE '136 PATENT)

The claims of the '136 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.* including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### EIGHTY-SECOND SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '136 PATENT)

175

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '136 patent because, among other reasons,



Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.  Plaintiff is also estopped from asserting infringement of the '136 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

## EIGHTY-THIRD SEPARATE DEFENSE
### (INVALIDITY OF THE '137 PATENT)

The claims of the '137 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.* including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

## EIGHTY-FOURTH SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '137 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '137 patent because, among other reasons,

176

███████████████████████████████████████████████████████████

█████████████████████████████    ████████████████████████    ██████

███████████████████████████████████████████████████████████

██████████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine. Plaintiff is also estopped from asserting infringement of the '137 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

## EIGHTY-FIFTH SEPARATE DEFENSE
## (INVALIDITY OF THE '153 PATENT)

The claims of the '153 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

## EIGHTY-SIXTH SEPARATE DEFENSE
## (NO INFRINGEMENT OF THE '153 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '153 patent because, among other reasons, ████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████████████    ████████████████████████    ██████

███████████████████████████████████████████████████████████

██████████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine. Plaintiff is

177

also estopped from asserting infringement of the '153 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

### EIGHTY-SEVENTH SEPARATE DEFENSE
### (INVALIDITY OF THE '358 PATENT)

The claims of the '358 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### EIGHTY-EIGHTH SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '358 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '358 patent.

### EIGHTY-NINTH SEPARATE DEFENSE
### (INVALIDITY OF THE '805 PATENT)

The claims of the '805 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### NINETIETH SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '805 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '805 patent because, among other reasons, ███████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████  ████████████████████  ████

██████████████████████████████████████████████████

██████  Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.  Plaintiff is also estopped from asserting infringement of the '805 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

### NINETY-FIRST SEPARATE DEFENSE
### (INVALIDITY OF THE '806 PATENT)

The claims of the '806 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### NINETY-SECOND SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '806 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '806 patent because, among other reasons, ████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████  ████████████████████  ████

██████████████████████████████████████████████████

██████  Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.  Plaintiff is

also estopped from asserting infringement of the '806 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

### NINETY-THIRD SEPARATE DEFENSE
### (INVALIDITY OF THE '483 PATENT)

The claims of the '483 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### NINETY-FOURTH SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '483 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '483 patent because, among other reasons, ███████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████ ████████████████ ████████████

████████████████████████████████████

████████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.  Plaintiff is also estopped from asserting infringement of the '483 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

### NINETY-FIFTH SEPARATE DEFENSE
### (INVALIDITY OF THE '549 PATENT)

The claims of the '549 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**NINETY-SIXTH SEPARATE DEFENSE**
**(NO INFRINGEMENT OF THE '549 PATENT)**

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '549 patent because, among other reasons, ███████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████ ████████████ ████████

██████████████████████████████████████

████████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.  Plaintiff is also estopped from asserting infringement of the '549 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

**NINETY-SEVENTH SEPARATE DEFENSE**
**(INVALIDITY OF THE '295 PATENT)**

The claims of the '295 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**NINETY-EIGHTH SEPARATE DEFENSE**
**(NO INFRINGEMENT OF THE '295 PATENT)**

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '295 patent because, among other reasons, ██████████████████

████████████████████████████

████████████████████████████

████████████████████  ███████████  █████

████████████████████████████

██████  Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.  Plaintiff is also estopped from asserting infringement of the '295 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

### NINETY-NINTH SEPARATE DEFENSE
### (INVALIDITY OF THE '328 PATENT)

The claims of the '328 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.* including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### ONE HUNDREDTH SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '328 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '328 patent because, among other reasons, ██████████████████

████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████   ████████████████████   ████

███████████████████████████████████████████████████████

██████████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.  Plaintiff is also estopped from asserting infringement of the '328 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

### ONE HUNDRED FIRST SEPARATE DEFENSE
### (INVALIDITY OF THE '626 PATENT)

The claims of the '626 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### ONE HUNDRED SECOND SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '626 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '626 patent because, among other reasons, ████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████   ████████████████████   ████

███████████████████████████████████████████████████████

██████████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.  Plaintiff is

also estopped from asserting infringement of the '626 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

## ONE HUNDRED THIRD SEPARATE DEFENSE
### (INVALIDITY OF THE '213 PATENT)

The claims of the '213 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.* including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

## ONE HUNDRED FOURTH SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '213 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '213 patent because, among other reasons, █████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████  ████████████████  ██████████

████████████████████████████████████████

██████████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.  Plaintiff is also estopped from asserting infringement of the '213 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

## ONE HUNDRED FIFTH SEPARATE DEFENSE
### (INVALIDITY OF THE '323 PATENT)

184

The claims of the '323 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.* including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**ONE HUNDRED SIXTH SEPARATE DEFENSE**
**(NO INFRINGEMENT OF THE '323 PATENT)**

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '323 patent.

**ONE HUNDRED SEVENTH SEPARATE DEFENSE**
**(INVALIDITY OF THE '684 PATENT)**

The claims of the '684 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.* including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**ONE HUNDRED EIGHTH SEPARATE DEFENSE**
**(NO INFRINGEMENT OF THE '684 PATENT)**

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '684 patent.

**ONE HUNDRED NINTH SEPARATE DEFENSE**
**(INVALIDITY OF THE '414 PATENT)**

The claims of the '414 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.* including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**ONE HUNDRED TENTH SEPARATE DEFENSE**

185

**(NO INFRINGEMENT OF THE '414 PATENT)**

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '414 patent because, among other reasons, ██████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████   ███████████████████   ████

████████████████████████████████████████████

████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.

Plaintiff is also estopped from asserting infringement of the '414 patent under the doctrine of equivalents. ██████████████████████████

███████████████   ████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

Prosecution history estoppel (both amendment-based and argument-based) therefore bars Plaintiff from relying on the doctrine of equivalents to capture Apotex's ANDA product. For at least these reasons, the filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product has not, does not, and will not infringe, either directly or indirectly, any valid and enforceable claim of the '414 patent under the doctrine of equivalents.

**ONE HUNDRED ELEVENTH SEPARATE DEFENSE**
**(INVALIDITY OF THE '464 PATENT)**

186

The claims of the '464 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### ONE HUNDRED TWELFTH SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '464 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '464 patent.

### ONE HUNDRED THIRTEENTH SEPARATE DEFENSE
### (INVALIDITY OF THE '465 PATENT)

The claims of the '465 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### ONE HUNDRED FOURTEENTH SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '465 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '465 patent.

### ONE HUNDRED FIFTEENTH SEPARATE DEFENSE
### (INVALIDITY OF THE '4,429 PATENT)

The claims of the '4,429 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### ONE HUNDRED SIXTEENTH SEPARATE DEFENSE

187

**(NO INFRINGEMENT OF THE '4,429 PATENT)**

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '4,429 patent because, among other reasons, ███████████████████

███████████████████████████████

███████████████████████████████

██████████████████ ████████████ ████

███████████████████████████████

████████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine. Plaintiff is also estopped from asserting infringement of the '4,429 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

**ONE HUNDRED SEVENTEENTH SEPARATE DEFENSE**
**(INVALIDITY OF THE '927 PATENT)**

The claims of the '927 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**ONE HUNDRED EIGHTEENTH SEPARATE DEFENSE**
**(NO INFRINGEMENT OF THE '927 PATENT)**

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '927 patent.

188

## ONE HUNDRED NINETEENTH SEPARATE DEFENSE
### (INVALIDITY OF THE '428 PATENT)

The claims of the '428 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

## ONE HUNDRED TWENTIETH SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '428 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '428 patent.

## ONE HUNDRED TWENTY-FIRST SEPARATE DEFENSE
### (INVALIDITY OF THE '563 PATENT)

The claims of the '563 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

## ONE HUNDRED TWENTY-SECOND SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '563 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '563 patent.

189

### ONE HUNDRED TWENTY-THIRD SEPARATE DEFENSE
### (INVALIDITY OF THE '456 PATENT)

The claims of the '456 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### ONE HUNDRED TWENTY-FOURTH SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '456 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '456 patent because, among other reasons, ██████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████  ████████████████  ██████████

███████████████████████████████████████

████████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.  Plaintiff is also estopped from asserting infringement of the '456 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

### ONE HUNDRED TWENTY-FIFTH SEPARATE DEFENSE
### (INVALIDITY OF THE '755 PATENT)

The claims of the '755 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

190

## ONE HUNDRED TWENTY-SIXTH SEPARATE DEFENSE
## (NO INFRINGEMENT OF THE '755 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '755 patent because, among other reasons, ███████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████   ████████████████████████   ████████

████████████████████████████████████████████

████████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.

Plaintiff is also estopped from asserting infringement of the '755 patent under the doctrine of equivalents. ████████████████████████████

██████████████████   ████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

Prosecution history estoppel (both amendment-based and argument-based) therefore bars Plaintiff from relying on the doctrine of equivalents to capture Apotex's ANDA product. For at least these reasons, the filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product has not, does not, and will not infringe, either directly or indirectly, any valid and enforceable claim of the '755 patent under the doctrine of equivalents.

191

## ONE HUNDRED TWENTY-SEVENTH SEPARATE DEFENSE
## (INVALIDITY OF THE '756 PATENT)

The claims of the '756 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

## ONE HUNDRED TWENTY-EIGHTH SEPARATE DEFENSE
## (NO INFRINGEMENT OF THE '756 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '756 patent.

## ONE HUNDRED TWENTY-NINTH SEPARATE DEFENSE
## (INVALIDITY OF THE '791 PATENT)

The claims of the '791 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

## ONE HUNDRED THIRTIETH SEPARATE DEFENSE
## (NO INFRINGEMENT OF THE '791 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '791 patent because, among other reasons, ████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████  ████████████████  ████████

████████████████████████████████████████████ t

192

███████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.  Plaintiff is also estopped from asserting infringement of the '791 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

### ONE HUNDRED THIRTY-FIRST SEPARATE DEFENSE
### (INVALIDITY OF THE '173 PATENT)

The claims of the '173 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### ONE HUNDRED THIRTY-SECOND SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '173 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '173 patent.

### ONE HUNDRED THIRTY-THIRD SEPARATE DEFENSE
### (INVALIDITY OF THE '441 PATENT)

The claims of the '441 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### ONE HUNDRED THIRTY-FOURTH SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '441 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the

doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '441 patent.

### ONE HUNDRED THIRTY-FIFTH SEPARATE DEFENSE
### (INVALIDITY OF THE '085 PATENT)

The claims of the '085 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### ONE HUNDRED THIRTY-SIXTH SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '085 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '085 patent.

### ONE HUNDRED THIRTY-SEVENTH SEPARATE DEFENSE
### (INVALIDITY OF THE '522 PATENT)

The claims of the '522 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### ONE HUNDRED THIRTY-EIGHTH SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '522 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '522 patent because, among other reasons, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

194

██████████████████████████    ██████████████████████    ████████████

██████████████████████████████████████████████████████

████████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.  Plaintiff is also estopped from asserting infringement of the '522 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

### ONE HUNDRED THIRTY-NINTH SEPARATE DEFENSE
### (INVALIDITY OF THE '250 PATENT)

The claims of the '250 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### ONE HUNDRED FORTIETH SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '250 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '250 patent because, among other reasons, ████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████    ██████████████████████    ████████████

██████████████████████████████████████████████████████

████████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.  Plaintiff is also estopped from asserting infringement of the '250 patent under the doctrine of equivalents for

the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

**ONE HUNDRED FORTY-FIRST SEPARATE DEFENSE**
**(INVALIDITY OF THE '354 PATENT)**

The claims of the '354 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.* including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**ONE HUNDRED FORTY-SECOND SEPARATE DEFENSE**
**(NO INFRINGEMENT OF THE '354 PATENT)**

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '354 patent because, among other reasons, ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮   ▮▮▮▮▮▮▮▮   ▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮   Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.  Plaintiff is also estopped from asserting infringement of the '354 patent under the doctrine of equivalents for the same reason set forth in Apotex's Second Separate Defense (No Infringement of the '075 Patent).

