

**Saiber**

ATTORNEYS AT LAW

**Arnold B. Calmann**
**973.645.4828**
abc@saiber.com

March 18, 2026

**BY CM/ECF**
The Honorable Michael E. Farbiarz, U.S.D.J.
United States District Court for the District of New Jersey
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, New Jersey 07101

> Re:   **Axsome Therapeutics, Inc. v. Apotex Inc.**
>       **Civil Action No.: 2:25-16038 (MEF) (AME)**

Dear Judge Farbiarz:

This firm, together with Taft Stettinius & Hollister LLP, represents Defendant Apotex Inc. ("Apotex") in the above matter. We write to respectfully oppose Plaintiff Axsome Therapeutics, Inc.'s ("Axsome") request (ECF No. 38) for an additional four-plus weeks beyond the current March 23 deadline to respond to Apotex's pending Rule 12(c) motion for judgment on the pleadings (ECF No. 36).

As set forth in Apotex's opening brief (ECF No. 37 at 1–2, 16–17), this Hatch-Waxman matter is unprecedented in both scope and scale. Axsome asserts infringement of 75 patents encompassing ***1,856 individual claims***. ECF No. 1, Compl. Apotex's Rule 12(c) motion seeks judgment on the pleadings of non-infringement as to 56 of those patents—patents for which Axsome cannot plausibly plead infringement and for which Apotex does not infringe. Apotex further requested early and expedited consideration of its motion (ECF No. 37 at 16-17) in light of the extraordinary case size and the resulting burdens such scope imposes on discovery.[1]

---

[1] For example, this District's Local Patent Rules require "*ultra* early disclosure of…invalidity contentions for patent cases arising under the Hatch-Waxman Act," *Sanofi-Aventis v. Barr Labs., Inc.*, 598 F. Supp. 2d 632, 637 (D.N.J. 2009) (emphasis in original), and, "invalidity contentions must be detailed and specific," *Merck Sharp & Dohme Corp. v. Sandoz, Inc.*, C.A. No. 12-3289 (PGS)(LHG), 2014 WL 997532, at *6 (D.N.J. Jan. 6, 2014), and include "a chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found," Local Patent Rule 3.3(c). As explained in Apotex's opening Rule 12(c) motion brief, requiring Apotex to carry this out for each of the 1,856 claims of the 75 asserted patents—with each having multiple limitations—will be incredibly disproportional to the needs of this case, in conflict with Rule 26(b)(1). ECF No. 37 at 16-17.

---

Honorable Michael E. Farbiarz, U.S.D.J.
March 18, 2026
Page 2

In response to Axsome's request for an extension, Apotex suggested that any modification to the briefing schedule be discussed in connection with the parties' ongoing Rule 26(f) negotiations (ECF No. 29) concerning case management and proportionality. Specifically, during meet-and-confer discussions, Apotex advised that it would be amenable to Axsome's requested extension if Axsome would agree to defer written discovery—namely, the invalidity, non-infringement, and infringement contentions required by L.Pat.R. 3.3 and 3.6—for the 56 patents subject to Apotex's Rule 12(c) motion. Despite expressing its view that it has viable infringement claims for all 75 patents and that it intends both to maintain those claims and to oppose Apotex's motion,[2] Axsome declined even to discuss this proposal.

Axsome's refusal to engage in reasonable case-management discussions addressing the extraordinary breadth of this action only underscores the importance of expedited consideration of Apotex's Rule 12(c) motion—an objective that would be frustrated by the lengthy extension Axsome seeks. Apotex therefore respectfully requests that the Court deny Axsome's request.

Alternatively, if the Court is inclined to grant Axsome the additional time it seeks, Apotex respectfully requests a corresponding extension of its reply deadline to May 4, 2026—three additional business days—due to preexisting commitments of Apotex's lead counsel from April 26–29.

We appreciate the Court's consideration in this matter and stand ready to address any questions at the Court's convenience.

Respectfully submitted,

Arnold B. Calmann

cc: Counsel of Record (via ECF)

---

[2] In light of Axsome's representation during meet-and-confer discussions that it has viable infringement claims for all 75 patents, it is difficult to understand why Axsome requires an additional four-plus weeks to consult with experts and prepare its response to Apotex's Rule 12(c) motion.