

Charles M. Lizza

Phone:  (973) 286-6715

Fax:  (973) 286-6815

clizza@saul.com

www.saul.com

April 10, 2026

**VIA ECF**

The Honorable André M. Espinosa, U.S.M.J.
United States District Court
Martin Luther King Jr. Fed. Bldg. & U.S. Courthouse
50 Walnut St.
Newark, New Jersey 07102

> Re:    *Axsome Therapeutics, Inc. v. Apotex Inc.*
>         Civil Action No. 25-16038 (MEF)(AME)

Dear Judge Espinosa:

This firm, together with Quinn Emanuel Urquhart & Sullivan, LLP, represents Plaintiff Axsome Therapeutics, Inc. in the above-captioned matter.  As directed by Your Honor during the March 26, 2026 Initial Scheduling Conference and the Court's April 1, 2026 text Order (D.I. 44), we write with counsel for Defendant Apotex Inc. regarding a proposed case schedule.

The parties have met and conferred and have been unable to agree on a proposed case schedule.  Their respective proposals are attached as Appendix A, and their respective positions are below.  The parties are available for a conference with Your Honor if that would be helpful to the Court.

**Axsome's Position**

Plaintiff Axsome respectfully requests that the Court adopt its proposed schedule.  At the Rule 16 conference, Your Honor granted Defendant Apotex's request for a six month period to complete its L. Pat. R. 3.3 Invalidity Contentions and directed the parties to submit a proposed schedule to the Court.  Axsome's proposed schedule is consistent with the parties' discussions with Your Honor during the Rule 16 conference and Your Honor's subsequent text order (D.I. 44), and takes into consideration the parameters of this case.  In contrast, Apotex is rearguing positions and is attempting to penalize Axsome for *Apotex* having *Apotex's* own request for a six month contentions period granted.

In its proposed schedule, Axsome provides six months for both Apotex's L. Pat. R. 3.3 contentions and Axsome's L. Pat. R. 3.1 responsive contentions.  Axsome's proposal otherwise

Hon. André M. Espinosa, U.S.M.J.
April 10, 2026
Page 2

largely adheres to timeframes set forth in the Local Patent Rules.  With respect to expert discovery, particularly given that this case is in nascent stages and the scope of the issues in this case are unknown, Axsome submits that expert-discovery deadlines should remain "to be determined."  The parties can revisit expert-discovery proposals when fact discovery is further along and the material issues are crystallized.

Apotex's proposed schedule, in contrast, will only serve to unduly prejudice Axsome.

*First*, with respect to contentions, Apotex proposes that Axsome receive half as much time for its contentions that Apotex receives:

| Event | Plaintiff's Proposal | Defendant's Proposal |
|---|---|---|
| Defendant's non-infringement and invalidity contentions | 9/28/2026 (6 months) | 9/28/2026 (6 months) |
| Plaintiff's responses to invalidity contentions and infringement contentions | 3/25/2027 (6 months) | 12/30/26 (3 months) |

But under the Local Patent Rules, a Hatch-Waxman plaintiff like Axsome is ordinarily entitled to 50% *more* time than a defendant for its responsive and infringement contentions, which here would be nine months, not 50% *less*.  *Compare* L. Pat. R. 3.6(c), (e) *with* L. Pat. R. 3.6 (g), (i).  Apotex, having requested six months for itself, is undoubtedly aware of the effort and time that contentions will require.  To trim that time to three months does not provide Axsome with sufficient time to adequately prepare its contentions.

Apotex argues that the Court ordered the parties to wholesale adopt Apotex's proposed "alternative" schedule from the Joint Proposed Discovery Plan, which proposes that Axsome receive three months for its responsive contentions.  But that schedule was not discussed during the Rule 16 conference, and at no point did Axsome agree to that schedule.  The only date discussed was the time for Apotex's L. Pat. R. 3.3 contentions.  In fact, as presented in the Joint Proposed Discovery Plan, Apotex's "Alternative Requestion for Additional Time" was limited to a request for six months only for Apotex's contentions—there was no discussion of an overall schedule.  *See* D.I. 42 at 12.  Moreover, after the Court granted Apotex's request for additional time for contentions, Axsome specifically stated to Your Honor that it would work together with Apotex to put together a proposed schedule for the Court's consideration.[1]

---

[1] Apotex's discussion regarding Axsome's "apparent strategy" is not well taken.  Before the Rule 16 conference, Apotex presented multiple problematic proposals, at least one of which created due process concerns.  To the extent that Apotex is purportedly concerned about the 30-month stay following its request for six months for its contentions, such concerns are of Apotex's own making.  Apotex *chose* to file Paragraph IV certifications, and *chose* to approach the Court with

Hon. André M. Espinosa, U.S.M.J.
April 10, 2026
Page 3

*Second*, Apotex seeks to compress a number of Local Patent Rules deadlines, including with respect to *Markman*.  For example, whereas the Local Patent Rules provide 21 days for supporting-evidence *Markman* exchanges under LPR 4.2(a)-(b), Apotex seeks to trim that window to 14 days.  And while the Local Patent Rules provide 60 days for responding *Markman* briefs, Apotex proposes to cut that time to 42 days.  Deviation from time periods set forth under the Local Patent Rules for *Markman* exchanges is neither necessary nor appropriate here.  Apotex should not be permitted to accelerate a Hatch-Waxman case after seeking nearly six times the default for its contentions.

