

Charles M. Lizza
Phone: (973) 286-6715
Fax: (973) 286-6815
clizza@saul.com
www.saul.com

April 16, 2026

**VIA ECF**

The Honorable André M. Espinosa, U.S.M.J.
United States District Court
Martin Luther King Jr. Fed. Bldg. & U.S. Courthouse
50 Walnut St., P.O. Box 2037
Newark, New Jersey 07101

> Re:    *Axsome Therapeutics, Inc. v. Apotex Inc.*
>        Civil Action No. 25-16038 (MEF)(AME)

Dear Judge Espinosa:

This firm, together with Quinn Emanuel, represents Plaintiff Axsome Therapeutics, Inc. in the above-captioned matter.

Enclosed is the parties' proposed Stipulated Discovery Confidentiality Order ("DCO") (Exhibit A) along with a redline comparing the parties' proposed DCO to the Appendix S form confidentiality order (Exhibit B). While the parties acknowledge that the proposed DCO appears to substantially differ from Appendix S based on the redline, it addresses essentially the same issues as Appendix S, is typical in these Hatch-Waxman cases, and was negotiated by the parties to resolve all of their disputes. Accordingly, if the enclosed proposed DCO meets with the Court's approval, we respectfully request that Your Honor sign it and have it entered on the docket.

Thank you for Your Honor's kind attention to this matter.

Respectfully yours,

Charles M. Lizza

Exhibits
cc:    All counsel (via email)

One Riverfront Plaza, Suite 1520 ◆ Newark, NJ 07102-5426 ◆ Phone: (973) 286-6700 ◆ Fax: (973) 286-6800

CALIFORNIA  DELAWARE  FLORIDA  ILLINOIS  MARYLAND  MASSACHUSETTS  MINNESOTA  NEW JERSEY  NEW YORK  PENNSYLVANIA  WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

# EXHIBIT A

Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, New Jersey 07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiff*
*Axsome Therapeutics, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AXSOME THERAPEUTICS, INC.,**<br><br>                    **Plaintiff,**<br><br>        **v.**<br><br>**APOTEX INC.,**<br><br>                    **Defendant.** | **Civil Action No. 25-16038 (MEF)(AME)**<br><br>**PROPOSED STIPULATED DISCOVERY CONFIDENTIALITY ORDER**<br><br>**(Filed Electronically)** |

**WHEREAS**, Plaintiff Axsome Therapeutics, Inc. ("Axsome" or "Plaintiff") and Defendant Apotex Inc. ("Apotex" or "Defendant") are the parties to Civil Action No. 25-16038 (MEF)(AME) (the "action" or "litigation");

**WHEREAS**, the parties to this action believe that it may be necessary to disclose certain documents, things, and information that constitute or contain trade secrets, technical know-how, or other confidential or proprietary research, development, business, commercial, or financial information;

**WHEREAS**, such information may be confidential and proprietary within the meaning of Fed. R. Civ. P. 26(c)(1)(G), *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994) and *Glenmede Trust Co. v. Thompson*, 56 F.3d 476 (3d Cir. 1995) and, therefore, the parties desire that the Court enter a Discovery Confidentiality Order limiting use, access to, and disclosure of such information;

**WHEREAS**, to preserve the legitimate business interests of the parties or nonparties in their confidential or proprietary information without unduly encroaching upon the public's right to be informed of judicial proceedings in accordance with Local Civil Rule 5.3;

**WHEREAS**, an entity seeking to protect information filed under seal with the Court must show good cause for sealing that part of the record, in accordance with Local Civil Rule 5.3;

**WHEREAS**, the parties contemplate that confidential information produced in this action may be produced by a nonparty, and the parties also seek to facilitate the production and protection of such confidential information;

**WHEREAS**, this action involves highly technical subject matter requiring discovery of trade secrets and proprietary information pertaining to, among other things, drug formulations,

2

manufacturing processes and techniques, scientific research and development, and other sensitive competitive information; and

**WHEREAS**, the parties have consented to the entry of this Discovery Confidentiality Order pursuant to Fed. R. Civ. P. 26(c)(1)(G) and Local Civil Rule 5.3, and the Court having considered the foregoing and for good cause shown,

**IT IS** on this _____ day of _____, 2026,

**ORDERED**, that the following provisions shall govern the conduct of further proceedings in this action:

### Definitions

1.      The term "Confidential Information" shall mean any tangible thing or oral testimony that contains or reveals what a party or non-party considers to be its trade secret, business confidential, or proprietary research, development, commercial, or financial information. It may include, without limitation, documents produced in this action, during formal discovery or otherwise; information of non-parties which the producing or designating party is under an obligation to maintain in confidence; initial disclosures; answers to interrogatories and responses to requests for admission or other discovery requests; deposition or hearing transcripts; affidavits; exhibits; experts' reports; memoranda of law; and tangible things or objects that are designated confidential pursuant to this Order. The information contained therein and all copies, abstracts, excerpts, analyses, notes or other writings that contain, reflect, reveal or otherwise disclose such confidential information shall also be deemed "Confidential Information." Information originally designated as "Confidential Information" shall not retain that status after any ruling by the Court denying such status to it. Each party shall act in good faith in designating information as "Confidential Information."

2.      The term "party" means Axsome or Apotex.

3

3.      The term "producing entity" means the party or nonparty producing documents or information as Confidential Information under this Order.

4.      The term "receiving entity" shall mean the party to whom Confidential Information is produced.

**Designation of Confidential Information**

5.      Each producing entity who produces or discloses any material that it believes comprises Confidential Information may so designate it by marking the document containing the information "CONFIDENTIAL."  When documents are produced for inspection, the documents shall be treated by the receiving entity as "Confidential" until copies are provided and otherwise designated.  Deposition testimony will be treated as Confidential Information unless: (1) otherwise designated; (2) confidentiality is waived either on the record during the deposition or in writing after receipt of the transcript; or (3) the Court orders that such testimony is not Confidential.  Each transcript shall be prominently marked on the front page with a statement that provides "THIS DEPOSITION TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER."  For non-written material, such as recordings, magnetic media, photographs, and things, a legend substantially in the above form shall be affixed to the material, or a container for it, in any suitable manner.

6.      If any Confidential Information is produced by a nonparty to this litigation, such a nonparty shall be considered a producing entity within the meaning of that term as it is used in the context of this Order and each of the parties shall be treated as a receiving entity.  Confidential Information that originated with a nonparty may be designated as such and shall be subject to the restrictions on disclosure specified herein.

7.      In the event any producing entity produces Confidential Information that has not been designated as such or not correctly designated, the producing entity may designate or

4

redesignate the information to the same extent as it may have designated the information before production, by a subsequent notice in writing specifically identifying the redesignated information, in which event the parties shall henceforth treat such information in accord with this Order, and shall undertake their best efforts to correct any disclosure of such information contrary to the redesignation, including retrieving any documents from persons not qualified to receive them under the redesignation and informing such persons that they should not further use or disseminate the information thereon.  No demonstration or proof of error, inadvertence, or excusable neglect by the designating party shall be required for such redesignation, with the following exception: corrections to the designation of documents or information used in hearings, depositions, and trial must be made contemporaneously or else are waived, but only in situations where the nature of the hearing, deposition, or trial would otherwise be inconsistent with the designation sought (by way of nonlimiting example, redesignation must be contemporaneous in a public hearing where a party seeks to designate a document as "Confidential," but redesignation need not be contemporaneous in a sealed hearing where a party seeks to designate a document as "Confidential").

