**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| AXSOME THERAPEUTICS, INC., | : | **Civil Action No. 25-16038-MEF-AME** |
| | : | |
| Plaintiff, | : | **PRETRIAL SCHEDULING ORDER** |
| | : | |
| v. | : | |
| | : | |
| APOTEX INC., | : | |
| | : | |
| Defendant. | : | |

**THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on March 26, 2026; and the Court having thereafter considered the competing, proposed schedules and arguments set forth in the parties' April 10, 2026 letter [D.E. 45] and finding Defendant's proposed schedule consistent with its alternative request for additional time, as set forth in the March 23, 2026 submission [D.E. 42] and thereafter discussed during the Rule 16 conference;[1] and the parties having reviewed the Court's Civil Case Management Order, the Local Civil Rules, and the Local Patent Rules; and for good cause shown,

**IT IS on this 5th day of May 2026,**

**ORDERED THAT** the next event in this matter will be a **telephonic status conference on September 16, 2026, at 2:00 p.m.,** to be joined by dialing 973-437-5535, access code 254 821 694#. A joint status letter shall be filed on or before September 14, 2026.

**IT IS FURTHER ORDERED** that this matter will proceed as follows:

## I.  DISCOVERY and PRETRIAL SCHEDULING

A.  The parties shall exchange disclosures pursuant to Rule 26(a) no **later April 2, 2026**.

B.  The parties shall submit a proposed, stipulated discovery confidentiality order, pursuant to Local Patent Rule 2.2, by **April 16, 2026**. Any proposed

---

[1] Defendant's proposal is tied to its request for six months to serve its invalidity and non-infringement contentions under Local Patent Rule 3.6, to which Plaintiff agreed. At the Rule 16 conference, the Court concluded that the extended period was reasonable, in view of the parties' agreement and the number of patents-in-suit and asserted claims. Defendant's proposed alternative deadlines flowing from that six-month period were clearly set forth in Exhibit 1 to the March 23 submission, which was discussed at length during the Rule 16 conference. The Court finds no good basis to upend that proposed schedule now, particularly when Plaintiff counter-proposes deadlines that would exceed the 30-month stay, due to expire on February 18, 2028.

confidentiality order agreed to by the parties must strictly comply with Rule 26(c), Local Civil Rule 5.3, and applicable case law. Please also refer to the Court's Civil Case Management Order.

C. Fact discovery is to remain open through **August 9, 2027**. All fact witness depositions must be completed by the close of fact discovery. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

D. Any motion to add new parties or amend pleadings must be filed by **June 11, 2026**.

E. The parties may serve interrogatories on or before **May 27, 2026**.

F. The parties may serve requests for production of documents on or before **May 27, 2026**.

G. Document production shall be substantially complete by **March 19, 2027**.

H. The parties are directed to Rule 26(f), as amended, which, *inter alia*, addresses preservation of discoverable information, discovery of electronically stored information, and claims of privilege or work product protection. The parties are also directed to Local Civil Rule 26.1(d) which describes the obligations of counsel with regard to their clients' information management systems.

I. Regarding any discovery disputes that may arise, the parties shall refer to and abide by the Court's Civil Case Management Order, as amended by the Court's instructions during the Rule 16 conference. After a robust effort to resolve and/or narrow the dispute, as required by Local Civil Rule 37.1, the parties shall file a joint dispute letter not to exceed 8 pages at 1.5 line spacing.

J. Regarding motion practice, the parties shall refer to and abide by the Court's Civil Case Management Order.

## II. OBLIGATIONS UNDER LOCAL PATENT RULES

A. Plaintiff shall serve its disclosure of asserted claims, in accordance with L. Pat. R. 3.6(b), by **April 2, 2026**.

B. Defendant shall serve its invalidity contentions with accompanying document production, in accordance with L. Pat. R. 3.6(c) and (d), by **September 28, 2026**.

C. Defendant shall serve its non-infringement contentions, in accordance with L. Pat. R. 3.6(e) and (f), by **September 28, 2026**.

D. Plaintiff shall serve its infringement contentions with accompanying document

production, in accordance with L. Pat. R. 3.6(g) and (h), by **December 30, 2026**.

E. Plaintiff shall serve its responses to Defendant's invalidity contentions with accompanying document production, in accordance with L. Pat. R. 3.6(i), by **December 30, 2026**.

F. The parties shall exchange proposed claims terms for construction, in accordance with L. Pat. R. 4.1, by **January 11, 2027**.

G. The parties shall exchange their preliminary proposed constructions and identification of intrinsic and extrinsic supporting evidence, in accordance with L. Pat. R. 4.2(a), or alternatively, notify the Court that no construction is required, by **January 25, 2027**.

H. The parties shall exchange an identification of opposing intrinsic and extrinsic evidence, in accordance with L. Pat. R. 4.2(c), by **February 5, 2027**.

I. The parties shall complete and file a Joint Claim Construction and Prehearing Statement, in accordance with L. Pat. R. 4.3, by **February 19, 2027**.

J. All fact discovery relating to claim construction, in accordance with L. Pat. R. 4.4, shall be completed by **March 15, 2027**.

K. Opening *Markman* briefs, in accordance with L. Pat. R. 4.5(a), shall be filed by **March 26, 2027**.

L. All expert discovery relating to claim construction, in accordance with L. Pat. R. 4.5(b), shall be completed by **April 16, 2027**.

M. Responsive *Markman* briefs, in accordance with L. Pat. R. 4.5(c), shall be filed by **May 7, 2027**.

N. The parties shall, in accordance with L. Pat. R. 4.6, submit a proposed schedule for a *Markman* hearing by **May 14, 2027**.

## III. EXPERTS

A. Affirmative expert reports shall be served on or before **September 8, 2027**. (The parties will serve opening reports on issues for which the party bears the burden of proof, except objective evidence of non-obviousness.)

B. Rebuttal expert reports shall be served on or before **October 25, 2027**. (Plaintiff will submit its rebuttal expert reports on invalidity and objective evidence of non-obviousness. Defendant will submit its rebuttal expert report on non-infringement.)

    C.   Reply expert reports shall be served on or before **November 24, 2027**. (Plaintiff will submit its reply expert reports on infringement. Defendant will submit its reply reports on invalidity and rebuttal on objective evidence of non-obviousness.)

    D.   Expert depositions shall be completed no later than **January 10, 2028**.

    E.   All expert reports must comport with the form and content requirements set forth in Rule 26(a)(2)(B).  No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the expert's report.

## IV.  MISCELLANEOUS

    A.   Any request for extension or modification of the foregoing deadlines shall be made in writing, filed on CM/ECF. Please also refer to the Court's Civil Case Management Order.

    B.   The parties are directed to the Local Civil Rules for any other matter not addressed by this Order or the Court's Civil Case Management Order.

    C.   Insofar as pretrial matters were raised by the parties in the JDP and have not been expressly addressed in this Pretrial Scheduling Order, the parties shall proceed in accordance with their agreed procedures. If no agreement has been reached, the issue may be raised by joint letter at the appropriate stage of litigation.

**FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER OR ANY OTHER ORDERS MAY RESULT IN SANCTIONS**.

        /s/ *André M Espinosa*

        ANDRÉ M. ESPINOSA
        United States Magistrate Judge