**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **AXSOME THERAPEUTICS, INC.,** | Civil Action No. 2:25-cv-16038-MEF-AME |
| **Plaintiff,** | Return Date:  May 18, 2026 |
| **v.** | Oral Argument Requested |
| **APOTEX INC.,** | *DOCUMENT FILED* ▮▮▮▮ |
| **Defendant.** | *ELECTRONICALLY* |

**DEFENDANT APOTEX'S REPLY BRIEF IN SUPPORT OF ITS RULE 12(c)**
**MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Arnold B. Calmann
(abc@saiber.com)
Katherine A. Escanlar
(kescanlar@saiber.com)
SAIBER LLC
7 Giralda Farms, Suite 360
Madison, New Jersey 07940
Telephone:  973.622.3333

Andrew M. Alul
(aalul@taftlaw.com)
Richard T. Ruzich
(rruzich@taftlaw.com)
Roshan P. Shrestha, Ph.D.
(rshrestha@taftlaw.com)
Luke T. Shannon
(lshannon@taftlaw.com)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive
Suite 2600
Chicago, IL 60601
Telephone: 312-527-4000

*Attorneys for Defendant Apotex Inc.*

**TABLE OF CONTENTS**

TABLE OF ABBREVIATIONS……………………………………………………………iv

INTRODUCTION……………………………………………………………….......1

REPLY ARGUMENT…………………………………………………………………….2

    I.    APOTEX IS ENTITLED TO JUDGMENT OF NON-INFRINGMENT OF THE SOBEDEX PATENTS.......................................................................................... 2

        A.    Apotex Is Seeking Judgment on the Merits .................................................... 2

        B.    Axsome Cannot Avoid the Disclosure-Dedication Doctrine by Arguing ████████ ████████████ ....................................................................................... 3

            1.    The Federal Circuit Has Repeatedly Rejected Any Intent Requirement ................... 3

            2.    Axsome's Activities at the PTO Are Irrelevant .......................................... 5

            3.    Axsome ████████████████████████████████ ██████████ ....................................................................................... 6

            4.    That Axsome Was Ultimately ███████████████████████ Is Also Irrelevant ..................................................................................... 8

            5.    The Unpublished *Rosby* and *Janssen* Decisions Should Not Be Followed ............... 8

        C.    There Is No Reason to Depart from Decades of Federal Circuit Precedent ................... 9

        D.    Judgment on the Pleadings Is Appropriate ................................................... 10

CONCLUSION…………………………………………………………………………..11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ALA, Inc. v. CCAIR, Inc.*,
   29 F.3d 855 (3d Cir. 1994)....................................................................................................3

*Eagle Pharm. Inc. v. Slayback Pharma LLC*,
   958 F.3d 1171 (Fed Cir. 2020)...............................................................................6, 9, 10, 11

*Eli Lilly & Co. v. Hospira, Inc.*,
   933 F.3d 1320 (Fed. Cir. 2019)........................................................................................6, 8

*Graver Tank & Mfg Co. v. Linde Air Prds. Co.*,
   336 U.S. 271 (1949).............................................................................................................7

*Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*,
   339 U.S. 605 (1950)..................................................................................................... passim

*In re Bendamustine Cosol. Cases*,
   C.A. No. 13-2046-GMS, 2015 WL 1951399 (D. Del. Apr. 29, 2015)................................8, 9

*Janssen Prods., L.P. v. Lupin Ltd.*,
   No. 2:10-cv-05954 (WHW), 2014 U.S. Dist. LEXIS 155248 (D.N.J. Mar. 12,
   2014) .................................................................................................................................8, 9

*Johnson & Johnston Assocs. Inc. v. R.E. Serv. Co.*,
   285 F.3d 1046 (Fed. Cir. 2002)...................................................................................... passim

*Maxwell v. J. Baker, Inc.*,
   86 F.3d 1098 (Fed. Cir. 1996)......................................................................................... passim

*Michilin Prosperity Co. v. Fellowes Mfg. Co.*,
   450 F. Supp. 2d 35 (D.D.C. 2006) ......................................................................................6