### ONE HUNDRED FORTY-THIRD SEPARATE DEFENSE
### (INVALIDITY OF THE '370 PATENT)

The claims of the '370 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### ONE HUNDRED FORTY-FOURTH SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '370 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '370 patent.

### ONE HUNDRED FORTY-FIFTH SEPARATE DEFENSE
### (INVALIDITY OF THE '117 PATENT)

The claims of the '117 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### ONE HUNDRED FORTY-SIXTH SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '117 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '117 patent.

**ONE HUNDRED FORTY-SEVENTH SEPARATE DEFENSE**
**(INVALIDITY OF THE '052 PATENT)**

The claims of the '052 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.* including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**ONE HUNDRED FORTY-EIGHTH SEPARATE DEFENSE**
**(NO INFRINGEMENT OF THE '052 PATENT)**

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '052 patent because, among other reasons, ███████████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████████████████████  ████████████████  ███████████

████████████████████████████████████

██████ Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine.

Plaintiff is also estopped from asserting infringement of the '052 patent under the doctrine of equivalents. ████████████████████████████

████████████████  ████████████████████

████████████████████████████████████

████████████████████████████████████

Prosecution history estoppel (both amendment-based and argument-based) therefore bars Plaintiff from relying on the doctrine of equivalents to capture Apotex's ANDA product.  For at least these reasons, the filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation

198

of Apotex's ANDA product has not, does not, and will not infringe, either directly or indirectly, any valid and enforceable claim of the '052 patent under the doctrine of equivalents.

### ONE HUNDRED FORTY-NINTH SEPARATE DEFENSE
### (INVALIDITY OF THE '196 PATENT)

The claims of the '196 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*. including, *inter alia*, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### ONE HUNDRED FIFTIETH SEPARATE DEFENSE
### (NO INFRINGEMENT OF THE '196 PATENT)

The filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '196 patent.

### ONE HUNDRED FIFTY-FIRST SEPARATE DEFENSE
### (FAILURE TO STATE A CLAIM)

Plaintiff's Complaint, in whole and/or in part, fails to state a claim upon which relief can be granted.

### ONE HUNDRED FIFTY-SECOND SEPARATE DEFENSE
### (FAILURE TO STATE A CLAIM FOR INFRINGEMENT OF THE ██████ ████████ AND FORTHCOMING RULE 12 MOTION)

Counts I-VII, XI-XX, XXII-XLIII, XLV-LII, LV, LVIII, LXII-LXIII, LXV, LXIX-LXXI, and LXXIV of Plaintiff's Complaint for failure to state a claim upon which relief can be granted. These counts assert infringement of the '075 patent, the '010 patent, the '614 patent, the '131 patent, the '278 patent, the '324 patent, the '312 patent, the '014 patent, the '069 patent, the '692 patent, the '2,693 patent, the '950 patent, the '101 patent, the '642 patent, the '664 patent, the '144 patent, the '777 patent, the '185 patent, the '5,429 patent, the '430 patent, the '535 patent, the '602

199

patent, the '583 patent, the '696 patent, the '697 patent, the '773 patent, the '617 patent, the '618 patent, the '165 patent, the '166 patent, the '588 patent, the '181 patent, the '182 patent, the '053 patent, the '5,693 patent, the '722 patent, the '136 patent, the '137 patent, the '153 patent, the '805 patent, the '806 patent, the '483 patent, the '549 patent, the '295 patent, the '328 patent, the '626 patent, the '213 patent, the '414 patent, the '4,429 patent, the '456 patent, the '755 patent, the '791 patent, the '522 patent, the '250 patent, the '354 patent, and the '052 patent

Further, these counts fail to state a plausible claim for infringement under the doctrine of equivalents

Plaintiff is thus foreclosed from asserting infringement under the doctrine of equivalents to capture Apotex's ANDA product pursuant to the Disclosure-Dedication doctrine. Apotex will move under Federal Rule of Civil Procedure 12 to dismiss Counts I-VII, XI-XX, XXII-XLIII, XLV-LII, LV, LVIII, LXII-LXIII, LXV, LXIX-LXXI, and LXXIV failure to state a claim upon which relief can be granted and will submit a formal notice of motion and briefing in support of said motion shortly after the close of pleadings on the claims in Plaintiff's Complaint. FED. R. CIV. P. 12(h)(2)(A).

## ONE HUNDRED FIFTY-THIRD SEPARATE DEFENSE
### (FAILURE TO STATE A CLAIM FOR EXCEPTIONAL CASE)

Plaintiff fails to state a proper claim for exceptional case.

200

## ONE HUNDRED FIFTY-FOURTH SEPARATE DEFENSE

Any additional defenses or counterclaims that discovery may reveal.

## ONE HUNDRED FIFTY-FIFTH SEPARATE DEFENSE
## (LACK OF SUBJECT MATTER JURISDICTION)

This Court lacks subject matter jurisdiction over Plaintiff's claims asserted under the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202 for alleged infringement under 35 U.S.C. §§ 271(a), (b), and (c).

## RESERVATION OF ADDITIONAL DEFENSES

Apotex reserves the right to plead additional defenses or counterclaims that may be revealed through the course of discovery, including unenforceability.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant/Counterclaim-Plaintiff Apotex Inc. ("Apotex"), by way of its attorneys, hereby states for its Counterclaims against Plaintiff/Counterclaim-Defendant Axsome Therapeutics, Inc. ("Plaintiff" or "Axsome"), the following, without prejudice to the denials in this Answer, without admitting any allegations of the Complaint not otherwise admitted, and without assuming the burden when such burden would otherwise be on Plaintiff.

## THE PARTIES

1.     Apotex is a corporation organized and existing under the laws of Canada, with a place of business at 150 Signet Drive, Toronto, Ontario, Canada M9L 1T9.

2.     Upon information and belief, Plaintiff/Counterclaim-Defendant Axsome is a corporation organized and existing under the laws of Delaware, with a principal place of business at One World Trade Center, New York, NY 10007.

## JURISDICTION

3.     These Counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Medicare Prescription Drug, Improvement, and Modernization Act of 2003, Pub. L. No. 108-173, 117 Stat. 2066 (2003) ("MMA") (codified in relevant part at 21 U.S.C. § 355(j) and 35 U.S.C. § 271(e)(5)).

4.     This Court has original jurisdiction over the subject matter of these Counterclaims under 28 U.S.C. §§ 1331 and 1338(a); under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; and under the MMA (21 U.S.C. § 355(j) and 35 U.S.C. § 271(e)(5)).

5.     This court has subject matter jurisdiction over these Counterclaims for declaratory judgment pursuant to 28 U.S.C. §§ 1331, 1337(a), 1338(a), 2201(a) and (b), and 2202, based on

202

an actual controversy between Apotex and Plaintiff arising under the Patent Laws of the United States, 35 U.S.C. § 271(e)(2)(A).

6.      This Court has personal jurisdiction over Plaintiff based on, *inter alia*, the filing of this lawsuit in this jurisdiction and because Plaintiff does business in this jurisdiction.

7.      Venue is proper in this judicial district under 28 U.S. C. §§ 1391(b) and (c), and 1400(b).

## FACTS COMMON TO ALL COUNTS

8.      This is an action for a declaratory judgment of non-infringement and invalidity of claims of United States Patent Nos. 9,821,075 (the "'075 patent"), 10,029,010 (the "'010 patent"), 10,058,614 (the "'614 patent"), 10,137,131 (the "'131 patent"), 10,195,278 (the "'278 patent"), 10,265,324 (the "'324 patent"), 10,363,312 (the "'312 patent"), 10,369,224 (the "'224 patent"), 10,426,839 (the "'839 patent"), 10,463,736 (the "'736 patent"), 10,471,014 (the "'014 patent"), 10,471,069 (the "'069 patent"), 10,512,692 (the "'692 patent"), 10,512,693 (the "'2,693 patent"), 10,517,950 (the "'950 patent"), 10,532,101 (the "'101 patent"), 10,537,642 (the "'642 patent"), 10,561,664 (the "'664 patent"), 10,583,144 (the "'144 patent"), 10,653,777 (the "'777 patent"), 10,688,102 (the "'102 patent"), 10,688,185 (the "'185 patent"), 10,695,429 (the "'5,429 patent"), 10,695,430 (the "'430 patent"), 10,702,535 (the "'535 patent"), 10,702,602 (the "'602 patent"), 10,722,583 (the "'583 patent"), 10,729,696 (the "'696 patent"), 10,729,697 (the "'697 patent"), 10,729,773 (the "'773 patent"), 10,758,617 (the "'617 patent"), 10,758,618 (the "'618 patent"), 10,780,165 (the "'165 patent"), 10,780,166 (the "'166 patent"), 10,799,588 (the "'588 patent"), 10,821,181 (the "'181 patent"), 10,821,182 (the "'182 patent"), 10,894,053 (the "'053 patent"), 10,905,693 (the "'5,693 patent"), 10,918,722 (the "'722 patent"), 10,933,136 (the "'136 patent"), 10,933,137 (the "'137 patent"), 10,940,153 (the "'153 patent"), 10,987,358 (the "'358 patent"),

203

11,013,805 (the "'805 patent"), 11,013,806 (the "'806 patent"), 11,020,483 (the "'483 patent"),

11,045,549 (the "'549 patent"), 11,135,295 (the "'295 patent"), 11,207,328 (the "'328 patent"),

11,219,626 (the "'626 patent"), 11,285,213 (the "'213 patent"), 11,331,323 (the "'323 patent"),

11,369,684 (the "'684 patent"), 11,426,414 (the "'414 patent"), 11,471,464 (the "'464 patent"),

11,471,465 (the "'465 patent"), 11,504,429 (the "'4,429 patent"), 11,510,927 (the "'927 patent"),

11,571,428 (the "'428 patent"), 11,602,563 (the "'563 patent"), 11,607,456 (the "'456 patent"),

11,617,755 (the "'755 patent"), 11,617,756 (the "'756 patent"), 11,617,791 (the "'791 patent"),

11,628,173 (the "'173 patent"), 11,712,441 (the "'441 patent"), 11,738,085 (the "'085 patent"),

11,759,522 (the "'522 patent"), 11,801,250 (the "'250 patent"), 11,806,354 (the "'354 patent"),

11,826,370 (the "'370 patent"), 11,865,117 (the "'117 patent"), 12,128,052 (the "'052 patent"),

and 12,370,196 (the "'196 patent") (collectively, the "Patents-in-Suit").  Upon information and

belief, true and correct copies of the '075 patent, the '010 patent, the '614 patent, the '131 patent,

the '278 patent, the '324 patent, the '312 patent, the '224 patent, the '839 patent, the '736 patent,

the '014 patent, the '069 patent, the '692 patent, the '2,693 patent, the '950 patent, the '101 patent,

the '642 patent, the '664 patent, the '144 patent, the '777 patent, the '102 patent, the '185 patent,

the '5,429 patent, the '430 patent, the '535 patent, the '602 patent, the '583 patent, the '696 patent,

the '697 patent, the '773 patent, the '617 patent, the '618 patent, the '165 patent, the '166 patent,

the '588 patent, the '181 patent, the '182 patent, the '053 patent, the '5,693 patent, the '722 patent,

the '136 patent, the '137 patent, the '153 patent, the '358 patent, the '805 patent, the '806 patent,

the '483 patent, the '549 patent, the '295 patent, the '328 patent, the '626 patent, the '213 patent,

the '323 patent, the '684 patent, the '414 patent, the '464 patent, the '465 patent, the '4,429 patent,

the '927 patent, the '428 patent, the '563 patent, the '456 patent, the '755 patent, the '756 patent,

the '791 patent, the '173 patent, the '441 patent, the '085 patent, the '522 patent, the '250 patent,

204

the '354 patent, the '370 patent, the '117 patent, the '052 patent, and the '196 patent are attached

to the Complaint as Exhibits 1 through 75, respectively.