*Third*, Apotex seeks truncated time periods for expert reports and depositions.  While Axsome believes that it would be better for the parties to propose an expert discovery schedule after the parties' positions are crystallized, should the Court be inclined to order a schedule for expert discovery at this time, then Axsome respectfully requests that this Court enter its proposed deadlines, which build in a more reasonable amount of time for reports and depositions.  Axsome's proposed schedule is reasonable, non-prejudicial, and allows time for the parties to fully develop their cases and prepare matters for trial.

Axsome should not be prejudiced and the case should not be shorted because of Apotex's desire to speed up deadlines after having six months for its own contentions.  Accordingly, Axsome respectfully requests that this Court reject Apotex's proposal and enter Axsome's proposed schedule.

**Apotex's Position**

At the March 26, 2026 Rule 16 conference, the Court denied Apotex's requests for two case-management measures:  (1) a deferral of written discovery as to the 56 patents that are the subject of Apotex's pending Rule 12(c) motion to dismiss (the "SOBEDEX patents"), and (2) early claim narrowing—measures Apotex proposed to rein in the unprecedented size and scope of this Hatch-Waxman action.  Instead, the Court adopted Apotex's alternative proposal:  a schedule that affords Apotex approximately six months to prepare and serve its invalidity and non-infringement contentions, while still allowing sufficient time for a trial before expiration of the 30-month stay.  In doing so, the Court struck a careful balance between Apotex's concern about the burden of preparing detailed and specific contentions under L. Pat. R. 3.3 and 3.6 for 1,856 claims spanning 75 asserted patents,[2] and Axsome's asserted concerns—raised repeatedly in the proposed Joint Discovery Plan ("JDP") (ECF No. 42) and at the Rule 16 conference—that Apotex's requested

---

a request for six months for its contentions.  Under these circumstances, Axsome is proposing a case schedule that is reasonable and permits time for the parties to develop the case for trial.

[2] Following the Rule 16 conference, on April 2, 2026, Axsome served its Disclosure of Asserted Claims pursuant to L. Pat. R. 3.6(b), revealing that it is currently asserting 1,644 claims—nearly 90% of the total claims across the 75 patents asserted in this action.  Even after purported claim narrowing, this remains a staggering and unprecedented number of asserted patent claims in a Hatch-Waxman case

Hon. André M. Espinosa, U.S.M.J.
April 10, 2026
Page 4

case-management measures would lead to discovery inefficiencies and jeopardize the 30-month stay.

The schedule Apotex now proposes is identical to the "alternative proposal" that this Court previously found "appropriate" (ECF No. 44, Text Order) and adopted in lieu of the case-management measures Apotex initially requested. *Compare* Ex. A (Defs.' Proposed Dates) *with* ECF No. 42, JDP at 12 and Ex. 1 (Defs.' Proposed Dates). By contrast, Axsome now advances a schedule that forecloses any possibility of a trial before expiration of the 30-month stay—an outcome Axsome previously invoked as a basis to oppose Apotex's proposed case-management measures aimed at controlling the size and scope of this action. The contrast is stark. Axsome's current proposal undermines the very concern it repeatedly asserted during negotiations over the JDP and at the Rule 16 conference, casting serious doubt on the genuineness of its professed reliance on the 30-month stay.

Indeed, Axsome's apparent strategy is now coming into focus: leveraging the enormous and unprecedented size and scope of its case to manufacture an extension of the 30-month stay by rendering compliance with this Court's standard Local Patent Rule deadlines impracticable. That strategy explains Axsome's vigorous opposition to Apotex's reasonable case-management proposals, followed by its eventual acquiescence—only after prompting by the Court at the Rule 16 conference—that some accommodation was necessary to afford Apotex meaningful relief. By agreeing to Apotex's alternative proposal, Axsome preserved the ability to argue that any additional time afforded to Apotex under the Local Patent Rules must be matched by corresponding extensions for Axsome's discovery obligations. The predictable result is a schedule that eliminates the possibility of a trial before expiration of the 30-month stay and positions Axsome to seek an extension of that stay it previously claimed to be intent on preserving.

Axsome contends that Apotex's proposed schedule departs from the structure of the standard timeline contemplated by the Local Patent Rules by affording Apotex more time to prepare its contentions under L. Pat. R. 3.6(c) and (e) than Axsome would have to prepare its contention responses under L. Pat. R. 3.6(g) and (i), and by shortening the *Markman* and expert discovery periods. But any such deviation is the product of Axsome's own strategic choices. Axsome exercises unilateral control over the size of its case and expressly represented to the Court at the Rule 16 conference that it would promptly narrow the case by dropping asserted patent claims ***both*** at the time of its disclosure under L. Pat. R. 3.6(b) ***and again*** when serving its contention responses under L. Pat. R. 3.6(g) and (i). Based on those representations, Axsome argued that Apotex's proposed case-management measures were unnecessary.