8.      A party shall not be obligated to challenge the propriety of any designation of Confidential Information at the time the designation is made, and failure to do so shall not preclude a subsequent challenge to the designation.  In the event that any party to this action disagrees at any stage of this action with any designation, such party shall provide written notice of its disagreement with the designation to the producing entity.  The parties shall first try to dispose of such dispute in good faith on an informal basis without judicial involvement.  If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court within ten (10) business days after written notice is provided, provided such request is in

accordance with Local Civil Rule 37.1.  The burden of proving that information has been properly designated is on the producing entity.  However, the parties agree that designating information as Confidential Information is improper if such information (i) can be shown to be generally available to the public at the time of such designation; (ii) becomes part of the public domain or publicly known or available by publication or otherwise not as the result of any unauthorized act or omission on the part of the non-designating party; or (iii) is thereafter disclosed to the non-designating party by a third party as a matter of right.

**Access and Use of Confidential Information**

9.        Subject to Paragraphs 13-18, Confidential Information of the producing entity may be disclosed, summarized, described, revealed, or otherwise made available in whole or in part only in accordance with the terms of this Order, and only to the following persons:

(a)        Outside Counsel (herein defined as any attorney at the parties' outside law firms retained for purposes of this action) for Axsome and Apotex, and employees and agents of such counsel, who, after receipt of Confidential Information, and in addition to the other terms of this Discovery Confidentiality Order, shall not use any other party's or any nonparty's Confidential Information for any purpose other than in connection with this litigation;

(b)        Up to three (3) designated in-house attorneys for each of Axsome and Apotex, respectively, as well as their clerical staff (including paralegals), who have a need to know Confidential Information to fulfill their duties and responsibilities in connection with this litigation, provided such attorneys have complied with Paragraph 15 hereof, the designated in-house attorneys for the parties being as follows:

For Plaintiff: *to be determined*;

For Apotex:  Patrick Hui, Esq.;

(i)        For the length of this litigation plus one year after a final, non-appealable judgment in this litigation, any person receiving information designated as Confidential under Paragraph 9(a) and (b) may not engage in any U.S. or foreign patent prosecution for any patents or patent applications that: (i) claim or cover meloxicam in combination with rizatriptan (including compositions, methods, distribution methods, uses or processes); and/or (ii) if issued, could be listed in the Orange Book for Symbravo®.  As used herein, "patent prosecution" means drafting and/or amending patent claims, but is not intended to preclude involvement in reexaminations, oppositions, *inter partes* review, covered-business-method review, patent nullity proceedings, or patent invalidation proceedings or similar post-grant proceedings before the U.S. Patent Office or any foreign patent office as long as such involvement does not include drafting and/or amending patent claims or providing recommendations as to such drafting and/or amending patent claims that would be prohibited by this paragraph.

(c)        independent experts and consultants and their staff (excluding current and former directors and officers or employees or agents of the parties) retained to assist counsel for the parties in the conduct of this litigation, provided such persons have complied with Paragraph 15 hereof;

(d)        potential fact witnesses in this action (including, but not limited to, those who were formerly directors, officers, employees, agents, or corporate designees of the producing entity), but only for those witnesses if the Confidential Information was in existence during the period of his or her service or employment (and foundation is established that the witness was privy to Confidential Information or was involved in the

7

project to which the Confidential Information relates so that it is reasonable that the witness had access to the Confidential Information during the course of his or her service or employment) and their counsel, provided that the information was authored by, created by, addressed to, received by, signed by, or is otherwise established to have been known to the witness; but only at deposition, trial or court hearing, or in preparation thereof;

(e)    the Court and its employees and the jury;

(f)    court reporters and videographers;

(g)    photocopy services;

(h)    professional translators who are retained by the attorneys for the parties for the purposes of this litigation;

(i)    graphics or design consultants retained to prepare demonstrative or other exhibits for use in this action;

(j)    non-technical jury or trial consultants and persons employed or retained by them solely in providing litigation support services to the parties' outside counsel law firms;

(k)    document imaging and database services and consultants retained to set up, maintain and/or operate litigation databases for this litigation; and

(l)    any others as ordered by the Court or to whom the producing entity has given written consent.

10.    Nothing in this Discovery Confidentiality Order shall prevent disclosure of Confidential Information if the producing entity consents to such disclosure or if the Court orders such disclosure.

11.     All Confidential Information disclosed pursuant to this Order shall be used by a recipient thereof solely for the purposes of this litigation and not for any business, regulatory, commercial, or competitive purposes, including, but not limited to, filing or prosecuting patent applications, engaging in any post-grant patent proceeding, or any communicating or petitioning activity with the FDA or another regulatory agency.  It shall be the duty of each party and each individual having notice of this Discovery Confidentiality Order to comply with this Order from the time of such notice.

12.     By written agreement of the parties, or upon motion and order of the Court, the list of individuals designated under Paragraph 9 to whom Confidential Information may be disclosed may be modified or expanded.

13.     If a producing entity seeks to protect Confidential Information from public disclosure or use during a trial, court appearance or hearing which is open to the public (a "Court Disclosure"), the receiving entity shall provide reasonable advanced notice of its intent to make a Court Disclosure and the producing entity shall make an application to the Court to restrict such disclosure or use, unless consent from the receiving entity is previously obtained.  Such application may be made at any time before the Court Disclosure or within ten (10) business days after the Court Disclosure.

14.     Any party filing any document, material or information designated by another party as "CONFIDENTIAL" shall comply with Local Civil Rule 5.3(c) to seal such document, material or information to prevent public disclosure.  The parties will work together in good faith to jointly prepare the motion and supporting documents required by Local Civil Rule 5.3(c)(3).

Nothing in this provision relieves a party of liability for damages caused by the electronic filing of Confidential Information or for damages caused by failure to properly file under seal documents or materials containing Confidential Information.

15.    No person identified in Paragraph 9(b)-(c) shall be given access to Confidential Information, respectively, unless such person shall first have signed a Declaration of Compliance with this Order in the form attached as Exhibit A hereto.

16.    Before any person identified in Paragraphs 9(b)-(c) may be given access to Confidential Information, respectively, the party seeking to provide such access shall deliver a copy of the Declaration referred to in Paragraph 15, fully executed by such person, and written notice (by email) to the attorneys for the producing entity of the intention to make such disclosure. In the case of a disclosure to persons identified in Paragraph 9(b) hereof, the notice shall state the individual's name and position.  In the case of a disclosure to persons identified in Paragraph 9(c) hereof, the notice shall state the name and address of the person to whom disclosure is proposed and include a curriculum vitae, an identification of the person's job title and responsibilities, and a list of cases in which, during the previous five (5) years, the expert or consultant has testified at trial or by deposition.