*PSC Comput. Prods., Inc. v. Foxconn Int'l, Inc.*,
   355 F.3d 1353 (Fed. Cir. 2004).........................................................................................6, 9, 11

*Rosby Corp. v. Stoughton Trailers, Inc.*,
   No. 95 C 0511, 2003 WL 22232802 (N.D. Ill. Sept. 26, 2003).....................................8, 9, 10

*Threadgill v. Armstrong World Indus., Inc.*,
   928 F.2d 1366 (3d Cir. 1991)...............................................................................................9

*Toro Co. v. White Consol. Indus., Inc.*,
   383 F.3d 1326 (Fed. Cir. 2004)...................................................................................... passim

**Other Authorities**

Rule 12(c)............................................................................................................................1

**TABLE OF ABBREVIATIONS**

| Abbreviation | Definition |
|---|---|
| '130 Application | U.S. Patent Application No. 15/132,130, which issued into the '075 patent (ECF No. 1-1 at cover) |
| '576 publication | U.S. Patent Publication No. US 2016/0228576 A1 (ECF No. 48-3) |
| ANDA | Abbreviated New Drug Application pursuant to 21 U.S.C. § 255(j) |
| Apotex | Defendant Apotex Inc. |
| Apotex's ANDA | ANDA No. 220803 |
| Apotex's Motion | ECF No. 36, Defendant Apotex's Rule 12(c) Motion for Partial Judgment on the Pleadings |
| Apotex's Opening Brief or Opening Brief | ECF No. 37, Defendant Apotex's Opening Brief in Support of Its Rule 12(c) Motion for Partial Judgment on the Pleadings |
| Axsome | Plaintiff Axsome Therapeutics, Inc. |
| Axsome's Opposition or Opposition | ECF No. 48, Plaintiff Axsome Therapeutics, Inc.'s Opposition to Defendant's Motion for Partial Judgment on the Pleadings |
| DOE | Doctrine of equivalents |
| FDA | United States Food and Drug Administration |
| Hatch-Waxman or Hatch-Waxman Act | Drug Price Competition and Patent Term Restoration Act of 1984, Pub. L. No. 98-417, 98 Stat. 1585 (codified as amended at 21 U.S.C. § 355, 28 U.S.C. § 2201, and 35 U.S.C. §§ 156, 271, & 282) |
| ███████████ | ███████████ |
| *Iqbal* | *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) |
| JDP | Joint discovery plan (ECF No. 42) |
| NDA | New Drug Application pursuant to 21 U.S.C. |

| | |
|---|---|
| | § 355(b)(1) |
| Orange Book | FDA publication officially titled, *Approved Drug Products and Therapeutic Equivalence Evaluations* |
| PH | Prosecution history |
| PTO or Patent Office | United States Patent and Trademark Office |
| SBEβCD or SOBEDEX | sulfobutyl ether β-cyclodextrin |
| SBEβCD patents or SOBEDEX patents | U.S. Patent Nos. 9,821,075 ("'075 patent") (ECF No. 1-1), 10,029,010 ("'010 patent") (ECF No. 1-2), 10,058,614 ("'614 patent") (ECF No. 1-3), 10,137,131 ("'131 patent") (ECF No. 1-4), 10,195,278 ("'278 patent") (ECF No. 1-5), 10,265,324 ("'324 patent") (ECF No. 1-6), 10,363,312 ("'312 patent") (ECF No. 1-7), 10,471,014 ("'014 patent") (ECF No. 1-11), 10,471,069 ("'069 patent") (ECF No. 1-12), 10,512,692 ("'692 patent") (ECF No. 1-13), 10,512,693 ("'2,693 patent") (ECF No. 1-14), 10,517,950 ("'950 patent") (ECF No. 1-15), 10,532,101 ("'101 patent") (ECF No. 1-16), 10,537,642 ("'642 patent") (ECF No. 1-17), 10,561,664 ("'664 patent") (ECF No. 1-18), 10,583,144 ("'144 patent") (ECF No. 1-19), 10,653,777 ("'777 patent") (ECF No. 1-20), 10,688,185 ("'185 patent") (ECF No. 1-22), 10,695,429 ("'5,429 patent") (ECF No. 1-23), 10,695,430 ("'430 patent") (ECF No. 1-24), 10,702,535 ("'535 patent") (ECF No. 1-25), 10,702,602 ("'602 patent") (ECF No. 1-26), 10,722,583 ("'583 patent") (ECF No. 1-27), 10,729,696 ("'696 patent") (ECF No. 1-28), 10,729,697 ("'697 patent") (ECF No. 1-29), 10,729,773 ("'773 patent") (ECF No. 1-30), 10,758,617 ("'617 patent") (ECF No. 1-31), 10,758,618 ("'618 patent") (ECF No. 1-32), 10,780,165 ("'165 patent") (ECF No. 1-33), 10,780,166 ("'166 patent") (ECF No. 1-34), 10,799,588 ("'588 patent") (ECF No. 1-35), 10,821,181 ("'181 patent") (ECF No. 1-36), 10,821,182 ("'182 patent") (ECF No. 1-37), 10,894,053 ("'053 patent") |