9.    On or about November 21, 2017, the USPTO issued the '075 patent.

10.    On or about July 24, 2018, the USPTO issued the '010 patent.

11.    On or about August 28, 2018, the USPTO issued the '614 patent.

12.    On or about November 27, 2018, the USPTO issued the '131 patent.

13.    On or about February 5, 2019, the USPTO issued the '278 patent.

14.    On or about April 23, 2019, the USPTO issued the '324 patent.

15.    On or about July 30, 2019, the USPTO issued the '312 patent.

16.    On or about August 6, 2019, the USPTO issued the '224 patent.

17.    On or about October 1, 2019, the USPTO issued the '839 patent.

18.    On or about November 5, 2019, the USPTO issued the '736 patent.

19.    On or about November 12, 2019, the USPTO issued the '014 patent.

20.    On or about November 12, 2019, the USPTO issued the '069 patent.

21.    On or about December 24, 2019, the USPTO issued the '692 patent.

22.    On or about December 24, 2019, the USPTO issued the '2,693 patent.

23.    On or about December 31, 2019, the USPTO issued the '950 patent.

24.    On or about January 14, 2020, the USPTO issued the '101 patent.

25.    On or about January 21, 2020, the USPTO issued the '642 patent.

26.    On or about February 18, 2020, the USPTO issued the '664 patent.

27.    On or about March 10, 2020, the USPTO issued the '144 patent.

28.    On or about May 19, 2020, the USPTO issued the '777 patent.

29.    On or about June 23, 2020, the USPTO issued the '102 patent.

30.     On or about June 23, 2020, the USPTO issued the '185 patent.

31.     On or about June 30, 2020, the USPTO issued the '5,429 patent.

32.     On or about June 30, 2020, the USPTO issued the '430 patent.

33.     On or about July 7, 2020, the USPTO issued the '535 patent.

34.     On or about July 7, 2020, the USPTO issued the '602 patent.

35.     On or about July 28, 2020, the USPTO issued the '583 patent.

36.     On or about August 4, 2020, the USPTO issued the '696 patent.

37.     On or about August 4, 2020, the USPTO issued the '697 patent.

38.     On or about August 4, 2020, the USPTO issued the '773 patent.

39.     On or about September 1, 2020, the USPTO issued the '617 patent.

40.     On or about September 1, 2020, the USPTO issued the '618 patent.

41.     On or about September 22, 2020, the USPTO issued the '165 patent.

42.     On or about September 22, 2020, the USPTO issued the '166 patent.

43.     On or about October 13, 2020, the USPTO issued the '588 patent.

44.     On or about November 3, 2020, the USPTO issued the '181 patent.

45.     On or about November 3, 2020, the USPTO issued the '182 patent.

46.     On or about January 19, 2021, the USPTO issued the '053 patent.

47.     On or about February 2, 2021, the USPTO issued the '5,693 patent.

48.     On or about February 16, 2021, the USPTO issued the '722 patent.

49.     On or about March 2, 2021, the USPTO issued the '136 patent.

50.     On or about March 2, 2021, the USPTO issued the '137 patent.

51.     On or about March 9, 2021, the USPTO issued the '153 patent.

52.     On or about April 27, 2021, the USPTO issued the '358 patent.

206

53.     On or about May 25, 2021, the USPTO issued the '805 patent.

54.     On or about May 25, 2021, the USPTO issued the '806 patent.

55.     On or about June 1, 2021, the USPTO issued the '483 patent.

56.     On or about June 29, 2021, the USPTO issued the '549 patent.

57.     On or about October 5, 2021, the USPTO issued the '295 patent.

58.     On or about December 28, 2021, the USPTO issued the '328 patent.

59.     On or about January 11, 2022, the USPTO issued the '626 patent.

60.     On or about March 29, 2022, the USPTO issued the '213 patent.

61.     On or about May 17, 2022, the USPTO issued the '323 patent.

62.     On or about June 28, 2022, the USPTO issued the '684 patent.

63.     On or about August 30, 2022, the USPTO issued the '414 patent.

64.     On or about October 18, 2022, the USPTO issued the '464 patent.

65.     On or about October 18, 2022, the USPTO issued the '465 patent.

66.     On or about November 22, 2022, the USPTO issued the '4,429 patent.

67.     On or about November 29, 2022, the USPTO issued the '927 patent.

68.     On or about February 7, 2023, the USPTO issued the '428 patent.

69.     On or about March 14, 2023, the USPTO issued the '563 patent.

70.     On or about March 21, 2023, the USPTO issued the '456 patent.

71.     On or about April 4, 4023, the USPTO issued the '755 patent.

72.     On or about April 4, 2023, the USPTO issued the '756 patent.

73.     On or about April 4, 2023, the USPTO issued the '791 patent.

74.     On or about April 18, 2023, the USPTO issued the '173 patent.

75.     On or about August 1, 2023, the USPTO issued the '441 patent.

76. On or about August 29, 2023, the USPTO issued the '085 patent.

77. On or about September 19, 2023, the USPTO issued the '522 patent.

78. On or about October 31, 2023, the USPTO issued the '250 patent.

79. On or about November 7, 2023, the USPTO issued the '354 patent.

80. On or about November 28, 2023, the USPTO issued the '370 patent.

81. On or about January 9, 2024, the USPTO issued the '117 patent.

82. On or about October 29, 2024, the USPTO issued the '052 patent.

83. On or about July 29, 2025, the USPTO issued the '196 patent.

84. Upon information and belief, Plaintiff is a current assignee of the '075 patent, the '010 patent, the '614 patent, the '131 patent, the '278 patent, the '324 patent, the '312 patent, the '224 patent, the '839 patent, the '736 patent, the '014 patent, the '069 patent, the '692 patent, the '2,693 patent, the '950 patent, the '101 patent, the '642 patent, the '664 patent, the '144 patent, the '777 patent, the '102 patent, the '185 patent, the '5,429 patent, the '430 patent, the '535 patent, the '602 patent, the '583 patent, the '696 patent, the '697 patent, the '773 patent, the '617 patent, the '618 patent, the '165 patent, the '166 patent, the '588 patent, the '181 patent, the '182 patent, the '053 patent, the '5,693 patent, the '722 patent, the '136 patent, the '137 patent, the '153 patent, the '358 patent, the '805 patent, the '806 patent, the '483 patent, the '549 patent, the '295 patent, the '328 patent, the '626 patent, the '213 patent, the '323 patent, the '684 patent, the '414 patent, the '464 patent, the '465 patent, the '4,429 patent, the '927 patent, the '428 patent, the '563 patent, the '456 patent, the '755 patent, the '756 patent, the '791 patent, the '173 patent, the '441 patent, the '085 patent, the '522 patent, the '250 patent, the '354 patent, the '370 patent, the '117 patent, the '052 patent, and the '196 patent.

85.    Plaintiff purports to be the holder of NDA No. 215431 for meloxicam and rizatriptan tablets, 20 mg; EQ 10 mg base, for oral use.  Upon information and belief, Plaintiff sells this combination drug in the United States under the trademark SYMBRAVO®.

86.    Plaintiff purports and claims to have the right to enforce the '075 patent, the '010 patent, the '614 patent, the '131 patent, the '278 patent, the '324 patent, the '312 patent, the '224 patent, the '839 patent, the '736 patent, the '014 patent, the '069 patent, the '692 patent, the '2,693 patent, the '950 patent, the '101 patent, the '642 patent, the '664 patent, the '144 patent, the '777 patent, the '102 patent, the '185 patent, the '5,429 patent, the '430 patent, the '535 patent, the '602 patent, the '583 patent, the '696 patent, the '697 patent, the '773 patent, the '617 patent, the '618 patent, the '165 patent, the '166 patent, the '588 patent, the '181 patent, the '182 patent, the '053 patent, the '5,693 patent, the '722 patent, the '136 patent, the '137 patent, the '153 patent, the '358 patent, the '805 patent, the '806 patent, the '483 patent, the '549 patent, the '295 patent, the '328 patent, the '626 patent, the '213 patent, the '323 patent, the '684 patent, the '414 patent, the '464 patent, the '465 patent, the '4,429 patent, the '927 patent, the '428 patent, the '563 patent, the '456 patent, the '755 patent, the '756 patent, the '791 patent, the '173 patent, the '441 patent, the '085 patent, the '522 patent, the '250 patent, the '354 patent, the '370 patent, the '117 patent, the '052 patent, and the '196 patent and has listed them in the U.S. Food and Drug Administration's ("FDA") Orange Book in connection with SYMBRAVO®.

87.    Apotex has filed Abbreviated New Drug Application ("ANDA") No. 220803 with the FDA pursuant to 21 U.S.C. § 355(j) et seq. ("Apotex's ANDA") seeking approval for meloxicam and rizatriptan tablets (20 mg/10 mg) as generic to Plaintiff's SYMBRAVO® (meloxicam and rizatriptan) tablets, 20 mg; EQ 10 mg base ("Apotex's ANDA product").

Apotex's ANDA identifies NDA No. 215431 as the Reference Listed Drug pursuant to 21 C.F.R. § 314.3.