Against that backdrop, the deviation in Apotex's proposed schedule is entirely justified. Apotex will require the full six months to prepare detailed and specific invalidity and non-infringement contentions addressing an extraordinary 1,644 asserted claims. Axsome, by contrast, need not—and based on its own representations should not—require anything approaching equal time to prepare its contention responses. A three-month period for Axsome to do so is eminently reasonable and presents no prejudice to Axsome. Moreover, the adjusted *Markman* and expert discovery deadlines in Apotex's proposed schedule merely preserve the

Hon. André M. Espinosa, U.S.M.J.
April 10, 2026
Page 5

possibility of a trial before expiration of the 30-month stay—something Axsome previously professed to care deeply about when opposing Apotex's case-management proposals.

The parties are statutorily obligated under the Hatch-Waxman Act to "reasonably cooperate in expediting the action." 21 U.S.C. § 355(j)(5)(B)(iii). Apotex is doing exactly that by proposing a schedule that preserves the possibility of a trial before expiration of the 30-month stay. Axsome, by contrast, has repeatedly resisted straightforward case-management measures that would narrow this litigation into a manageable posture under the Local Patent Rules and now proposes a schedule that eliminates any possibility of a trial before expiration of the 30-month stay. Axsome asserts that its "proposed schedule is reasonable[ and] non-prejudicial," but that assertion cannot be reconciled with the consequences of Axsome's proposal. Any effort to delay resolution of this case—including by delaying trial and/or seeking an extension of the 30-month stay—would substantially prejudice Apotex by delaying the launch of its lower-priced alternative to Symbravo and impairing Apotex's ability to recoup its investment in its ANDA product. Moreover, a lengthier schedule would provide no countervailing benefit to the Court. Apotex therefore respectfully requests that the Court enter Apotex's proposed schedule.

\* \* \*

Thank you for Your Honor's kind attention to this matter.

Respectfully yours,

Charles M. Lizza

Enclosure
cc:     All counsel (via email)

Hon. André M. Espinosa, U.S.M.J.
April 10, 2026
Page 6

APPENDIX A

| Event | Plaintiff's Proposed Dates | Defendant's Proposed Dates |
|---|---|---|
| Parties exchange Rule 26(a)(1) disclosures | 4/2/2026 | 4/2/2026 |
| Disclosure of Asserted Claims | 4/2/2026 | 4/2/2026 |
| Parties submit proposed discovery confidentiality order | 4/16/2026 | 4/16/2026 |
| Defendant serves non-infringement and invalidity contentions | 9/28/2026 | 9/28/2026 |
| Plaintiff serves infringement contentions and responses to invalidity contentions | 3/25/2027 | 12/30/26 |
| Parties exchange proposed claim terms for construction | 4/8/2027 | 1/11/2027 |
| Parties exchange preliminary proposed constructions and identification of intrinsic and extrinsic supporting evidence | 4/29/2027 | 1/25/2027 |
| Parties exchange identification of all intrinsic and extrinsic evidence they intend to rely upon in opposing any proposed claim construction and thereafter meet and confer to narrow issues | 5/20/2027 | 2/5/2027 |
| Joint Claim Construction and Prehearing Statement | 6/2/2027 | 2/19/2027 |
| Parties complete all fact discovery relating to claim construction | 7/2/2027 | 3/15/2027 |
| Substantial completion of document production | 7/9/2027 | 3/19/2027 |
| Opening *Markman* briefs | 7/20/2027 | 3/26/2027 |
| Parties complete all expert discovery pertaining to *Markman* issues | 8/19/2027 | 4/16/2027 |
| Responding *Markman* briefs | 9/21/2027 | 5/7/2027 |
| Parties submit to the Court a proposed schedule for a *Markman* hearing | 10/5/2027 | 5/14/2027 |

Hon. André M. Espinosa, U.S.M.J.
April 10, 2026
Page 7

| Event | Plaintiff's Proposed Dates | Defendant's Proposed Dates |
|---|---|---|
| *Markman* hearing | TBD | TBD |
| Last day to seek to add new parties or amend pleadings | 11/19/2027 | 6/11/2027 |
| Close of fact discovery | 1/27/2028 | 8/9/2027 |
| Opening expert reports | TBD, but if the Court is inclined to enter dates, then 60 days after the close of fact discovery or the Court's *Markman* opinion, whichever is later | 30 days after the close of fact discovery or the Court's *Markman* opinion, whichever is later |
| Responding expert reports | TBD, but if the Court is inclined to enter dates, then 60 days after opening expert reports | 45 days after opening expert reports |
| Reply expert reports | TBD, but if the Court is inclined to enter dates, then 45 days after responding expert reports | 30 days after responding expert reports |
| Close of expert discovery | TBD, but if the Court is inclined to enter dates, then 60 days after reply expert reports | 45 days after reply expert reports |
| Pretrial Order | TBD | TBD |
| Pretrial Conference | TBD | TBD |
| Trial | TBD | TBD |