17.    For proposed disclosures to persons identified in Paragraph 9(b)-(c) hereof, the producing entity, within five (5) business days from receiving service of written notice provided pursuant to Paragraph 16 hereof, may object to such disclosure by delivery (by email) of a written notice of objection on the attorneys for the party seeking to make the disclosure, stating the reasons for the objection.  No disclosure of Confidential Information may occur prior to the expiration of five (5) business days from the date of service of the written notice of intent to disclose unless consent is granted earlier by the producing entity or Ordered by the Court.  Consent pursuant to

10

the provisions of this paragraph shall not be unreasonably withheld. If the producing entity objects to the disclosure and gives written notice thereof, and the parties are unable to resolve the objection, the party opposing the disclosure must file a letter application to the Court pursuant to L. Civ. R. 37.1 within five (5) business days of giving the written notice of objection; otherwise, the information may be disclosed to the identified person. If such an application is made, no disclosure may be made until the objection is resolved by agreement of the designating and receiving parties or the Court denies the application. Failure to timely object to the disclosure based on information then-disclosed in the written notice pursuant to Paragraph 16 hereof shall operate as a waiver of the objection. Waiver as to a specific disclosure shall not constitute waiver for any subsequent disclosures. In the event that an application is made, the objecting party shall have the burden of proving that disclosure should not occur.

18.    Nothing herein shall prevent a producing entity from disclosing its own Confidential Information in any manner that it considers appropriate.

19.    Nothing herein shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this litigation and, in the course thereof, referring to or relying upon his or her examination of Confidential Information. In rendering such advice and in otherwise communicating with his or her client, counsel shall not disclose any Confidential Information if such disclosure would be contrary to the provisions of this Discovery Confidentiality Order.

20.    If a party is served with a subpoena, discovery request in another action, or any other request seeking by legal process the production of documents, things, information or other material produced to it and designated as Confidential Information in this action, such party shall notify promptly the producing entity so as to provide the producing entity a reasonable opportunity to object to the production.

21.     Any third party from whom discovery is sought in this action may designate some or all of the documents, things, information or other material as Confidential Information under this Discovery Confidentiality Order.  If it does so, then each party to the action will have with respect to such Confidential Information the same obligations which that party has with respect to Confidential Information of another party to this action.

**Duration of Order, Objections, Modifications**

22.     This Discovery Confidentiality Order shall remain in force and effect indefinitely until modified, superseded or terminated by Order of this Court, which may be entered pursuant to agreement of the parties hereto.  This Discovery Confidentiality Order shall continue in effect after termination of this action and continue to be binding upon all persons to whom Confidential Information is disclosed hereunder.

23.     Upon final termination of this action (including all appeals), the receiving entity shall, within sixty (60) calendar days of such termination, either return to the producing entity or destroy all Confidential Information in its possession, including, but not limited to, information stored in electronic form.  In either event, the receiving entity shall describe the materials returned or destroyed and certify their return or destruction, with the exception that outside counsel may retain subject to the provisions of this Discovery Confidentiality Order one copy of the pleadings or other papers filed with the Court or served in the course of the litigation, deposition transcripts, deposition exhibits, hearing transcripts, and any hearing or trial record (including without limitation all bench memoranda, PowerPoint slides, and exhibits).  Outside counsel and designated in-house counsel need not purge their email, document management systems, or back-up tapes, provided, however, that any Confidential Information contained in such documents retained by counsel shall remain subject to the protections of this Discovery Confidentiality Order.

12

24.     If the receiving entity desires to disclose Confidential Information to persons not qualified to receive it under this Order or if the receiving entity disagrees with a designation by the producing entity, then the receiving entity and the producing entity shall first try to resolve such dispute.  If the dispute cannot be resolved, either party may seek a ruling from the Court. Pending a determination by the Court, such information shall be treated under this Order as Confidential Information as designated by the producing entity.

### No Waiver of Privileges

25.     If information that is otherwise properly subject to a claim of attorney-client privilege, attorney work-product immunity, or any other privilege or immunity protecting it from discovery is inadvertently produced, the fact or circumstances of such inadvertent production shall in no way be relied upon as a ground to support any argument that the information is no longer subject to the privilege or immunity.  Nor shall such inadvertent production prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product immunity or other ground for withholding production to which the producing entity or other person otherwise would be entitled, either in whole or in part, in this litigation or in any other proceeding.  If a written claim of inadvertent production is made pursuant to this paragraph, upon receipt of such written notice, the receiving entity shall promptly destroy or return to the producing entity (i) the inadvertently produced material, (ii) any and all copies or reproductions thereof, and (iii) any and all copies of summaries or notes based thereon or relating thereto, of which the receiving entity is aware.

However, if the receiving entity wishes to challenge the claim that the information would have properly been subject to a privilege or immunity before it was inadvertently produced, it may retain one copy and must notify the producing entity of its challenge within ten (10) business days of receiving the notice of inadvertent production, and move the Court for a ruling on the propriety

13

of the claim of privilege or immunity within ten (10) business days of receiving the notice of inadvertent production, unless such time period is extended by mutual agreement of the parties. During the pendency of such motion, the receiving entity may retain the single copy but shall make no other use or disclosure of the subject material or the information contained therein. The producing entity shall bear the burden of proving that the inadvertently produced documents or materials are privileged or immune from discovery. Within five (5) business days of the receiving entity's timely filing of an application pursuant to L. Civ. R. 37.1 seeking an order compelling production of the inadvertently produced documents or materials, the producing entity shall provide to the Court's email address a copy of the inadvertently produced documents or materials for *in camera* inspection by the Court. A copy of the cover letter forwarding the inadvertently produced information for *in camera* inspection by the Court shall be provided to the moving party. If the receiving entity prevails on its challenge to the producing entity's claim of privilege or immunity, the producing entity shall promptly reproduce the material to the receiving entity. If the receiving entity does not prevail on its challenge to the producing entity's claim of privilege or immunity, it must certify to the producing entity within five (5) business days of the Court's decision that it has destroyed the remaining single copy.

26.    If any Confidential Information is disclosed through inadvertence or otherwise by a receiving entity to any person or party not otherwise authorized to receive such information under this Discovery Confidentiality Order, then the receiving entity responsible for the disclosure shall (i) use its best efforts to obtain the return of such information and to bind such non-authorized person or party to the terms of this Discovery Confidentiality Order; (ii) within three (3) business days of the discovery of such disclosure, inform such person or party of all provisions of this Discovery Confidentiality Order and request that such person or party sign the Declaration of

Compliance with this Discovery Confidentiality Order in the form attached as Exhibit A hereto; and (iii) within five (5) business days of the discovery of such disclosure, inform the producing entity of all pertinent facts relevant to such disclosure, including the identity of such person or party and the information disclosed thereto.

### No Waiver of Right to Appropriately Withhold or Redact

27.     Notwithstanding the provisions of this Discovery Confidentiality Order, parties may redact from any document, whether or not designated Confidential Information under this Order, any information containing privileged material or material protected by work-product immunity.