v

| | |
|---|---|
| | (ECF No. 1-38), 10,905,693 ("'5,693 patent") (ECF No. 1-39), 10,918,722 ("'722 patent") (ECF No. 1-40), 10,933,136 ("'136 patent") (ECF No. 1-41), 10,933,137 ("'137 patent") (ECF No. 1-42), 10,940,153 ("'153 patent") (ECF No. 1-43), 11,013,805 ("'805 patent") (ECF No. 1-45), 11,013,806 ("'806 patent") (ECF No. 1-46), 11,020, 483 ("'483 patent") (ECF No. 1-47), 11,045,549 ("'549 patent") (ECF No. 1-48), 11,135,295 ("'295 patent") (ECF No. 1-49), 11,207,328 ("'328 patent") (ECF No. 1-50), 11,219,626 ("'626 patent") (ECF No. 1-51), 11,285,213 ("'213 patent") (ECF No. 1-52), 11,426,414 ("'414 patent") (ECF No. 1-55), 11,504,429 ("'4,429 patent") (ECF No. 1-58), 11,607,456 ("'456 patent") (ECF No. 1-62), 11,617,755 ("'755 patent") (ECF No. 1-63), 11,617,791 ("'791 patent") (ECF No. 1-65), 11,759,522 ("'522 patent") (ECF No. 1-69), 11,801,250 ("'250 patent") (ECF No. 1-70), 11,806,354 ("'354 patent") (ECF No. 1-71), and 12,128,052 ("'052 patent") (ECF No. 1-74) |
| SBEβCD patent counts or SOBEDEX patent counts | Counts I-VII, XI-XX, XXII-XLIII, XLV-LII, LV, LVIII, LXII-LXIII, LXV, LXIX-LXXI, and LXXIV of the Complaint (ECF No. 1) |
| Symbravo | Axsome's brand product, Symbravo (meloxicam and rizatriptan benzoate) tablets, 20 mg; EQ 10 mg base, for oral use |
| *Twombly* | *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) |

Defendant Apotex respectfully submits this Reply Brief in support of its Rule 12(c) motion for partial judgment on the pleadings (ECF No. 36).

**INTRODUCTION**

Plaintiff Axsome effectively concedes that Apotex's design-around ANDA product does not literally infringe the SOBEDEX patents. ██████████████████████ ███████████████████████████████ sulfobutyl ether β-cyclodextrin ("SBEβCD" or "SOBEDEX") required by all of the SOBEDEX patent claims. Axsome therefore admits it can proceed, if at all, only under the doctrine of equivalents ("DOE") to try to capture Apotex's lawful design-around. That effort fails as a matter of law. ████████████ ████████████████████████████████████████████ yet Axsome never claimed it. Under the disclosure-dedication doctrine, Axsome is barred from invoking the DOE to recapture what it disclosed but did not claim.

Axsome attempts to evade judgment by improperly engrafting an intent requirement onto the disclosure-dedication rule. It argues that because it unsuccessfully ███████████ █████████████████████████████████, the doctrine should not apply. The Federal Circuit has squarely and repeatedly rejected that argument. The disclosure-dedication doctrine is a bright-line rule: regardless of whether Axsome sought and failed ███████ ████████████████████ and regardless of whether Axsome later ██████████ █████████████████ Axsome cannot use the DOE to capture subject matter it disclosed but did not claim in the SOBEDEX patents. Undeterred by this settled law, Axsome asks this Court to disregard decades of binding Federal Circuit precedent based on a strained misreading of a single Supreme Court decision from the 1950s, *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605 (1950) ("*Graver II*"). The Court should decline that invitation.