88.    Apotex's ANDA seeks FDA approval to market its ANDA product before the expiration of the '075 patent, the '010 patent, the '614 patent, the '131 patent, the '278 patent, the '324 patent, the '312 patent, the '224 patent, the '839 patent, the '736 patent, the '014 patent, the '069 patent, the '692 patent, the '2,693 patent, the '950 patent, the '101 patent, the '642 patent, the '664 patent, the '144 patent, the '777 patent, the '102 patent, the '185 patent, the '5,429 patent, the '430 patent, the '535 patent, the '602 patent, the '583 patent, the '696 patent, the '697 patent, the '773 patent, the '617 patent, the '618 patent, the '165 patent, the '166 patent, the '588 patent, the '181 patent, the '182 patent, the '053 patent, the '5,693 patent, the '722 patent, the '136 patent, the '137 patent, the '153 patent, the '358 patent, the '805 patent, the '806 patent, the '483 patent, the '549 patent, the '295 patent, the '328 patent, the '626 patent, the '213 patent, the '323 patent, the '684 patent, the '414 patent, the '464 patent, the '465 patent, the '4,429 patent, the '927 patent, the '428 patent, the '563 patent, the '456 patent, the '755 patent, the '756 patent, the '791 patent, the '173 patent, the '441 patent, the '085 patent, the '522 patent, the '250 patent, the '354 patent, the '370 patent, the '117 patent, and the '052 patent listed in the Orange Book, and includes a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (also called a "Paragraph IV Certification") as to those patents.  Apotex sent a notice letter to Plaintiff, dated August 15, 2025, which served as written notification to Plaintiff pursuant to 21 U.S.C. § 355(j)(2)(B) that Apotex submitted ANDA No. 220803 and certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) for the '075 patent, the '010 patent, the '614 patent, the '131 patent, the '278 patent, the '324 patent, the '312 patent, the '224 patent, the '839 patent, the '736 patent, the '014 patent, the '069 patent, the '692 patent, the '2,693 patent, the '950 patent, the '101 patent, the '642 patent, the '664 patent, the '144

210

patent, the '777 patent, the '102 patent, the '185 patent, the '5,429 patent, the '430 patent, the '535 patent, the '602 patent, the '583 patent, the '696 patent, the '697 patent, the '773 patent, the '617 patent, the '618 patent, the '165 patent, the '166 patent, the '588 patent, the '181 patent, the '182 patent, the '053 patent, the '5,693 patent, the '722 patent, the '136 patent, the '137 patent, the '153 patent, the '358 patent, the '805 patent, the '806 patent, the '483 patent, the '549 patent, the '295 patent, the '328 patent, the '626 patent, the '213 patent, the '323 patent, the '684 patent, the '414 patent, the '464 patent, the '465 patent, the '4,429 patent, the '927 patent, the '428 patent, the '563 patent, the '456 patent, the '755 patent, the '756 patent, the '791 patent, the '173 patent, the '441 patent, the '085 patent, the '522 patent, the '250 patent, the '354 patent, the '370 patent, the '117 patent, and the '052 patent to the FDA ("Apotex's August 15, 2025 Notice Letter").

89.    On or about September 26, 2025, Plaintiff filed the instant suit against Apotex alleging, *inter alia*, infringement of the '075 patent, the '010 patent, the '614 patent, the '131 patent, the '278 patent, the '324 patent, the '312 patent, the '224 patent, the '839 patent, the '736 patent, the '014 patent, the '069 patent, the '692 patent, the '2,693 patent, the '950 patent, the '101 patent, the '642 patent, the '664 patent, the '144 patent, the '777 patent, the '102 patent, the '185 patent, the '5,429 patent, the '430 patent, the '535 patent, the '602 patent, the '583 patent, the '696 patent, the '697 patent, the '773 patent, the '617 patent, the '618 patent, the '165 patent, the '166 patent, the '588 patent, the '181 patent, the '182 patent, the '053 patent, the '5,693 patent, the '722 patent, the '136 patent, the '137 patent, the '153 patent, the '358 patent, the '805 patent, the '806 patent, the '483 patent, the '549 patent, the '295 patent, the '328 patent, the '626 patent, the '213 patent, the '323 patent, the '684 patent, the '414 patent, the '464 patent, the '465 patent, the '4,429 patent, the '927 patent, the '428 patent, the '563 patent, the '456 patent, the '755 patent, the '756 patent, the '791 patent, the '173 patent, the '441 patent, the '085 patent, the '522 patent, the '250

211

patent, the '354 patent, the '370 patent, the '117 patent, the '052 patent, and the '196 patent under 35 U.S.C. § 271(e)(2)(A).

**COUNT I**
**(Declaratory Judgment of Invalidity of the '075 Patent)**

90.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-89 as though fully set forth herein.

91.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '075 patent.

92.    The claims of the '075 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

93.    Apotex is entitled to a judicial declaration that the claims of the '075 patent are invalid.

**COUNT II**
**(Declaratory Judgment of Noninfringement of the '075 Patent)**

94.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-93 of these Counterclaims as though fully set forth herein.

95.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '075 patent.

96.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '075 patent, either literally or under the doctrine of equivalents

97.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '075 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's

212

ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '075 patent, either literally or under the doctrine of equivalents.

### COUNT III
### (Declaratory Judgment of Invalidity of the '010 Patent)

98.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-97 as though fully set forth herein.

99.     There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '010 patent.

100.     The claims of the '010 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

101.     Apotex is entitled to a judicial declaration that the claims of the '010 patent are invalid.

### COUNT IV
### (Declaratory Judgment of Noninfringement of the '010 Patent)

102.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-101 of these Counterclaims as though fully set forth herein.

103.     There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '010 patent.

104.     The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '010 patent, either literally or under the doctrine of equivalents

105.     Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the

'010 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '010 patent, either literally or under the doctrine of equivalents.

## COUNT V
### (Declaratory Judgment of Invalidity of the '614 Patent)

106.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-105 as though fully set forth herein.

107.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '614 patent.

108.    The claims of the '614 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

109.    Apotex is entitled to a judicial declaration that the claims of the '614 patent are invalid.

## COUNT VI
### (Declaratory Judgment of Noninfringement of the '614 Patent)

110.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-109 of these Counterclaims as though fully set forth herein.

111.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '614 patent.

112.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '614 patent, either literally or under the doctrine of equivalents

214

113.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '614 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '614 patent, either literally or under the doctrine of equivalents.

### COUNT VII
### (Declaratory Judgment of Invalidity of the '131 Patent)

114.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-113 as though fully set forth herein.

115.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '131 patent.

116.    The claims of the '131 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

117.    Apotex is entitled to a judicial declaration that the claims of the '131 patent are invalid.

### COUNT VIII
### (Declaratory Judgment of Noninfringement of the '131 Patent)

118.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-117 of these Counterclaims as though fully set forth herein.

119.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '131 patent.

215

120.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '131 patent, either literally or under the doctrine of equivalents

121.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '131 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '131 patent, either literally or under the doctrine of equivalents.

**COUNT IX**
**(Declaratory Judgment of Invalidity of the '278 Patent)**

122.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-121 as though fully set forth herein.

123.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '278 patent.

124.    The claims of the '278 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

125.    Apotex is entitled to a judicial declaration that the claims of the '278 patent are invalid.

**COUNT X**
**(Declaratory Judgment of Noninfringement of the '278 Patent)**

126.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-125 of these Counterclaims as though fully set forth herein.

216

127.     There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '278 patent.

128.     The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '278 patent, either literally or under the doctrine of equivalents

129.     Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '278 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '278 patent, either literally or under the doctrine of equivalents.

### COUNT XI
### (Declaratory Judgment of Invalidity of the '324 Patent)

130.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-129 as though fully set forth herein.

131.     There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '324 patent.

132.     The claims of the '324 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

133.     Apotex is entitled to a judicial declaration that the claims of the '324 patent are invalid.

## COUNT XII
### (Declaratory Judgment of Noninfringement of the '324 Patent)

134.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-133 of these Counterclaims as though fully set forth herein.

135.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '324 patent.

136.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '324 patent, either literally or under the doctrine of equivalents

137.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '324 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '324 patent, either literally or under the doctrine of equivalents.

## COUNT XIII
### (Declaratory Judgment of Invalidity of the '312 Patent)

138.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-137 as though fully set forth herein.

139.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '312 patent.

140.    The claims of the '312 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

141.    Apotex is entitled to a judicial declaration that the claims of the '312 patent are invalid.

**COUNT XIV**
**(Declaratory Judgment of Noninfringement of the '312 Patent)**

142.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-141 of these Counterclaims as though fully set forth herein.

143.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '312 patent.

144.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '312 patent, either literally or under the doctrine of equivalents

145.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '312 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '312 patent, either literally or under the doctrine of equivalents.

**COUNT XV**
**(Declaratory Judgment of Invalidity of the '224 Patent)**

146.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-145 as though fully set forth herein.

147.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '224 patent.

148.    The claims of the '224 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

149.    Apotex is entitled to a judicial declaration that the claims of the '224 patent are invalid.

### COUNT XVI
### (Declaratory Judgment of Noninfringement of the '224 Patent)

150.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-149 of these Counterclaims as though fully set forth herein.

151.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '224 patent.

152.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '224 patent, either literally or under the doctrine of equivalents

153.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '224 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '224 patent, either literally or under the doctrine of equivalents.

### COUNT XVII
### (Declaratory Judgment of Invalidity of the '839 Patent)

154.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-153 as though fully set forth herein.

155.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '839 patent.

156.    The claims of the '839 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

157.    Apotex is entitled to a judicial declaration that the claims of the '839 patent are invalid.

## COUNT XVIII
### (Declaratory Judgment of Noninfringement of the '839 Patent)

158.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-157 of these Counterclaims as though fully set forth herein.

159.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '839 patent.

160.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '839 patent, either literally or under the doctrine of equivalents

161.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '839 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '839 patent, either literally or under the doctrine of equivalents.

## COUNT XIX
### (Declaratory Judgment of Invalidity of the '736 Patent)

162.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-161 as though fully set forth herein.

163.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '736 patent.

164.    The claims of the '736 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

165.    Apotex is entitled to a judicial declaration that the claims of the '736 patent are invalid.

## COUNT XX
### (Declaratory Judgment of Noninfringement of the '736 Patent)

166.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-165 of these Counterclaims as though fully set forth herein.

167.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '736 patent.

168.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '736 patent, either literally or under the doctrine of equivalents

169.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '736 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would

not infringe, either directly or indirectly, any valid or enforceable claim of the '736 patent, either literally or under the doctrine of equivalents.

## COUNT XXI
### (Declaratory Judgment of Invalidity of the '014 Patent)

170.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-169 as though fully set forth herein.

171.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '014 patent.

172.    The claims of the '014 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

173.    Apotex is entitled to a judicial declaration that the claims of the '014 patent are invalid.

## COUNT XXII
### (Declaratory Judgment of Noninfringement of the '014 Patent)

174.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-173 of these Counterclaims as though fully set forth herein.

175.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '014 patent.

176.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '014 patent, either literally or under the doctrine of equivalents

177.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '014 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's

223

ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '014 patent, either literally or under the doctrine of equivalents.

### COUNT XXIII
### (Declaratory Judgment of Invalidity of the '069 Patent)

178.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-177 as though fully set forth herein.

179.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '069 patent.

180.    The claims of the '069 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

181.    Apotex is entitled to a judicial declaration that the claims of the '069 patent are invalid.

### COUNT XXIV
### (Declaratory Judgment of Noninfringement of the '069 Patent)

182.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-181 of these Counterclaims as though fully set forth herein.

183.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '069 patent.

184.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '069 patent, either literally or under the doctrine of equivalents

185.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the

'069 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '069 patent, either literally or under the doctrine of equivalents.

## COUNT XXV
### (Declaratory Judgment of Invalidity of the '692 Patent)

186.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-185 as though fully set forth herein.

187.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '692 patent.

188.    The claims of the '692 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

189.    Apotex is entitled to a judicial declaration that the claims of the '692 patent are invalid.

## COUNT XXVI
### (Declaratory Judgment of Noninfringement of the '692 Patent)

190.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-189 of these Counterclaims as though fully set forth herein.

191.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '692 patent.

192.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '692 patent, either literally or under the doctrine of equivalents

225

193.     Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '692 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '692 patent, either literally or under the doctrine of equivalents.

## COUNT XXVII
### (Declaratory Judgment of Invalidity of the '2,693 Patent)

194.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-193 as though fully set forth herein.

195.     There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '2,693 patent.

196.     The claims of the '2,693 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

197.     Apotex is entitled to a judicial declaration that the claims of the '2,693 patent are invalid.

## COUNT XXVIII
### (Declaratory Judgment of Noninfringement of the '2,693 Patent)

198.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-197 of these Counterclaims as though fully set forth herein.

199.     There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '2,693 patent.

200.     The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '2,693 patent, either literally or under the doctrine of equivalents

201.     Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '2,693 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '2,693 patent, either literally or under the doctrine of equivalents.