### Amendment

28.     This Discovery Confidentiality Order may be amended with respect to (a) specific documents or items of Confidential Information, or (b) persons to whom Confidential Information may be disclosed, upon written agreement of the parties with the approval of the Court.  This Discovery Confidentiality Order shall remain in force and effect indefinitely until modified, superseded, or terminated by order of this Court.

### Other Remedies

29.     Nothing herein shall prevent any party or nonparty from seeking additional or different relief from the Court not specified in this Order.

### Miscellaneous

30.     No party shall be responsible to another party for any use made of information that was produced and not designated as Confidential Information, except to the extent a party is required to perform the duties set forth in Paragraph 7 above.

15

31. Nothing in this Discovery Confidentiality Order shall prejudice the right of any party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

32. Nothing in this Discovery Confidentiality Order shall prejudice the right of any party to seek at any time a further order modifying this Discovery Confidentiality Order.

33. In the event that a new party is added, substituted, or brought in, this Discovery Confidentiality Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Discovery Confidentiality Order.

34. Notice under this Discovery Confidentiality Order shall be to the parties as follows, unless this provision is modified by the parties in writing: notice to Plaintiff shall be made to F. Dominic Cerrito, Quinn Emanuel Urquhart & Sullivan, LLP, 295 Fifth Ave., New York, NY 10016, nickcerrito@quinnemanuel.com, and notice to Apotex shall be made to Andrew M. Alul, Taft Stettinius & Hollister LLP, 111 East Wacker, Suite 2600, Chicago, IL 60601, aalul@taftlaw.com.

35. In the event any provision of this Order is inconsistent with the Court's Local Civil Rules, the latter shall control.

16

IT IS SO STIPULATED AND AGREED this 16th of April, 2026:

s/ Charles M. Lizza
Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, New Jersey 07102-5426
(973) 286-6700
clizza@saul.com

OF COUNSEL:

F. Dominic Cerrito
Eric C. Stops
Catherine T. Mattes
Marta A. Godecki
Lourania M. Oliver
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
295 Fifth Ave.,
New York, New York 10016
(212) 849-7000


*Attorneys for Plaintiff*
*Axsome Therapeutics, Inc.*

s/ Arnold B. Calmann
Arnold B. Calmann
abc@saiber.com
Katherine A. Escanlar
kescanlar@saiber.com
SAIBER LLC
7 Giralda Farms, Suite 360
Madison, New Jersey 07940
973.622.333

*Of Counsel*:

Andrew M. Alul (aalul@taftlaw.com)
Richard T. Ruzich (rruzich@taftlaw.com)
Roshan P. Shrestha, Ph.D.
(rshrestha@taftlaw.com)
Luke T. Shannon (lshannon@taftlaw.com)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive
Suite 2600
Chicago, IL 60601
Telephone: 312-527-4000


*Attorneys for Defendant*
*Apotex Inc.*


**IT IS SO ORDERED:**

_____      Dated: _____
Hon. Andrew M. Espinoza U.S.M.J.

17

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AXSOME THERAPEUTICS, INC.,**<br><br>    **Plaintiff,**<br><br>    **v.**<br><br>**APOTEX INC.,**<br><br>    **Defendant.** | **Civil Action No. 25-16038 (MEF)(AME)** |

### DECLARATION OF COMPLIANCE

I, _____ do declare and state as follows:

1.      I live at _____.  I am employed as (state position)

_____ by (state name and address of employer)

_____.

2.      I have read the Discovery Confidentiality Order entered in this case, a copy of which has been given to me.

3.      I understand and agree to comply with and be bound by the provisions of the Discovery Confidentiality Order, including that upon receipt of any Confidential Information, I will be personally subject to it, and to all of its requirements and procedures.

4.      I agree that I will be subject to the jurisdiction of the United States District Court for the District of New Jersey for purposes of enforcement of the Discovery Confidentiality Order.

5.      I understand that unauthorized disclosure of any designated Confidential Information, or its use for any purpose other than this litigation, may constitute contempt of this

Court and may subject me to sanctions or other remedies that may be imposed by the Court and or

potential liability in a civil action for damages by the producing entity.

6.      At the final termination of this litigation, I will return to counsel or destroy all

documents or things consisting of or containing Confidential Information.

7.      I declare, as provided by 28 U.S.C. Section 1746, under penalty of perjury, under

the laws of the United States of America, that the foregoing is true and correct.

Executed this _____ day of _____, 20__.


_____

# EXHIBIT B

Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, New Jersey 07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiff*
*Axsome Therapeutics, Inc.*

APPENDIX S. CONFIDENTIALITY ORDER

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

Plaintiff,

Civil Action No. Civ. _____ (XXX)

vs.

Defendant.

| | |
|---|---|
| **AXSOME THERAPEUTICS, INC.,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **APOTEX INC.,** <br><br> **Defendant.** | **Civil Action No. 25-16038 (MEF)(AME)** <br><br> **PROPOSED STIPULATED DISCOVERY CONFIDENTIALITY ORDER** <br><br> **(Filed Electronically)** |

CONFIDENTIALITY ORDER

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1. Any party to this litigation and any non-party providing information in this action (hereinafter "non-party") shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3. Any party to this litigation or non-party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter

"Confidential").

2. Any party to this litigation and any non-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any non-party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

3. All Confidential and Attorneys' Eyes Only material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4 with respect to Confidential material, or set forth in Paragraph 6 with respect to Attorneys' Eyes Only material, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential and Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of such Confidential and Attorneys' Eyes Only material except by prior written agreement of counsel for the parties, or by Order of the Court.

4. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

(a) Outside counsel (herein defined as any attorney at the parties' outside law firms, which firms have appeared in the action) and relevant in-house counsel for the parties;

(b) Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties;

(c) Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(d) The Court and court personnel;

(e) Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or tiling, os if the producing party consents to such disclosure;

(f) Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical

2

employees whose duties and responsibilities require access to such materials; and

(g) The parties. In the case of parties that are corporations or other entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit or are persons necessary for the prosecution or defense of this lawsuit.

5. Confidential material shall be used only by individuals permitted access to it under Paragraph 4. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6. Attorneys' Eyes Only material and the contents of Attorneys' Eyes Only material may be disclosed only to the following individuals under the following conditions:

WHEREAS, Plaintiff Axsome Therapeutics, Inc. ("Axsome" or "Plaintiff") and Defendant Apotex Inc. ("Apotex" or "Defendant") are the parties to Civil Action No. 25-16038 (MEF)(AME) (the "action" or "litigation");

WHEREAS, the parties to this action believe that it may be necessary to disclose certain documents, things, and information that constitute or contain trade secrets, technical know-how, or other confidential or proprietary research, development, business, commercial, or financial information;

WHEREAS, such information may be confidential and proprietary within the meaning of Fed. R. Civ. P. 26(c)(1)(G), *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994) and *Glenmede Trust Co. v. Thompson*, 56 F.3d 476 (3d Cir. 1995) and, therefore, the parties desire that the Court enter a Discovery Confidentiality Order limiting use, access to, and disclosure of such information;