1

Finally, the Court should reject Axsome's plea to defer judgment on the basis that fact or expert discovery is allegedly required to resolve purported issues "based on the disclosure and prosecution histories of the SOBEDEX patents." Opp'n at 2. Axsome's prosecution conduct is irrelevant to the application of the disclosure-dedication doctrine. The only relevant question is ███████████████████████████████████████████████████████ ████████ and they plainly do, as shown at pages 12–13 of Apotex's Opening Brief (ECF No. 37). Axsome offers no explanation why these unambiguous disclosures require any discovery at all. Its request should be seen for what it is: a transparent attempt to impose burdensome and unprecedented discovery demands on Apotex—including invalidity and non-infringement contentions for 56 SOBEDEX patents encompassing more than 1,000 claims—to delay the inevitable. The Court should deny Axsome's request and enter judgment of non-infringement in Apotex's favor on the SOBEDEX patent counts.

## REPLY ARGUMENT

I.    **APOTEX IS ENTITLED TO JUDGMENT OF NON-INFRINGMENT OF THE SOBEDEX PATENTS**

A.    **Apotex Is Seeking Judgment on the Merits**

As a threshold matter, even if Axsome were correct that unpublished decisions from this District have accepted its boilerplate and conclusory infringement allegations in the SOBEDEX patent counts as sufficient under the Supreme Court's *Twombly* and *Iqbal* cases, and that it has therefore pleaded plausible infringement claims (Opp'n at 7–8, 10–12), that would not justify denial of Apotex's Motion, as Apotex additionally seeks judgment of non-infringement on the merits. Opening Br. at 1-2, 11, 19. Axsome tacitly acknowledges this point by devoting the bulk of its Opposition to addressing Apotex's disclosure-dedication defense on the merits. Opp'n at 12-22. Nevertheless, Axsome's plausibility arguments ignore that Apotex's ANDA—which Axsome's SOBEDEX patent count allegations explicitly rely on—render those allegations

2

implausible and warrant dismissal of the SOBEDEX patent counts.  Opening Br. at 9-16; *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 n.8 (3d Cir. 1994).

> **B.**      **Axsome Cannot Avoid the Disclosure-Dedication Doctrine by Arguing** ███ ████████████████████████████

As the Federal Circuit explained in *Johnson & Johnston Associates Inc. v. R.E. Service Co.*, "when a patent drafter discloses but declines to claim subject matter, … this action dedicates that unclaimed subject matter to the public."  285 F.3d 1046, 1054 (Fed. Cir. 2002).  Axsome seizes on the phrase "declines to claim" to argue that the disclosure-dedication doctrine applies only if a patentee intentionally chose not to claim the disclosed subject matter.  From that premise, Axsome contends it can avoid the doctrine by showing that it unsuccessfully ██████ ███████████████████████████████████ and/or that it ████████████ ███████████████████████████████████.  Opp'n at 1–2, 12–19.  That argument is wrong.  It finds no support in *Johnson* and is flatly inconsistent with decades of Federal Circuit precedent rejecting any intent-based carve-out to the disclosure-dedication doctrine.

> **1.**      **The Federal Circuit Has Repeatedly Rejected Any Intent Requirement**

The disclosure-dedication doctrine articulated in *Johnson* traces its roots to *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098 (Fed. Cir. 1996).  The patent at issue in *Maxwell* concerned a method for attaching mated shoes together for retail display and claimed fastening tabs positioned between the inner and outer soles of the shoes.  *Id*. at 1102.  The specification, however, also disclosed—but did not claim—alternative embodiments in which the fastening tabs were "stitched into the lining seam of the shoes."  *Id*. at 1108.  Because the patentee chose not to claim that disclosed alternative, the Federal Circuit held that the DOE could not be used to capture a competitor's method of fastening shoes together via tabs attached to the shoe lining.  *Id*. at 1106–08.