## COUNT XXIX
### (Declaratory Judgment of Invalidity of the '950 Patent)

202.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-201 as though fully set forth herein.

203.     There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '950 patent.

204.     The claims of the '950 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

205.     Apotex is entitled to a judicial declaration that the claims of the '950 patent are invalid.

## COUNT XXX
### (Declaratory Judgment of Noninfringement of the '950 Patent)

206.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-205 of these Counterclaims as though fully set forth herein.

227

207. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '950 patent.

208. The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '950 patent, either literally or under the doctrine of equivalents

209. Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '950 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '950 patent, either literally or under the doctrine of equivalents.

## COUNT XXXI
### (Declaratory Judgment of Invalidity of the '101 Patent)

210. Apotex realleges and incorporates by reference the allegations of paragraphs 1-209 as though fully set forth herein.

211. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '101 patent.

212. The claims of the '101 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

213. Apotex is entitled to a judicial declaration that the claims of the '101 patent are invalid.

228

## COUNT XXXII
### (Declaratory Judgment of Noninfringement of the '101 Patent)

214.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-213 of these Counterclaims as though fully set forth herein.

215.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '101 patent.

216.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '101 patent, either literally or under the doctrine of equivalents

217.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '101 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '101 patent, either literally or under the doctrine of equivalents.

## COUNT XXXIII
### (Declaratory Judgment of Invalidity of the '642 Patent)

218.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-217 as though fully set forth herein.

219.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '642 patent.

220.    The claims of the '642 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

229

221.    Apotex is entitled to a judicial declaration that the claims of the '642 patent are invalid.

**COUNT XXXIV**
**(Declaratory Judgment of Noninfringement of the '642 Patent)**

222.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-221 of these Counterclaims as though fully set forth herein.

223.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '642 patent.

224.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '642 patent, either literally or under the doctrine of equivalents

225.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '642 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '642 patent, either literally or under the doctrine of equivalents.

**COUNT XXXV**
**(Declaratory Judgment of Invalidity of the '664 Patent)**

226.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-225 as though fully set forth herein.

227.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '664 patent.

230

228. The claims of the '664 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

229. Apotex is entitled to a judicial declaration that the claims of the '664 patent are invalid.

**COUNT XXXVI**
**(Declaratory Judgment of Noninfringement of the '664 Patent)**

230. Apotex realleges and incorporates by reference the allegations of paragraphs 1-229 of these Counterclaims as though fully set forth herein.

231. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '664 patent.

232. The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '664 patent, either literally or under the doctrine of equivalents

233. Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '664 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '664 patent, either literally or under the doctrine of equivalents.

**COUNT XXXVII**
**(Declaratory Judgment of Invalidity of the '144 Patent)**

234. Apotex realleges and incorporates by reference the allegations of paragraphs 1-233 as though fully set forth herein.

231

235.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '144 patent.

236.    The claims of the '144 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

237.    Apotex is entitled to a judicial declaration that the claims of the '144 patent are invalid.

### COUNT XXXVIII
### (Declaratory Judgment of Noninfringement of the '144 Patent)

238.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-237 of these Counterclaims as though fully set forth herein.

239.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '144 patent.

240.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '144 patent, either literally or under the doctrine of equivalents

241.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '144 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '144 patent, either literally or under the doctrine of equivalents.

## COUNT XXXIX
### (Declaratory Judgment of Invalidity of the '777 Patent)

242.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-241 as though fully set forth herein.

243.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '777 patent.

244.    The claims of the '777 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

245.    Apotex is entitled to a judicial declaration that the claims of the '777 patent are invalid.

## COUNT XL
### (Declaratory Judgment of Noninfringement of the '777 Patent)

246.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-245 of these Counterclaims as though fully set forth herein.

247.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '777 patent.

248.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '777 patent, either literally or under the doctrine of equivalents

249.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '777 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would

233

not infringe, either directly or indirectly, any valid or enforceable claim of the '777 patent, either literally or under the doctrine of equivalents.

**COUNT XLI**
**(Declaratory Judgment of Invalidity of the '102 Patent)**

250.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-249 as though fully set forth herein.

251.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '102 patent.

252.    The claims of the '102 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

253.    Apotex is entitled to a judicial declaration that the claims of the '102 patent are invalid.

**COUNT XLII**
**(Declaratory Judgment of Noninfringement of the '102 Patent)**

254.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-253 of these Counterclaims as though fully set forth herein.

255.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '102 patent.

256.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '102 patent, either literally or under the doctrine of equivalents

257.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '102 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's

234

ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '102 patent, either literally or under the doctrine of equivalents.

## COUNT XLIII
### (Declaratory Judgment of Invalidity of the '185 Patent)

258.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-257 as though fully set forth herein.

259.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '185 patent.

260.    The claims of the '185 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

261.    Apotex is entitled to a judicial declaration that the claims of the '185 patent are invalid.

## COUNT XLIV
### (Declaratory Judgment of Noninfringement of the '185 Patent)

262.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-261 of these Counterclaims as though fully set forth herein.

263.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '185 patent.

264.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '185 patent, either literally or under the doctrine of equivalents

265.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the

'185 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '185 patent, either literally or under the doctrine of equivalents.

## COUNT XLV
### (Declaratory Judgment of Invalidity of the '5,429 Patent)

266.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-265 as though fully set forth herein.

267.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '5,429 patent.

268.    The claims of the '5,429 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

269.    Apotex is entitled to a judicial declaration that the claims of the '5,429 patent are invalid.

## COUNT XLVI
### (Declaratory Judgment of Noninfringement of the '5,429 Patent)

270.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-269 of these Counterclaims as though fully set forth herein.

271.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '5,429 patent.

272.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '5,429 patent, either literally or under the doctrine of equivalents

273. Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '5,429 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '5,429 patent, either literally or under the doctrine of equivalents.

## COUNT XLVII
### (Declaratory Judgment of Invalidity of the '430 Patent)

274. Apotex realleges and incorporates by reference the allegations of paragraphs 1-273 as though fully set forth herein.

275. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '430 patent.

276. The claims of the '430 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

277. Apotex is entitled to a judicial declaration that the claims of the '430 patent are invalid.

## COUNT XLVIII
### (Declaratory Judgment of Noninfringement of the '430 Patent)

278. Apotex realleges and incorporates by reference the allegations of paragraphs 1-277 of these Counterclaims as though fully set forth herein.

279. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '430 patent.

280.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '430 patent, either literally or under the doctrine of equivalents

281.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '430 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '430 patent, either literally or under the doctrine of equivalents.

## COUNT XLIX
### (Declaratory Judgment of Invalidity of the '535 Patent)

282.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-281 as though fully set forth herein.

283.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '535 patent.

284.    The claims of the '535 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

285.    Apotex is entitled to a judicial declaration that the claims of the '535 patent are invalid.

## COUNT L
### (Declaratory Judgment of Noninfringement of the '535 Patent)

286.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-285 of these Counterclaims as though fully set forth herein.

287. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '535 patent.

288. The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '535 patent, either literally or under the doctrine of equivalents

289. Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '535 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '535 patent, either literally or under the doctrine of equivalents.

### COUNT LI
### (Declaratory Judgment of Invalidity of the '602 Patent)

290. Apotex realleges and incorporates by reference the allegations of paragraphs 1-289 as though fully set forth herein.

291. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '602 patent.

292. The claims of the '602 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

293. Apotex is entitled to a judicial declaration that the claims of the '602 patent are invalid.

## COUNT LII
### (Declaratory Judgment of Noninfringement of the '602 Patent)

294.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-293 of these Counterclaims as though fully set forth herein.

295.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '602 patent.

296.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '602 patent, either literally or under the doctrine of equivalents

297.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '602 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '602 patent, either literally or under the doctrine of equivalents.

## COUNT LIII
### (Declaratory Judgment of Invalidity of the '583 Patent)

298.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-297 as though fully set forth herein.

299.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '583 patent.

300.    The claims of the '583 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

301. Apotex is entitled to a judicial declaration that the claims of the '583 patent are invalid.

<b><u>COUNT LIV</u></b><br><b><u>(Declaratory Judgment of Noninfringement of the '583 Patent)</u></b>

302. Apotex realleges and incorporates by reference the allegations of paragraphs 1-301 of these Counterclaims as though fully set forth herein.

303. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '583 patent.

304. The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '583 patent, either literally or under the doctrine of equivalents

305. Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '583 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '583 patent, either literally or under the doctrine of equivalents.

<b><u>COUNT LV</u></b><br><b><u>(Declaratory Judgment of Invalidity of the '696 Patent)</u></b>

306. Apotex realleges and incorporates by reference the allegations of paragraphs 1-305 as though fully set forth herein.

307. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '696 patent.

241

308.    The claims of the '696 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

309.    Apotex is entitled to a judicial declaration that the claims of the '696 patent are invalid.

## COUNT LVI
### (Declaratory Judgment of Noninfringement of the '696 Patent)

310.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-309 of these Counterclaims as though fully set forth herein.

311.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '696 patent.

312.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '696 patent, either literally or under the doctrine of equivalents

313.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '696 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '696 patent, either literally or under the doctrine of equivalents.

## COUNT LVII
### (Declaratory Judgment of Invalidity of the '697 Patent)

314.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-313 as though fully set forth herein.

242

315. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '697 patent.

316. The claims of the '697 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

317. Apotex is entitled to a judicial declaration that the claims of the '697 patent are invalid.

### COUNT LVIII
### (Declaratory Judgment of Noninfringement of the '697 Patent)

318. Apotex realleges and incorporates by reference the allegations of paragraphs 1-317 of these Counterclaims as though fully set forth herein.

319. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '697 patent.

320. The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '697 patent, either literally or under the doctrine of equivalents

321. Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '697 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '697 patent, either literally or under the doctrine of equivalents.

## COUNT LIX
### (Declaratory Judgment of Invalidity of the '773 Patent)

322.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-321 as though fully set forth herein.

323.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '773 patent.

324.   The claims of the '773 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

325.   Apotex is entitled to a judicial declaration that the claims of the '773 patent are invalid.

## COUNT LX
### (Declaratory Judgment of Noninfringement of the '773 Patent)

326.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-325 of these Counterclaims as though fully set forth herein.

327.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '773 patent.

328.   The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '773 patent, either literally or under the doctrine of equivalents

329.   Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '773 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would

244

not infringe, either directly or indirectly, any valid or enforceable claim of the '773 patent, either literally or under the doctrine of equivalents.

## COUNT LXI
### (Declaratory Judgment of Invalidity of the '617 Patent)

330.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-329 as though fully set forth herein.

331.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '617 patent.

332.    The claims of the '617 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

333.    Apotex is entitled to a judicial declaration that the claims of the '617 patent are invalid.

## COUNT LXII
### (Declaratory Judgment of Noninfringement of the '617 Patent)

334.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-333 of these Counterclaims as though fully set forth herein.

335.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '617 patent.

336.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '617 patent, either literally or under the doctrine of equivalents

337.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '617 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's

245

ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '617 patent, either literally or under the doctrine of equivalents.

### COUNT LXIII
### (Declaratory Judgment of Invalidity of the '618 Patent)

338.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-337 as though fully set forth herein.

339.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '618 patent.

340.    The claims of the '618 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

341.    Apotex is entitled to a judicial declaration that the claims of the '618 patent are invalid.

### COUNT LXIV
### (Declaratory Judgment of Noninfringement of the '618 Patent)

342.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-341 of these Counterclaims as though fully set forth herein.