WHEREAS, to preserve the legitimate business interests of the parties or nonparties in their confidential or proprietary information without unduly encroaching upon the public's right to be informed of judicial proceedings in accordance with Local Civil Rule 5.3;

WHEREAS, an entity seeking to protect information filed under seal with the Court must show good cause for sealing that part of the record, in accordance with Local Civil Rule 5.3;

WHEREAS, the parties contemplate that confidential information produced in this action may be produced by a nonparty, and the parties also seek to facilitate the production and protection of such confidential information;

4

**WHEREAS**, this action involves highly technical subject matter requiring discovery of trade secrets and proprietary information pertaining to, among other things, drug formulations, manufacturing processes and techniques, scientific research and development, and other sensitive competitive information; and

**WHEREAS**, the parties have consented to the entry of this Discovery Confidentiality Order pursuant to Fed. R. Civ. P. 26(c)(1)(G) and Local Civil Rule 5.3, and the Court having considered the foregoing and for good cause shown,

**IT IS** on this _____ day of _____, 2026,

**ORDERED**, that the following provisions shall govern the conduct of further proceedings in this action:

### Definitions

1.      The term "Confidential Information" shall mean any tangible thing or oral testimony that contains or reveals what a party or non-party considers to be its trade secret, business confidential, or proprietary research, development, commercial, or financial information. It may include, without limitation, documents produced in this action, during formal discovery or otherwise; information of non-parties which the producing or designating party is under an obligation to maintain in confidence; initial disclosures; answers to interrogatories and responses to requests for admission or other discovery requests; deposition or hearing transcripts; affidavits; exhibits; experts' reports; memoranda of law; and tangible things or objects that are designated confidential pursuant to this Order. The information contained therein and all copies, abstracts, excerpts, analyses, notes or other writings that contain, reflect, reveal or otherwise disclose such confidential information shall also be deemed "Confidential Information." Information originally designated as "Confidential Information" shall not retain that status after

5

any ruling by the Court denying such status to it. Each party shall act in good faith in designating information as "Confidential Information."

2.      The term "party" means Axsome or Apotex.

3.      The term "producing entity" means the party or nonparty producing documents or information as Confidential Information under this Order.

4.      The term "receiving entity" shall mean the party to whom Confidential Information is produced.

**Designation of Confidential Information**

5.      Each producing entity who produces or discloses any material that it believes comprises Confidential Information may so designate it by marking the document containing the information "CONFIDENTIAL." When documents are produced for inspection, the documents shall be treated by the receiving entity as "Confidential" until copies are provided and otherwise designated. Deposition testimony will be treated as Confidential Information unless: (1) otherwise designated; (2) confidentiality is waived either on the record during the deposition or in writing after receipt of the transcript; or (3) the Court orders that such testimony is not Confidential. Each transcript shall be prominently marked on the front page with a statement that provides "THIS DEPOSITION TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER." For non-written material, such as recordings, magnetic media, photographs, and things, a legend substantially in the above form shall be affixed to the material, or a container for it, in any suitable manner.

6.      If any Confidential Information is produced by a nonparty to this litigation, such a nonparty shall be considered a producing entity within the meaning of that term as it is used in

6

the context of this Order and each of the parties shall be treated as a receiving entity. Confidential Information that originated with a nonparty may be designated as such and shall be subject to the restrictions on disclosure specified herein.

7.      In the event any producing entity produces Confidential Information that has not been designated as such or not correctly designated, the producing entity may designate or redesignate the information to the same extent as it may have designated the information before production, by a subsequent notice in writing specifically identifying the redesignated information, in which event the parties shall henceforth treat such information in accord with this Order, and shall undertake their best efforts to correct any disclosure of such information contrary to the redesignation, including retrieving any documents from persons not qualified to receive them under the redesignation and informing such persons that they should not further use or disseminate the information thereon.  No demonstration or proof of error, inadvertence, or excusable neglect by the designating party shall be required for such redesignation, with the following exception: corrections to the designation of documents or information used in hearings, depositions, and trial must be made contemporaneously or else are waived, but only in situations where the nature of the hearing, deposition, or trial would otherwise be inconsistent with the designation sought (by way of nonlimiting example, redesignation must be contemporaneous in a public hearing where a party seeks to designate a document as "Confidential," but redesignation need not be contemporaneous in a sealed hearing where a party seeks to designate a document as "Confidential").

8.      A party shall not be obligated to challenge the propriety of any designation of Confidential Information at the time the designation is made, and failure to do so shall not preclude a subsequent challenge to the designation.  In the event that any party to this action

disagrees at any stage of this action with any designation, such party shall provide written notice of its disagreement with the designation to the producing entity.  The parties shall first try to dispose of such dispute in good faith on an informal basis without judicial involvement.  If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court within ten (10) business days after written notice is provided, provided such request is in accordance with Local Civil Rule 37.1.  The burden of proving that information has been properly designated is on the producing entity.  However, the parties agree that designating information as Confidential Information is improper if such information (i) can be shown to be generally available to the public at the time of such designation; (ii) becomes part of the public domain or publicly known or available by publication or otherwise not as the result of any unauthorized act or omission on the part of the non-designating party; or (iii) is thereafter disclosed to the non-designating party by a third party as a matter of right.

**Access and Use of Confidential Information**

9.    Subject to Paragraphs 13-18, Confidential Information of the producing entity may be disclosed, summarized, described, revealed, or otherwise made available in whole or in part only in accordance with the terms of this Order, and only to the following persons:

(a)    Outside ~~counsel~~Counsel (herein defined as any attorney at the parties' outside law firms~~, which firms have appeared in the action);~~ retained for purposes of this action) for Axsome and Apotex, and employees and agents of such counsel, who, after receipt of Confidential Information, and in addition to the other terms of this Discovery Confidentiality Order, shall not use any other party's or any nonparty's Confidential Information for any purpose other than in connection with this litigation;

~~(b) In-house counsel designated in advance of disclosure by the parties who are necessary for the prosecution or defense of the action;~~

8

(b)      Up to three (3) designated in-house attorneys for each of Axsome and Apotex, respectively, as well as their clerical staff (including paralegals), who have a need to know Confidential Information to fulfill their duties and responsibilities in connection with this litigation, provided such attorneys have complied with Paragraph 15 hereof, the designated in-house attorneys for the parties being as follows:

For Plaintiff: *to be determined*;

For Apotex:  Patrick Hui, Esq.;

(i)      For the length of this litigation plus one year after a final, non-appealable judgment in this litigation, any person receiving information designated as Confidential under Paragraph 9(a) and (b) may not engage in any U.S. or foreign patent prosecution for any patents or patent applications that: (i) claim or cover meloxicam in combination with rizatriptan (including compositions, methods, distribution methods, uses or processes); and/or (ii) if issued, could be listed in the Orange Book for Symbravo®.  As used herein, "patent prosecution" means drafting and/or amending patent claims, but is not intended to preclude involvement in reexaminations, oppositions, *inter partes* review, covered-business-method review, patent nullity proceedings, or patent invalidation proceedings or similar post-grant proceedings before the U.S. Patent Office or any foreign patent office as long as such involvement does not include drafting and/or amending patent claims or providing recommendations as to such drafting and/or amending patent claims that would be prohibited by this paragraph.