In discussing *Maxwell*, the *en banc* court in *Johnson* explained:

Nor does this court agree that intent plays any role in the *Maxwell* rule. To the contrary, one of the advantages of the *Maxwell* rule is that it is a purely objective test. ***The patentee's subjective intent is irrelevant to determining whether unclaimed subject matter has been disclosed and therefore dedicated to the public***.

*Johnson*, 295 F.3d at 1053-54 n.1 (emphasis added). Just two years later, in *Toro Co. v. White Consolidated Industries, Inc.*, 383 F.3d 1326 (Fed. Cir. 2004), the Federal Circuit expressly reaffirmed this principle. The patent in *Toro* claimed a vacuum blower with a removable air-inlet cover that included a restriction ring "permanently affixed to and included as part of the cover" to increase blower pressure. *Id*. at 1328–29. The Federal Circuit affirmed summary judgment barring the patentee from capturing a competitor's product that used a replaceable restriction ring separate from the cover, holding that the patentee had dedicated two-piece cover-and-ring embodiments to the public because they were disclosed in the specification but not claimed. *Id*. at 1328, 1331–35. Seeking reversal, the patentee argued that disclosure-dedication should not apply because its "failure to claim…a cover with a replaceable ring[] was wholly unintentional," pointing to its efforts to obtain a broad claim construction that might have encompassed a replaceable ring, and contending that disclosure-dedication requires a patentee to have "deliberately le[ft] disclosed subject matter unclaimed." *Id*. at 1332. The Federal Circuit squarely rejected that contention: "We hold, as a matter of law, that intent is not a part of the Johnson & Johnston disclosure-dedication analysis." *Id*. at 1333. The court emphasized that *Johnson* could not have been clearer on this point and that excluding intent from the analysis is fully consistent with Supreme Court precedent, including *Graver II*. *Id*.

Axsome's assertion that the disclosure-dedication doctrine does not apply because it did not ███████████████████████████████ Opp'n at 12 (internal quotation marks omitted), should be recognized for what it is: a subtle but improper attempt to engraft an intent requirement onto the doctrine. The Federal Circuit has repeatedly rejected any such intent-based

4

limitation, and this Court should do the same.

## 2.    Axsome's Activities at the PTO Are Irrelevant

Applying the wrong standard, Axsome argues that because it ███████████████

████████████████████████ the world was on notice "that it did not dedicate [it] to the

public…[t]herefore, the disclosure-dedication doctrine does not apply."  Opp'n at 1-2.  According

to Axsome, ████████████████████████████████████████████████████████[1]

*Id*.  This is simply incorrect.  Axsome's activities at the PTO during prosecution of the SOBEDEX

patent are irrelevant to the disclosure-dedication analysis.  That conclusion follows directly from

---

[1] In advancing this argument, Axsome presents a selective and misleading account of its prosecution history.  The reason Axsome never obtained claims ███████████████ is not—as Axsome suggests—because it chose to pursue claims directed to SOBEDEX █████████████ ████████████████████ Opp'n at 3–4.  Rather, Axsome ███████████████ ████████████ because the PTO repeatedly refused to allow them ████████████ ██████████████████████████ As Axsome acknowledges, ███████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ These narrowing amendments give rise to yet another independent legal bar to Axsome's effort to capture Apotex's ANDA product—prosecution history estoppel.  Should the Court deny the present Motion, Apotex intends to seek leave to pursue summary judgment on that ground at the appropriate time.

the Federal Circuit's articulation of the governing test:

> To determine whether the disclosure-dedication doctrine applies in a given case, we ask whether the specification discloses unclaimed subject matter with "such specificity that one of ordinary skill in the art could identify the subject matter that had been disclosed and not claimed."