343.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '618 patent.

344.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '618 patent, either literally or under the doctrine of equivalents

345.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the

'618 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '618 patent, either literally or under the doctrine of equivalents.

## COUNT LXV
### (Declaratory Judgment of Invalidity of the '165 Patent)

346.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-345 as though fully set forth herein.

347.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '165 patent.

348.    The claims of the '165 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

349.    Apotex is entitled to a judicial declaration that the claims of the '165 patent are invalid.

## COUNT LXVI
### (Declaratory Judgment of Noninfringement of the '165 Patent)

350.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-349 of these Counterclaims as though fully set forth herein.

351.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '165 patent.

352.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '165 patent, either literally or under the doctrine of equivalents

247

353.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '165 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '165 patent, either literally or under the doctrine of equivalents.

### COUNT LXVII
### (Declaratory Judgment of Invalidity of the '166 Patent)

354.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-353 as though fully set forth herein.

355.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '166 patent.

356.    The claims of the '166 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

357.    Apotex is entitled to a judicial declaration that the claims of the '166 patent are invalid.

### COUNT LXVIII
### (Declaratory Judgment of Noninfringement of the '166 Patent)

358.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-357 of these Counterclaims as though fully set forth herein.

359.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '166 patent.

248

360.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '166 patent, either literally or under the doctrine of equivalents

361.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '166 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '166 patent, either literally or under the doctrine of equivalents.

## COUNT LXIX
### (Declaratory Judgment of Invalidity of the '588 Patent)

362.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-361 as though fully set forth herein.

363.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '588 patent.

364.    The claims of the '588 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

365.    Apotex is entitled to a judicial declaration that the claims of the '588 patent are invalid.

## COUNT LXX
### (Declaratory Judgment of Noninfringement of the '588 Patent)

366.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-365 of these Counterclaims as though fully set forth herein.

249

367.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '588 patent.

368.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '588 patent, either literally or under the doctrine of equivalents

369.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '588 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '588 patent, either literally or under the doctrine of equivalents.

### COUNT LXXI
### (Declaratory Judgment of Invalidity of the '181 Patent)

370.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-369 as though fully set forth herein.

371.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '181 patent.

372.    The claims of the '181 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

373.    Apotex is entitled to a judicial declaration that the claims of the '181 patent are invalid.

## COUNT LXXII
### (Declaratory Judgment of Noninfringement of the '181 Patent)

374. Apotex realleges and incorporates by reference the allegations of paragraphs 1-373 of these Counterclaims as though fully set forth herein.

375. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '181 patent.

376. The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '181 patent, either literally or under the doctrine of equivalents

377. Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '181 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '181 patent, either literally or under the doctrine of equivalents.

## COUNT LXXIII
### (Declaratory Judgment of Invalidity of the '182 Patent)

378. Apotex realleges and incorporates by reference the allegations of paragraphs 1-377 as though fully set forth herein.

379. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '182 patent.

380. The claims of the '182 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

381.   Apotex is entitled to a judicial declaration that the claims of the '182 patent are invalid.

## COUNT LXXIV
### (Declaratory Judgment of Noninfringement of the '182 Patent)

382.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-381 of these Counterclaims as though fully set forth herein.

383.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '182 patent.

384.   The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '182 patent, either literally or under the doctrine of equivalents

385.   Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '182 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '182 patent, either literally or under the doctrine of equivalents.

## COUNT LXXV
### (Declaratory Judgment of Invalidity of the '053 Patent)

386.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-385 as though fully set forth herein.

387.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '053 patent.

388.    The claims of the '053 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

389.    Apotex is entitled to a judicial declaration that the claims of the '053 patent are invalid.

**COUNT LXXVI**
**(Declaratory Judgment of Noninfringement of the '053 Patent)**

390.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-389 of these Counterclaims as though fully set forth herein.

391.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '053 patent.

392.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '053 patent, either literally or under the doctrine of equivalents

393.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '053 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '053 patent, either literally or under the doctrine of equivalents.

**COUNT LXXVII**
**(Declaratory Judgment of Invalidity of the '5,693 Patent)**

394.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-393 as though fully set forth herein.

253

395.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '5,693 patent.

396.    The claims of the '5,693 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

397.    Apotex is entitled to a judicial declaration that the claims of the '5,693 patent are invalid.

## COUNT LXXVIII
### (Declaratory Judgment of Noninfringement of the '5,693 Patent)

398.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-397 of these Counterclaims as though fully set forth herein.

399.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '5,693 patent.

400.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '5,693 patent, either literally or under the doctrine of equivalents

401.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '5,693 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '5,693 patent, either literally or under the doctrine of equivalents.

## COUNT LXXIX
### (Declaratory Judgment of Invalidity of the '722 Patent)

402.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-401 as though fully set forth herein.

403.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '722 patent.

404.    The claims of the '722 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

405.    Apotex is entitled to a judicial declaration that the claims of the '722 patent are invalid.

## COUNT LXXX
### (Declaratory Judgment of Noninfringement of the '722 Patent)

406.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-405 of these Counterclaims as though fully set forth herein.

407.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '722 patent.

408.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '722 patent, either literally or under the doctrine of equivalents

409.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '722 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would

255

not infringe, either directly or indirectly, any valid or enforceable claim of the '722 patent, either literally or under the doctrine of equivalents.

## COUNT LXXXI
### (Declaratory Judgment of Invalidity of the '136 Patent)

410. Apotex realleges and incorporates by reference the allegations of paragraphs 1-409 as though fully set forth herein.

411. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '136 patent.

412. The claims of the '136 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

413. Apotex is entitled to a judicial declaration that the claims of the '136 patent are invalid.

## COUNT LXXXII
### (Declaratory Judgment of Noninfringement of the '136 Patent)

414. Apotex realleges and incorporates by reference the allegations of paragraphs 1-413 of these Counterclaims as though fully set forth herein.

415. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '136 patent.

416. The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '136 patent, either literally or under the doctrine of equivalents

417. Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '136 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's

ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '136 patent, either literally or under the doctrine of equivalents.

## COUNT LXXXIII
### (Declaratory Judgment of Invalidity of the '137 Patent)

418.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-417 as though fully set forth herein.

419.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '137 patent.

420.    The claims of the '137 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

421.    Apotex is entitled to a judicial declaration that the claims of the '137 patent are invalid.

## COUNT LXXXIV
### (Declaratory Judgment of Noninfringement of the '137 Patent)

422.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-421 of these Counterclaims as though fully set forth herein.

423.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '137 patent.

424.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '137 patent, either literally or under the doctrine of equivalents

425.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the

257

'137 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '137 patent, either literally or under the doctrine of equivalents.

## COUNT LXXXV
### (Declaratory Judgment of Invalidity of the '153 Patent)

426. Apotex realleges and incorporates by reference the allegations of paragraphs 1-425 as though fully set forth herein.

427. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '153 patent.

428. The claims of the '153 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

429. Apotex is entitled to a judicial declaration that the claims of the '153 patent are invalid.

## COUNT LXXXVI
### (Declaratory Judgment of Noninfringement of the '153 Patent)

430. Apotex realleges and incorporates by reference the allegations of paragraphs 1-429 of these Counterclaims as though fully set forth herein.

431. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '153 patent.

432. The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '153 patent, either literally or under the doctrine of equivalents

258

433.   Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '153 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '153 patent, either literally or under the doctrine of equivalents.

### COUNT LXXXVII
### (Declaratory Judgment of Invalidity of the '358 Patent)

434.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-433 as though fully set forth herein.

435.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '358 patent.

436.   The claims of the '358 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

437.   Apotex is entitled to a judicial declaration that the claims of the '358 patent are invalid.

### COUNT LXXXVIII
### (Declaratory Judgment of Noninfringement of the '358 Patent)

438.   Apotex realleges and incorporates by reference the allegations of paragraphs 1-437 of these Counterclaims as though fully set forth herein.

439.   There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '358 patent.

259

440. The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '358 patent, either literally or under the doctrine of equivalents

441. Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '358 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '358 patent, either literally or under the doctrine of equivalents.

**COUNT LXXXIX**
**(Declaratory Judgment of Invalidity of the '805 Patent)**

442. Apotex realleges and incorporates by reference the allegations of paragraphs 1-441 as though fully set forth herein.

443. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '805 patent.

444. The claims of the '805 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

445. Apotex is entitled to a judicial declaration that the claims of the '805 patent are invalid.

**COUNT XC**
**(Declaratory Judgment of Noninfringement of the '805 Patent)**

446. Apotex realleges and incorporates by reference the allegations of paragraphs 1-445 of these Counterclaims as though fully set forth herein.

447.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '805 patent.

448.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '805 patent, either literally or under the doctrine of equivalents

449.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '805 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '805 patent, either literally or under the doctrine of equivalents.

## COUNT XCI
### (Declaratory Judgment of Invalidity of the '806 Patent)

450.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-449 as though fully set forth herein.

451.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '806 patent.

452.    The claims of the '806 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

453.    Apotex is entitled to a judicial declaration that the claims of the '806 patent are invalid.

## COUNT XCII
### (Declaratory Judgment of Noninfringement of the '806 Patent)

454.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-453 of these Counterclaims as though fully set forth herein.

455.     There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '806 patent.

456.     The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '806 patent, either literally or under the doctrine of equivalents

457.     Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '806 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '806 patent, either literally or under the doctrine of equivalents.

## COUNT XCIII
### (Declaratory Judgment of Invalidity of the '483 Patent)

458.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-457 as though fully set forth herein.

459.     There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '483 patent.

460.     The claims of the '483 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

262

461. Apotex is entitled to a judicial declaration that the claims of the '483 patent are invalid.

## COUNT XCIV
### (Declaratory Judgment of Noninfringement of the '483 Patent)

462. Apotex realleges and incorporates by reference the allegations of paragraphs 1-461 of these Counterclaims as though fully set forth herein.

463. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '483 patent.

464. The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '483 patent, either literally or under the doctrine of equivalents

465. Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '483 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '483 patent, either literally or under the doctrine of equivalents.

## COUNT XCV
### (Declaratory Judgment of Invalidity of the '549 Patent)

466. Apotex realleges and incorporates by reference the allegations of paragraphs 1-465 as though fully set forth herein.

467. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '549 patent.

468.    The claims of the '549 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

469.    Apotex is entitled to a judicial declaration that the claims of the '549 patent are invalid.

## COUNT XCVI
### (Declaratory Judgment of Noninfringement of the '549 Patent)

470.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-469 of these Counterclaims as though fully set forth herein.

471.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '549 patent.

472.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '549 patent, either literally or under the doctrine of equivalents

473.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '549 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '549 patent, either literally or under the doctrine of equivalents.

## COUNT XCVII
### (Declaratory Judgment of Invalidity of the '295 Patent)

474.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-473 as though fully set forth herein.

264

475.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '295 patent.

476.    The claims of the '295 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

477.    Apotex is entitled to a judicial declaration that the claims of the '295 patent are invalid.

## COUNT XCVIII
### (Declaratory Judgment of Noninfringement of the '295 Patent)

478.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-477 of these Counterclaims as though fully set forth herein.

479.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '295 patent.

480.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '295 patent, either literally or under the doctrine of equivalents

481.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '295 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '295 patent, either literally or under the doctrine of equivalents.

## COUNT XCIX
### (Declaratory Judgment of Invalidity of the '328 Patent)

482.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-481 as though fully set forth herein.

483.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '328 patent.