9

(c)    ~~Outside~~independent experts ~~or~~and consultants ~~retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties;~~and their staff (excluding current and former directors and officers or employees or agents of the parties) retained to assist counsel for the parties in the conduct of this litigation, provided such persons have complied with Paragraph 15 hereof;

~~(d) Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;~~

(d)    potential fact witnesses in this action (including, but not limited to, those who were formerly directors, officers, employees, agents, or corporate designees of the producing entity), but only for those witnesses if the Confidential Information was in existence during the period of his or her service or employment (and foundation is established that the witness was privy to Confidential Information or was involved in the project to which the Confidential Information relates so that it is reasonable that the witness had access to the Confidential Information during the course of his or her service or employment) and their counsel, provided that the information was authored by, created by, addressed to, received by, signed by, or is otherwise established to have been known to the witness; but only at deposition, trial or court hearing, or in preparation thereof;

(e)    ~~The~~the Court and ~~court personnel~~its employees and the jury;

~~(f) Any deponent may be shown or examined on any information, document or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it, or was employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;~~

~~(g) Vendors retained by or for the parties to assist in prep aring for pretrial discovery, trial and/or hearings~~ including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and

10

clerical employees whose duties and responsibilities require access to such materials; and

(f)    court reporters and videographers;

(g)    photocopy services;

(h)    professional translators who are retained by the attorneys for the parties for the purposes of this litigation;

(i)    graphics or design consultants retained to prepare demonstrative or other exhibits for use in this action;

(j)    non-technical jury or trial consultants and persons employed or retained by them solely in providing litigation support services to the parties' outside counsel law firms;

(k)    document imaging and database services and consultants retained to set up, maintain and/or operate litigation databases for this litigation; and

(l)    (h) To such other persons as counsel for the producing party agrees orany others as ordered by the Court or to whom the producing entity has given written consent.

10.    Nothing in this Discovery Confidentiality Order shall prevent disclosure of Confidential Information if the producing entity consents to such disclosure or if the Court orders such disclosure.

11.    All Confidential Information disclosed pursuant to this Order shall be used by a recipient thereof solely for the purposes of this litigation and not for any business, regulatory, commercial, or competitive purposes, including, but not limited to, filing or prosecuting patent applications, engaging in any post-grant patent proceeding, or any communicating or petitioning activity with the FDA or another regulatory agency.  It shall be the duty of each party and each

11

individual having notice of this Discovery Confidentiality Order to comply with this Order from the time of such notice.

12.    By written agreement of the parties, or upon motion and order of the Court, the list of individuals designated under Paragraph 9 to whom Confidential Information may be disclosed may be modified or expanded.

13.    If a producing entity seeks to protect Confidential Information from public disclosure or use during a trial, court appearance or hearing which is open to the public (a "Court Disclosure"), the receiving entity shall provide reasonable advanced notice of its intent to make a Court Disclosure and the producing entity shall make an application to the Court to restrict such disclosure or use, unless consent from the receiving entity is previously obtained. Such application may be made at any time before the Court Disclosure or within ten (10) business days after the Court Disclosure.

7. Attorneys' Eyes Only material shall be used only by individuals permitted access to it under Paragraph 6. Attorneys' Eyes Only material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

8. With respect to any depositions that involve a disclosure of Confidential material or Attorneys' Eyes Only material of a party or non-party, such party or non-party shall designate the transcript as containing Confidential material or Attorneys' Eyes Only material, or both, during the deposition, or within 5 days thereafter, and may have until thirty (30) days after receipt of the deposition transcript within which specifically to inform all other parties or non-parties of which portions of the transcript are to be designated Confidential or Attorneys' Eyes Only, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d) and (f) for Confidential material, or Paragraph 6 for Attorneys' Eyes Only material, and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in P aragraph 4(a), R), (c), (d) and (f), or Paragraph 6 for Attorneys' Eyes Only material, during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, or Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 4 and 5 or Paragraphs 6 and 7, respectively.

9. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following

12

~~procedure shall apply:~~

> ~~(a) Counsel for the objecting party shall serve on the designating party or nonparty a written objection to such designation, which shall describe with particularity the documents or information in question and shall stale the grounds for objection. h ounsel for the designating party or non-party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the~~

> ~~oo~~

> ~~nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.~~

> ~~(b) If a dispute as to a Confidentid or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter~~, ~~in accordance with Local Civil Rule 37.1(a)(1),~~ ~~before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.~~

14.    ~~10.~~ Any party filing any document, material or information designated ~~"Confidential" or "Attorneys' Eyes Only" by a party or non-party and which is to be filed with the Court shall be filed under seal, in accordance~~ by another party as "CONFIDENTIAL" shall comply with Local Civil Rule 5.3.(c) to seal such document, material or information to prevent public disclosure.  The parties will work together in good faith to jointly prepare the motion and supporting documents required by Local Civil Rule 5.3(c)(3).

~~11. If the need arises during trial or at any hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only material, it may do so only after giving notice to the producing party and as directed by the Court.~~

Nothing in this provision relieves a party of liability for damages caused by the electronic filing of Confidential Information or for damages caused by failure to properly file under seal documents or materials containing Confidential Information.

15.    No person identified in Paragraph 9(b)-(c) shall be given access to Confidential Information, respectively, unless such person shall first have signed a Declaration of Compliance with this Order in the form attached as Exhibit A hereto.

16.     Before any person identified in Paragraphs 9(b)-(c) may be given access to Confidential Information, respectively, the party seeking to provide such access shall deliver a copy of the Declaration referred to in Paragraph 15, fully executed by such person, and written notice (by email) to the attorneys for the producing entity of the intention to make such disclosure.  In the case of a disclosure to persons identified in Paragraph 9(b) hereof, the notice shall state the individual's name and position.  In the case of a disclosure to persons identified in Paragraph 9(c) hereof, the notice shall state the name and address of the person to whom disclosure is proposed and include a curriculum vitae, an identification of the person's job title and responsibilities, and a list of cases in which, during the previous five (5) years, the expert or consultant has testified at trial or by deposition.

17.     For proposed disclosures to persons identified in Paragraph 9(b)-(c) hereof, the producing entity, within five (5) business days from receiving service of written notice provided pursuant to Paragraph 16 hereof, may object to such disclosure by delivery (by email) of a written notice of objection on the attorneys for the party seeking to make the disclosure, stating the reasons for the objection.  No disclosure of Confidential Information may occur prior to the expiration of five (5) business days from the date of service of the written notice of intent to disclose unless consent is granted earlier by the producing entity or Ordered by the Court.  Consent pursuant to the provisions of this paragraph shall not be unreasonably withheld.  If the producing entity objects to the disclosure and gives written notice thereof, and the parties are unable to resolve the objection, the party opposing the disclosure must file a letter application to the Court pursuant to L. Civ. R. 37.1 within five (5) business days of giving the written notice of objection; otherwise, the information may be disclosed to the identified person.  If such an application is made, no disclosure may be made until the objection is resolved by agreement of

14

the designating and receiving parties or the Court denies the application.  Failure to timely object to the disclosure based on information then-disclosed in the written notice pursuant to Paragraph 16 hereof shall operate as a waiver of the objection.  Waiver as to a specific disclosure shall not constitute waiver for any subsequent disclosures.  In the event that an application is made, the objecting party shall have the burden of proving that disclosure should not occur.