*Eagle Pharm. Inc. v. Slayback Pharma LLC*, 958 F.3d 1171, 1175 (Fed Cir. 2020) (internal quotations omitted). Similarly, the Federal Circuit has explained that "if one of ordinary skill in the art can understand the unclaimed disclosed teaching upon reading the written description, the alternative matter disclosed has been dedicated to the public." *PSC Comput. Prods., Inc. v. Foxconn Int'l, Inc.*, 355 F.3d 1353, 1360 (Fed. Cir. 2004); *see also Eli Lilly & Co. v. Hospira, Inc.*, 933 F.3d 1320, 1334 (Fed. Cir. 2019) ("*Hospira*") ("Under the disclosure-dedication rule, subject matter disclosed by a patentee, but not claimed, is considered dedicated to the public."). None of these formulations mentions—or even suggests—that a patentee's intent, prosecution strategy, or unsuccessful efforts to obtain claims at the PTO have any bearing on whether disclosure-dedication applies. The inquiry is confined to the face of the specification and what it conveys to a person of ordinary skill in the art. Axsome's attempt to shift the focus to its prosecution conduct is therefore legally irrelevant and inconsistent with controlling Federal Circuit precedent. *Michilin Prosperity Co. v. Fellowes Mfg. Co.*, 450 F. Supp. 2d 35, 40 (D.D.C. 2006) (holding that under *Toro* a patent owner's unsuccessful attempt to claim a disclosed alternative embodiment does not avoid application of the disclosure-dedication).

      **3.**    **Axsome Never Actually** ███████████████████ ███████████████████████

Axsome plays fast and loose with its language. Its assertion that it ██████████████ ███████████████████████████████████████████████ is not equivalent to ██████████████████████████████ Only the latter is relevant to avoiding application of the disclosure-dedication doctrine—and precisely why Axsome's reliance on

6

*Graver II* is misplaced. Opp'n at 13-15. In *Graver II*, the Supreme Court held that claims directed to a welding composition comprising "a major proportion of alkaline earth metal silicate" were infringed under the DOE by an accused product "composed principally of manganese silicate," a metallic silicate disclosed in the specification as a suitable alternative. *Graver II*, 339 U.S. at 610–13. Critically, however, as the Federal Circuit has repeatedly recognized, the disclosure-dedication doctrine was never implicated in *Graver II* because the patent-in-suit ***issued*** with claims expressly covering welding compositions comprising "metallic silicates," a category that included manganese silicate. *See Maxwell*, 86 F.3d at 1107 ("***As issued***, the…patent [in *Graver II*] included broad composition claims…that claimed the use of manganese silicate." (emphasis added)); *see also Johnson*, 285 F.3d at 1053; *Toro*, 383 F.3d at 1333. That the Supreme Court earlier held those broader claims invalid for overbreadth in *Graver I*[2] ***after they had issued*** does not alter the dispositive fact that the patent nevertheless issued with claims covering manganese silicate. For that reason, as the Federal Circuit has consistently explained, the facts of *Graver II* never implicated—much less undermined—the disclosure-dedication doctrine.

Here, Axsome does not dispute that ████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████

Had Axsome done so, ████████████ would not constitute "unclaimed subject matter," and the disclosure-dedication doctrine would not apply. At most, ████████████████████ ████████████████████████████████████████████████. As a matter of law, that is insufficient to avoid application of the disclosure-dedication doctrine. *Toro*, 383 F.3d at 1333 (holding that a patent owner's argument "that it attempted to claim the disclosed subject matter based on its preferred claims construction" is irrelevant to whether the disclosure-dedication

---

[2] *Graver Tank & Mfg Co. v. Linde Air Prds. Co.*, 336 U.S. 271 (1949).

doctrine applies).

Nor does it matter that

. Opp'n at 16–17. Those claims never issued, and

only issued claims—not abandoned or published application claims—can remove disclosed

subject matter from the ambit of the disclosure-dedication doctrine.