484.    The claims of the '328 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

485.    Apotex is entitled to a judicial declaration that the claims of the '328 patent are invalid.

## COUNT C
### (Declaratory Judgment of Noninfringement of the '328 Patent)

486.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-485 of these Counterclaims as though fully set forth herein.

487.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '328 patent.

488.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '328 patent, either literally or under the doctrine of equivalents

489.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '328 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would

not infringe, either directly or indirectly, any valid or enforceable claim of the '328 patent, either literally or under the doctrine of equivalents.

## COUNT CI
### (Declaratory Judgment of Invalidity of the '626 Patent)

490.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-489 as though fully set forth herein.

491.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '626 patent.

492.    The claims of the '626 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

493.    Apotex is entitled to a judicial declaration that the claims of the '626 patent are invalid.

## COUNT CII
### (Declaratory Judgment of Noninfringement of the '626 Patent)

494.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-493 of these Counterclaims as though fully set forth herein.

495.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '626 patent.

496.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '626 patent, either literally or under the doctrine of equivalents

497.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '626 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's

267

ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '626 patent, either literally or under the doctrine of equivalents.

## COUNT CIII
### (Declaratory Judgment of Invalidity of the '213 Patent)

498.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-497 as though fully set forth herein.

499.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '213 patent.

500.    The claims of the '213 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

501.    Apotex is entitled to a judicial declaration that the claims of the '213 patent are invalid.

## COUNT CIV
### (Declaratory Judgment of Noninfringement of the '213 Patent)

502.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-501 of these Counterclaims as though fully set forth herein.

503.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '213 patent.

504.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '213 patent, either literally or under the doctrine of equivalents

505.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the

'213 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '213 patent, either literally or under the doctrine of equivalents.

## COUNT CV
### (Declaratory Judgment of Invalidity of the '323 Patent)

506.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-505 as though fully set forth herein.

507.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '323 patent.

508.    The claims of the '323 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

509.    Apotex is entitled to a judicial declaration that the claims of the '323 patent are invalid.

## COUNT CVI
### (Declaratory Judgment of Noninfringement of the '323 Patent)

510.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-509 of these Counterclaims as though fully set forth herein.

511.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '323 patent.

512.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '323 patent, either literally or under the doctrine of equivalents

269

513.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '323 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '323 patent, either literally or under the doctrine of equivalents.

## COUNT CVII
### (Declaratory Judgment of Invalidity of the '684 Patent)

514.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-513 as though fully set forth herein.

515.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '684 patent.

516.    The claims of the '684 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

517.    Apotex is entitled to a judicial declaration that the claims of the '684 patent are invalid.

## COUNT CVIII
### (Declaratory Judgment of Noninfringement of the '684 Patent)

518.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-517 of these Counterclaims as though fully set forth herein.

519.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '684 patent.

520.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '684 patent, either literally or under the doctrine of equivalents

521.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '684 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '684 patent, either literally or under the doctrine of equivalents.

### COUNT CIX
### (Declaratory Judgment of Invalidity of the '414 Patent)

522.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-521 as though fully set forth herein.

523.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '414 patent.

524.    The claims of the '414 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

525.    Apotex is entitled to a judicial declaration that the claims of the '414 patent are invalid.

### COUNT CX
### (Declaratory Judgment of Noninfringement of the '414 Patent)

526.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-525 of these Counterclaims as though fully set forth herein.

271

527.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '414 patent.

528.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '414 patent, either literally or under the doctrine of equivalents

529.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '414 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '414 patent, either literally or under the doctrine of equivalents.

## COUNT CXI
### (Declaratory Judgment of Invalidity of the '464 Patent)

530.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-529 as though fully set forth herein.

531.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '464 patent.

532.    The claims of the '464 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

533.    Apotex is entitled to a judicial declaration that the claims of the '464 patent are invalid.

## COUNT CXII
### (Declaratory Judgment of Noninfringement of the '464 Patent)

534. Apotex realleges and incorporates by reference the allegations of paragraphs 1-533 of these Counterclaims as though fully set forth herein.

535. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '464 patent.

536. The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '464 patent, either literally or under the doctrine of equivalents

537. Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '464 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '464 patent, either literally or under the doctrine of equivalents.

## COUNT CXIII
### (Declaratory Judgment of Invalidity of the '465 Patent)

538. Apotex realleges and incorporates by reference the allegations of paragraphs 1-537 as though fully set forth herein.

539. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '465 patent.

540. The claims of the '465 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

541.    Apotex is entitled to a judicial declaration that the claims of the '465 patent are invalid.

## COUNT CXIV
### (Declaratory Judgment of Noninfringement of the '465 Patent)

542.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-541 of these Counterclaims as though fully set forth herein.

543.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '465 patent.

544.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '465 patent, either literally or under the doctrine of equivalents

545.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '465 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '465 patent, either literally or under the doctrine of equivalents.

## COUNT CXV
### (Declaratory Judgment of Invalidity of the '4,429 Patent)

546.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-545 as though fully set forth herein.

547.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '4,429 patent.

274

548.     The claims of the '4,429 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

549.     Apotex is entitled to a judicial declaration that the claims of the '4,429 patent are invalid.

## COUNT CXVI
### (Declaratory Judgment of Noninfringement of the '4,429 Patent)

550.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-549 of these Counterclaims as though fully set forth herein.

551.     There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '4,429 patent.

552.     The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '4,429 patent, either literally or under the doctrine of equivalents

553.     Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '4,429 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '4,429 patent, either literally or under the doctrine of equivalents.

## COUNT CXVII
### (Declaratory Judgment of Invalidity of the '927 Patent)

554.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-553 as though fully set forth herein.

275

555.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '927 patent.

556.    The claims of the '927 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

557.    Apotex is entitled to a judicial declaration that the claims of the '927 patent are invalid.

### COUNT CXVIII
### (Declaratory Judgment of Noninfringement of the '927 Patent)

558.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-557 of these Counterclaims as though fully set forth herein.

559.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '927 patent.

560.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '927 patent, either literally or under the doctrine of equivalents

561.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '927 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '927 patent, either literally or under the doctrine of equivalents.

## COUNT CXIX
### (Declaratory Judgment of Invalidity of the '428 Patent)

562.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-561 as though fully set forth herein.

563.     There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '428 patent.

564.     The claims of the '428 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

565.     Apotex is entitled to a judicial declaration that the claims of the '428 patent are invalid.

## COUNT CXX
### (Declaratory Judgment of Noninfringement of the '428 Patent)

566.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-565 of these Counterclaims as though fully set forth herein.

567.     There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '428 patent.

568.     The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '428 patent, either literally or under the doctrine of equivalents

569.     Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '428 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would

277

not infringe, either directly or indirectly, any valid or enforceable claim of the '428 patent, either literally or under the doctrine of equivalents.

### COUNT CXXI
### (Declaratory Judgment of Invalidity of the '563 Patent)

570.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-569 as though fully set forth herein.

571.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '563 patent.

572.    The claims of the '563 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

573.    Apotex is entitled to a judicial declaration that the claims of the '563 patent are invalid.

### COUNT CXXII
### (Declaratory Judgment of Noninfringement of the '563 Patent)

574.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-573 of these Counterclaims as though fully set forth herein.

575.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '563 patent.

576.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '563 patent, either literally or under the doctrine of equivalents

577.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '563 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's

ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '563 patent, either literally or under the doctrine of equivalents.

## COUNT CXXIII
### (Declaratory Judgment of Invalidity of the '456 Patent)

578.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-577 as though fully set forth herein.

579.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '456 patent.

580.    The claims of the '456 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

581.    Apotex is entitled to a judicial declaration that the claims of the '456 patent are invalid.

## COUNT CXXIV
### (Declaratory Judgment of Noninfringement of the '456 Patent)

582.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-581 of these Counterclaims as though fully set forth herein.

583.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '456 patent.

584.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '456 patent, either literally or under the doctrine of equivalents

585.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the

'456 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '456 patent, either literally or under the doctrine of equivalents.

### COUNT CXXV
### (Declaratory Judgment of Invalidity of the '755 Patent)

586.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-585 as though fully set forth herein.

587.     There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '755 patent.

588.     The claims of the '755 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

589.     Apotex is entitled to a judicial declaration that the claims of the '755 patent are invalid.

### COUNT CXXVI
### (Declaratory Judgment of Noninfringement of the '755 Patent)

590.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-589 of these Counterclaims as though fully set forth herein.

591.     There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '755 patent.

592.     The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '755 patent, either literally or under the doctrine of equivalents

280

593.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '755 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '755 patent, either literally or under the doctrine of equivalents.

### COUNT CXXVII
### (Declaratory Judgment of Invalidity of the '756 Patent)

594.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-593 as though fully set forth herein.

595.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '756 patent.

596.    The claims of the '756 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

597.    Apotex is entitled to a judicial declaration that the claims of the '756 patent are invalid.

### COUNT CXXVIII
### (Declaratory Judgment of Noninfringement of the '756 Patent)

598.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-597 of these Counterclaims as though fully set forth herein.

599.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '756 patent.

281

600. The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '756 patent, either literally or under the doctrine of equivalents

601. Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '756 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '756 patent, either literally or under the doctrine of equivalents.

**COUNT CXXIX**
**(Declaratory Judgment of Invalidity of the '791 Patent)**

602. Apotex realleges and incorporates by reference the allegations of paragraphs 1-601 as though fully set forth herein.

603. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '791 patent.

604. The claims of the '791 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

605. Apotex is entitled to a judicial declaration that the claims of the '791 patent are invalid.

**COUNT CXXX**
**(Declaratory Judgment of Noninfringement of the '791 Patent)**

606. Apotex realleges and incorporates by reference the allegations of paragraphs 1-605 of these Counterclaims as though fully set forth herein.

282

607.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '791 patent.

608.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '791 patent, either literally or under the doctrine of equivalents

609.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '791 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '791 patent, either literally or under the doctrine of equivalents.

## COUNT CXXXI
### (Declaratory Judgment of Invalidity of the '173 Patent)

610.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-609 as though fully set forth herein.

611.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '173 patent.

612.    The claims of the '173 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

613.    Apotex is entitled to a judicial declaration that the claims of the '173 patent are invalid.

## COUNT CXXXII
### (Declaratory Judgment of Noninfringement of the '173 Patent)

614.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-613 of these Counterclaims as though fully set forth herein.

615.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '173 patent.

616.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '173 patent, either literally or under the doctrine of equivalents

617.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '173 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '173 patent, either literally or under the doctrine of equivalents.

## COUNT CXXXIII
### (Declaratory Judgment of Invalidity of the '441 Patent)

618.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-617 as though fully set forth herein.

619.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '441 patent.

620.    The claims of the '441 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

284

621.    Apotex is entitled to a judicial declaration that the claims of the '441 patent are invalid.

## COUNT CXXXIV
### (Declaratory Judgment of Noninfringement of the '441 Patent)

622.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-621 of these Counterclaims as though fully set forth herein.

623.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '441 patent.

624.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '441 patent, either literally or under the doctrine of equivalents

625.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '441 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '441 patent, either literally or under the doctrine of equivalents.

## COUNT CXXXV
### (Declaratory Judgment of Invalidity of the '085 Patent)

626.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-625 as though fully set forth herein.

627.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '085 patent.

285

628. The claims of the '085 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

629. Apotex is entitled to a judicial declaration that the claims of the '085 patent are invalid.

**COUNT CXXXVI**
**(Declaratory Judgment of Noninfringement of the '085 Patent)**

630. Apotex realleges and incorporates by reference the allegations of paragraphs 1-629 of these Counterclaims as though fully set forth herein.

631. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '085 patent.

632. The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '085 patent, either literally or under the doctrine of equivalents

633. Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '085 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '085 patent, either literally or under the doctrine of equivalents.

**COUNT CXXXVII**
**(Declaratory Judgment of Invalidity of the '522 Patent)**

634. Apotex realleges and incorporates by reference the allegations of paragraphs 1-633 as though fully set forth herein.

286

635.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '522 patent.

636.    The claims of the '522 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

637.    Apotex is entitled to a judicial declaration that the claims of the '522 patent are invalid.

### COUNT CXXXVIII
### (Declaratory Judgment of Noninfringement of the '522 Patent)

638.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-637 of these Counterclaims as though fully set forth herein.

639.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '522 patent.

640.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '522 patent, either literally or under the doctrine of equivalents

641.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '522 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '522 patent, either literally or under the doctrine of equivalents.

## COUNT CXXXIX
### (Declaratory Judgment of Invalidity of the '250 Patent)

642.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-641 as though fully set forth herein.

643.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '250 patent.

644.    The claims of the '250 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

645.    Apotex is entitled to a judicial declaration that the claims of the '250 patent are invalid.

## COUNT CXL
### (Declaratory Judgment of Noninfringement of the '250 Patent)

646.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-645 of these Counterclaims as though fully set forth herein.

647.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '250 patent.

648.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '250 patent, either literally or under the doctrine of equivalents

649.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '250 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would

not infringe, either directly or indirectly, any valid or enforceable claim of the '250 patent, either literally or under the doctrine of equivalents.

## COUNT CXLI
### (Declaratory Judgment of Invalidity of the '354 Patent)

650.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-649 as though fully set forth herein.

651.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '354 patent.

652.    The claims of the '354 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

653.    Apotex is entitled to a judicial declaration that the claims of the '354 patent are invalid.

## COUNT CXLII
### (Declaratory Judgment of Noninfringement of the '354 Patent)

654.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-653 of these Counterclaims as though fully set forth herein.

655.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '354 patent.

656.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '354 patent, either literally or under the doctrine of equivalents

657.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '354 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's

289

ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '354 patent, either literally or under the doctrine of equivalents.

## COUNT CXLIII
### (Declaratory Judgment of Invalidity of the '370 Patent)

658.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-657 as though fully set forth herein.

659.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '370 patent.

660.    The claims of the '370 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

661.    Apotex is entitled to a judicial declaration that the claims of the '370 patent are invalid.

## COUNT CXLIV
### (Declaratory Judgment of Noninfringement of the '370 Patent)

662.    Apotex realleges and incorporates by reference the allegations of paragraphs 1-661 of these Counterclaims as though fully set forth herein.

663.    There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '370 patent.

664.    The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '370 patent, either literally or under the doctrine of equivalents

665.    Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the

290

'370 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '370 patent, either literally or under the doctrine of equivalents.

## COUNT CXLV
### (Declaratory Judgment of Invalidity of the '117 Patent)

666. Apotex realleges and incorporates by reference the allegations of paragraphs 1-665 as though fully set forth herein.

667. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '117 patent.

668. The claims of the '117 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

669. Apotex is entitled to a judicial declaration that the claims of the '117 patent are invalid.

## COUNT CXLVI
### (Declaratory Judgment of Noninfringement of the '117 Patent)

670. Apotex realleges and incorporates by reference the allegations of paragraphs 1-669 of these Counterclaims as though fully set forth herein.

671. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '117 patent.

672. The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '117 patent, either literally or under the doctrine of equivalents

291

673. Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '117 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '117 patent, either literally or under the doctrine of equivalents.

## COUNT CXLVII
### (Declaratory Judgment of Invalidity of the '052 Patent)

674. Apotex realleges and incorporates by reference the allegations of paragraphs 1-673 as though fully set forth herein.

675. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '052 patent.

676. The claims of the '052 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

677. Apotex is entitled to a judicial declaration that the claims of the '052 patent are invalid.

## COUNT CXLVIII
### (Declaratory Judgment of Noninfringement of the '052 Patent)

678. Apotex realleges and incorporates by reference the allegations of paragraphs 1-677 of these Counterclaims as though fully set forth herein.

679. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '052 patent.

680.     The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '052 patent, either literally or under the doctrine of equivalents

681.     Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '052 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '052 patent, either literally or under the doctrine of equivalents.

**COUNT CXLIX**
**(Declaratory Judgment of Invalidity of the '196 Patent)**

682.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-681 as though fully set forth herein.

683.     There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, the invalidity of the '196 patent.

684.     The claims of the '196 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

685.     Apotex is entitled to a judicial declaration that the claims of the '196 patent are invalid.

**COUNT CL**
**(Declaratory Judgment of Noninfringement of the '196 Patent)**

686.     Apotex realleges and incorporates by reference the allegations of paragraphs 1-685 of these Counterclaims as though fully set forth herein.

687. There is an actual, substantial, and continuing case or controversy between Apotex and Plaintiff regarding, *inter alia*, non-infringement of the claims of the '196 patent.

688. The filing of Apotex's ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '196 patent, either literally or under the doctrine of equivalents

689. Apotex is entitled to a judicial declaration that the filing of its ANDA has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the '196 patent, either literally or under the doctrine of equivalents, and that, consequently, Apotex's ANDA product—if made, used, sold, offered for sale, imported or marketed—does not and would not infringe, either directly or indirectly, any valid or enforceable claim of the '196 patent, either literally or under the doctrine of equivalents.

## **REQUEST FOR RELIEF**

WHEREFORE, Apotex respectfully requests that the Court enter judgment in its favor and against Plaintiff as follows:

(A)   Dismissing Plaintiff's Complaint, and each and every claim by Plaintiff against Apotex for relief contained therein, with prejudice;

(B)   Declaring that the claims of the '075 patent, the '010 patent, the '614 patent, the '131 patent, the '278 patent, the '324 patent, the '312 patent, the '224 patent, the '839 patent, the '736 patent, the '014 patent, the '069 patent, the '692 patent, the '2,693 patent, the '950 patent, the '101 patent, the '642 patent, the '664 patent, the '144 patent, the '777 patent, the '102 patent, the '185 patent, the '5,429 patent, the '430 patent, the '535 patent, the '602 patent, the '583 patent, the '696 patent, the '697 patent, the '773 patent, the '617 patent, the '618 patent, the '165 patent, the '166 patent, the '588 patent, the '181 patent, the '182 patent, the '053 patent, the '5,693 patent, the

294

'722 patent, the '136 patent, the '137 patent, the '153 patent, the '358 patent, the '805 patent, the '806 patent, the '483 patent, the '549 patent, the '295 patent, the '328 patent, the '626 patent, the '213 patent, the '323 patent, the '684 patent, the '414 patent, the '464 patent, the '465 patent, the '4,429 patent, the '927 patent, the '428 patent, the '563 patent, the '456 patent, the '755 patent, the '756 patent, the '791 patent, the '173 patent, the '441 patent, the '085 patent, the '522 patent, the '250 patent, the '354 patent, the '370 patent, the '117 patent, the '052 patent, or the '196 patent, and that the claims of the '075 patent, the '010 patent, the '614 patent, the '131 patent, the '278 patent, the '324 patent, the '312 patent, the '224 patent, the '839 patent, the '736 patent, the '014 patent, the '069 patent, the '692 patent, the '2,693 patent, the '950 patent, the '101 patent, the '642 patent, the '664 patent, the '144 patent, the '777 patent, the '102 patent, the '185 patent, the '5,429 patent, the '430 patent, the '535 patent, the '602 patent, the '583 patent, the '696 patent, the '697 patent, the '773 patent, the '617 patent, the '618 patent, the '165 patent, the '166 patent, the '588 patent, the '181 patent, the '182 patent, the '053 patent, the '5,693 patent, the '722 patent, the '136 patent, the '137 patent, the '153 patent, the '358 patent, the '805 patent, the '806 patent, the '483 patent, the '549 patent, the '295 patent, the '328 patent, the '626 patent, the '213 patent, the '323 patent, the '684 patent, the '414 patent, the '464 patent, the '465 patent, the '4,429 patent, the '927 patent, the '428 patent, the '563 patent, the '456 patent, the '755 patent, the '756 patent, the '791 patent, the '173 patent, the '441 patent, the '085 patent, the '522 patent, the '250 patent, the '354 patent, the '370 patent, the '117 patent, the '052 patent, and the '196 patent are invalid for failure to comply with one or more provisions of 35 U.S.C. § 101, *et seq*. including, *inter alia*, §§ 102, 103, and 112;

(C)     Declaring that the filing of Apotex's ANDA and the manufacture, use, offer for sale, sale, or importation of Apotex's ANDA product, has not, does not, and will not infringe,

295

either literally or under the doctrine of equivalents, either directly or indirectly, any valid and enforceable claim of the '075 patent, the '010 patent, the '614 patent, the '131 patent, the '278 patent, the '324 patent, the '312 patent, the '224 patent, the '839 patent, the '736 patent, the '014 patent, the '069 patent, the '692 patent, the '2,693 patent, the '950 patent, the '101 patent, the '642 patent, the '664 patent, the '144 patent, the '777 patent, the '102 patent, the '185 patent, the '5,429 patent, the '430 patent, the '535 patent, the '602 patent, the '583 patent, the '696 patent, the '697 patent, the '773 patent, the '617 patent, the '618 patent, the '165 patent, the '166 patent, the '588 patent, the '181 patent, the '182 patent, the '053 patent, the '5,693 patent, the '722 patent, the '136 patent, the '137 patent, the '153 patent, the '358 patent, the '805 patent, the '806 patent, the '483 patent, the '549 patent, the '295 patent, the '328 patent, the '626 patent, the '213 patent, the '323 patent, the '684 patent, the '414 patent, the '464 patent, the '465 patent, the '4,429 patent, the '927 patent, the '428 patent, the '563 patent, the '456 patent, the '755 patent, the '756 patent, the '791 patent, the '173 patent, the '441 patent, the '085 patent, the '522 patent, the '250 patent, the '354 patent, the '370 patent, the '117 patent, the '052 patent, or the '196 patent;

(D)    Declaring this case exceptional and awarding Apotex reasonable attorneys' fees and costs under 35 U.S.C. § 285;

(E)    Awarding Apotex its costs and expenses; and

(F)    Awarding Apotex such other and further relief as the Court deems just and proper.

Dated:  December 11, 2025

By: s/  Arnold B. Calmann

*Of Counsel*:

Andrew M. Alul
Richard T. Ruzich
Roshan P. Shrestha
Luke T. Shannon
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Dr., Suite 2600
Chicago, Illinois 60601
312.527.4000

Arnold B. Calmann
abc@saiber.com
Katherine A. Escanlar
kescanlar@saiber.com
SAIBER LLC
7 Giralda Farms, Suite 360
Madison, New Jersey 07940
973.622.333

297

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Under Local Civil Rule 11.2, the undersigned counsel for Apotex hereby certifies that this matter is not the subject of any other action in any other court, or of any pending arbitration or administrative proceeding.


Dated:  December 11, 2025            s/ Arnold B. Calmann
                                           Arnold B. Calmann


## LOCAL CIVIL RULE 201.1 CERTIFICATION

Under Local Civil Rule 201.1, the undersigned counsel for Apotex hereby certifies that Apotex seeks declaratory relief and therefore, this action is not appropriate for compulsory arbitration.


Dated:  December 11, 2025            s/ Arnold B. Calmann
                                           Arnold B. Calmann