18.     Nothing herein shall prevent a producing entity from disclosing its own Confidential Information in any manner that it considers appropriate.

19.     Nothing herein shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this litigation and, in the course thereof, referring to or relying upon his or her examination of Confidential Information.  In rendering such advice and in otherwise communicating with his or her client, counsel shall not disclose any Confidential Information if such disclosure would be contrary to the provisions of this Discovery Confidentiality Order.

20.     ~~12. Data Breach.~~ If a party ~~learns that material that party received in discovery pursuant to this Confidentiality Order has been the subject of a data breach, that party must promptly~~ is served with a subpoena, discovery request in another action, or any other request seeking by legal process the production of documents, things, information or other material produced to it and designated as Confidential Information in this action, such party shall notify promptly the producing ~~party of the breach, and cooperate with that party to address the breach~~ entity so as to provide the producing entity a reasonable opportunity to object to the production.

~~13. The inadvertent or unintentional disclosure of Confidential or Attorneys' Eyes Only material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's or non-party's claim that it is Confidential or Attorneys' Eyes Only material, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Attorneys' Eyes Only within a reasonable time from discovery of the error.~~

~~Such notice shall constitute a designation of the information, document or thing as Confidential or Attorneys' Eyes Only under this Confidentiality Order.~~

~~14. The production of any information, document, or thing in this litigation shall not constitute a waiver of any attorney-client privilege or work-product protection that may be asserted by the producing party either in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). When the production or disclosure of any information, document, or thing protected by attorney-client privilege or work-product protection is discovered by or brought to the attention of the producing party, the treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). That treatment shall be deemed to comply with any obligations the producing party would otherwise have had pursuant to Fed. R. Evid. 502(b) or under the common law. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of attorney-client privilege or work product protection after receiving notice of the production or disclosure of any information, document, or thing that is subject to a claim of attorney-client privilege or work product protection.~~

~~15. If a non-party serves a party in this action with a request, subpoena, or order ("demand") for disclosure of Confidential or Attorneys' Eyes Only material, the aaitv receiving the demand, if not prohibited under applicable law, shall promptly~~ deliver a copy of the ~~demand to the designating party's counsel, and shall notify the party who served the request that some or all of the materials sought by the request are subject to this Confidentiality Order. The party receiving the demand shall not disclose any Confidential or Attorneys' ayes Only material Ror to the date specified for disclosure, or prior to resolution of any dispute regarding production of such material in response to the request, whichever is later. In its sole discretion and at its own cost, the designating party may oppose or seek to limit the demand in any legal manner. The party who received the demand shall not oppose or otherwise interfere with the designating party's actions.~~

~~16. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non- confidential basis, shall be deemed or considered to be Confidential or Attorneys' Eyes Only material under this Confidentiality Order.~~

21.     Any third party from whom discovery is sought in this action may designate some or all of the documents, things, information or other material as Confidential Information under this Discovery Confidentiality Order.  If it does so, then each party to the action will have with respect to such Confidential Information the same obligations which that party has with respect to Confidential Information of another party to this action.

**Duration of Order, Objections, Modifications**

16

22.     This Discovery Confidentiality Order shall remain in force and effect indefinitely until modified, superseded or terminated by Order of this Court, which may be entered pursuant to agreement of the parties hereto.  This Discovery Confidentiality Order shall continue in effect after termination of this action and continue to be binding upon all persons to whom Confidential Information is disclosed hereunder.

23.     Upon final termination of this action (including all appeals), the receiving entity shall, within sixty (60) calendar days of such termination, either return to the producing entity or destroy all Confidential Information in its possession, including, but not limited to, information stored in electronic form.  In either event, the receiving entity shall describe the materials returned or destroyed and certify their return or destruction, with the exception that outside counsel may retain subject to the provisions of this Discovery Confidentiality Order one copy of the pleadings or other papers filed with the Court or served in the course of the litigation, deposition transcripts, deposition exhibits, hearing transcripts, and any hearing or trial record (including without limitation all bench memoranda, PowerPoint slides, and exhibits).  Outside counsel and designated in-house counsel need not purge their email, document management systems, or back-up tapes, provided, however, that any Confidential Information contained in such documents retained by counsel shall remain subject to the protections of this Discovery Confidentiality Order.

24.     If the receiving entity desires to disclose Confidential Information to persons not qualified to receive it under this Order or if the receiving entity disagrees with a designation by the producing entity, then the receiving entity and the producing entity shall first try to resolve such dispute.  If the dispute cannot be resolved, either party may seek a ruling from the Court.

17

Pending a determination by the Court, such information shall be treated under this Order as Confidential Information as designated by the producing entity.

**No Waiver of Privileges**

25.    If information that is otherwise properly subject to a claim of attorney-client privilege, attorney work-product immunity, or any other privilege or immunity protecting it from discovery is inadvertently produced, the fact or circumstances of such inadvertent production shall in no way be relied upon as a ground to support any argument that the information is no longer subject to the privilege or immunity. Nor shall such inadvertent production prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product immunity or other ground for withholding production to which the producing entity or other person otherwise would be entitled, either in whole or in part, in this litigation or in any other proceeding. If a written claim of inadvertent production is made pursuant to this paragraph, upon receipt of such written notice, the receiving entity shall promptly destroy or return to the producing entity (i) the inadvertently produced material, (ii) any and all copies or reproductions thereof, and (iii) any and all copies of summaries or notes based thereon or relating thereto, of which the receiving entity is aware.

However, if the receiving entity wishes to challenge the claim that the information would have properly been subject to a privilege or immunity before it was inadvertently produced, it may retain one copy and must notify the producing entity of its challenge within ten (10) business days of receiving the notice of inadvertent production, and move the Court for a ruling on the propriety of the claim of privilege or immunity within ten (10) business days of receiving the notice of inadvertent production, unless such time period is extended by mutual agreement of the parties. During the pendency of such motion, the receiving entity may retain the single copy

18

but shall make no other use or disclosure of the subject material or the information contained therein.  The producing entity shall bear the burden of proving that the inadvertently produced documents or materials are privileged or immune from discovery.  Within five (5) business days of the receiving entity's timely filing of an application pursuant to L. Civ. R. 37.1 seeking an order compelling production of the inadvertently produced documents or materials, the producing entity shall provide to the Court's email address a copy of the inadvertently produced documents or materials for *in camera* inspection by the Court.  A copy of the cover letter forwarding the inadvertently produced information for *in camera* inspection by the Court shall be provided to the moving party.  If the receiving entity prevails on its challenge to the producing entity's claim of privilege or immunity, the producing entity shall promptly reproduce the material to the receiving entity.  If the receiving entity does not prevail on its challenge to the producing entity's claim of privilege or immunity, it must certify to the producing entity within five (5) business days of the Court's decision that it has destroyed the remaining single copy.