### 4. That Axsome Was Ultimately  Is Also Irrelevant

Axsome's argument that the disclosure-dedication doctrine does not apply because it 



and its reliance on two non-SOBEDEX patents

not at issue in Apotex's Motion (Opp'n at 17), runs squarely into *Johnson*. There, the Federal

Circuit held that disclosure-dedication barred the patent owner from recapturing unclaimed subject

matter notwithstanding the fact that the owner later filed for and obtained continuation patents that

"literally claim the relevant subject matter." *Johnson*, 285 F.3d at 1055. Subsequent decisions

have reaffirmed this rule. *See, e.g.*, *In re Bendamustine Cosol. Cases*, C.A. No. 13-2046-GMS,

2015 WL 1951399, at *1 (D. Del. Apr. 29, 2015).[3]

### 5. The Unpublished *Rosby* and *Janssen* Decisions[4] Should Not Be Followed

The premise of Axsome's argument that it can avoid the disclosure-dedication argument

---

[3] Relying on *Hospira*, Axsome incorrectly argues that when a patent owner later claims an alleged equivalent in a continuation patent, the disclosure-dedication doctrine does not bar assertion of the DOE as to the parent patent that disclosed, but did not claim, that equivalent. Opp'n at 20. Although disclosure dedication would not apply to the continuation patent—because the alleged equivalent is expressly claimed there—it nevertheless applies to bar the patent owner from invoking DOE to extend the scope of the parent patent to cover subject matter disclosed but left unclaimed. *Johnson*, 285 F.3d at 1055.

[4] *Rosby Corp. v. Stoughton Trailers, Inc.*, No. 95 C 0511, 2003 WL 22232802 (N.D. Ill. Sept. 26, 2003); *Janssen Prods., L.P. v. Lupin Ltd.*, No. 2:10-cv-05954 (WHW), 2014 U.S. Dist. LEXIS 155248 (D.N.J. Mar. 12, 2014)

by pointing to its activities during prosecution of the SOBEDEX patents—███████████ ██████████████████████—is based on *Rosby*, a 2003 unpublished decision from the Northern District of Illinois, and *Janssen*, a 2014 unpublished decision from this District. *Rosby* is a non-binding, out-of-circuit district court decision distinguishable on its facts because there the court specifically found that the unclaimed equivalent was "not clearly describe[d as an] embodiment" in the specification of the patent-in-suit. *Rosby*, 2003 WL 22232802, at *8. By contrast, here, as explained at pages of 12-13 of Apotex's Opening Brief (ECF No. 37), █████████████████████████████████████████████████████████████████████████

*Janssen* is an unpublished decision from this District and is therefore non-binding. *Threadgill v. Armstrong World Indus., Inc.*, 928 F.2d 1366, 1371 (3d Cir. 1991). More importantly, to the extent *Janssen* suggests that a patent owner's activities at the PTO during prosecution are relevant to application of the disclosure-dedication doctrine, it squarely conflicts with governing Federal Circuit precedent. Decisions such as *Eagle*, *PSC*, *Johnson*, and *Maxwell* uniformly instruct that the disclosure-dedication inquiry is limited to the issued claims and the face of the specification—not what the patentee attempted or failed to claim during prosecution. *Janssen* is also inconsistent with *Toro*, which expressly held that a patent owner's "attempt[] to claim the disclosed subject matter" is insufficient to avoid the disclosure-dedication doctrine and that "intent is not a factor in applying the disclosure-dedication rule." *Toro*, 383 F.3d at 1333. Indeed, the *Bendamustine* court considered and rejected both *Rosby* and *Janssen*, concluding that they "plainly misconstrue the holding of *Johnson*." *Bendamustine*, 2015 WL 1951399, at *3.

## C.    There Is No Reason to Depart from Decades of Federal Circuit Precedent

Perhaps recognizing the weakness of its position, Axsome urges this Court to disregard *Johnson* and its progeny (Opp'n at 19–20) based on a strained reading of *Graver Tank II*. There is no such conflict. *Graver Tank II* falls outside the disclosure-dedication doctrine because the

9

patent there contained an issued claim covering the alleged equivalent, 339 U.S. at 610–13, a distinction the Federal Circuit has repeatedly recognized. *Maxwell*, 86 F.3d at 1107; *Johnson*, 285 F.3d at 1053; *Toro*, 383 F.3d at 1333. Axsome's further contention that disclosure-dedication conflicts with the DOE's "case-specific inquiry," Opp'n at 19, is flatly inconsistent with decades of binding Federal Circuit precedent and should be rejected.