26.    If any Confidential Information is disclosed through inadvertence or otherwise by a receiving entity to any person or party not otherwise authorized to receive such information under this Discovery Confidentiality Order, then the receiving entity responsible for the disclosure shall (i) use its best efforts to obtain the return of such information and to bind such non-authorized person or party to the terms of this Discovery Confidentiality Order; (ii) within three (3) business days of the discovery of such disclosure, inform such person or party of all provisions of this Discovery Confidentiality Order and request that such person or party sign the Declaration of Compliance with this Discovery Confidentiality Order in the form attached as Exhibit A hereto; and (iii) within five (5) business days of the discovery of such disclosure,

19

inform the producing entity of all pertinent facts relevant to such disclosure, including the identity of such person or party and the information disclosed thereto.

### No Waiver of Right to Appropriately Withhold or Redact

27.    Notwithstanding the provisions of this Discovery Confidentiality Order, parties may redact from any document, whether or not designated Confidential Information under this Order, any information containing privileged material or material protected by work-product immunity.

### Amendment

28.    This Discovery Confidentiality Order may be amended with respect to (a) specific documents or items of Confidential Information, or (b) persons to whom Confidential Information may be disclosed, upon written agreement of the parties with the approval of the Court.  This Discovery Confidentiality Order shall remain in force and effect indefinitely until modified, superseded, or terminated by order of this Court.

### Other Remedies

29.    Nothing herein shall prevent any party or nonparty from seeking additional or different relief from the Court not specified in this Order.

### Miscellaneous

30.    No party shall be responsible to another party for any use made of information that was produced and not designated as Confidential Information, except to the extent a party is required to perform the duties set forth in Paragraph 7 above.

31.    17. ThisNothing in this Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Confidentiality Order is being entered without prejudice toprejudice the right of any party to move the

20

~~Court for modification or for relief from any of its terms~~oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

32.     Nothing in this Discovery Confidentiality Order shall prejudice the right of any party to seek at any time a further order modifying this Discovery Confidentiality Order.

33.     In the event that a new party is added, substituted, or brought in, this Discovery Confidentiality Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Discovery Confidentiality Order.

34.     Notice under this Discovery Confidentiality Order shall be to the parties as follows, unless this provision is modified by the parties in writing: notice to Plaintiff shall be made to F. Dominic Cerrito, Quinn Emanuel Urquhart & Sullivan, LLP, 295 Fifth Ave., New York, NY 10016, nickcerrito@quinnemanuel.com, and notice to Apotex shall be made to Andrew M. Alul, Taft Stettinius & Hollister LLP, 111 East Wacker, Suite 2600, Chicago, IL 60601, aalul@taftlaw.com.

35.     In the event any provision of this Order is inconsistent with the Court's Local Civil Rules, the latter shall control.

21

IT IS SO STIPULATED AND AGREED this 16th of April, 2026:

DRAFT_____
Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, New Jersey 07102-5426
(973) 286-6700
clizza@saul.com

OF COUNSEL:

F. Dominic Cerrito
Eric C. Stops
Catherine T. Mattes
Marta A. Godecki
Lourania M. Oliver
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
295 Fifth Ave.,
New York, New York 10016
(212) 849-7000


*Attorneys for Plaintiff*
*Axsome Therapeutics, Inc.*

DRAFT_____
Arnold B. Calmann
abc@saiber.com
Katherine A. Escanlar
kescanlar@saiber.com
SAIBER LLC
7 Giralda Farms, Suite 360
Madison, New Jersey 07940
973.622.333

*Of Counsel:*

Andrew M. Alul (aalul@taftlaw.com)
Richard T. Ruzich (rruzich@taftlaw.com)
Roshan P. Shrestha, Ph.D.
(rshrestha@taftlaw.com)
Luke T. Shannon (lshannon@taftlaw.com)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive
Suite 2600
Chicago, IL 60601
Telephone: 312-527-4000


*Attorneys for Defendant*
*Apotex Inc.*

18. This Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

19. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential or Attorneys' Eyes Only material or to destroy all copies of such material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential or Attorneys' Eyes Only material; provided, however, that counsel may retain complete copies of all tr^scripts al court filings, including any exhibits attached thereto, for archival purposes, subject to the provisions of this Confidentiality Order. To the extent a party requests the return of Confidential or Attorneys' Eyes Only material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

**IT IS SO ORDERED:**

Dated:_____        _____

22

_____,_____    Dated:

Hon. Andrew M. Espinoza U.S.M.J.

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AXSOME THERAPEUTICS, INC.,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **APOTEX INC.,** <br> ~~Plaintiff,~~ <br> **Defendant.** <br> ~~vs.~~ <br><br> ~~Defendant.~~ | **Civil Action No. 25-16038 (MEF)(AME)** <br><br><br> ~~Civil Action No.___ Civ.____ (XXX)~~ <br><br> ~~**AGREEMENT TO BE BOUND BY**~~ <br> ~~**CONFIDENTIALITY ORDER**~~ |

### DECLARATION OF COMPLIANCE

~~I,~~ I, ~~being duly sworn,~~_____ do declare and state ~~that~~as follows:

1.    I live at _____.   I am employed as (state position) _____ by (state name and address of employer) _____:

~~1. My address is _____.~~

~~2. My present employer is _____ and the address of my present employment is _____.~~

~~3. My present occupation or job description is _____.~~

24

2.    ~~4.~~ I have ~~carefully~~ read ~~and understood the provisions of the~~the Discovery Confidentiality Order entered in this case ~~signed by the Court, and I will comply with all provisions of the Confidentiality Order~~, a copy of which has been given to me.

3.    I understand and agree to comply with and be bound by the provisions of the Discovery Confidentiality Order, including that upon receipt of any Confidential Information, I will be personally subject to it, and to all of its requirements and procedures.

4.    I agree that I will be subject to the jurisdiction of the United States District Court for the District of New Jersey for purposes of enforcement of the Discovery Confidentiality Order.

5.    I ~~will hold in confidence and not disclose to anyone not qualified under the Confidentiality Order any Confidential or Attorneys' Eyes Only material or any words, summaries, abstracts, or indices of Confidential or Attorneys' Eyes Only material disclosed to me.~~understand that unauthorized disclosure of any designated Confidential Information, or its use for any purpose other than this litigation, may constitute contempt of this Court and may subject me to sanctions or other remedies that may be imposed by the Court and or potential liability in a civil action for damages by the producing entity.

~~6. I will limit use of Confidential or Attorneys' Eyes Only material disclosed to me solely for purpose of this action.~~

6.    ~~7. No later than~~At the final ~~conclusion of the case~~termination of this litigation, I will return ~~all Confidential or Attorneys' Eyes Only material and summaries, abstracts, and indices thereof which come into my possession, and~~to counsel or destroy all documents or things ~~which I have prepared relating thereto, to counsel for the party for whom I was employed or retained~~consisting of or containing Confidential Information.

7.      I declare, as provided by 28 U.S.C. Section 1746, under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this _____ day of _____, 20___.

_____

Dated:_____   -_____[Name]