### D.    Judgment on the Pleadings Is Appropriate

Axsome essentially concedes that the Federal Circuit in *Eagle* approved judgment of non-infringement on the pleadings based on disclosure dedication where "the only reasonable inference that can be made from the patent disclosures is that the [POSA] would understand the patents to disclose [the unclaimed equivalent] as an alternative to the claimed [element]." *Eagle*, 958 F.3d at 1177-78; Opp'n at 21 n.7. Nonetheless, Axsome contends that judgment is improper because purported "factual and expert issues" remain, ██████████████████████████ ████████████████████████████████████ But, as explained above, prosecution history is irrelevant to the disclosure-dedication inquiry, which turns solely on what the patent claims and what the specification discloses. *See* pp. 5–6, *supra*; *see also Eagle*, 958 F.3d at 1177 ("The application of the disclosure-dedication doctrine is a question of law.").

Axsome attempts to distinguish *Eagle* by asserting that, here, "Apotex has pointed to no…'express and repeated' disclosure" of ████████████████████████████████ Opp'n at 21 n.7. That contention ignores pages 12–13 of Apotex's Opening Brief (ECF No. 37), which ████████████████████████████████████ ████████████████████████ The only reasonable inference from those disclosures is that a POSA would understand ████████████████████████████████ ████████ which is all disclosure dedication requires. Indeed, in *PSC*, the Federal Circuit identified *Johnson* and *Maxwell* as paradigmatic examples of "clear, precise disclosures" sufficient

to support disclosure dedication. *PSC*, 355 F.3d at 1358. "Anyone reading the patents would have recognized both the *Johnson* disclosure of stainless steel and the *Maxwell* disclosure of tabs stitched into a lining seam of the shoes as explicit alternatives to the inventions claimed." *Id*. ██ ████████████████████ identified at pages 12–13 of Apotex's Opening Brief are no less clear and precise than those at issue in *Johnson*, *Maxwell*, and *Eagle*. As the Federal Circuit has repeatedly held, "[e]xpert testimony is not always required for a district court to determine how a [POSA] would understand a patent's disclosure and claimed invention." *Eagle*, 958 F.3d at 1177. There is simply no discovery needed to resolve Apotex's disclosure-dedication defense.

Finally, Axsome's plea for discovery should be seen for what it is: an effort to subject Apotex to enormous and unprecedented written discovery demands—spanning 1,644 claims across 75 asserted patents—in an attempt to exhaust Apotex's litigation resources and pressure a settlement on Axsome's terms. *See* ECF No. 37, Apotex's Opening Br. at 16–18; ECF No. 45, 4/10/26 Joint Ltr. at 3 n.2. To date, Axsome has resisted reasonable case-management measures proposed by Apotex to rein in the unprecedented size and scope of this Hatch-Waxman action, including deferral of written discovery on the SOBEDEX patents pending resolution of the instant Motion and early claim narrowing. ECF No. 42, JDP at 4–12. The parties are now disputing the case schedule, with Axsome leveraging the extraordinary breadth of its case to seek an extended timeline that would all but preclude a trial before expiration of the 30-month stay. ECF No. 45, 4/10/26 Joint Ltr. An order granting Apotex judgment of non-infringement as to the SOBEDEX patents is not only correct and warranted on the merits, but would materially streamline this litigation and promote efficient case management for the Court and the parties.

## CONCLUSION

For the foregoing reasons and those set forth in Apotex's Opening Brief, Apotex respectfully requests that this Court enter judgment of non-infringement on the SOBEDEX patent

11

counts.

Dated:  May 4, 2026

                                                Respectfully submitted,

                                                SAIBER LLC
                                                *Attorneys for Defendant Apotex Inc*

                                                s/ Arnold B. Calmann
                                                Arnold B. Calmann
*Of Counsel*:                                   abc@saiber.com
                                                Katherine A. Escanlar
Andrew M. Alul (aalul@taftlaw.com)              kescanlar@saiber.com
Richard T. Ruzich (rruzich@taftlaw.com)         7 Giralda Farms, Suite 360
Roshan P. Shrestha, Ph.D. (rshrestha@taftlaw.com)  Madison, New Jersey 07940
Luke T. Shannon (lshannon@taftlaw.com)          973.622.333
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive
Suite 2600
Chicago, IL 60601
Telephone: 312-527-4000

                            12